## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC  20580 | )<br>)<br>)<br>) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. |
| | ) | |
| WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas  78703 | )<br>)<br>)<br>) | |
| - and - | )<br>) | |
| WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado  80301 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
### AND PRELIMINARY INJUNCTION

Plaintiff, the Federal Trade Commission (the "Commission"), by its designated attorneys, moves the Court pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), for a temporary restraining order and a preliminary injunction enjoining defendant Whole Foods Market, Inc. ("Whole Foods"), including its domestic and foreign agents, divisions, subsidiaries, affiliates, partnerships, and joint ventures, from acquiring any stock, assets, or other interest, directly or indirectly, from defendant Wild Oats Markets, Inc. ("Wild Oats").

The Commission has filed in this Court a complaint seeking a temporary restraining order and a preliminary injunction restraining the consummation of any acquisition by Whole Foods of Wild Oats, pending final disposition before the Commission of administrative proceedings to

determine whether such acquisition violates Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

Absent temporary injunctive relief, defendants will be free to consummate the proposed transaction after 11:59 p.m., Eastern Daylight Time, June 6, 2007.

A preliminary injunction is needed on the ground that there is reason to believe that, if defendants are permitted to consummate such acquisition, defendants will violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and Section 7 of the Clayton Act, 15 U.S.C. § 18, by engaging in unfair methods of competition and otherwise substantially lessening competition or tending to create a monopoly in the relevant markets as alleged in the complaint. The Commission further asserts that a preliminary injunction is in the public interest because such relief will both preserve competition by maintaining the status quo and enable the Commission to order effective antitrust relief after an administrative adjudication of the merits of the case.

This motion is supported by the memorandum of points and authorities and attached exhibits filed with this motion.

The Commission respectfully requests the opportunity to present oral argument in support of this motion.

Notice of this motion has been given to defendants' attorneys by the undersigned attorneys prior to the filing of the present action and defendants' attorneys have indicated that they will oppose the motion.

A proposed temporary restraining order and a proposed preliminary injunction order are attached.

Respectfully submitted,

Dated: June 6, 2007

Michael J. Bloom
Director of Litigation
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
(202) 326-2475 (direct dial)
(202) 326-2884 (facsimile)
mjbloom@ftc.gov

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,    )
600 Pennsylvania Avenue, N.W.    )
Washington, DC 20580    )
    )
    Plaintiff,    )
    )
    v.    )    Civ. No.
    )
WHOLE FOODS MARKET, INC.,    )
550 Bowie Street    )
Austin, Texas 78703    )
    )
    - and -    )
    )
WILD OATS MARKETS, INC.,    )
1821 30th Street    )
Boulder, Colorado 80301    )
    )
    Defendants.    )

### PLAINTIFF'S CERTIFICATION OF EFFORTS GIVEN
### TO CONTACT DEFENDANTS REGARDING FILING OF
### MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, the Federal Trade Commission (the "Commission"), by its designated attorneys and pursuant to 15 U.S.C. § 53(b), files this certification of efforts given to contact defendants regarding the Commission's filing of its motion for temporary restraining order. Specifically, the Commission made the following efforts to give notice to defendants in this action:

1.    The Commission gave notice to Alden L. Atkins, Esq., Vinson & Elkins LLP, The Willard Office Building, 1455 Pennsylvania Ave., N.W., Suite 600, Washington, D.C. 20004-1008, counsel for defendant Whole Foods Market, Inc. ("Whole Foods"), of the Commission's intent to file its motion for temporary restraining order by calling his offices and by delivering a copy of all pleadings and papers

filed in this action to date to the foregoing address.

2.    The Commission gave notice to Clifford H. Aronson, Esq., Skadden, Arps, Slate,

Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, D.C. 20005,

counsel for defendant Wild Oats Markets, Inc. ("Wild Oats") of the Commission's

intent to file its motion for temporary restraining order by calling his offices and

by delivering a copy of all pleadings and papers filed in this action to date to the

foregoing address.

Respectfully submitted,

Dated: June 6, 2007

Michael J. Bloom
Director of Litigation
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
(202) 326-2475 (direct dial)
(202) 326-2884 (facsimile)
mjbloom@ftc.gov

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION, )
600 Pennsylvania Avenue, N.W. )
Washington, DC 20580 )
 )
   Plaintiff, )
 )
   v. ) Civ. No.
 )
WHOLE FOODS MARKET, INC., )
550 Bowie Street )
Austin, Texas 78703 )
 )
 - and - )
 )
WILD OATS MARKETS, INC., )
1821 30th Street )
Boulder, Colorado 80301 )
 )
   Defendants. )

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

This matter comes before the Court on the Federal Trade Commission's (the "Commission") motion for a preliminary injunction.

