UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>                Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas 78703<br><br>  - and -<br><br>WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado 80301<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR ENTRY OF INTERIM PROTECTIVE ORDER

Counsel for the parties hereby jointly move the Court for the entry of the proposed interim protective order, a copy of which is attached, that shall be in effect until such time as the Court enters a final protective order. It is understood that this stipulation and the interim order shall not prejudice the parties from seeking modification of the terms of this order in the final protective order and that this stipulation is intended only to secure confidentiality of materials in this litigation pending the entry of a final protective order in this matter.

Respectfully submitted,

*/s/ Thomas H. Brock*

Thomas H. Brock, Esq. (D.C. Bar No. 939207)
Bureau of Competition
Federal Trade Commission
600 New Jersey Ave., N.W.
Washington, D.C. 20580
(202) 326-2813
Tbrock@FTC.gov

Counsel for the Federal Trade Commission

*/s/ Alden L. Atkins /THB*

Alden L. Atkins, Esq. (D.C. Bar No. 393922)
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C. 20004-1008
(202) 639-6613
Aatkins@VELaw.com

Counsel for Whole Foods Market, Inc.

*/s/ Clifford H. Aronson /THB*

Clifford H. Aronson, Esq. (D.C. Bar No. 335182)
Skadden, Arps, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

Counsel for Wild Oats Markets, Inc.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580,<br><br>      Plaintiff,<br><br>  v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street,<br>Austin, Texas 78703,<br><br> - and -<br><br>WILD OATS MARKETS, INC.,<br>3375 Mitchell Lane,<br>Boulder, Colorado 80301,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTERIM PROTECTIVE ORDER**
**GOVERNING DISCOVERY MATERIAL**

For the purpose of protecting the interests of the Parties and Third Parties against the improper use and disclosure of confidential information submitted or produced in connection with this Matter:

IT IS HEREBY ORDERED THAT this Interim Protective Order Governing Discovery Material ("Interim Protective Order") shall govern the handling of all Discovery Material during the proceedings in the above captioned Matter, until such time as a final protective order shall be entered.

DEFINITIONS

For purposes of this Protective Order, the following definitions shall apply:

1

1.  "Whole Foods" means defendant Whole Foods Market, Inc., a corporation organized, existing, and doing business under and by virtue of the laws of the State of Texas, with its office and principal place of business at 550 Bowie Street, Austin, Texas 78703, and its predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures.

2.  "Wild Oats" means defendant Wild Oats Markets, Inc., a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 3375 Mitchell Lane, Boulder, Colorado 80301, and its predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures.

3.  "Commission" or "FTC" means the Federal Trade Commission, or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for the purposes of this Matter.

4.  "Confidential Discovery Material" means all Discovery Material that is confidential or proprietary information produced in discovery. Such material is referred to in, and protected by, Rule 26(c)(7) of the Federal Rules of Civil Procedure. Confidential Discovery Material shall include non-public trade secret or other research, development or commercial information, the disclosure of which would likely cause commercial harm to the Producing Party or to Defendants, in instances where the Producing Party produces information generated by the Defendants. The following is a non-exhaustive list of examples of information that likely will qualify for treatment as Confidential Discovery Material: strategic plans (involving pricing, marketing, research and development, product road maps, corporate alliances, or mergers and acquisitions) that have not been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or data (*e.g.*, prices, volumes, or revenues); sales contracts; system

2

maps; personnel files and evaluations; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information; proprietary financial data or projections; and proprietary consumer, customer or market research or analyses applicable to current or future market conditions, the disclosure of which could reveal Confidential Discovery Material. Discovery Material will not be considered confidential if it is in the public domain.

5. "Counsel of Record" means counsel who file a notice of appearance in this Matter.

6. "Disclosing Party" means a party that is disclosing or contemplating disclosing Discovery Material pursuant to this Protective Order.

