UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>      Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas 78703<br><br>  - and -<br><br>WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado 80301<br><br>      Defendants. | Case: 1:07-cv-01021<br>Assigned To: Friedman, Paul L.<br>Assign. Date: 06/06/2007<br>Description: TRO/PI |

**PLAINTIFF'S MOTION TO UNSEAL THE COMPLAINT**

Plaintiff, the Federal Trade Commission (the "Commission"), respectfully moves the Court for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to unseal the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act ("Complaint"). The Complaint was ordered under seal (Dkt. 2).

This motion is supported by the memorandum of points and authorities filed with this motion.

In accordance with Local Civil Rule 7(m), Plaintiff has discussed this motion with Defendants' counsel in a good faith effort to resolve the issue. However, counsel have been

unable to further narrow the areas of disagreement; and counsel for Defendants have indicated that they intend to oppose this motion. Pursuant to paragraph 6 of the Interim Protective Order Governing Discovery Material entered in this case, Defendants have three (3) business days after receiving a copy of this motion to respond.

      A proposed order is attached.

                                                        Respectfully submitted,

Dated: June 13, 2007                                /s/
                                              Thomas H. Brock (D.C. Bar #939207)
                                              Federal Trade Commission
                                              600 Pennsylvania Avenue, N.W.
                                              Washington, DC  20580
                                              (202) 326-2475 (direct dial)
                                              (202) 326-2884 (facsimile)
                                              Tbrock@ftc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC  20580<br><br>                 Plaintiff,<br><br>          v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas  78703<br><br>     - and -<br><br>WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado  80301<br><br>               Defendants. | Case: 1:07-cv-01021<br>Assigned To: Friedman, Paul L.<br>Assign. Date: 06/06/2007<br>Description: TRO/PI |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO UNSEAL THE COMPLAINT**

Plaintiff, the Federal Trade Commission (the "Commission"), respectfully moves the Court for an order, pursuant to Rule 26 (c)(7) of the Federal Rules of Civil Procedure, to unseal the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act ("Complaint").  The Complaint was filed under seal (see Dkt. 2) on June 6, 2007, pursuant to Paragraph 15 of the Interim Protective Order Governing Discovery Material ("Interim Protective Order") entered by this Court on June 8, 2007 (Dkt. 11), because it contains information taken from documents and testimony that Defendants provided to the Commission during its investigation of the proposed acquisition. This material has been protected from public disclosure during pre-complaint discovery by virtue of various statutory

provisions. See 15 U.S.C. §§ 46(f), 57b-2(b), 57b-2(c); 16 C.F.R. § 4.10(d); 15 U.S.C. § 18a(h). The Commission could not consult with Defendants regarding designation of potentially confidential material prior to filing the Complaint because there was neither time nor a practical procedure for doing so in advance of the entry of the Interim Protective Order. As a result, the only appropriate course for the Commission, consistent with its statutory obligations, was to file its Complaint under seal while erring on the side of caution. With an opportunity now available to Defendants to present any arguments they wish regarding claims of confidentiality, we now ask the Court to unseal the Complaint because it contains no information of competitive significance to warrant withholding from public view. Specifically, (1) the challenged material discussed in the Complaint is not "Confidential Discovery Material" within the meaning of Paragraph 4 of the Interim Protective Order and (2) Defendants cannot establish that good cause exists to protect the challenged material under Fed. R. Civ. P. 26(c)(7).

I.     ALLEGATIONS OF THE COMPLAINT

The Commission alleges that Whole Foods Market, Inc.'s ("Whole Foods") proposed acquisition of Wild Oats Markets, Inc. ("Wild Oats") would substantially lessen competition and cause significant harm to consumers in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and Section 5 of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45. (Compl. ¶ 43) The Complaint alleges that Defendants are each other's closest competitors in operating premium natural and organic supermarkets, and are engaged in intense head-to-head competition in a number of geographic markets throughout the United States. (Compl. ¶¶ 36-41) Consumers have benefitted directly from the price and quality competition between Whole Foods

and Wild Oats, and, if the acquisition occurs, the benefits that accrue from the present and future competition between the two firms will be lost. (Compl. ¶ 42)

