UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FEDERAL TRADE COMMISSION
:
           Plaintiff,
:
- against -
:
WHOLE FOODS MARKETS, INC.; and      No. 1:07-CV-01021 (PLF)
WILD OATS MARKET, INC.,    :

           Defendants    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER OF DEFENDANT WILD OATS MARKET, INC.

Defendant Wild Oats Market, Inc. ("Wild Oats"), by its attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, answers the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act ("Complaint") filed by Plaintiffs and respond as follows:

Introduction.   Wild Oats denies the allegations of the Introduction to the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of any of the quotes in the Introduction, and except to the extent that the Introduction contains legal conclusions to which no response is required.

1.     Wild Oats admits the allegations of Paragraph 1 of the Complaint, except to the extent that this Paragraph contains legal conclusions to which no response is required.

2.     Wild Oats denies knowledge and information sufficient to answer the allegations in the first sentence of Paragraph 2 of the Complaint and otherwise denies this Paragraph.

3. Wild Oats denies knowledge and information sufficient to answer the allegations of Paragraph 3.

4. Wild Oats admits the allegations of the first sentence of Paragraph 4 of the Complaint and otherwise denies the allegations of this Paragraph.

5. Wild Oats admits that is was founded in 1987; admits that it provides a selection of natural, organic, and gourmet foods, environmentally friendly products, and natural vitamins, remedies and body care products, along with a broad selection of conventional products; admits that the last sentence of Paragraph 5 of the Complaint accurately quotes an article entitled "Organics Are No Longer a Niche" from the April 7, 2006 edition of Business Week; and otherwise denies this Paragraph.

6. Wild Oats admits that the combined sales of Whole Foods and Wild Oats in their respective 2006 fiscal years were approximately $5.6 billion, denies that approximately 70% of Wild Oats' fiscal 2006 sales were derived from perishable products, and otherwise denies knowledge and information sufficient to answer the allegations of Paragraph 6.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

9. Wild Oats admits the allegations of Paragraph 9 of the Complaint, except to the extent that this Paragraph contains legal conclusions to which no response is required.

10. Wild Oats admits the allegations of Paragraph 10 of the Complaint.

11. Wild Oats denies the allegations of Paragraph 11 of the Complaint.

12. Wild Oats admits the allegations of Paragraph 12 of the Complaint.

13. Wild Oats admits the allegations of the first sentence Paragraph 13 of the Complaint and otherwise denies the allegations of this Paragraph.

14. Wild Oats denies knowledge and information sufficient to answer the allegations of Paragraph 14 of the Complaint.

15. Wild Oats denies knowledge and information sufficient to answer the allegations of Paragraph 15 of the Complaint, except to the extent this Paragraph contains legal conclusions to which no response is required.

16. Wild Oats denies knowledge and information sufficient to answer the allegations of Paragraph 16 of the Complaint, except to the extent this Paragraph contains legal conclusions to which no response is required.

17. Wild Oats denies Paragraph 17 of the Complaint to the extent it purports to define an industry standard term for "natural foods."

18. Wild Oats denies Paragraph 18 of the Complaint to the extent that it purports to define the term "organic foods" in any way other than foods that meet the requirements of the United States Department of Agriculture's Organic Food Production Act of 1990.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required.

20. Wild Oats denies the allegations of Paragraph 20 of the Complaint.

21. Wild Oats denies Paragraph 21 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of any of the quotes in this Paragraph.

22. Wild Oats denies the allegations of the first sentence of Paragraph 22 of the Complaint and otherwise denies knowledge and information sufficient to answer the rest of this Paragraph.

23. Wild Oats denies the allegations of Paragraph 23 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of the quote in this Paragraph.

24. Wild Oats denies the allegations of Paragraph 24 of the Complaint.

25. Wild Oats denies the allegations of Paragraph 25 of the Complaint.

26. Wild Oats admits the allegations of Paragraph 26 of the Complaint.

27. Wild Oats denies the allegations of Paragraph 27 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of any of the quotes in this Paragraph.

28. Wild Oats denies the allegations of Paragraph 28 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of the quote in this Paragraph.

29. Wild Oats admits the allegations of Paragraph 29 of the Complaint.

30. Wild Oats denies the allegations of Paragraph 30 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of the quote in this Paragraph.

