IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-CV-01021 (PLF) |
| ) | |
| WHOLE FOODS MARKET, INC. ) | |
| ) | |
| and ) | |
| ) | |
| WILD OATS MARKETS, INC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT WHOLE FOODS MARKET, INC.**

Defendant Whole Foods Market, Inc. ("Whole Foods"), by its attorneys, Vinson & Elkins, L.L.P., answers the Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act ("Complaint") filed by the Plaintiff, the Federal Trade Commission ("FTC") and responds as follows:

**RESPONSES TO THE FTC'S ALLEGATIONS**

Introduction:  Whole Foods admits that the language quoted in the Introduction appeared in an e-mail sent to the Board, but denies all remaining allegations in the Introduction, except to the extent the Introduction contains legal conclusions to which no response is required**.**

1

      1.      Whole Foods admits the allegations in Paragraph 1, except to the extent that Paragraph contains legal conclusions to which no response is required.

      2.      Whole Foods admits the allegations in the first sentence of Paragraph 2 and that it was established in 1980 and operates approximately190 stores in more than 30 states and the District of Columbia.  Whole Foods denies the remaining allegations in Paragraph 2.

      3.      Whole Foods admits that Mr. Mackey made the statements quoted in Paragraph 3.

      4.      Whole Foods admits the allegations in the first sentence of Paragraph 4, but denies all remaining allegations in that Paragraph.

      5.      Whole Foods admits the allegations in the first sentence of Paragraph 5, but lacks knowledge or information sufficient to admit or deny the allegations in the remainder of that Paragraph.

      6.      Whole Foods admits the allegations in the first sentence of Paragraph 6.  Whole Foods admits that approximately 70% of its sales are of perishable products, but lacks information sufficient to admit or deny whether that is true of Wild Oats' sales or of the defendants' combined sales.

      7.      Paragraph 7 contains legal conclusions to which no response is required.

      8.      Paragraph 8 contains legal conclusions to which no response is required.

      9.      Whole Foods admits the allegations in Paragraph 9, except to the extent that Paragraph contains legal conclusions to which no response is required.

10. Whole Foods admits the allegations in Paragraph 10.

11. Whole Foods lacks information sufficient to admit or deny the allegations in Paragraph 11.

12. Whole Foods admits the allegations in Paragraph 12.

13. Whole Foods admits the allegations in the first sentence in Paragraph 13, but denies the allegations in the remainder of that Paragraph.

14. Whole Foods admits that it intends to merge Wild Oats into Whole Foods, operate some Wild Oats stores as Whole Foods stores, and sell some Wild Oats stores, and that it may decide to close some Wild Oats stores once it has access to Wild Oats' financial information. Whole Foods denies the remainder of the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. Whole Foods lacks knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. Whole Foods lacks knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 16.

17. Whole Foods denies the allegations in Paragraph 17 to the extent that Paragraph purports to define an industry standard term for "natural foods."

18. Whole Foods denies the allegations in Paragraph 18 to the extent that Paragraph purports to define the term "organic foods" in any way other than foods that meet the requirements of the United States Department of Agriculture's Organic Food Production Act of 1990.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Whole Foods denies the allegations in Paragraph 20.

21. Whole Foods admits that the statements quoted in Paragraph 21 were made, but denies the remainder of the allegations in that Paragraph.

22. Whole Foods admits that the statements quoted in Paragraph 22 were made, but denies the remainder of the allegations in that Paragraph.

23. Whole Foods admits that the quoted statement was made by one of the defendants, but denies the remaining allegations in Paragraph 23.

24. Whole Foods denies the allegations in Paragraph 24.

25. Whole Foods denies the allegations in Paragraph 25.

26. Whole Foods denies the allegations in Paragraph 26.

27. Whole Foods admits that the statements quoted in Paragraph 27 were made, but denies the remainder of the allegations in that Paragraph.

28. Whole Foods admits that the statements quoted in Paragraph 28 were made, but denies the remainder of the allegations in that Paragraph.

29. Whole Foods admits the allegations in Paragraph 29.

30. Whole Foods admits that the statements quoted in Paragraph 30 were made, but denies the remainder of the allegations in that Paragraph.

31. Whole Foods admits that the statements quoted in Paragraph 31 were made, but denies any remaining allegations in that Paragraph.

32. Whole Foods denies the allegations in Paragraph 32.

33. Whole Foods denies the allegations in Paragraph 33.

34.     Paragraph 34 contains legal conclusions to which no response is required.

35.     Whole Foods denies the allegations of the first sentence in Paragraph 35. The second sentence contains legal conclusions to which no response is required.

36.     Whole Foods denies the allegations in Paragraph 36.

37.     Whole Foods denies the allegations in Paragraph 37.

38.     Whole Foods denies the allegations in Paragraph 38.

39.     Whole Foods denies the allegations in Paragraph 39.

40.     Whole Foods admits the allegations in the first sentence in Paragraph 40. Whole Foods denies the remainder of the allegations in Paragraph 40.

41.     Whole Foods admits that Mr. Mackey made the statements quoted in Paragraph 41, but denies all remaining allegations in that Paragraph.

42.     Whole Foods denies the allegations in Paragraph 42.

43.     Whole Foods denies the allegations in Paragraph 43, including each of its subparts, except to the to the extent that Paragraph, including any subpart, contains legal conclusions to which no response is required.

44.     Whole Foods denies the allegations in Paragraph 44.

45.     Whole Foods denies the allegations in Paragraph 45.

46.     Whole Foods denies the allegations in Paragraph 46.

Regarding the relief requested on pages 15-16 of the Complaint, in paragraphs numbered 1-3, Whole Foods denies any such relief can or should be granted.

## DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Efficiencies and other procompetitive benefits of the pending transaction outweigh any purported anticompetitive effects.

## PRAYER FOR RELIEF

WHEREFORE, defendant Whole Foods respectfully requests that the Court:

A. Deny Plaintiff's request to preliminarily enjoin Defendant Whole Foods Market, Inc. from taking any steps to acquire the stock, assets, or any other interest in Wild Oats;

B. Dismiss the Complaint with prejudice as against all defendants;

C. Award Whole Foods the reasonable costs of this litigation, including reasonable attorneys' fees; and

D. Grant Whole Foods such other and further relief as the Court deems just and proper.

Dated: June 15, 2007

/s/ Alden L. Atkins
Alden L. Atkins (D.C. Bar No. 393922)
Neil W. Imus (D.C Bar No. 394544)
John D. Taurman (D.C. Bar No. 133942)
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Washington, DC 20004-1008
(202) 639-6613
AAtkins@velaw.com
Attorneys for Defendant Whole Foods Market, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of June, 2007, I caused the foregoing Answer of Whole Foods Market, Inc. to be filed and served using the Court's ECF system and also caused these same papers to be served on the persons listed below by electronic mail:

**Attorneys for Plaintiff**

Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, D.C. 20001
mjbloom@ftc.gov
tbrock@ftc.gov

**Attorneys for Defendant Wild Oats Markets, Inc.**

Gary A. MacDonald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
gmacdona@skadden.com

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
caronson@skadden.com

The following persons have been served by electronic mail:

Thomas A. Pak
Matthew P. Hendrickson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
tpak@skadden.com
mhendric@skadden.com

Terrence J. Wallock
2224 Pacific Dr.
Corona Del Mar, CA 92625
terry@wallock.com

                                        /s/ Alden L. Atkins_____
                                        Attorney for Whole Foods Market, Inc.