IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>               Plaintiff,<br><br>     v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.,<br><br>               Defendants. | Case No. 1:07-CV-01021 (PLF) |

**MOTION TO INTERVENE**

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, Trader Joe's Company (hereinafter "Trader Joe's") moves to intervene of right for the limited purpose opposing Defendant's Motion for Final Protective Order. Trader Joe's files this motion pursuant to this Court's June 8, 2007 Interim Protective Order, Paragraph 22, which allows "Third Parties to apply for further protective orders or for modification of any provision of the Interim Protective Order by application to the Court for good cause shown." Trader Joe's interests are not adequately represented by any of the existing parties to this litigation -- indeed the Federal Trade Commission takes no position on this Motion -- and Trader Joe's must be permitted to intervene in order to protect its interest in the confidential and competitively sensitive information that Defendants now seek from the Federal Trade Commission and will likely eventually seek directly from Trader Joe's.

WHEREFORE, Trader Joe's moves for an Order permitting Trader Joe's to intervene in this matter pursuant to Fed. R. Civ. P. 24(a)(2) for the limited purpose of opposing Defendant's Motion for Final Protective Order.

Dated:  June 18 2007

   /s/ Richard G. Parker_____
Richard G. Parker (D.C. Bar No. 327544)
Karin F.R. Moore (D.C. Bar No. 480275)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006-4001
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414

*Attorneys for Third Party Trader Joe's Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>            Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.,<br><br>            Defendants. | Case No. 1:07-CV-01021 (PLF) |

**TRADER JOE'S COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO INTERVENE AS OF RIGHT**

The Federal Trade Commission ("FTC") filed a complaint with this Court requesting a temporary restraining order and a preliminary injunction to enjoin the acquisition of Wild Oats Markets, Inc. by Whole Foods Market, Inc. ("proposed acquisition"). Prior to filing its complaint, the FTC conducted an investigation of the proposed acquisition. During its investigation, the FTC issued a civil investigative demand ("CID") to Trader Joe's Company ("Trader Joe's"). Trader Joe's produced confidential material to the FTC in response to that CID.

The Court approved an Interim Protective Order in this matter on June 8, 2007 that, in part, governs the use and production of third party materials. Defendant Whole Foods Market, Inc. subsequently filed a motion requesting that the Court enter a final protective order. The Court has not yet ruled on that motion.

Trader Joe's seeks to intervene in this matter for the limited purpose of opposing Defendant's Motion for Final Protective Order. Trader Joe's interests are not adequately represented by any of the existing parties to this litigation, and Trader Joe's must be permitted to intervene in order to protect its interest in the confidential and competitively sensitive information that Defendants now seek from the Federal Trade Commission and will likely eventually seek directly from Trader Joe's.

## ARGUMENT

**I.     TRADER JOE'S IS ENTITLED TO INTERVENE AS OF RIGHT BECAUSE IT HAS "AN INTEREST RELATING TO THE PROPERTY OR TRANSACTION WHICH IS THE SUBJECT OF [THIS] ACTION."**

Federal Rule of Civil Procedure 24(a) provides that:

> **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Each element of Rule 24(a) intervention is satisfied here.

First, this Motion is timely, as the confidential material produced by Trader Joe's is subject to the current Interim Protective Order, and would be subject to any modification thereto or any new controlling protective order in this matter.

Second, Trader Joe's has an interest relating to the events which are the subject of this action. Trader Joe's submitted materials to the FTC during the FTC's investigation of the proposed acquisition pursuant to compulsory process. Pursuant to the FTC Act, and the FTC's Rules of Practice, these materials are considered confidential and are protected from disclosure. *See* 15 U.S.C. § 57b-2 ; 16 C.F.R. §§ 4.10, 4.11. Disclosure of confidential information to others

is a recognized interest under Rule 24(a)(2).  In *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285 (D.C. Cir. 1980), MCI appealed a district court decision denying it the opportunity to intervene to protect material from discovery by its competitor, AT&T.  The D.C. Circuit found that MCI could intervene as a matter of right under Rule 24(a) to protect work product that it had produced to the United States in the government's antitrust suit against AT&T.  *Id.* at 1293 ("[W]e find that MCI has claimed an interest relating to the property or transaction which is the subject of this discovery action, and that the discovery order would impair that interest."); *see also Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir. 1960) (holding that a third party has a right to intervene during discovery to argue against the defendant's disclosure of trade secrets in which the intervenor claimed an interest).

