## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

         Plaintiff,

v.

WHOLE FOODS MARKET, INC.

and

WILD OATS MARKETS, INC.,

         Defendants.

Case No. 1:07-CV-01021 (PLF)

### WAL-MART STORES, INC.'S
### UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Wal-Mart Stores, Inc.

("Wal-Mart") moves to intervene for the limited purpose of opposing Defendant's Motion for

Final Protective Order.  Wal-Mart also files this motion pursuant to this Court's June 8, 2007

Interim Protective Order, Paragraph 22, which allows "Third Parties to apply for further

protective orders or for modification of any provision of the Interim Protective Order by

application to the Court for good cause shown."  Wal-Mart's interests are not adequately

represented by any of the existing parties to this litigation, and Wal-Mart has a right to or, in the

alternative, must be permitted to intervene in order to protect its interest in the confidential and

competitively sensitive information that Defendants now seek from the Federal Trade

Commission and will likely eventually seek directly from Wal-Mart.  The parties do not oppose

this motion.

WHEREFORE, Wal-Mart moves for an Order permitting Wal-Mart to intervene in this matter pursuant to Fed. R. Civ. P. 24 for the limited purpose of opposing Defendant's Motion for Final Protective Order.  Wal-Mart respectfully will submit its papers in opposition to the Motion of Defendant Whole Foods Market, Inc. For Entry of a Final Protective Order on or before Friday, June 22nd, 2007 in accordance with Judge Friedman's June 15th Minute Order.

Respectfully submitted,

Dated:  June 18, 2007

/s/ Darren S. Tucker _____
Darren S. Tucker (D.C. Bar No. 465576)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006-4001
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Attorney for Third Party Wal-Mart Stores, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>        Plaintiff,<br><br>        v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.,<br><br>        Defendants. | Case No. 1:07-CV-01021 (PLF) |

**WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE**

The Federal Trade Commission ("FTC") filed a complaint with this Court requesting a temporary restraining order and a preliminary injunction to enjoin the acquisition of Wild Oats Markets, Inc. by Whole Foods Market, Inc. Prior to filing its complaint, the FTC conducted an investigation of the proposed acquisition. During its investigation, the FTC issued a civil investigative demand ("CID") to Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart produced materials to the FTC that it designated as confidential to be covered by the protections of 15 U.S.C. § 57b-2. That statutory provision circumscribes the FTC's ability to disclose confidential information.

The Court approved an Interim Protective Order in this matter on June 8, 2007 that would, in part, govern the use and production of third party materials. Defendant Whole Foods Market, Inc. subsequently filed a motion requesting that the Court enter a final protective order. The Court has not yet ruled on that motion.

Wal-Mart seeks to intervene in this matter for the limited purpose of opposing Defendant's Motion for Final Protective Order.

## ARGUMENT

## I.     WAL-MART IS ENTITLED AS OF RIGHT TO INTERVENE IN THIS MATTER

Wal-Mart is entitled to intervene as of right.  Fed. R. Civ. P. 24(a) provides that:

> **Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Each element of Rule 24(a)(2) intervention is satisfied here.

First, the motion is timely, inasmuch as this Court has not yet ruled on Defendant's motion for entry of a final protective order.

Second, Wal-Mart plainly has an interest relating to the events which are the subject of this action.  Wal-Mart submitted confidential materials in response to a CID from the FTC during its investigation of the proposed acquisition.  Disclosure of sensitive information to others is a recognized interest under Rule 24(a)(2).  In *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285 (D.C. Cir. 1980), MCI appealed a district court decision denying it the opportunity to intervene to protect material from discovery by its competitor, AT&T.  The D.C. Circuit reversed and found that MCI could intervene as a matter of right under Rule 24(a) to protect work product that it had produced to the United States in the government's antitrust suit against AT&T.  *Id.* at 1293 ("[W]e find that MCI claimed an interest relating to the property or transaction which is the subject of this discovery action, and that the discovery order would impair that interest."); *see also Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir. 1960) (holdings that a third party

has a right to intervene during discovery to argue against the defendant's disclosure of trade secrets in which the intervenor claimed an interest).

Third, Wal-Mart's interests are not adequately represented by the existing parties. "Intervention should be allowed, moreover, when 'there is a serious possibility that the (absentee's) interest may not be adequately represented by an existing party.'" *American Tel. and Tel. Co.*, 642 F.2d at 1293 (citations omitted). No other party has the same interest in protecting Wal-Mart's confidential materials from disclosure.

In fact, this Circuit has "held that the burden is on those opposing intervention to show that representation for the absentee will be adequate." *Id.*

## II. WAL-MART MAY PERMISSIVELY INTERVENE FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR FINAL PROTECTIVE ORDER.

Even if this court does not find the criteria for intervention as of right satisfied, Wal-Mart should be able to intervene under Fed. R. Civ. P. 24(b). Wal-Mart seeks to intervene not on the merits, but for the limited purpose of defending its interests under any protective order that the court may issue. The D.C. Circuit found that "third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *EEOC v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). The court's willingness to grant narrow motions to intervene to consider modifying protective orders for access to information also counsels a concomitant permissiveness to provide nonparties the opportunity to guard those materials.

In addition, the FTC's Procedures and Rules of Practice for non-public information explicitly state that "[p]rior to disclosure of such material in a proceeding, the submitter will be

afforded an opportunity to seek an appropriate protective or in camera order." 16 C.F.R. § 4.10.

Moreover, the Interim Protective Order approved by this Court on June 8, 2007 contemplates

that third parties would have an interest in such a motion.  Paragraph 22 of the Interim Protective

specifically allows "Third Parties to apply for further protective orders or for modification of any

provision of the Interim Protective Order by application to the Court for good cause shown."

Finally, the parties do not oppose this motion.

In short, Wal-Mart is entitled to intervene, and respectfully requests that its motion for

leave to intervene be granted.

## CONCLUSION

For the foregoing reasons, Wal-Mart respectfully requests that its motion for leave to

intervene be granted.

Respectfully submitted,


Dated:  June 18, 2007                 /s/ Darren S. Tucker_____
                                      Darren S. Tucker (D.C. Bar No. 465576)
                                      O'MELVENY & MYERS LLP
                                      1625 Eye Street, N.W.
                                      Washington, D.C.  20006-4001
                                      Telephone:  (202) 383-5300
                                      Facsimile:   (202) 383-5414

                                      *Attorney for Third Party Wal-Mart Stores, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to L. Civ. R. 7(m) and Fed. R. Civ. P. 26(c), I hereby certify that counsel for Wal-Mart Stores, Inc. conferred in good faith with counsel for the parties by telephone on June 15, 2007.  The parties do not oppose this motion to intervene.


_/s/ Darren S. Tucker _____
Attorney for Wal-Mart Stores, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of June, 2007, I filed the foregoing, WAL-MART STORES, INC.'S UNOPPOSED MOTION TO INTERVENE, together with the Memorandum of Points and Authorities, and proposed order, and also caused these same papers to be served by electronic mail to:

<u>Attorneys for Plaintiff</u>

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
mjbloom@ftc.gov

<u>Attorney for Defendant Whole Foods Market, Inc.</u>

Alden L. Atkins
VINSON & ELKINS LLP
The Willard Office Buidling
1455 Pennsylvania Ave., NW
Suite 600
Washington, DC 20004
aatkins@velaw.com

<u>Attorney for Defendant Wild Oats Markets, Inc.</u>

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
caronson@skadden.com

   /s/ Darren S. Tucker
Attorney for Wal-Mart Stores, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

        Plaintiff,

        v.

WHOLE FOODS MARKET, INC.

and

WILD OATS MARKETS, INC.,

        Defendants.

Case No. 1:07-CV-01021 (PLF)

## CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

I, the undersigned, counsel of record for Wal-Mart Stores, Inc., certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Wal-Mart Stores, Inc. which have any outstanding securities in the hands of the public.

1.      Wal-Mart Stores, Inc.

2.      Walmart de Mexico SAB de CV

3.      The Seiyu, Ltd.

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted,


Dated:  June 18, 2007                    /s/ Darren S. Tucker_____
                                         Darren S. Tucker (D.C. Bar No. 465576)
                                         O'MELVENY & MYERS LLP
                                         1625 Eye Street, N.W.
                                         Washington, D.C.  20006-4001
                                         Telephone:  (202) 383-5300
                                         Facsimile:  (202) 383-5414

                                         *Attorney for Third Party Wal-Mart Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of June, 2007, I filed the foregoing, NOTICE OF APPEARANCE with the Court and also caused these same papers to be served on the persons listed below by electronic mail:

<u>Attorneys for Plaintiff</u>

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC 20001
mjbloom@ftc.gov

<u>Attorney for Defendant Whole Foods Market, Inc.</u>

Alden L. Atkins
VINSON & ELKINS LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 600
Washington, DC 20004
aatkins@velaw.com

<u>Attorney for Defendant Wild Oats Markets, Inc.</u>

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
caronson@skadden.com

/s/ Darren S. Tucker                    
Attorney for Wal-Mart Stores, Inc.

DC1:711412.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

     Plaintiff,

   v.

WHOLE FOODS MARKET, INC.

and

WILD OATS MARKETS, INC.,

     Defendants.

Case No. 1:07-CV-01021 (PLF)

## ORDER

   Upon consideration of Wal-Mart Stores, Inc.'s Unopposed Motion to Intervene in the above captioned action, it is hereby:

   ORDERED that Wal-Mart Stores, Inc.'s Unopposed Motion to Intervene be and is GRANTED; and it is further

   ORDERED that Third Party Wal-Mart Stores, Inc. be permitted to appear in the above captioned action as an intervenor.

          _____
          Paul L. Friedman
          United States District Judge

Dated: