IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHOLE FOODS MARKET, INC. )<br>)<br>and )<br>)<br>WILD OATS MARKETS, INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:07-CV-01021-PLF |

**WEGMANS FOOD MARKETS, INC.'S MOTION TO INTERVENE**

Wegmans Food Markets, Inc. ("Wegmans"), through its undersigned counsel, hereby moves the Court pursuant to Federal Rule of Civil Procedure 24 to intervene in the above-captioned action. Wegmans seeks to intervene in this action for the limited purpose of opposing the Motion of Defendant Whole Foods Market, Inc. For Entry of a Final Protective Order. Wegmans submits an accompanying Memorandum in support of its motion herewith, as well as a Proposed Order, a Notice of Appearance, and a Corporate Disclosure Statement pursuant to Local Rule 7.1 as Exhibits to this filing.

        Respectfully submitted,


        /s/  Christopher J. MacAvoy
        Christopher J. MacAvoy (DC Bar No. 367060)
        **HOWREY LLP**
        1299 Pennsylvania Ave., N.W.
        Washington, DC 20004
        Telephone:  (202) 783-0800
        Facsimile:  (202) 383-6610
        Email:  MacAvoyC@howrey.com

        Attorney for Wegmans Food Markets, Inc.

June 18, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>WHOLE FOODS MARKET, INC. )<br>)<br>and )<br>)<br>WILD OATS MARKETS, INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:07-CV-01021-PLF |

**WEGMANS FOOD MARKETS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, Wegmans Food Markets, Inc. ("Wegmans") moves this Court to intervene in this case for the limited purpose of opposing the motion of defendant Whole Foods Market, Inc. ("Whole Foods") for entry of a final protective order (Document No. 12). Wegmans seeks to intervene as of right under Rule 24(a)(2) or, alternatively, permissively under Rule 24(b). The Commission and the defendants do not oppose Wegmans' motion.

### RELEVANT FACTS

Wegmans is a privately-held grocery retailer with headquarters in Rochester, New York. It operates 70 supermarkets under the Wegmans banner: 49 in New York State, 11 in Pennsylvania, seven in New Jersey, two in Virginia, and one in Maryland.

On June 5, 2007, the Commission authorized Commission staff to seek a preliminary injunction to prevent Whole Foods from acquiring Wild Oats Markets, Inc. Wegmans provided

confidential data concerning its business and store operations to the Commission pursuant to Civil Investigative Demand during the Commission staff's initial Hart-Scott-Rodino investigation of the proposed acquisition. This data was designated "confidential" by Wegmans at the time of its production to the Commission. The information produced included information on sales and profitability of specific stores and projected locations and opening dates of new stores.

On June 7, 2007, Commission staff sent Wegmans a copy of the stipulated Interim Protective Order Governing Discovery Material, which Wegmans understands was entered by the Court on June 8. Wegmans advised the Commission staff that all of the information it previously provided to Commission staff is "Confidential Discovery Material" or "Restricted Confidential Discovery Material" as those terms are defined in the Interim Protective Order.

Wegmans subsequently learned that Whole Foods moved on June 11, 2007 for entry of a new protective order which, unlike the stipulated Interim Protective Order, would give Whole Foods' in-house general counsel unrestricted access to all of the information Wegmans provided to the Commission in its investigation. Wegmans has advised Commission staff that the protective order proposed by Whole Foods is unacceptable to Wegmans, and that it objects to the release of its information to Whole Foods' in-house general counsel. Wegmans understands the Commission staff has not, at this time, taken a final position on Whole Foods' motion.

## INTERVENTION

Intervention allows a party who was not an original party to an action and who has an interest in the matter to "intervene" in a timely fashion to protect or vindicate its interest. Rule 24(a) provides for intervention as of right while Rule 24(b) provides for permissive intervention.

## ARGUMENT

Wegmans seeks to intervene for the limited purposed of opposing Whole Foods' pending motion for entry of a final protective order, in order to prevent disclosure of confidential information about Wegmans' current and planned stores to an executive of another grocery retailer.

2

## I. Wegmans Should Be Allowed To Intervene As Of Right

Under Rule 24(a)(2), "[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ." This language has been interpreted to impose four requirements on the proposed intervenor: (1) timeliness; (2) interest; (3) impairment of interest; and (4) adequacy of representation. *Horizon Lines LLC v. United States*, Civ. No. 05-0952 (ESH), 2005 U.S. Dist. LEXIS 40246, *8 (D.D.C. Sept. 23, 2005). In addition, in this Circuit intervenors must demonstrate that they have Article III standing. *Id.* at *3; *United States v. Philip Morris USA, Inc.*, Civ. Action No. 99-2496 (GK), 2005 U.S. Dist. LEXIS 16196, *17 (D.D.C. July 22, 2005).

Motions to intervene are to be construed liberally in favor of the intervenor. This Circuit has explained that Rule 24(a)(2) was "obviously designed to liberalize the right to intervene in federal actions." *Philip Morris*, 2005 U.S. Dist. LEXIS at *12 (quoting *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967)). "When considering a motion to intervene, the burden of proof rests with those opposing intervention." *Horizon Lines*, 2005 U.S. Dist. LEXIS at *3. "Thus, the Court must resolve any doubts in favor of the intervenor." *Id.* at **3-4. Wegmans satisfies all necessary requirements, and its Motion to Intervene should be granted.

**Standing**

Wegmans has standing to intervene in this action for the limited purpose of protecting its confidential and proprietary information. "[E]ven the threat of a relatively small financial injury is usually sufficient to confer Article III standing." *Horizon Lines*, 2005 U.S. Dist. LEXIS at *5-6 (citing *Franchise Tax Board of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990) and *Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451, 454 (D.C. Cir. 2004)). The disclosure of competitively-sensitive information relating to Wegmans' business plans, store operations, and

3

finances to the executive of another grocery retailer poses a clear threat to Wegmans' financial interests and provides it with standing to intervene in this action.

**Timeliness**

Wegmans' motion is timely-filed. This Circuit has stated that:

> timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

*United States v. Am. Tel. & Tel. Co.*, 317, 642 F.2d 1285, 1295 (D.C. Cir. 1980). The Commission filed its motion for a preliminary injunction less than two weeks ago. Whole Foods filed its motion for a protective order on June 11 – one week ago – and Wegmans did not immediately learn of it. Wegmans seeks intervention in order to protect its confidential and competitively-sensitive information from reaching the hands of the general counsel of another grocery retailer. Wegmans will file its brief in opposition to Whole Foods' motion, or if possible file a joint brief with similarly-situated third parties, no later than Friday, June 22 as required by the Court's Minute Order of June 15. Inasmuch as the Commission's response to Whole Foods' motion is not due until June 22, allowing Wegmans to intervene in this limited fashion will cause no prejudicial delay.

**Interest and Impairment Thereof**

That Wegmans has a cognizable interest in this matter is clear: if the final protective order proposed by Whole Foods were to be granted, Wegmans' confidential data would be available to Whole Foods' general counsel. The risk to Wegmans would be immediate, because the Commission has already produced to defendants' outside counsel the materials Wegmans and other third parties provided to the Commission during its investigation. The protection of confidential information is precisely the type of interest that justifies intervention under Rule 24(a). *See, e.g., Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006) ("trade secrets and proprietary information are the very type of interest

4

the protection of which justifies intervention under Rule 24(a)); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003-04 (1984) (holding that trade secrets are a valid property interest); *Armour of America v. United States*, 70 Fed. Cl. 240 (Fed. Cl. 2006) (granting motion to intervene for limited purpose of modifying protective order; where intervenor was competitor of party, the disclosure of trade secrets and confidential proprietary information could cause intervenor to suffer significant harm); *Klamath Irrigation District v. United States*, 64 Fed. Cl. 328, 331 (Fed. Cl. 2005) ("economic and business interests" have been found to justify intervention).

**Inadequate Representation**

The requirement that a would-be intervenor show it is not adequately represented by the existing parties to the action is not onerous. *Horizon Lines*, 2005 U.S. Dist. LEXIS 40246, *9. "The applicant need only show 'that the representation of his interest may be' inadequate; and the burden of making this showing should be treated as minimal. *Id.* at *9-10 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Wegmans' interests in protecting its confidential information against disclosure would not be adequately represented by existing parties. The procedures proposed by Whole Foods in its proposed final protective order are unacceptable to Wegmans. For its part, the Commission has an interest in protecting confidential information obtained from third parties in merger investigations against disclosure; however, the Commission's position on Whole Foods' motion may not be aligned with Wegmans'. Indeed, as this Court has noted, there have been many cases in which courts have found government litigants incapable of fully representing the interests of aspiring intervenors. *Horizon Lines*, 2005 U.S. Dist. LEXIS 40246, at *10. Whereas the government must represent "the public interest of its citizens," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003), Wegmans seeks only to vindicate its financial and business interests. *See Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912-913 (D.C. Cir. 1977) (reversing district court's denial of intervention motion, and noting that private interest more "narrowed and focused" than government interest). The Commission has informed the Court that it does not intend to take a final position on Whole Foods' motion until it learns more about the concerns of Wegmans and

5

other third parties. *See* Notice Of Third Party Interest In Defendants' Motion For Entry Of A Final Protective Order, at 2. (Document No. 20.) Thus, Wegmans has no assurance that the Commission will adequately represent its interests. *See Horizon Lines*, 2005 U.S. Dist. LEXIS 40246, at *10-11 (even "a shared general agreement does not necessarily ensure agreement in all respects and the tactical similarity of the present legal contentions of the parties does not assure adequacy of representation or necessarily preclude the intervenor from the opportunity to appear in its own behalf").

Therefore, Wegmans has shown that it meets the standards for intervention as of right under Rule 24(a)(2).

## II.    Alternatively Wegmans Should Be Allowed To Intervene Permissively

Rule 24(b) sets the basic parameters for permissive intervention: "Upon timely application anyone may be permitted to intervene in an action … (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). Additionally, a court "shall consider whether the requested intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 68 (D.D.C. 2006).

As discussed above, Wegmans' motion is timely and permitting intervention for the limited purpose it requests would not delay or prejudice either the Court's ruling on Whole Foods' motion for a protective order or the adjudication of the preliminary injunction action.

Although Wegmans does not share a common question of law or fact with the parties in the main action, this Circuit's expansive and flexible reading of Rule 24(b) permits permissive intervention in this case. This Circuit has noted that "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC*, 146 F.3d at 1045. The court in *EEOC* thus "construe[d] Rule 24(b) as an avenue for third parties 'to have their day in court to contest the scope or need for

6

confidentiality.'" *Id.* at 1046 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994)).

Moreover, the nature of Wegmans' interest is such that it would be at immediate risk if it is unable make its views known to the Court at this time. Finally, for the reasons discussed above, Wegmans has reasonable grounds to believe that its interests may not be adequately represented by the Commission.

## CONCLUSION

The conditions for intervention as of right, or alternatively permissive intervention, are present, and Wegmans' motion to intervene should be GRANTED.

Respectfully submitted,

/s/  Christopher J. MacAvoy
Christopher J. MacAvoy (DC Bar No. 367060)
**HOWREY LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610
Email:  MacAvoyC@howrey.com

Attorney for Wegmans Super Markets, Inc.

June 18, 2007

7

# CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of June, 2007, I caused the foregoing WEGMANS FOOD MARKETS, INC.'S MOTION TO INTERVENE, together with the supporting Memorandum of Points and Authorities, Proposed Order, Notice of Appearance, and Corporate Disclosure statement, to be filed by electronic mail with the Court and also caused these same papers to be served on the persons listed below by electronic mail:

**Attorneys for Plaintiff**

Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC  20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**

Alden L. Atkins
VINSON & ELKINS, L.L.P.
1455 Pennsylvania Ave., NW
Washington, DC  20004
aatkins@velaw.com

**Attorney for Defendant Wild Oats Markets, Inc.**

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC  20005
caronson@skadden.com

                                            /s/  Christopher J. MacAvoy
                                            Attorney for Wegmans Food Markets, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) ) ) | |
| and | ) ) ) | |
| WILD OATS MARKETS, INC. | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING WEGMANS FOOD MARKETS, INC.'S MOTION TO INTERVENE**

Upon consideration of Wegmans Food Markets, Inc.'s motion to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that Wegmans Food Markets, Inc. may intervene in the above-captioned action for the purpose of opposing the Motion of Defendant Whole Foods Market, Inc. For Entry of a Final Protective Order; and

IT IS FURTHER ORDERED that Wegmans Food Markets, Inc. shall file its opposition to the Motion of Defendant Whole Foods Market, Inc. For Entry of a Final Protective Order on or before June 22, 2007 pursuant to this Court's Minute Order dated June 15, 2007.

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:

_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) ) ) | |
| and | ) ) | |
| WILD OATS MARKETS, INC. | ) ) ) | |
| Defendants. | ) ) | |

**CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:**

I, the undersigned, counsel of record for Wegmans Food Markets, Inc., certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Wegmans Food Markets, Inc. which have any outstanding shares in the hands of the public.

*There are no parent companies, subsidiaries or affiliates of Wegmans Food Markets, Inc. which have any outstanding shares in the hands of the public.*

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted,


/s/  Christopher J. MacAvoy
Christopher J. MacAvoy (DC Bar No. 367060)
**HOWREY LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610
Email:  MacAvoyC@howrey.com

Attorney of Record for Wegmans Food Markets, Inc.

June 18, 2007