IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC. ) | |
| ) | |
| and ) | |
| ) | |
| WILD OATS MARKETS, INC. ) | |
| ) | |
| Defendants. ) | |

**MOTION OF SAFEWAY INC. TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO ENTER FINAL PROTECTIVE ORDER**

Pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, Safeway Inc. moves to intervene for the limited purpose of responding to the Motion to Enter a Final Protective Order filed by defendant Whole Foods Market, Inc. Safeway's confidential business information is currently the subject of a discovery dispute in this case, and Safeway's rights and interests may be permanently harmed unless Safeway intervenes. Safeway meets the requirements for intervention as of right, and, in the alternative, permissive intervention.

First, Safeway meets Fed. R. Civ. P. 24(a)(2)'s four requirements for intervention of right: (1) Safeway's motion is timely; (2) Safeway has a direct and concrete interest in this case; (3) the disposition of the pending discovery dispute regarding disclosure of Safeway's documents may irreparably impair or impede Safeway's ability to protect its interests; and (4) Safeway cannot rely on the Federal Trade Commission ("FTC") to represent its rights with equal

RECEIVED
JUN 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

vigor. Second, Safeway meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(2), because Safeway's interest in protecting its confidential business information shares questions of law or fact with the pending dispute over whether the FTC should be obligated to disclose Safeway's confidential documents to Whole Foods' internal counsel.

The FTC and Whole Foods consent to the proposed intervention.

WHEREFORE, Safeway respectfully asks this Court to grant its motion to intervene in this proceeding pursuant Rule 24(a)(2) and/or Rule 24(b)(2).

DATED this 18th day of June, 2007.

Respectfully submitted,

_____
Peter L. Winik (D.C. Bar No. 333450)
E. Marcellus Williamson (D.C. Bar No. 465919)
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC  20004
(202) 637-2200
(202) 637-2201
Peter.Winik@lw.com
Marc.Williamson@lw.com

*Counsel for Safeway, Inc.*

Of Counsel:

Alexander Maltas (D.C. Bar No. 490099)
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC  20004
(202) 637-2200
Alexander.Maltas@lw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:07-CV-01021-PLF<br>) |
| WHOLE FOODS MARKET, INC. | )<br>)<br>) |
| and | )<br>) |
| WILD OATS MARKETS, INC. | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SAFEWAY, INC.'S MOTION TO INTERVENE**

## INTRODUCTION AND BACKGROUND

Pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, Safeway Inc. moves this Court to permit Safeway to intervene for the limited purpose of responding to the Motion for Entry of a Final Protective Order filed by defendant Whole Foods Market, Inc.

This is an action brought by the Federal Trade Commission to enjoin the acquisition of defendant Wild Oats Markets, Inc. by Whole Foods. Both Whole Foods and Wild Oats are operators of supermarkets. Safeway is likewise an operator of supermarkets, and operates in many of the same geographic regions as Whole Foods and/or Wild Oats. During its investigation of the proposed merger, the FTC obtained from Safeway a variety of internal business documents, including numerous documents containing confidential and sensitive business information, including internal marketing, pricing, and strategy information.

On June 8, 2007, the FTC filed an Interim Protective Order Governing Discovery Material ("Interim Protective Order"). The Interim Protective Order defined two categories of confidential materials: (1) "Confidential Discovery Material," which was defined as "confidential or proprietary information produced in discovery ... [and] shall include non-public trade secret or other research, development or commercial information, the disclosure of which would likely cause commercial harm to the Producing Party"; and (2) "Restricted Confidential Discovery Material," which was defined as materials that contain "non-public, current information that is highly sensitive (*e.g.,* marketing plans, pricing plans, financial information, trade secrets, or Documents of a like nature) and the disclosure of which would likely cause substantial commercial harm to the Producing Party." *See* Interim Protective Order, Definitions ¶¶ 7, 16 (filed June 8, 2007). Documents marked as Restricted Confidential Discovery Material may only be disclosed to certain persons, including FTC counsel, outside counsel,

1

experts/consultants, and persons specifically authorized by the Producing Party. *Id.* Terms and Conditions ¶ 8. Documents marked as Confidential Discovery Material could be disclosed to those same persons, as well as specifically named persons at Whole Foods, who have yet to be named. *Id.* ¶ 9.

On June 11, 2007, defendant Whole Foods moved for the entry of a Final Protective Order that seeks to make two major changes. First, Whole Foods seeks to eliminate the category of Restricted Confidential Discovery Material altogether. Second, Whole Foods seeks to allow Roberta Lang, its internal counsel and member of its leadership team, full access to all discovery materials, including the confidential business documents of Safeway.

On June 15, 2007, this Court entered a minute order providing that "any motions to intervene with respect to defendants' motion for entry of a final protective order are due on or before Monday, June 18, 2007."

**ARGUMENT**

**I.   SAFEWAY IS ENTITLED TO INTERVENE AS OF RIGHT**

Safeway is entitled to intervene in this case as a matter of right. Rule 24(a)(2) allows intervention as of right where the protection of an applicant's interest may be impaired or impeded if the lawsuit proceeds without him, provided that: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *S.E.C. v. Prudential Securities, Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998). In addition, the D.C. Circuit requires intervenors to have standing under Article III of the Constitution. *See Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003). Safeway satisfies each of these requirements.

A. **Safeway Has Article III Standing**

To establish Article III standing, a prospective intervenor must show: (1) injury-in-fact, *i.e.*, an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) causation; and (3) redressability. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Safeway meets each of these three prongs.

First, Safeway can demonstrate an actual or imminent injury that is concrete and particularized. Disclosure of its confidential internal documents could directly and irreparably harm Safeway's position in the marketplace. *Appleton v. F.D.A.*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004) ("the applicants have shown that [the government's] disclosure of their trade secrets or confidential information would cause them to suffer an injury-in-fact that intervention to defend against disclosure could redress"). Second, the disclosure of Safeway's confidential information to Whole Foods, another operator of grocery stores, would be the direct and proximate cause of Safeway's injury. Finally, an order by this Court protecting the confidentiality of Safeway's business records would fully redress Safeway's concerns and would protect its rights and interests.

B. **Safeway Satisfies the Four Requirements for Intervention as of Right**

In addition, Safeway easily satisfies the requirement for intervention as of right.

1. **Safeway's Motion is Timely**

This Court's June 15, 2007 minute order granted potential intervenors until June 18, 2007 to file motions to intervene. Safeway's motion complies with that order.

2. **Safeway Has a Legally Protected Interest in the Action**

"As [Rule 24(a)'s] plain text indicates, intervenors of right need only an 'interest' in the litigation--not a 'cause of action' or 'permission to sue.'" *Jones*, 348 F.3d at 1018. Intervention

3

aims to protect interests which are "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Smith v. Gale*, 144 U.S. 509, 518 (1892) (quoted in *U.S. v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980) ("*AT&T*")). The D.C. Circuit confirmed in *AT&T* that the threat of improper disclosure of confidential information is the type of interest that supports a motion to intervene. In *AT&T*, the court reversed an order denying a motion to intervene by a third party that had sought to intervene to protect against the disclosure of documents it had given to the government from being disclosed to the Defendant. The Court of Appeals concluded that the third party had "claimed an interest relating to the property or transaction which [was] the subject of [the] discovery action." *Id.* at 1293.

Similarly, Safeway has a sufficient "interest" in this case to intervene. Safeway's confidential business records are at immediate risk of disclosure, and Safeway seeks to intervene only to the extent necessary to preserve their confidentiality. This is an immediate interest that will either be protected or lost by this Court's judgment.

### 3. This Case Threatens to Impair Safeway's Interests

The Court of Appeals in *AT&T* explained that a third party who seeks to intervene to prevent its sensitive documents from being disclosed "could suffer the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard." *AT&T*, 642 F.2d at 1292 (quotation omitted). Safeway similarly seeks to protect the confidentiality of its internal business documents, and will not be able to protect those interests unless permitted to intervene. *Appleton*, 310 F. Supp. 2d at 197 ("disclosures resulting from the disposition of this action could impair the applicants' ability to protect their trade secrets or confidential information").

4

### 4. No Party Will Adequately Represent Safeway's Interests

This "requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). This requirement is "not onerous." *Fund For Animals,* 322 F.3d at 735 (quoting *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)).

At issue here it the protection of Safeway's confidential business information. Obviously, the defendants' interest lies in disclosure, and Safeway has stronger and more focused incentives than the FTC to fight to protect the confidentiality of its own information. *See Appleton*, 310 F. Supp. 2d at 197 ("In contrast to the applicants' interest in protecting their trade secrets and confidential information, the plaintiff's interest lies in disclosure and FDA's interest lies in responding appropriately to the plaintiff's request."). Intervenors are in the best position to represent their own interests, even if a government party's position is not adverse. *Fund for Animals*, 322 F.3d at 736; *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912-13 (D.C. Cir. 1977) (allowing rubber and chemical companies to intervene because their interest "is more narrow and focused than EPA's"); *Smuck v. Hobson*, 408 F.2d 175, 181 (D.C. Cir. 1969) (parents may intervene because the "board represents all parents," while the intervenors "may have more parochial interests centering upon the education of their own children").

For these reasons, Safeway should be allowed to intervene as a matter of right to protect its interest in the confidentiality of its internal business information.

## II. ALTERNATIVELY, SAFEWAY SHOULD BE GRANTED PERMISSIVE INTERVENTION

Alternatively, should the Court find that the Safeway is not entitled to intervention as of right, Safeway should be granted permissive intervention under Rule 24(b)(2). A party qualifies

for permissive intervention if it presents "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Safeway has satisfied the standing and timeliness requirements for the reasons stated above.[1]

With respect to the "question of law or fact in common with the main action," courts have repeatedly held that when a third party seeks access to documents through modification of a confidentiality order, the request presents questions sufficiently tied to the main action to support permissive intervention. *Nat'l Children's Center*, 146 F.3d at 1047; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) ("we agree with other courts that have held that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action"). When a party seeks to protect the confidentiality of its own documents, its interest is even more compelling. Safeway's documents were collected by the FTC as part of this very controversy, and Whole Foods itself has tied its request directly to the underlying merits of the action. *See* Whole Foods Memorandum in Support of Motion for a Final Protective Order at 2-3. Safeway therefore seeks to intervene to protect interests directly tied to a question of law or fact at issue in this case.

Safeway requests permission to intervene solely to respond to the Motion for Entry of a Final Protective Order filed by Whole Foods. Intervention for this limited purpose will not unduly delay the underlying merits of this proceeding. Moreover, because Safeway is the party

---

[1] Although "there is uncertainty over whether standing is necessary for permissive intervention," *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000), Safeway in any event satisfies the standing requirements. *Supra*, Section I.A.

6

whose interests are most directly affected by this discovery dispute, its participation will assist this Court in its efficient resolution.

* * *

For the foregoing reasons, Safeway requests that this Court grant Safeway's motion to intervene as a matter of right for the purpose of addressing the motion filed by Whole Foods. In the alternative, Safeway requests that this Court use its discretionary authority to grant Safeway permissive intervention.

Respectfully submitted,

/s/ Peter L. Winik

Peter L. Winik (D.C. Bar No. 333450)
E. Marcellus Williamson (D.C. Bar No. 465919)
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC  20004
(202) 637-2200
Peter.Winik@lw.com
Marc.Williamson@lw.com

*Counsel for Safeway, Inc.*

Of Counsel:

Alexander Maltas (D.C. Bar No. 490099)
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC  20004
(202) 637-2200
Alexander.Maltas@lw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION <br><br> Plaintiff, <br><br> v. <br><br> WHOLE FOODS MARKET, INC. <br><br> and <br><br> WILD OATS MARKETS, INC. <br><br> Defendants. | Civil Action No. 1:07-CV-01021-PLF |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Safeway, Inc.'s Motion to Intervene for the Limited Purpose of Responding to Motion to Enter Final Protective Order, it is hereby ORDERED, DECREED, AND ADJUDGED that:

Safeway, Inc.'s motion to intervene is GRANTED.

_____
Hon. Paul L. Friedman
United States District Judge

## PERSONS TO BE SERVED

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
(202) 326-2475
Email: mjbloom@ftc.gov

Thomas H. Brock
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Room 360
Washington, DC 20580
(202)326-2813
Email: tbrock@ftc.gov

Alden Lewis Atkins
VINSON & ELKINS, LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 639-6613
Fax: (202) 879-8813
Email: aatkins@velaw.com

John David Taurman
VINSON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-1008
(202) 639-6650
Fax: (202) 879-8850
Email: jtaurman@velaw.com

Neil W. Imus
VNISON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6675
Fax: (202) 639-6604
Email: nimus@velaw.com

Clifford Hank Aronson

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10022
(212) 735-2044
Email: caronson@skadden.com

Gary Alan MacDonald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, NW
Washington, DC 20005-2111
(202) 371-7260
Fax: (202) 661-9008
Email: gmacdona@skadden.com

Matthew P. Hendrickson
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000

Terrence J Wallock
LAW OFFICE OF TERRENCE J. WALLOCK
2224 Pacific Drive
Corona Del Mar, CA 92625
(949) 375-0683

Thomas Pak
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000

Peter Winik
Marc Williamson
LATHAM & WATKINS LLP
555 11th Street NW
Washington, D.C. 20004-1304
Peter.Winik@lw.com
(202)637-2201

# CERTIFICATE OF SERVICE

I hereby certify on this 18th day of June 2007, that I caused a true and correct copy of the foregoing Motion to Intervene, Memorandum and Proposed Order to be served upon the following parties via First-Class mail, postage pre-paid:

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
(202) 326-2475
Email: mjbloom@ftc.gov

Thomas H. Brock
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Room 360
Washington, DC 20580
(202)326-2813
Email: tbrock@ftc.gov

Alden Lewis Atkins
VINSON & ELKINS, LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 639-6613
Fax: (202) 879-8813
Email: aatkins@velaw.com

John David Taurman
VINSON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-1008
(202) 639-6650
Fax: (202) 879-8850
Email: jtaurman@velaw.com

Neil W. Imus
VNISON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6675
Fax: (202) 639-6604
Email: nimus@velaw.com


Clifford Hank Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10022
(212) 735-2044
Email: caronson@skadden.com

Gary Alan MacDonald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, NW
Washington, DC 20005-2111
(202) 371-7260
Fax: (202) 661-9008
Email: gmacdona@skadden.com

Matthew P. Hendrickson
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000

Terrence J Wallock
LAW OFFICE OF TERRENCE J. WALLOCK
2224 Pacific Drive
Corona Del Mar, CA 92625
(949) 375-0683

Thomas Pak
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000

June 18, 2007                                                    _____
                                                                      Amy L. Thomas