IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X

FEDERAL TRADE COMMISSION,

               Plaintiff,

      v.

WHOLE FOODS MARKET, INC.,

and

WILD OATS MARKETS, INC.

               Defendants.

------------------------------------------------------------X

Civil Action No.: 07-CV-1021-PLF

RECEIVED

JUN 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## NOTICE OF MOTION TO INTERVENE

PLEASE TAKE NOTICE that pursuant to Rule 24(a)(2) and Rule 24(b)(2) of the Federal Rules of Civil Procedure, and upon the accompanying Memorandum of Points and Authorities and the Declaration of Alan Gongora, Apollo Management Holding, L.P. ("Apollo") will move this Court for an Order granting Apollo's Motion to Intervene.

Dated: June 18, 2007

                                       Respectfully Submitted,

                                       Jonathan M. Rich (DC Bar No. 447943)
                                       Morgan, Lewis & Bockius LLP
                                       1111 Pennsylvania Ave., NW
                                       Washington, DC 20004
                                       Telephone: (202) 739-3000
                                       Facsimile: (202) 739-3001

                                       *Attorneys for Apollo Management Holding, L.P.*

1-NY/2192732.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------X
FEDERAL TRADE COMMISSION,                       :
                                                :
                Plaintiff,                    :
                                                :
v.                                              :
                                                :
WHOLE FOODS MARKET, INC.,                       :   Civil Action No.: 07-CV-1021-PLF
                                                :
and                                             :
                                                :
WILD OATS MARKETS, INC.                         :
                                                :
                Defendants.                   :
                                                :
-----------------------------------------------------------------X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APOLLO MANAGEMENT HOLDING, L.P.'S MOTION TO INTERVENE

Apollo Management Holding, L.P., ("Apollo"), by and through its attorneys, Morgan, Lewis & Bockius LLP, respectfully submits this Memorandum of Points and Authorities in support of its motion to intervene in this matter pursuant to Rule 24(a)(2) or, in the alternative, Rule 24(b)(2) of the Federal Rules of Civil Procedure. Specifically, Apollo seeks to intervene for the purpose of opposing defendant Whole Foods Market, Inc.'s ("Whole Foods") motion to enter a final protective order (the "Final Protective Order") allowing its General Counsel, Roberta L. Lang ("Lang"), access to all documents produced by Apollo pursuant to a *subpoena duces tecum* in this matter. Pursuant to the current protective order in this action (the "Interim Protective Order"), documents designated as "Restricted Confidential Discovery Material" may not be disclosed or otherwise provided to defendants' inside counsel. As described below, Apollo has a legally protectable interest in an issue presently before the Court and accordingly, its motion to intervene should be granted.

1-NY/2192733.1

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a *subpoena duces tecum* issued to Apollo by the Federal Trade Commission ("FTC") on April 9, 2007, Apollo produced documents to the FTC on April 16 and 18, 2007. Declaration of Alan Gongora ¶ 1. Apollo designated these documents as "**highly confidential**" and requested that these documents be accorded confidential treatment pursuant to the confidentiality provisions of the Federal Trade Commission Act, 15 U.S.C. sec. 57b-2(c), the Commission's Rules of Practice, 4.10-4.11, 16 C.F.R. secs. 4.10-4.11, and other applicable statutes and regulations. Id. ¶¶ 2-3. Apollo further requested these documents not be disclosed in response to any requests under the Freedom of Information Act. Id. ¶ 2. These documents included, among other things, highly confidential and proprietary information regarding Apollo's business plans, acquisition strategies, pricing analyses, and financial projections. Id. ¶ 4. Specifically, these documents included Apollo's diligence and valuation efforts relating to, among others, (i) its potential purchase of Wild Oats Market, Inc. ("Wild Oats") as a whole, and (ii) its purchase of certain Wild Oats stores that Apollo has contracted to acquire from Whole Foods after the Whole Foods acquisition of Wild Oats is completed. Id. ¶ 5.

The parties to this action submitted a carefully-negotiated and jointly stipulated Interim Protective Order which the Court entered on June 8, 2007. Federal Trade Commission's Notice of Third Party Interest in Defendants' Motion for Entry of a Final Protective Order, filed June 15, 2007 ("Notice of Third Party Interest") at 1. However, three days later, Whole Foods unilaterally moved for entry of a new protective order which would give Lang, its General Counsel, unrestricted access to *all* of the materials the FTC obtained from third parties, including the documents received from Apollo and designated as highly confidential. Id.; see also Motion of Defendant Whole Foods Market, Inc. for Entry of a Final Protective Order.

Whole Foods' motion directly threatens the confidentiality of the information submitted by Apollo to the FTC and reasonably can be expected to result in significant competitive injury to Apollo.

## ARGUMENT

### A. APOLLO IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO FED. R. CIV. P. 24 (a)(2)

Under the D.C. Circuit's established interpretation and application of Federal Rule of Civil Procedure 24(a)(2), Apollo easily satisfies the requirements for intervention as of right. The D.C. Circuit has established four criteria that must be met for intervention as of right:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action," FED. R. CIV. P. 24(a); (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," id.; and (4) whether "the applicant's interest is adequately represented by existing parties." Id.

Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1074 (D.C. Cir. 1998).

First, Apollo's motion is clearly timely because it complies with the briefing schedule ordered by this Court on June 15, 2007.

Second, the confidentiality and distribution of Apollo's trade secrets and proprietary information constitutes "an interest relating to the property or transaction which is the subject of the action." It is well-recognized that "[w]ith respect to a trade secret, the right to exclude others is central to the very definition of the property interest [and o]nce the data that constitute a trade secret are disclosed to others, or others are allowed to use those data, the holder of the trade secret has lost his property interest in the data." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1011 (1984). Courts confronted with the issue at hand have repeatedly held that non-parties could intervene as of right to protect their interests in maintaining the confidentiality of discovery materials. See, e.g., In re Sealed Case 00-5116, 237 F.3d 657, 663-64 (D.C. Cir. 2001)

("Appellants have a protected interest in the 'transaction which is the subject of the action.' As we explain below [], they have a legally cognizable interest in maintaining the confidentiality of the documents the FEC seeks to disclose in the public record."); United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1288 (D.C. Cir. 1980) ("MCI has properly pleaded an interest in protecting the requested database documents from discovery, thus satisfying the relevant standard.").

Third, the disclosure of Apollo's confidential and proprietary information, "as a practical matter" will "irrevocably impair" Apollo's right to protect its interests. See, e.g., In re Sealed Case, 237 F.3d at 664. In In re Sealed Case, the D.C. Circuit reversed the lower court's denial of a third party's motion to intervene to prevent the disclosure of its confidential information, noting that "[o]nce the information included in the FEC's subpoena enforcement action is released, 'the cat is out of the bag,' and Appellants' statutorily guaranteed confidentiality would be forever lost." Id. at 664 (citation omitted).

Finally, it is clear that the parties to this action cannot adequately represent Apollo's interests. As an initial matter, "the burden is on those opposing intervention to show that representation for the absentee will be adequate." AT&T, 642 F.2d at 1293. Moreover, while the FTC may have a concern for adherence to the relevant confidentiality statutes and regulations, it does not have an economic interest in Apollo's trade secrets; rather, it has an interest in succeeding on the merits of its action against defendants, and those two interests are distinct and not aligned. Accordingly, it is unreasonable to expect the FTC to represent adequately Apollo's interests in maintaining the confidentiality of its trade secrets and other proprietary information during the pendency of this litigation.

B. **ALTERNATIVELY, APOLLO SHOULD BE PERMITTED TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)(2)**

Even if the Court determines that Apollo is not entitled to intervene as a matter of right, the Court should permit Apollo to intervene under Federal Rule of Civil Procedure 24(b)(2). Rule 24(b)(2) authorizes courts to grant permissive intervention "upon timely application" and "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). The D.C. Circuit has explained that there are three prerequisites to permissive intervention: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense common with the main action." Equal Employment Opportunity Comm'n v. National Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). Apollo easily meets this standard.

First, the D.C. Circuit has found that "[a]n independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of [litigating access to documents] covered by seal or by a protective order, because the third party does not ask the court to rule on the merits of a claim or defense." Id. at 1047; see also Beckman Indus. v. International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) ("Here, however, an independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits.").

Second, as discussed above, Apollo has demonstrated that its motion is timely.

Finally, Apollo satisfies the requirement of having a "question of law or fact in common" with the litigation between the FTC and defendants. In cases involving intervention for the limited purpose of modifying a protective order, courts have not required "such a strong nexus of fact or law." Beckman, 966 F.2d at 474. Instead, courts have readily concluded that there was a common question of law or fact with the main action. Pansy v. Borough of Stroudsburg, 23 F.3d

772, 778 (3d Cir. 1994) ("[b]y virtue of the fact that the [putative intervenors] challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common with the main action'"). As the Pansy court concluded: "We agree with other courts that have held that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." Pansy, 23 F.3d at 778.

## CONCLUSION

For the foregoing reasons, Apollo respectfully submits that it should be granted leave to intervene in this matter pursuant to Rule 24(a)(2) or, alternatively, Rule 24(b)(2) of the Federal Rules of Civil Procedure.

Dated: June 18, 2007

                                                Respectfully Submitted,

                                                _/s/ Jonathan M. Rich_
                                                Jonathan M. Rich (DC Bar No. 447943)
                                                Morgan, Lewis & Bockius LLP
                                                1111 Pennsylvania Ave., NW
                                                Washington, DC 20004
                                                Telephone: (202) 739-3000
                                                Facsimile: (202) 739-3001

                                                *Attorneys for Apollo Management Holding, L.P.*

## CERTIFICATE OF CONFERENCE

  Pursuant to LCvR 7(m) and Fed. Rule. Civ. P 26(c), I hereby certify that counsel for Apollo Management Holding, L.P. conferred in good faith via telephone on June 15 and 18, 2007 with counsel for the parties. The parties do not oppose this motion to intervene.

Dated: June 18, 2007

            Respectfully Submitted,

            _____
            Jonathan M. Rich (DC Bar No. 447943)
            Morgan, Lewis & Bockius LLP
            1111 Pennsylvania Ave., NW
            Washington, DC 20004
            Telephone: (202) 739-3000
            Facsimile: (202) 739-3001

            *Attorneys for Apollo Management Holding, L.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X

FEDERAL TRADE COMMISSION,　　　　　　　:

            Plaintiff,　　　　　　　　　　　　　　　　:

     v.　　　　　　　　　　　　　　　　　　　　　　　:

WHOLE FOODS MARKET, INC.,　　　　　　　　:　Civil Action No.: 07-CV-1021-PLF

and　　　　　　　　　　　　　　　　　　　　　　　　　:

WILD OATS MARKETS, INC.　　　　　　　　　　:

            Defendants.　　　　　　　　　　　　　　　:

------------------------------------------------------------X

## DECLARATION OF ALAN GONGORA

    I, Alan Gongora, an attorney associated with the law firm of Morgan, Lewis & Bockius LLP, hereby declare as follows:

    1.    In response to a *subpoena duces tecum* issued on April 9, 2007 by the Federal Trade Commission ("FTC") to Apollo Management Holding, L.P. ("Apollo"), Apollo produced documents to the FTC on April 16 and 18, 2007.

    2.    Pursuant to the confidentiality provisions of the Federal Trade Commission Act, 15 U.S.C. sec. 57b-2(c), the Commission's Rules of Practice, 4.10-4.11, 16 C.F.R. secs. 4.10-4.11, and other applicable statutes and regulations, Apollo requested that the documents produced to the FTC be accorded confidential treatment and that they not be disclosed in response to any requests under the Freedom of Information Act.

    3.    These documents were further designated as **highly confidential**.

1-NY/2192736.1

4. These documents included, among other things, highly confidential and proprietary information regarding Apollo's business plans, acquisition strategies, pricing analyses, and financial projections.

5. Specifically, these documents included Apollo's diligence and valuation efforts relating to, among others, (i) its potential purchase of Wild Oats Market, Inc. ("Wild Oats") as a whole, and (ii) its purchase of certain Wild Oats stores that Apollo has contracted to acquire from Whole Foods Market, Inc. ("Whole Foods") after the Whole Foods acquisition of Wild Oats is completed.

Dated: June 18, 2007

_____
Alan Gongora
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

## CERTIFICATE OF SERVICE

I certify that copies of the following:

    Notice of Motion to Intervene

    Memorandum of Points and Authorities in Support of Apollo Management Holding, L.P.'s Motion to Intervene

    Declaration of Alan Gongora

    Certificate Required by Rule 7.1 of the Local Rules of the United States District Court for the District of Columbia

    Notice of Appearance

were served by messenger to:

    Thomas H. Brock
    Federal Trade Commission
    600 Pennsylvania Avenue, NW
    Room 360
    Washington, DC 20580
    (202)326-2813

    Alden Lewis Atkins
    Vinson & Elkins, LLP
    1455 Pennsylvania Avenue, NW
    Suite 600
    Washington, DC 20004
    (202) 639-6613

    Gary Alan MacDonald
    Skadden, Arps, Slate, Meagher & Flom, LLP
    1440 New York Avenue, NW
    Washington, DC 20005-2111
    (202) 371-7260

June 18, 2007

    Jonathan M. Rich (DC Bar No. 447943)
    Morgan, Lewis & Bockius LLP
    1111 Pennsylvania Ave., NW
    Washington, DC 20004
    Telephone: (202) 739-3000
    Facsimile: (202) 739-3001

    *Attorneys for Apollo Management Holding, L.P.*