Upon consideration of the plaintiff's pleadings, memoranda, declarations, and other exhibits filed in support of said motion, and of the papers filed in opposition thereto, and following a hearing on the motion, the Court finds as follows:

(1) in the absence of preliminary relief, defendant Whole Foods Market, Inc. ("Whole Foods") will be able to consummate its acquisition of Wild Oats Markets, Inc. ("Wild Oats");

(2) entry of a preliminary injunction is in the public interest and is appropriate and necessary to maintain the status quo pending the completion of administrative litigation;

(3)    if adequate relief is not granted, plaintiff and the public interest will be irreparably injured because the Commission will be deprived of its ability to order effective relief should the acquisition ultimately be found to violate the antitrust laws or the Federal Trade Commission Act;

(4)    defendants will not be substantially injured by the relief afforded by this Order; and

(5)    plaintiff has made a sufficient showing of a likelihood of success on the merits of its complaint to warrant the relief afforded by this Order;

NOW THEREFORE IT IS ORDERED that plaintiff's motion for a preliminary injunction be, and hereby is, granted in its entirety; and

IT IS FURTHER ORDERED that defendant Whole Foods and any parent, affiliate, subsidiary, or division thereof are hereby enjoined and restrained, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), from acquiring any stock, assets, or other interest, directly or indirectly, in defendant Wild Oats; and

IT IS FURTHER ORDERED that defendants take any and all necessary steps to prevent any of their domestic or foreign agents, divisions, subsidiaries, affiliates, partnerships, and joint ventures from completing such acquisition, and from taking any steps or actions in furtherance thereof; and

IT IS FURTHER ORDERED that defendants return all confidential information received directly or indirectly from one another and destroy all notes relating to such information; and

IT IS FURTHER ORDERED that defendants maintain the status quo pending the

issuance of an administrative complaint by the Commission and until such complaint is

dismissed by the Commission or set aside on review or until the order of the Commission made

therein has become final.

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:


_____
United States District Court Judge

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>                    Plaintiff,<br><br>          v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas 78703<br><br>    - and -<br><br>WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado 80301<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)          Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Pursuant to authority conferred by Section 13(b) of the Federal Trade Commission Act,

15 U.S.C. § 53(b), plaintiff, the Federal Trade Commission (the "Commission"), having reason

to believe that defendant Whole Foods Market, Inc. ("Whole Foods"), is violating or is about to

violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and Section 7 of the

Clayton Act, 15 U.S.C. § 18, in that defendant Whole Foods is about to acquire the voting

securities of Wild Oats Markets, Inc. ("Wild Oats"), and the Court having considered the

Commission's complaint for temporary restraining order and preliminary injunction pursuant to

Section 13(b) of the Federal Trade Commission Act, and motion for a temporary restraining

order, and the papers filed in support thereof, and it appearing that:

(1)      In the absence of temporary relief, defendant Whole Foods will be free to

consummate the proposed acquisition of Wild Oats after 11:59 p.m., Eastern Daylight Time, on June 6, 2007;

(2)     Plaintiff has made a sufficient showing of a likelihood of success on the merits of its complaint to warrant the relief afforded by this Order;

(3)     The equities favor the issuance of this Order because if such a transaction is consummated, the Commission will be hindered in its ability to order effective relief should the acquisition ultimately be found to violate antitrust laws; and

(4)     Entry of a temporary restraining order preventing the proposed acquisition is in the public interest, and is appropriate and necessary to prevent the planned transaction.

NOW THEREFORE IT IS ORDERED, that sufficient reason having been shown therefor, pending the hearing of the plaintiff's complaint and motion for preliminary injunction, pursuant to Section 13(b) of the Federal Trade Commission Act, defendant Whole Foods is temporarily restrained and enjoined from consummating any acquisition of any stock, assets, or other interest, directly or indirectly, in Wild Oats.

IT IS FURTHER ORDERED that defendant Whole Foods take any and all necessary steps to prevent any of its domestic or foreign agents, divisions, subsidiaries, affiliates, partnerships, or joint ventures from making any such acquisition.

IT IS FURTHER ORDERED that defendant Whole Foods appear before this Court at Courtroom No. _____, United States District Court for the District of Columbia, on the _____ day of _____, 2007 at _____ a.m./p.m. for a hearing on the plaintiff's motion for a preliminary injunction.

2

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:

_____
United States District Court Judge

### *UNITED STATES DISTRICT COURT*
### *FOR THE DISTRICT OF COLUMBIA*

FEDERAL TRADE COMMISSION,

        Plaintiff(s),

        vs.                    Civil Case No.  07-1021 (PF)

WHOLE FOODS MARKET, INC. et al**,**

        Defendant(s).

## NOTICE REGARDING SEALED MEMORANDUM AND EXHIBITS

Pursuant to the procedures for filing documents electronically, this Notice serves as notification that the memorandum in Support and Exhibits to the Motions for TRO and PI in this case have been filed in paper form and on CD under seal in the Clerk's Office.

**NANCY MAYER-WHITTINGTON**

Clerk