7. "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, Documents produced pursuant to compulsory process or voluntarily in lieu thereof, and any other Documents or information produced or given to one Party by another Party or by a Third Party in connection with discovery in this Matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

8. "Document" means the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced. "Document" includes, but is not limited to, any writing, letter, envelope, telegraph, e-mail, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, drawing, chart, photograph, tape, phono record, compact disc, video tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data,

3

appointment book, diary, diary entry, calendar, organizer, desk pad, telephone message slip, note of interview or communication, and any other data compilation from which information can be obtained, and includes all drafts and all copies of such Documents and every writing or record that contains any commentary, notes, or marking whatsoever not appearing on the original.

9. "Expert/Consultant" means testifying or consulting experts or other persons who are retained to assist Plaintiff's Counsel or Defendants' Counsel in preparation for the hearing or to give testimony at the hearing.

10. "Matter" means the above captioned matter pending in the United States District Court for the District of Columbia, and all subsequent administrative, appellate or other review proceedings related thereto.

11. "Outside Counsel" means the law firms that are Counsel of Record for Defendants in this Matter, their partners and associated attorneys; or other persons regularly employed by such law firm(s) including legal assistants, clerical staff, vendors assisting with electronic discovery and information management personnel and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support with regard to this Matter; provided that any attorney associated with Outside Counsel shall not be a director, officer or employee of Defendants. The term Outside Counsel does not include persons retained as consultants or experts for the purposes of this Matter.

12. "Party" means either the FTC, Whole Foods, or Wild Oats.

13. "Person" means any natural person, business entity, corporate entity, sole proprietorship, partnership, association, governmental entity, or trust.

14. "Producing Party" means a Party or Third Party that produced or intends to

4

produce Restricted Confidential or Confidential Discovery Material to any of the Parties. With respect to Restricted Confidential or Confidential Discovery Material of a Third Party that is in the possession, custody, or control of the FTC, or has been produced by the FTC in this Matter, the Producing Party shall mean the Third Party that originally provided such material to the FTC. The Producing Party shall mean the FTC for purposes of any Document or Discovery Materials prepared by, or on behalf of, the FTC.

15. "Defendants" means Whole Foods and Wild Oats.

16. "Restricted Confidential Discovery Material" means Confidential Discovery Material designated as "Restricted Confidential Discovery Material" that contains non-public, current information that is highly sensitive (*e.g.*, marketing plans, pricing plans, financial information, trade secrets, or Documents of a like nature) and the disclosure of which would likely cause substantial commercial harm to the Producing Party or to Defendants. It is the intention of the Parties that this particularly restrictive designation should be utilized for only a select number of Documents. Such a designation shall constitute a representation by counsel for the Producing Party or Defendants, in instances where the Producing Party produces information generated by the Defendants, that the material is properly subject to Restricted Confidential treatment under this Order.

17. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Matter and its employees, directors, officers, attorneys, and agents.

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

1. Discovery Material, or information derived therefrom, shall be used solely by the

Parties for purposes of this Matter, and shall not be used for any other purpose, including without limitation any business or commercial purpose. Notwithstanding the foregoing, nothing contained in this Protective Order shall prevent the Commission from using any material produced as part of the investigation in this Matter, including any Discovery Material, for any authorized law enforcement purpose, provided that the Commission may only use or disclose Discovery Material as provided by (a) its Rules of Practice, and any cases so construing them, (b) Sections 6(f) and 21 of the Federal Trade Commission Act, and any cases so construing them, and (c) any other legal obligation imposed upon the Commission. The Parties, in conducting discovery from Third Parties, shall attach to all discovery requests a copy of this Protective Order and a cover letter that will apprise such Third Parties of their rights hereunder.

      2.      Confidential or Restricted Confidential Discovery Material may be designated as such by (a) placing or affixing on each page of a Document containing such material, in a manner that will not interfere with its legibility, the notation "CONFIDENTIAL - FTC v. Whole Foods," or "RESTRICTED CONFIDENTIAL, OUTSIDE COUNSEL ONLY - FTC v. Whole Foods," or (b) any Party or Third Party instructing the court reporter, with notice to all Parties, within five (5) business days of the receipt of the transcript, to designate as "Confidential" or "Restricted Confidential" each page of the deposition transcript containing the Confidential or Restricted Confidential Discovery Material. Such designations constitute a good-faith representation by counsel for the Party or Third Party making the designation that the Document or transcript constitutes or contains Confidential Discovery Material or Restricted Confidential Discovery Material. All deposition transcripts shall be treated as Restricted Confidential Discovery Material until the expiration of five (5) business days after the receipt of the transcript. A

6

Producing Party will use reasonable care to avoid designating any Discovery Material as Confidential or Restricted Confidential that is not entitled to such designation.

3.  Restricted Confidential or Confidential Discovery Material shall not be copied or reproduced for use in this Matter except to the extent such copying or reproduction is reasonably necessary to the conduct of this Matter. All such copies or reproductions of the Material and any documents generated by the Parties containing information drawn from such Material, shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Restricted Confidential or Confidential Discovery Material are made does not preserve the confidentiality designations that appear on the original Documents, all such copies or reproductions shall be stamped with the same confidentiality designation as the original.

4.  All Documents obtained by compulsory process or voluntarily in lieu of process from any Party or Third Party, regardless of whether designated or marked confidential by the Party or Third Party, and transcripts of any investigational hearings, interviews, or depositions that were obtained before this Protective Order was adopted, shall be treated as Restricted Confidential Discovery Material for a period of ten (10) days from the time notice of the intent to produce is given to the Producing Party. At the expiration of that time, this material shall be treated as Confidential Discovery Material unless documents or transcripts pages are otherwise designated with specificity by the Producing Party as either Restricted Confidential Discovery Material or non-confidential.

5.  If any Party seeks to challenge a Producing Party's designation of material as Restricted Confidential or Confidential Discovery Material, the challenging Party shall notify the Producing Party and all other Parties of the challenge. Such notice shall identify with specificity

7

(*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials) the designation being challenged. The Producing Party may preserve its designation by providing the challenging Party and all other Parties a written statement of the reasons for the designation within three (3) business days of receiving notice of the confidentiality challenge. If the Producing Party timely preserves its rights, the Parties shall continue to treat the challenged material as Restricted Confidential or Confidential Discovery Material, absent a written agreement with the Producing Party or order of the Court providing otherwise.

      6.     If any conflict regarding a confidentiality designation arises and the Parties involved have failed to resolve the conflict via good-faith negotiations, a Party seeking to disclose the Restricted Confidential or Confidential Discovery Material or challenging a confidentiality designation may make written application to the Court for relief. The application shall be served on the Producing Party and the other Parties to this Matter, and shall be accompanied by a certification that good-faith negotiations have failed to resolve the outstanding issues. The Producing Party and any other Party shall have three (3) business days after receiving a copy of the motion to respond to the application. While an application is pending, the Parties shall maintain the pre-application status of the Restricted Confidential or Confidential Discovery Material. Nothing in this Protective Order shall create a presumption or alter the burden of persuading the Court of the propriety of a requested disclosure or change in designation.

      7.     The Parties shall not be obligated to challenge the propriety of any designation or treatment of information as Restricted Confidential or Confidential Discovery Material and the failure to do so promptly shall not preclude any subsequent objection to such designation or

8

treatment, or any motion seeking permission to disclose such material to Persons not otherwise entitled to access under the terms of this Protective Order. If Restricted Confidential or Confidential Discovery Material is produced without the designation attached, the material shall be treated as Restricted Confidential or Confidential from the time the Producing Party advises Plaintiff's Counsel and Defendants' Counsel in writing that such material should be so designated and provides all the Parties with an appropriately labeled replacement. The Parties shall return promptly or destroy the unmarked materials.

8. Restricted Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

    (a) Plaintiff's counsel and the Commission, as permitted by the Commission's Rules of Practice;

    (b) Outside Counsel;

    (c) Experts/Consultants;

    (d) court reporters and deposition transcript reporters;

    (e) judges and other court personnel of any court having jurisdiction over any appeal proceedings involving this Matter;

    (f) any author or recipient of the Discovery Material; any individual who was in the direct chain of supervision of the author at the time the Discovery Material was created or received; any employee or agent of the entity that created or received the Discovery Material; or anyone representing the author or recipient of the Discovery Material in this Matter; and

    (g) any other Person(s) authorized in writing by the Producing Party.

9. Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone other than those persons listed in paragraph 8 of this Protective Order and to the following representative of Whole Foods: _____; provided that each

such representative executes a declaration in the form attached as Exhibit A. Defendants' Counsel shall maintain a file of all such declarations for the duration of the litigation.

10.     Restricted Confidential or Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to an Expert/Consultant until such person has executed and transmitted to counsel for the party retaining such person a declaration in the form attached as Exhibit A. Each Party's counsel shall maintain a file of all such declarations for the duration of the litigation.

11.     If any Party desires to disclose Restricted Confidential or Confidential Discovery Material to (a) either any Expert/Consultant, any deponent, or any witness that is or was an officer, director or employee of Whole Foods or Wild Oats, or (b) any Person other than those referred to in paragraphs 8 and 9 of this Protective Order, the Disclosing Party shall notify the Producing Party any other Party of its desire to disclose such material. The notice shall identify those materials sought to be disclosed with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials) and the specific Person to whom the Confidential or Restricted Confidential Material is to be disclosed. For disclosure to any Expert/Consultant, deponent or witness that is or was an officer, director or employee of Whole Foods or Wild Oats, the identification of the Person shall include, but not be limited to, the full name, professional address and/or affiliation, and current curriculum vitae of the identified Person. The Producing Party may object to the disclosure of the Restricted Confidential or Confidential Discovery Material within five (5) business days of receiving notice of an intent to disclose such material to the Person by providing the Disclosing Party with a written statement of the reasons for objection. If the Producing Party timely objects,

the Disclosing Party shall not disclose the Restricted Confidential or Confidential Discovery Material to the identified Person, absent a written agreement with the Producing Party or order of the Court permitting the disclosure. If the Producing Party does not object to the disclosure of Restricted Confidential or Confidential Discovery Material to the identified Person within five (5) business days, the Disclosing Party may disclose the Restricted Confidential Discovery Material to the identified Person.

12. If the FTC (a) receives a discovery request that may require the disclosure by it of a Third Party's Restricted Confidential or Confidential Discovery Material, or (b) intends to or is required to disclose, voluntarily or involuntarily, a Third Party's Restricted Confidential or Confidential Discovery Material (whether or not such disclosure is in response to a discovery request), the FTC promptly shall notify the Third Party of the receipt of such request or its intention to disclose such material. Such notification shall be in writing and, if not otherwise done, sent for receipt by the Third Party at least five (5) business days before disclosure, and shall include a copy of this Protective Order and a cover letter that will apprise the Third Party of its rights hereunder.

13. If any Person receives a discovery request in another proceeding that may require the disclosure of a Producing Party's Restricted Confidential or Confidential Discovery Material, the recipient of the discovery request shall promptly notify the Producing Party of receipt of the request. The notification shall be in writing and be received by the Producing Party at least five (5) business days before production in the other proceeding, and shall include a copy of this Protective Order and a cover letter apprising the Producing Party of its rights. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by

11

this Protective Order to challenge or appeal an order requiring production of Restricted Confidential or Confidential Discovery Material, to subject itself to any penalties for noncompliance with such an order, or to seek any relief from the Court. The recipient shall not oppose the Producing Party's efforts to challenge the discovery request calling for the production by the recipient of the Producing Party's Restricted Confidential or Confidential Discovery Material. In addition, nothing herein shall limit the applicability of Section 4.11(e) of the FTC Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

14. Counsel for the Parties or any Producing Party shall have the right to exclude from oral depositions any person not authorized to receive Restricted Confidential or Confidential Discovery Material, during periods of examination or testimony relating to such material.

15. In the event that any Restricted Confidential or Confidential Discovery Material is contained in any pleading, motion, exhibit, brief, or other paper filed or to be filed with the Court, the Party filing the papers shall inform the Clerk of Court, and the papers shall be filed under seal pursuant to the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Restricted Confidential or Confidential Discovery Material contained in papers (including Restricted Confidential or Confidential Discovery Material from the Parties and Third Parties) shall remain under seal until further order of the Court; provided, however, that the papers may be furnished to persons or entities who may receive Restricted Confidential or Confidential Discovery Material pursuant to this Protective Order. After filing any paper containing Restricted Confidential or Confidential Discovery Material, the filing Party must file on the public record a duplicate copy of the paper with the

Restricted Confidential or Confidential Discovery Material deleted, within five (5) business days of the original filing. Further, if the protection for any such material ceases, any Party may file on the public record a copy that also contains the formerly protected material.

16. If counsel for a Party plans to introduce into evidence at trial any Document or transcript containing Restricted Confidential or Confidential Discovery Material produced by a Third Party or any other Party, the counsel shall provide forty-eight (48) hours advance notice before such introduction to the Producing Party and any other Party, or as much notice before the introduction as practicable under the circumstances, for purposes of allowing that Party to seek an order that the Document or transcript be granted *in camera* treatment. Except where an order seeking *in camera* treatment is granted, all Documents and transcripts shall be part of the public record. If *in camera* treatment is granted, a copy of the Document or transcript with the Restricted Confidential or Confidential Discovery Material deleted must be placed on the public record.

17. The inadvertent production or disclosure of (i) material provided to the FTC during its investigation under the Hart-Scott-Rodino Antitrust Improvement Act, 15 U.S.C. § 18a, or (ii) any Discovery Material, which a Producing Party claims should not have been produced or disclosed because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed. In the event of such claimed inadvertent production or disclosure, the procedures of Federal Rules of Civil Procedure 26(b)(5)(B) shall apply. The inadvertent production of a privileged document shall not be deemed a waiver of the privilege for all documents relating to that subject matter.

18. Nothing in this Protective Order shall be construed to conflict with the provisions of Sections 6, 10, and 21 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 50, 57b-2, or with Rules 3.22, 3.45 or 4.11 (b)-(e), 16 C.F.R. §§ 3.22, 3.45 and 4.11 (b)-(e). Any Party or Producing Party may move at any time for *in camera* treatment of any Confidential Discovery Material or any portion of the proceedings in this Matter to the extent necessary for proper disposition of this Matter.

19. At the conclusion of this Matter, the Defendants shall (a) return or destroy all Documents obtained in this Matter that contain or refer to Restricted Confidential or Confidential Discovery Material, other than materials that have been made part of the public record in this Matter, and (b) provide the Producing Party with an affidavit of destruction, *provided that* the provisions of 15 U.S.C. § 18a and § 4.12 of the FTC Rules of Practice, 16 C.F.R. § 4.12, shall govern the retention, return, or destruction of any documents obtained by the FTC prior to the filing of the Complaint to the extent the provisions of that statute or regulation is inconsistent with the provisions of this Protective Order. At the time that any Expert/Consultant or other person retained to assist counsel in the preparation of this Matter concludes participation in this Matter, that person shall return to counsel all copies of Documents or portions thereof designated Restricted Confidential or Confidential Discovery Material that are in the possession of that person, together with all notes, memoranda, or other papers containing Restricted Confidential or Confidential Discovery Material.

20. The provisions of this Protective Order, insofar as they restrict the communication and use of Restricted Confidential and Confidential Discovery Material shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the

14

conclusion of this Matter.

21. This Protective Order shall not apply to the disclosure by a Producing Party or its Counsel of the Producing Party's Restricted Confidential or Confidential Discovery Material to the Producing Party's current or former employees, agents, board members, directors, and officers.

22. Entry of the foregoing Protective Order is without prejudice to the right of the Parties or Third Parties to apply for further protective orders or for modification of any provision of this Protective Order by application to the Court for good cause shown.

23. The parties stipulate to the foregoing interim protective order in order to facilitate the prompt exchange of pleadings, documents, and information, but without prejudice to their right to move for the entry of a final protective order with differing provisions.

Respectfully submitted,

Dated: June 6, 2007

*Thomas H. Brock*
Thomas H. Brock, Esq.
D.C. Bar No. 939207
Bureau of Competition
Federal Trade Commission
600 New Jersey Ave., N.W.
Washington, D.C. 20580
(202) 326-2813
TBrock@FTC.gov

Counsel for the Federal Trade Commission

Dated: June 6, 2007

/s/ Alden L. Atkins
Alden L. Atkins, Esq.
D.C. Bar No. 393922
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C. 20004-1008
(202) 639-6613
Aatkins@VELaw.com

Counsel for Whole Foods Market, Inc.

Dated: June 6, 2007

/s/ Clifford H. Aronson
Clifford H. Aronson, Esq.
D.C. Bar. No. 335182
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

Counsel for Wild Oats Markets, Inc.

ORDERED:

_____
United States District Judge
District of Columbia

Dated

**EXHIBIT A**

**TO THE PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| WHOLE FOODS MARKET, INC. | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKET, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION CONCERNING PROTECTIVE
ORDER GOVERNING DISCOVERY MATERIAL**

I, [NAME], hereby declare and certify the following to be true:

    1.    [Statement of employment]

    2.    I have read the "Protective Order Governing Discovery Material" ("Protective Order") issued by the Court _____ on _____, in connection with the above captioned Matter. I understand the restrictions on my access to and use of any Restricted Confidential or Confidential Discovery Material (as these terms are used in the Protective Order) in this Matter and I agree to abide by the Protective Order.

    3.    I understand that the restrictions on my use of such Restricted Confidential or Confidential Discovery Material include:

        a.    that I will use such Restricted Confidential or Confidential Discovery Material only for the purpose of preparing for this proceeding, and hearing(s) and any appeal of this proceeding and for no other purpose;

        b.    that I will not disclose such Restricted Confidential or Confidential Discovery Material to anyone, except as permitted by the Protective Order;

17

        c.      that I will use, store and maintain the Restricted Confidential and Confidential Discovery Material in such a way as to ensure its continued protected status; and

        d.      that upon the termination of my participation in this proceeding I will promptly return all Restricted Confidential or Confidential Discovery Material, and all notes, memoranda, or other papers containing Restricted Confidential or Confidential Discovery Material, to Plaintiff's Counsel or Defendants' Outside Counsel, as appropriate.

4.      I understand that if I am receiving Confidential Discovery Material as an Expert/Consultant, as that term is defined in this Protective Order, the restrictions on my use of Confidential Discovery Material also include the duty and obligation to:

        a.      maintain such Restricted Confidential or Confidential Discovery Material in separate locked room(s) or locked cabinet(s) when such Restricted Confidential or Confidential Discovery Material is not being reviewed;

        b.      return such Restricted Confidential or Confidential Discovery Material to Plaintiff's Counsel or Defendants' Outside Counsel, as appropriate, upon the conclusion of my assignment or retention, or upon conclusion of this Matter; and

        c.      use such Restricted Confidential or Confidential Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party to this Matter, including providing testimony in judicial or administrative proceedings arising out of this Matter.

5.      I am fully aware that, pursuant to Rule 26, Federal Rules of Civil Procedure, Rule 37, Federal Rules of Civil Procedure, and Section 3.42(h) of the FTC Rules of Practice, 16 C.F.R. § 3.42(h), my failure to comply with the terms of the Protective Order may constitute contempt of the Commission and may subject me to sanctions imposed by the Court or the Commission.

_____          Date: _____
Full Name [Typed or Printed]

_____