In support of these allegations, the Complaint filed under seal includes certain information taken from documents and testimony that the Commission obtained during its investigation. The information consists almost entirely of statements by current and former senior executives of Whole Foods and Wild Oats regarding basic industry dynamics and the general nature of the competitive landscape facing the two firms. The only financial figure disclosed in the Complaint is the percentage of Whole Food's sales that are attributable to perishable products. (Compl. ¶¶ 6, 22) Among the topics covered by the senior executives' statements are their characterizations of the competition presented by specific conventional retailers and club stores (Compl. ¶¶ 22, 27, 28, 30, 31), the probable effects of the acquisition (Compl. Introduction, ¶¶ 39, 40, 41), Whole Foods's general plan for integrating and operating the merged entity (Compl. ¶ 14), and high-level descriptions of their stores' mission and target customer profile (Compl. ¶¶ 3, 21, 23).

Significantly, the Complaint does not include any discussion of non-public competitively sensitive topics such as strategic plans involving pricing, marketing, research or development; corporate alliances or mergers and acquisitions; trade secrets; customer-specific evaluations or data; sales contracts; system maps; personnel files and evaluations; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information; proprietary financial data or projections; or proprietary consumer, customer or market research or analyses, the disclosure of which would likely cause commercial harm to Defendants. Simply stated, the material that the Commission seeks to have un-sealed does not qualify as

3

"Confidential Discovery Material" as that term is plainly defined in Paragraph 4 of the Interim Protective Order. For this reason alone, the Court should un-seal the Complaint.

## II.     THERE IS NO BASIS FOR THE COMPLAINT TO REMAIN SEALED

Under Rule 26(c)(7) of the Federal Rules of Civil Procedure, Defendants must show that "good cause" exists to keep the material discussed in the Complaint under seal. SEC v. R.J. Reynolds, No. MISC.A.03-1651(JDB), 2004 WL 3168281, at *9 (D.D.C. June 29, 2004) (citing cases). Further, any claim that information should be protected because it is "confidential" within the meaning of Rule 26(c)(7) must be balanced against the public's strong presumptive right of access to judicial proceedings. Weaver v. Bratt, 421 F.Supp.2d 25, 43 (D.D.C. 2006); see also Cobell v. Norton, 157 F.Supp.2d 82, 88 (D.D.C. 2001) (recognizing that "the court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings"). The D.C. Circuit has found that "[t]he first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." Washington Post v. Robinson, 935 F.2d 282, 287 (D.C. Cir. 1991). The strong presumption in favor of public access requires the Defendants, as the parties opposing un-sealing, to bear the burden of showing "specific reasons why the record, or any part thereof, should remain under seal." Johnson v. Greater Southeast Community Hosp. Corp., 951 F.2d 1268, 1278 (D.C. Cir. 1991). Indeed Defendants must establish that disclosure will cause "a clearly defined and serious injury. . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted). A court should apply a

4

balancing test to determine whether the presumption against sealing may be overcome, giving consideration to six factors:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

United States v. Hubbard, 650 F.2d 293, 317-321 (D.C.Cir. 1980).

Applying this standard in this case, it is clear that Defendants cannot overcome the presumptive right of access, and therefore the Complaint should be unsealed. The need for public access is especially strong where, as here, the material that is at issue is contained in pleadings filed with the Court and is likely to be introduced into evidence and relied upon by the Court in making its determination on the merits of the litigation. See EEOC v. Nat'l Children's Center, Inc., 98 F.3d 1406, 1409 (D.C.Cir. 1996). Further, this is a high-profile matter that has garnered significant attention from the press as it involves a government agency seeking to block a large merger of two public companies on antitrust grounds. Such litigated government challenges of acquisitions are rare and generate great public interest because, among other things, they may provide insight into the prevailing antitrust policy at the Commission. Indeed, this public interest is manifested by the letter that the Dow Jones & Company, Inc. sent to the Court objecting to the sealing of certain documents in this case, including the Complaint. (Letter from Goodling to Hon. Paul L. Friedman of 6/8/07.) Further, the fact that the Commission, in addition to the press, is objecting to sealing the Complaint is not only relevant but strengthens the case for access. EEOC v. Nat'l Children's Center, Inc., 98 F.3d at 1409

(citing FTC v. Standard Fin. Management Corp., 830 F.2d 404, 410 (1st Cir. 1987)("The appropriateness of making court files accessible is accentuated in cases where the government is a party.")).

    Defendants are unlikely to be able to show sufficient countervailing interests to outweigh the heightened presumption that attaches to the Commission's request to unseal the Complaint. The possibility of prejudice to Defendants is remote because they are unlikely to be able to demonstrate that disclosure of the type of statements at issue here would cause them to suffer a clearly defined and serious injury. The information in the Complaint contains no trade secrets or other proprietary intellectual property, customer specific information or sensitive commercial information whose disclosure could cause an identifiable injury to Defendants. To the contrary, the statements contained in the Complaint do not even qualify for protection as "Confidential Discovery Material" under the Interim Protective Order or under Fed. R. Civ. P. 27(c)(7).

    Finally, the mere fact that the material cited in the Complaint may not have been previously disclosed to the public is not grounds for keeping it under seal. See, e.g., Cuno v. Pall Corp., 117 F.R.D. 506, 508 (E.D.N.Y. 1987)(rejecting company's claim that certain information should remain sealed simply because "the documents have at all times been maintained as internal proprietary documents"). Further, it is hard to imagine how Defendants could claim that the subject matters discussed here are confidential, while at the same time, representatives of Defendants, including Whole Foods' Chief Executive Officer, make public statements relating to the same topics – the nature and extent of competition in the industry, the identity of the firms' close competitors and the companies' future plans -- designed to influence public opinion and convince shareholders and the public that the Commission's allegations in

this case lack merit.  *See, e.g.*, "Whole Foods Market to Challenge FTC's Opposition to Wild Oats Merger," Press Release (June 5, 2007)<http://www.wholefoodsmarket.com/investor/pr07_06-05.html> (claiming the "FTC has failed to recognize the robust competition in the supermarket industry" and "does not appreciate the many benefits for consumers of the proposed merger ").  Given Whole Foods', and its CEOs', public statements following the filing of this Complaint, Whole Foods should not be heard to argue that its CEOs' acknowledgments of anticompetitive purpose and harm relating to the acquisition, as reflected in the Complaint, should be concealed from public scrutiny.

      While Defendants undoubtably have the right to make public statements in defense of their proposed merger, they do not have the right to argue that the Complaint should be kept under seal because it contains statements by the Defendants relating to the very same topics that Defendants are discussing publically.  The fact that the substance of these statements departs significantly from Defendants' publicly disclosed characterization of competition in the relevant markets is not grounds for keeping the material under seal.  <u>See</u>, <u>e.g.</u>, <u>Brown and Williamson v. FTC</u>, 710 F.2d 1165, 1179 (6th Cir. 1983) (finding that harm to a company's reputation does not justify sealing court records).  To the contrary, it heightens the public interest in transparency of these proceedings.

**III.     CONCLUSION**

       For the foregoing reasons, Plaintiffs respectfully request that the Court unseal the Complaint.

Respectfully submitted,

Dated: June 13, 2007

      /s/
Thomas H. Brock (DC Bar No. 939207)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
(202) 326-2475 (direct dial)
(202) 326-2884 (facsimile)
Tbrock@ftc.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing papers were served by e-mailing a copy to:

>Alden L. Atkins, Esq.
>Vinson & Elkins LLP
>The Willard Office Building
>1455 Pennsylvania Ave., N.W.
>Suite 600
>Washington, D.C.  20004-1008
>(202) 639-6613
>Aatkins@VELaw.com
>
>Clifford H. Aronson, Esq.
>Skadden, Arps, Slate, Meagher & Flom LLP
>Four Times Square
>New York, NY 10036
>(212) 735-2614
>Caronson@Skadden.com

Dated: June 13, 2007     ___/s/_____

               Thomas H. Brock

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC  20580<br><br>      Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET, INC.,<br>550 Bowie Street<br>Austin, Texas  78703<br><br>   - and -<br><br>WILD OATS MARKETS, INC.,<br>1821 30th Street<br>Boulder, Colorado  80301<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case: 1:07-cv-01021<br>Assigned To: Friedman, Paul L.<br>Assign. Date: 06/06/2007<br>Description: TRO/PI |

**[PROPOSED] ORDER DIRECTING THE UNSEALING
OF THE COMPLAINT**

Upon consideration of Plaintiff's motion for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, seeking to unseal the Complaint, and Defendants' response thereto,

IT IS HEREBY ORDERED that the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act be unsealed and filed on the public record.

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:

_____
United States District Court Judge

Case 1:07-cv-01021-PLF     Document 16-2     Filed 06/13/2007     Page 2 of 2