31. Wild Oats denies the allegations of Paragraph 31 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of the quote in this Paragraph.

32. Wild Oats denies the allegations of Paragraph 32 of the Complaint.

33. Wild Oats denies the allegations of Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required.

35. Wild Oats denies the allegations of the first sentence of Paragraph 35 of the Complaint. The second sentence of this Paragraph contains legal conclusions to which no response is required.

36. Wild Oats denies the allegations of Paragraph 36 of the Complaint.

37. Wild Oats denies the allegations of Paragraph 37 of the Complaint.

38. Wild Oats denies the allegations of Paragraph 38 of the Complaint.

39. Wild Oats denies knowledge and information sufficient to answer the allegations of Paragraph 39 of the Complaint, except denies that Wild Oats has ever enjoyed a "monopoly" in any market.

40. Wild Oats admits the allegations of the first sentence Paragraph 40 of the Complaint and otherwise denies the allegations of this Paragraph.

41. Wild Oats denies the allegations of Paragraph 41 of the Complaint, except denies knowledge and information sufficient to admit or deny the accuracy of either quote in this Paragraph.

42. Wild Oats denies the allegations of Paragraph 42 of the Complaint.

43. Wild Oats denies the allegations of Paragraph 43 of the Complaint, including each of its subparts, except to the to the extent this Paragraph, including any subpart, contains legal conclusions to which no response is required. Specifically:

    (a) Wild Oats denies the allegations of Paragraph 43.a of the Complaint;

    (b) Wild Oats denies the allegations of Paragraph 43.b of the Complaint;

    (c) Wild Oats denies the allegations of Paragraph 43.c of the Complaint;

    (d) Wild Oats denies the allegations of Paragraph 43.d of the Complaint;

    (e) Wild Oats denies the allegations of Paragraph 43.e of the Complaint;

    (f) Wild Oats denies the allegations of Paragraph 43.f of the Complaint;

    (g) Wild Oats denies the allegations of Paragraph 43.g of the Complaint;

    (h) Wild Oats denies the allegations of Paragraph 43.h of the Complaint.

44. Wild Oats denies the allegations of Paragraph 44 of the Complaint.

45. Wild Oats denies the allegations of Paragraph 45 of the Complaint.

46. Wild Oats denies the allegations of Paragraph 46 of the Complaint.

47. Wild Oats denies that Plaintiff is entitled to any relief that it seeks in the Complaint.

## DEFENSES

48. The Complaint fails to state the basis for the relief sought by Plaintiff.

49. Efficiencies and other procompetitive benefits of the pending transaction outweigh any purported anticompetitive effects.

WHEREFORE, defendant Wild Oats respectfully requests that the Court:

A.  Deny Plaintiff's request preliminarily to enjoin Defendant Whole Foods Market, Inc. from taking any steps to acquire the stock, assets, or any other interest in Wild Oats;

B.  Dismiss the Complaint with prejudice as against all defendants;

C.  Award Wild Oats the reasonable costs of this litigation, including reasonable attorneys' fees; and

D.  Grant Wild Oats such other and further relief as the Court deems just and proper.

Dated: June 15, 2007

By:  _____/s/_____
Clifford H. Aronson (DC Bar No. 335182)
Thomas Pak (*Pro Hac Vice*)
Matthew P. Hendrickson (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
212-735-3000
caronson@skadden.com

Gary A. MacDonald (DC Bar No. 418378)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
202-371-7000
gmacdona@skadden.com

Terrence J. Wallock (*Pro Hac Vice*)
2224 Pacific Dr.
Corona Del Mar, CA 92625
949-375-0683

*Attorneys for Defendant Wild Oats Markets, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of June, 2007, I caused the foregoing Answer of Defendant Wild Oats Market, Inc to the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act to be served on the persons listed below by electronic mail:

**Attorneys for Plaintiff**

Michael J. Bloom, Esq.
Thomas H. Brock, Esq.
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, D.C. 20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**

Alden L. Atkins, Esq.
John D. Taurman, Esq.
VINSON & ELKINS LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
atkins@velaw.com

/s/ Thomas Pak
Attorney for Wild Oats Markets, Inc.