Moreover,  the FTC's Rules of Practice, provide that "[p]rior to disclosure of such [confidential material provided pursuant to compulsory process] material in a proceeding, the submitter will be afforded an opportunity to seek an appropriate protective or in camera order." 16 C.F.R. § 4.10.   Indeed, the Interim Protective Order approved by this Court on June 8, 2007 contemplates that third parties would have an interest in such a motion.  Paragraph 22 of the Interim Protective Order specifically allows "Third Parties to apply for further protective orders or for modification of any provision of the Interim Protective Order by application to the Court for good cause shown."

Third, Trader Joe's interests are not adequately represented by the existing parties.  No other party has the same interest in protecting Trader Joe's confidential materials from disclosure.  Indeed, the FTC took no position on Trader Joe's intervention when counsel conferred pursuant to L. Civ. R. 7(m).

## II. TRADER JOE'S MAY PERMISSIVELY INTERVENE FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR FINAL PROTECTIVE ORDER.

Trader Joe's may also may permissively intervene for the limited purpose of opposing Defendant's Motion for Final Protective Order. Federal Rule of Civil Procedure 24(b) provides that "[u]pon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of fact or law in common." Fed. R. Civ. P. 24(b). Courts have uniformly held "that third parties may permissively intervene for the purpose of contesting protective orders." *In re Vitamins Antitrust Litig.*, 2001 WL 34088808, *2 (D.D.C. Mar. 19, 2001). The D.C. Circuit found that under "Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). The Court further held that "third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *Id*. at 1046. The courts' willingness to grant narrow motions to intervene to consider modifying protective orders for access to information also counsels an attendant permissiveness to provide nonparties the opportunity to protect the confidentiality of those materials being sought.

## CONCLUSION

Trader Joe's is entitled to intervene as of right, or in the alternative, to permissively intervene, and respectfully requests that its motion for leave to intervene be granted.

                                      Respectfully submitted,

Dated:  June 18, 2007                              ____/s/ Karin F.R. Moore_____
                                                  Richard G. Parker (D.C. Bar No. 327544)
                                                  Karin F.R. Moore (D.C. Bar No. 480275)
                                                  O'MELVENY & MYERS LLP
                                                  1625 Eye Street, N.W.
                                                  Washington, D.C.  20006-4001
                                                  Telephone:  (202) 383-5300
                                                  Facsimile:   (202) 383-5414

                                                  *Attorneys for Third Party Trader Joe's Company*

**CERTIFICATE OF CONFERENCE**

  Pursuant to L. Civ. R. 7(m) and Fed. R. Civ. P. 26(c), I hereby certify that counsel for Trader Joe's Company conferred in good faith with counsel for the parties by telephone on June 15, 2007.  The Defendants do not oppose this motion to intervene, and the FTC takes no position.


           ___/s/ Karin F.R. Moore_____
           Karin F.R. Moore (D.C. Bar No. 480275)
           *Attorney for Third Party Trader Joe's Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2007, I electronically filed the foregoing **MOTION TO INTERVENE**, **TRADER JOE'S COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO INTERVENE** and **PROPOSED ORDER** with the Court using the generic e-mail box, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF. I have also sent separate copies of the foregoing directly to the individuals below by electronic mail.

**Attorneys for Plaintiff Federal Trade Commission**:

Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Avennue, NW
Washington, DC  20001
mjbloom@ftc.gov
tbrock@ftc.gov


**Attorney for Defendant Whole Foods Market, Inc.:**

Neil W. Imus
Alden L. Atkins
VINSON & ELKINS
The Willard Office Building
1455 Pennsylvania Avenue NW
Suite 600
Washington, DC 20004
aatkins@velaw.com


**Attorney for Defendant Wile Oats Markets, Inc.:**

Clifford H. Aronson
Thomas Pak
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC  20005
caronson@skadden.com

    \_\_\_\_/s/ Karin F.R Moore\_\_\_
    Karin F. R. Moore

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>  v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.,<br><br>    Defendants. | Case No. 1:07-CV-01021 (PLF) |

**ORDER**

Upon consideration of Trader Joe's Company's Motion to Intervene in the above captioned action, and for good cause shown, it is hereby:

ORDERED that Trader Joe's Company's Motion to Intervene be and is GRANTED; and it is further

ORDERED that Third Party Trader Joe's Company be permitted to appear in the above captioned action as an intervenor.

_____
Paul L. Friedman
United States District Judge

Dated: