## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.  07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOOD MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER

Defendant Whole Foods Market, Inc.'s ("Whole Foods") effort to amend the current Protective Order to allow its General Counsel unfettered access to all third party documents – including sensitive commercial information – should be denied for several reasons.  *First*, contrary to the stated conclusions in her incomplete Declaration, Whole Foods' General Counsel serves in non-legal roles that appear inherently involved in competitive decision-making. *Second*, unlimited access by Whole Foods' General Counsel to third party information would chill third party cooperation with future Commission investigations to the public detriment.  *Third*, in precluding access by Whole Food's General Counsel to confidential third party information, the Interim Protective Order mirrors the provisions of protective orders entered in similar merger cases previously litigated in this court.

Nevertheless, if the Court is inclined to grant some access to third party confidential information to Whole Foods' General Counsel, the Commission would support the same access

terms allowed by the District Court in the protective order issued in *FTC v. Foster*, No. CIV 07-532 JB/ACT (D.N.M. April 26, 2007) (Exhibit D to Doc. No. 12), a decision relied on heavily by Whole Foods. In that case, the district court permitted the general counsels of the merging firms access *only* to un-redacted legal briefs and deposition and investigational hearing transcripts (without exhibits), and *only* in their outside counsel's offices where they could not remove any notes taken therein. *Id*. at 15.

## BACKGROUND

During its investigation of the proposed merger of Whole Foods and Wild Oats Markets, Inc. under the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, the Commission obtained confidential business information from a large number of third parties pursuant to Civil Investigative Demands (CIDs) issued under Section 20 of the FTC Act, 15 U.S.C. § 57b-1. The information obtained via third party CIDs allowed the Commission staff to learn more about the industry as a whole and to evaluate the competitive effects of the proposed merger. That third party information is currently being turned over to outside counsel for Whole Foods and Wild Oats pursuant to discovery requests under the terms of the operative Interim Protective Order. Typical information sought by the third party CIDs included, *inter alia*:

- the projected opening date of any new store;
- the reasons and projected dates for any relocation, remodeling, closing, or expansion of any store;
- gross revenues, net sales, and gross margins for each store;
- number of product lines (*i.e.,*, stock keeping units, or "SKUs") and transactions at each store;
- price indices used at each store;

The Court's Interim Protective Order ("IPO") (Doc. No. 11), issued on June 18, 2007, established a two-tier confidentiality system to protect competitively sensitive information. The

2

IPO permitted a third party to designate business records as "Confidential," limiting access thereto to certain people including an in-house representative  *See* IPO at 2 (¶4) and 9-10 (¶ 9). Alternatively, third parties could designate certain highly sensitive materials – marketing plans, pricing plans, financial information, trade secrets, and the like –  as "Restricted-Confidential," prohibiting disclosure even to the designated in-house representative of the party. *Id*. at 5 (¶16) and 9 (¶8).

Whole Foods proposal to amend the Interim Protective Order would collapse the two levels of designations and would authorize Whole Foods to transfer all third party documents and data to its General Counsel, Ms. Lang, for her review at its corporate headquarters in Austin, Texas.[1]  Subsequent to the filing of Whole Food's motion on June 11, 2007, several third parties have moved to intervene to oppose entry of Whole Foods' proposed Final Protective Order.[2]

### ARGUMENT

**I.    Whole Foods' General Counsel Should Not Have Access to Third Party Business Information Because She is Likely Involved in Competitive Decisionmaking**.

The Commission and Whole Foods apparently agree that whether the General Counsel, Ms. Lang is engaged in "competitive decisionmaking" is the key factual question in determining whether she should continue to be denied access to competitively sensitive third party information.  However, Whole Foods' description of the concept of competitive decision-making

---

[1]    *See* Defendant's Memorandum of Points and Authorities in Support of the Motion of Defendant Whole Foods Market, Inc. For Entry of a Final Protective Order dated June 11, 2007, at 3 (Doc. No. 12) ("Whole Foods' Mem.").

[2]    Motions to Intervene were filed on June 18, 2007 by H.E. Butt Grocery Company, Trader Joe's Company, Safeway, Inc., Kroger Co., Wegmans Food Markets, Inc., Supervalu Inc., Publix Super Markets, Inc., Walmart Stores. Inc., and Apollo Management Holding L.P., and granted on June 19-20, 2007.

is far too narrow.  In addition, as detailed below, Ms. Lang's role is far broader than depicted in

her June 11, 2007 Declaration submitted in support of Whole Foods' motion.

The starting point is the decision in *United States Steel Corp. v. United States*, 730 F.2d

1465 (Fed. Cir. 1984), in which the court rejected the view that counsel could be denied access to

discovery *solely* due to his in-house status.  However, contrary to Whole Foods' suggestion, the

court did not then extend access to discovery to all in-house counsel except those who made

operational "pricing" or "product design" decisions.  Instead,

> "'competitive decisionmaking' . . . would appear serviceable as shorthand for a
> counsel's activities, association, and relationship with a client that are such as to
> involve *counsel's advice and participation in any or all of the client's decisions*
> (pricing, product design, etc.) made in light of similar or corresponding
> information about a competitor." *Id.* at 1468 n.3 (italics added).

In other words, an attorney who gives any legal advice to management about the competitive

business decisions is intimately involved in the "competitive decisionmaking" itself.

The decisions cited by Whole Foods suggest that, under *United States Steel*, the release of

discovery to a general counsel like Ms. Lang is inappropriate.  Instead, disclosure is limited to an

attorney with responsibilities unique to the litigation at hand.  In *Brown Bag Software v.*

*Symantec Corp.*, 960 F.2d 1465 (1992), for example, the court precluded the party's sole in-

house counsel from access to discovery because disclosure "would place in-house counsel in the

'untenable position' of having to refuse his employer legal advice on a host of contract,

employment, and competitive marketing decisions lest he improperly or indirectly reveal" the

confidential discovery.  *Id.* at 1471.  On the other hand, a specialized staff attorney who had

dedicated responsibility for hiring and monitoring outside counsel was given access to discovery,

but only because she had  "no responsibility for and *give[s] no advice* to management . . .about

competitive sales, marketing, pricing, product design, development or research . . .employment matters or scientific or technical matters." *Volvo Penta, Inc. v. Brunswick Corp.,* 187 F.R.D. 240 (E.D. Va. 1990) (italics added).

Finally, perhaps the most instructive decision for the pending motion is *Carpenter Tech. Corp. v. Armco*, 132 F.R.D. 24 (E.D. Pa. 1991), also cited by Whole Foods. There, the plaintiff's staff attorney with "absolutely no involvement" in the business decisions was given access to confidential materials. *Id.* at 27-28. At the same time, the company's Director of Law, who inevitably was involved in all the company's legal affairs, was denied access to discovery. *Id.*

With this backdrop, Ms. Lang's responsibilities as Whole Foods' General Counsel, as a member of Whole Foods' self-described "Leadership Team," and as an officer and/or director of approximately seventy (70) Whole Foods' subsidiaries, betray the notion that she is not involved in competitive decisionmaking. Ms. Lang admits that she gives "legal advice" to Whole Foods' "Eteam" which makes "decisions about Whole Foods business and policy at a national level." (Roberta Lang Decl. at ¶5). She affirms that she is also one of only 27 voting members of the Whole Foods Leadership Network, which she admits "may discuss the competitive landscape generally...." *Id.* at ¶7. Ms. Lang also concedes that she is the "inside lawyer who worked on the negotiation of the transaction at issue," *Id.* at ¶8. She also acknowledges that she is "called upon daily to provide legal advice to the Eteam, the board of directions, and our senior leadership concerning this transaction." *Id.* at 10. Finally, although Ms. Lang may not, as she affirms in her declaration (*see* ¶ 4), personally select vendors or make purchasing decisions, she carefully does not deny providing the necessary legal "advice . . . on any or all of these decisions." *United States Steel*, 730 F.2d at 1468 n.3

5

In addition to the admissions in her Declaration, documents produced by Whole Foods show that Ms. Lang's declaration is incomplete in describing her non-legal role in the operations of defendant Whole Foods and its subsidiaries. Specifically, as of January 2007, Ms. Lang holds legal and/or non-legal senior management, officer and/or director positions in approximately seventy (70) subsidiaries of defendant Whole Foods Market, Inc. *See* Declaration of Michael Franchak at 1-4 (attached hereto as Exhibit 1).[3]

As the General Counsel of Whole Foods, Ms. Lang is presumptively involved in the competitive decisionmaking upon which she provides legal advice. For that reason alone she should not have access to the Restricted Confidential materials here. Moreover, it simply strains all credulity to believe she is not involved in *any* competitive decisionmaking in *any* of her legal and non-legal roles with defendant Whole Foods or *any* of the 70 subsidiaries on which she serves in a management role.

The Interim Protective Order properly balances the needs of the parties to prosecute and defend this action and the need to avoid unnecessarily prejudicing third parties by essentially turning over their competitively sensitive business information to other firms in the same industry. Allowing the chief legal officer of Whole Foods, with her self-described wide-ranging business-related duties, to have access to the competitively sensitive information of third party firms would disturb that delicate balance.

---

[3]     For example, Ms. Lang is a Vice President, Treasurer, Officer and Director of Whole Foods Market Group, Inc. *See* Franchak Decl. at 2. She is also Sole Director, President, VP & Treasurer of Whole Foods Market Rocky Mountain/Southwest I, Inc. *Id*.

II.     **Granting Access to Whole Foods' General Counsel Would Chill Future Third Party Cooperation in Commission Investigations**.

The public at large is also potentially prejudiced if Whole Foods' General Counsel is permitted access to the competitive information of third parties in an investigation.  It is axiomatic that if business secrets turned over to the Federal Trade Commission in furtherance of law enforcement efforts are thereby made available to firms in the same industry, companies will be less willing to provide that information to the Commission in the first instance.  As a result, the Commission's ability to enforce the antitrust laws, among others, is impeded to the public's detriment.  As the Federal Circuit noted (in reference to the International Trade Commission)

> The Commission's reluctance to grant . . . an in-house counsel access to the confidential business information is that, in order to discharge its statutory responsibilities within the strict statutory time limits, the Commission is heavily dependent on the voluntary submission of information.  Disclosure of sensitive materials to an adversary would undoubtedly have a chilling effect on the parties willingness to provide confidential information essential to the Commission's fact-finding processes.

*Akzo N.V. v. ITC*, 808 F.2d 1471, 1483 (Fed. Cir. 1986).

The same is true here for the Federal Trade Commission.  Given the particularly tight law enforcement schedule imposed by the Hart-Scott-Rodino Act, prompt availability to this Commission of competitively sensitive information from industry participants other than the merging parties is essential.  As in *Akzo*, disclosure of sensitive information to another firm's chief legal officer would have a "chilling effect" on the cooperation of firms whose confidential information is essential to the Commission's fact finding and law enforcement functions.

III.    **The Interim Protective Order is Typical for Merger Litigation in this Court**.

 The Commission believes that the operative IPO should be made final. This is

appropriate under Rule 26(c) of the Federal Rules of Civil Procedure, which provides:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order for which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
>
> (7)   that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . .

Fed. R. Civ. P. 26(c).   The material submitted by third parties is also entitled to confidential treatment under Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f), 57b-2.   Section 21(d)(2) of the FTC Act.

The same protections and access provisions found in the operative IPO have been implemented in protective orders entered in previous merger cases in this court.   For example, in *FTC v. Cardinal Health, Inc.,* Civ. Action No. 98-595(SS) (D.D.C., March 11, 1998), the parties implemented a one-tier system for the designation of materials as "Confidential," where none of the designated materials could be disseminated to in-house counsel.   (*See* attached Exhibit 2 at 3, ¶¶6-7.)   Likewise, in *FTC v. Staples, Inc.*, No. 97-0701 (April 16, 1997), the protective order established a two-tier confidentiality system (like the IPO here) and likewise precluded in-house counsel access to the more highly sensitive Restricted Confidential Material.   (*See* attached Exhibit 3 at 3-4, ¶¶6-7 ).[4]

---

[4]        Whole Foods argues that any concern by the Commission (or third parties) about its General Counsel's access to third party competitive information somehow undermines the Commission's allegation of a relevant product market that does not include the third parties. *See* Whole Foods' Mem. at 2.   However, nothing could be further from the truth.   The Commission's position is clear that while there is some level of competition between the merging parties and supermarkets operated by the third parties whose information is at issue here, there is distinct and unique competition between Whole Foods and Wild Oats in the premium natural and organic supermarket market:

IV.    **At a Minimum, The Court Should Impose Restrictions on Access Equivalent to those in *FTC v. Foster*.**

Finally, the cases cited by Whole Foods clearly endorse the notion that, if in-house counsel is given access to the third party discovery, she should be carefully restricted in how the discovery is made available to her. Some restrictions that are regularly endorsed by the courts may be difficult to implement here.[5]  On the other hand, the limitations established in *Federal Trade Commission v. Foster*, No. CIV 07-532 JB/ACRT (D.N.M., April 26, 2007) (Exhibit D to Doc. No. 12), a case which is cited and relied by Whole Foods, offers sound guidance.  There, the district court granted in-house counsel access to certain third party materials that would otherwise have been confidential and not accessible.  However, the court severely limited the type and scope of the access available to the General Counsel.  The court held that the general

---

The Federal Trade Commission does not for a moment contend that premium natural and organic supermarkets to not compete at some level with other supermarkets.  We know they do.  The question is whether despite that competition there is unique and important competition between and among premium natural and organic supermarkets such that one constrains another.

6/11/2007 Status Conference, 21:5-11.  Thus, it is perfectly consistent with the Commission's product market definition that both the Commission – and third parties who compete at some level outside the premium natural and organic supermarket market with Whole Foods – are concerned about their business plans, revenues, net sales, margins, price indices and other competitively sensitive information being reviewed by the chief legal officer of another firm operating in the same industry and who may compete in some manner with Whole Foods.

[5]    For example, in *Glaxo Inc. v. Genpharm Pharmaceuticals, Inc*, 796 F. Supp. 872, 874 (E.D.N.C. 1992), in-house counsel agreed not to be involved in any other aspect of the company's operations except for the specific legal issues raised in the litigation.   And, the two decisions entered by Magistrate Facciola, *Intervet, Inc. v. Merial Ltd.*, 241 F.R.D. 55 (D.D.C. 2007), and *United States v. Sungard Data Systems, Inc.,* 173 F. Supp.2d 20 (D.D.C. 2001), imposed a strict $250,000 personal fine on the in-house counsel for any violation of the protective order.

counsel for the defendant could have access to only certain specified documents, specifically "confidential deposition transcripts, transcripts of FTC investigative hearings and un-redacted pleadings, without exhibits." Further, any review of those few categories of confidential materials was allowed only in the offices of the defendants' outside counsel and, while in-house counsel could take notes, he could not remove these notes from outside counsels' offices. *Id.* at 15.

These strict limitations are necessary and appropriate here if the Court is going to allow Whole Foods General Counsel to see competitive information about third parties. If Ms. Lang is permitted to read unredacted briefs, deposition transcripts and investigational hearings she does not also need to see actual competitively sensitive documents or data submitted by third parties and she certainly does not need to have those documents in her office in Austin, Texas. The delivery and retention of those third party business records at Whole Foods' headquarters creates too many uncertainties regarding the integrity of those materials as files can be lost or compromised. Therefore, in the alternative, the Commission proposes the addition of a new paragraph to the Protective Order specifying that Ms. Lang may have access to confidential deposition transcripts, transcripts of FTC investigative hearings and un-redacted pleadings, without exhibits, in the office of Whole Food's outside counsel and may take notes regarding such material but may not remove these notices for the offices of Whole Foods' outside counsel.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Interim Protective Order dated June 8, 2007, should be

entered as a final Protective Order, or amended in conformance with the above proposal.

Respectfully submitted,


Dated: June 20, 2007                            /s/ Thomas J. Lang
                                   Thomas J. Lang (DC Bar # 452398)
                                   Thomas H. Brock (DC Bar # 939207)
                                   Federal Trade Commission
                                   601 New Jersey Avenue, N.W.
                                   Washington, D.C. 20580
                                   Telephone:    (202) 326-2813
                                   Facsimile:    (202) 326-3384
                                   tlang@FTC.gov

                                   Counsel for the Federal Trade Commission

# CERTIFICATE OF SERVICE

This 20th day of June, 2007, I certify that a copy of the foregoing papers were uploaded to the CM/ECF system. In addition, a copy was served on the following counsel via e-mail:

Christopher J. MacAvoy
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
202-783-0800
MacAvoyC@howrey.com

*Attorney for Movants Publix Super Markets, Inc.; SUPERVALU Inc.; & Wegmans Food Markets, Inc.*

Danielle Monnig Clark
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1615 L Street, NW, Suite 1300
Washington, DC 20036-5694
202-223-7336
dclark@paulweiss.com

*Counsel for Movant H.E. Butt Grocery Company*

Dated: June 20, 2007              ___/s/ Thomas J. Lang_____
                                   Thomas J. Lang
                                   Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.  07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOOD
MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER**

Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,       )
                                )
            Plaintiff,           )
                                )
        v.                      )        Civ. No. 07-cv-01021-PLF
                                )
WHOLE FOODS MARKET, INC.,       )
                                )
        - and -                 )
                                )
WILD OATS MARKETS, INC.,        )
                                )
            Defendants.         )

## DECLARATION OF MICHAEL FRANCHAK
## OPPOSING DEFENDANT WHOLE FOOD MARKET, INC.'S MOTION FOR ENTRY
## OF A FINAL PROTECTIVE ORDER

1.      My name is Michael Franchak. I am an attorney with the Federal Trade

Commission and one of the attorneys involved in this litigation.   The statements herein are true

and are within my personal knowledge unless stated otherwise

2.      On June 19, 2007, I reviewed a list of officers and directors of Whole Foods

Market, Inc. ("Whole Foods") and its subsidiaries. The list was produced by Whole Foods to the

Federal Trade Commission during the Federal Trade Commission's investigation of Whole

Foods' acquisition of Wild Oats.

3.      The list of officers and directors provided by Whole Foods that I reviewed reflects

that Roberta Lang holds the following positions, as of January 2007 at Whole Foods and its

subsidiaries:

Whole Foods Market Services, Inc. - General Counsel and Vice President Legal Affairs

Whole Foods Market, Inc. - General Counsel, Vice President Legal Affairs, Secretary and Co-Treasurer

Whole Foods Market California, Inc. - Northern California Region - Sole Director, Officer, VP & Treasurer

WFM Northern Nevada, Inc. - Northern California Region - Sole Director, Officer, VP & Treasurer

Whole Foods Market Pacific Northwest, Inc. - Sole Director, Officer, VP & Treasurer

Mrs. Gooch's Natural Food Markets, Inc. - Southern Pacific Region - Sole Director, VP & Treasurer

WFM Beverage Holding Company - Southwest Region - Sole Director, President & Treasurer

WFM Beverage Corp. - Southwest Region - Sole Director, President & Treasurer

Whole Foods Market Rocky Mountain/Southwest I, Inc. - Sole Director, President, VP & Treasurer

Whole Foods Market Southwest Investments, Inc. - Director, VP & Treasurer

Whole Foods Market Rocky Mountain/Southwest, LP - President, Vice-President, Treasurer & Officer

Whole Foods Market Rocky Mountain/Southwest, LP, Rocky Mountain Region - VP, Sec'y & Treasurer

Whole Foods Market Rocky Mountain/Southwest, LP, Southwest Region - VP, Sec'y & Treasurer

Whole Foods Company, Inc. - Southwest Region, Sole Director, VP & Treasurer

Sourdough, A European Bakery, Inc. - Southwest Region, Assistant Secretary

Whole Foods Market Group, Inc. - VP, Treasurer, Officer and Director

Florida Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

Mid Atlantic Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

Midwest Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

North Atlantic Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

North Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

South Region, Division of Whole Foods Market Group, Inc. - VP, Sec'y & Treasurer

Nature's Heartland, Inc. - President, VP, Treasurer and Director

WFM IP Management, Inc. - Director, Officer & President

WFM IP Investments, Inc. - Director, Officer, VP, Sec'y & Treasurer

Whole Foods Market IP, LP - President & Officer

WFM Properties Investments, Inc. - Director, Officer, VP, Sec'y & Treasurer

WFM Properties Holdings, Inc. - Director, Officer, VP, Sec'y & Treasurer

WFM Procurement Investments, Inc. - Director, Officer, VP, Sec'y & Treasurer

Whole Planet Foundation - VP, Secretary and Treasurer, and Director

Whole Foods Market Canada - President and Director

Fresh & Wild Holdings Limited - Director

Fresh & Wild Limited - Director

Yellow Frames Limited - Director

Freshlands Holdings Limited - Director

Freshlands Limited - Director

Whole Foods Market Finance, Inc. - Officer & Asst Sec'y

Whole Foods Market Brand 365, LLC - Officer & Asst Sec'y

Whole Foods Market Distribution, Inc. - Officer & Asst Sec'y

Whole Foods Market Procurement, Inc. - Officer & Asst Sec'y

WFM Private Label Management, Inc. - Officer & Asst Sec'y

WFM Purchasing Management, Inc. - Officer & Asst Sec'y

WFM Properties Management, Inc. - Officer & Asst Sec'y

WFM Purchasing, LP - Officer & Asst Sec'y

WFM Private Label, LP - Officer & Asst Sec'y

WFM Properties, LP - Officer & Asst Sec'y

2118 Abrams Road, LP - Officer & Asst Sec'y

601 North Lamar and Sixth Street, LP - Officer & Asst Sec'y

Lake Pointe Village Sugar Land, LP - Officer & Asst Sec'y

Preston Road and Forest Lane, LP - Officer & Asst Sec'y

Mopac & Braker, LP - Officer & Asst Sec'y

GBD Properties, Inc. - Officer & Asst Sec'y

186 Third Street Brooklyn NY, LLC - Officer & Asst Sec'y

190-220 Third Street Store Brooklyn NY, LLC - Officer & Asst Sec'y

Alton Road Miami FL, LLC - Officer & Asst Sec'y

3

Delk Road Brasleton GA, LLC - Officer & Asst Sec'y

Franklin & Somerset Portland ME, LLC - Officer & Asst Sec'y

Hydraulic Road Charlottesville VA, LLC - Officer & Asst Sec'y

Ledge Road Darien CT, LLC - Officer & Asst Sec'y

Ray Road Chandler AZ, LLC - Officer & Asst Sec'y

Sharon Road Charlotte NC, LLC - Officer & Asst Sec'y

Springfield Avenue Millburn, NJ, LLC - Officer & Asst Sec'y

Tunnel Road Asheville NC, LLC - Officer & Asst Sec'y

WFM Properties Cheshire - Officer & Asst Sec'y

WFM Properties Glendale - Officer & Asst Sec'y

WFM Properties San Jose - Officer & Asst Sec'y

WFM Properties Scottsdale - Officer & Asst Sec'y

WFM Select Fish, Inc. - Secretary & Officer

Allegro Coffee Company, Asst Sec'y

WFM Gift Card, LLC - Assistant Secretary

Animal Compassion Foundation - Assistant Secretary, and Director

4.      I have been informed that defendant Whole Foods Market, Inc. does not object to the

public identification of the positions with Whole Foods and its subsidiaries that are held by Ms.

Lang as reflected in the paragraph above.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed:  June 19, 2007

                                                        Michael Franchak

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOOD MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER**

Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,  )
                           )
            Plaintiff,     )
                           )       Civil Action No. 98-595 (ss)
      v.                   )
                           )
CARDINAL HEALTH, INC., and )
BERGEN BRUNSWIG CORP.,     )
                           )
            Defendants.    )

## PROTECTIVE ORDER

To ensure that matters raised by this proceeding are open to the public, and also that confidential information submitted by a defendant or any third party, whether pursuant to compulsory process or voluntarily, is not improperly disclosed, IT IS HEREBY ORDERED THAT:

1.    As used in this Order, "confidential material" shall refer to any document or portion thereof that contains competitively sensitive information, including trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, and in the cases so construing them, and in any rules promulgated pursuant to or in implementation of them. "Document" shall refer to any discoverable writing or recording, as defined in Rule 1001 of the Federal Rules of Evidence, or transcript of oral testimony in the possession of a party or a third party.

2.      Any document or portion thereof submitted (or containing information submitted) during a Federal Trade Commission ("FTC") investigation by a defendant, or by anyone else, shall be treated as confidential material for purposes of this Order if submitted pursuant to compulsory process, subject to a request for confidentiality, or submitted pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Clayton Act § 7A, 15 U.S.C. § 18a. The identity of a third party submitting such confidential material shall also be treated as confidential material for the purposes of this Order where the submitter has requested such confidential treatment.

3.      The parties, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate any document or portion thereof submitted in response to such discovery requests as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4.      The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein. A third party may designate as confidential material any document or portion thereof submitted by it in response to discovery in this proceeding.

5.      A designation of confidentiality shall constitute a representation to the Court, in good faith and after careful determination, that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes confidential material as defined in Paragraph 1 of this Order.

-2-

6.     Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of documents is confidential by placing or affixing to that folder or box, the designation "CONFIDENTIAL" or any other appropriate notice, together with an indication of the portion or portions of the document considered to be confidential material. Masked copies of documents may be produced where the portions masked contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been deleted and the reasons therefor.

7.     Confidential material shall be disclosed only to:  (a) FTC counsel, their associated attorneys, FTC Commissioners, and other employees or consultants of the FTC; (b) outside counsel of record for defendants ("outside counsel"), their associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant; and (c) anyone retained to assist outside counsel in the preparation or trial of this action (including consultants), provided they are not affiliated in any way with a defendant or with any other company or person involved in the purchase, sale, or distribution of prescription drugs.

8.     Disclosure of confidential information to any person described in Paragraph 7 of this Order shall be only for the purposes of the preparation, hearing, and any appeal of this proceeding and any subsequent administrative proceeding arising from this transaction, and for no other purpose whatsoever.

9.     Notwithstanding Paragraphs 7 and 8, the FTC may, subject to taking appropriate steps to preserve confidentiality: (1) disclose and use information that is confidential under Paragraph 2 of this Order to the extent permitted by the confidentiality provisions of applicable statutes and Commission rules, and (2) disclose and use confidential

-3-

information obtained pursuant to this Order (a) in responding to a formal request (upon a majority vote or upon a Chairman's signature) or subpoena from either House of Congress or from any committee or subcommittee of the Congress, consistent with applicable law, including Section 7A(h) of the Clayton Act or Sections 6(f) and 21 of the Federal Trade Commission Act; and (b) in responding to a federal or state access request under Commission Rule 4.11(c), 16 C.F.R. § 4.11(c).

10.    In the event that any confidential material is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers (including confidential material from both parties and third parties) shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to Paragraphs 7 or 8. Upon or after filing any paper containing confidential material, the filing party may file on the public record a duplicate copy of the paper that does not reveal confidential material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

11.    If counsel for a defendant or any other party plans to introduce into evidence any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of

-4-

allowing that party to seek an order that the document or transcript be granted in camera treatment. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where in camera treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

12.    At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this action, the parties shall return documents obtained in this action to their submitters, provided, however, that the FTC's obligation to return documents shall be governed by the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

13.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

s/ Stanley Sporkin

UNITED STATES DISTRICT JUDGE

DATED: March | | , 1998

## ATTORNEYS ENTITLED TO NOTICE

(1)    Michael E. Antalics
       Federal Trade Commission
       6th Street & Pennsylvania Avenue, NW
       Washington, DC  20580
       (202) 326-2821

                    on behalf of Plaintiff Federal Trade Commission,

and

(2)    Phillip A. Proger, Esq.
       Jones, Day, Reavis & Pogue
       1450 G Street, N.W.
       Washington, DC 20005
       Attorney for defendant Cardinal Health, Inc.

       Steven A. Newborn, Esq.
       Rogers & Wells
       607 Fourteenth St., N.W.
       Washington, DC 20005
       Attorney for defendant Bergen Brunswig Corp.

                    on behalf of Defendants.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,            )
                                     )
              Plaintiff,             )
                                     )
       v.                            )      Civ. No. 07-cv-01021-PLF
                                     )
WHOLE FOODS MARKET, INC.,            )
                                     )
       - and -                       )
                                     )
WILD OATS MARKETS, INC.,             )
                                     )
              Defendants.            )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOOD MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER

Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,    )
    )
    )
    Plaintiff,    )    Case No.: 1:97CV00701
    )    Judge: TFH
    V.    )
    )
STAPLES, INC., *ET AL.*,    )
    )    **FILED**
    Defendants.    )
    )    APR 1 6 1997

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## PROTECTIVE ORDER

In the interest of ensuring that matters raised by this proceeding are open to the public,

and at the same time to ensure that confidential information submitted by a defendant or any

third parties, whether pursuant to compulsory process or voluntarily, is not improperly disclosed,

IT IS HEREBY ORDERED THAT:

1.    As used in this Order, "confidential material" shall refer to any document or

portion thereof that contains competitively sensitive information, including trade secrets or other

confidential research, development, commercial or financial information, as such terms are used

in Rule 26(c)(7) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade

Commission Act, as amended, and in the cases so construing them, and in any rules promulgated

pursuant to or in implementation of them. "Document" shall refer to any discoverable writing or

recording, as defined in Rule 1001 of the Federal Rules of Evidence, or transcript of oral

testimony in the possession of a party or a third party, as well as to any discoverable materials

EXHIBIT A

previously obtained by the Federal Trade Commission ("FTC") during its pre-complaint investigation.

2.    Any document or portion thereof submitted to the FTC during its investigation by a defendant or by a third party pursuant to compulsory process, or voluntarily in lieu of compulsory process that has been or is designated as confidential by the submitting party, or that is subject to a request for confidentiality by the submitting party, or any information taken from the confidential portion of such a document, or any documents or information submitted to the FTC pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Clayton Act § 7A, 15 U.S.C. § 18A, shall be treated as confidential material for purposes of this Order. If such third-party documents or material are requested in discovery (and so long as the requester agrees to maintain the documents or material as "HIGHLY CONFIDENTIAL" under Paragraph 6), the submitter of such documents or material shall be given 48 hours notice by the party in possession of those documents or material to permit the third party to review such documents and material and designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided in Paragraph 6 hereof. The identity of a third party submitting such confidential material also shall be treated as confidential for the purposes of this Order where the third party submitter has requested such confidential treatment, but such protection shall expire 24 hours after notice has been given that defense counsel wish to disclose the identity of that third party submitter to a defendant, unless the third party or the FTC applies to the Court for an order precluding such disclosure.

3.    The parties, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate documents or

2

portions thereof submitted in response to such discovery requests as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained, where the third party has requested such confidentiality.

4.     The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein. A third party may designate as confidential material any document or portion thereof submitted by it in response to discovery in this proceeding.

5.     A designation of confidentiality shall constitute a representation to the Court, in good faith and after careful determination that the material is not reasonably believed to be already in the public domain, that counsel believes the material so designated constitutes confidential material as defined in Paragraph 1 of this Order. If any party believes that a designation of confidentiality is inappropriate with respect to specific material, it may apply to the Court for relief.

6.     Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of documents is confidential by placing or affixing to that folder or box, a notice indicating that one of the following two levels of confidentiality (as defined in Paragraph 7) is applicable:   (a) for material that is confidential at the usual or ordinary level: "CONFIDENTIAL" or "FILED UNDER SEAL" or any other appropriate notice; or (b) for material that is of the most highly confidential and sensitive nature: "HIGHLY CONFIDENTIAL," or "HIGHLY SENSITIVE," or any other appropriate notice. Any designation of confidentiality shall include an indication of the portion or portions of the

3

document considered to be confidential material. Masked copies of documents may be produced where the portions masked contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been deleted and the reasons therefor.

       7.      Material designated as "HIGHLY CONFIDENTIAL" shall be disclosed only to: (a) FTC counsel, their associated attorneys and other employees of the FTC; (b) outside counsel of record for defendants ("outside counsel"), their associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant; and (c) anyone retained to assist the FTC or outside counsel in the preparation or trial of this action (including consultants), provided they are not affiliated in any way with a defendant or with any other company or person involved in the sale of office supplies. Material designated as "CONFIDENTIAL" shall be disclosed only to the individuals listed in (a) through (c), above, and also to (d) Peter Schwarzenbach, of Staples, and Barry Goldstein, of Office Depot, provided however, that each agrees to maintain all such documentary information disclosed to them in a manner distinct from the ordinary operations of his company so as to eliminate access to this material by others within Staples and Office Depot, and further that each agrees to maintain a log of confidential material actually reviewed and to abstain from participation in any competitive decision-making relating to any subject matter contained in confidential material actually reviewed for a period of one year after having last reviewed such confidential material; and (e) to any one else upon agreement of the parties or as the Court on application permits.

       8.      Disclosure of confidential information to any person described in Paragraph 7 of this Order shall be only for the purposes of the preparation, hearing, and any appeal of this proceeding and any subsequent administrative proceeding and for no other purpose whatsoever;

provided, however, that the FTC may, subject to taking appropriate steps to preserve confidentiality, use confidential information obtained in this proceeding: (a) in responding to a formal request (upon a majority vote or upon a Chairman's signature) or subpoena from either House of Congress or from any committee or subcommittee of the Congress, consistent with applicable law, including Section 7A(h) of the Clayton Act or Sections 6(f) and 21 of the Federal Trade Commission Act; and (b) in responding to a federal access request under Commission Rule 4.11(c), 16 C.F.R. § 4.11(c), made by the Department of Justice, the Securities and Exchange Commission, or such other federal agencies as the parties may agree to or, upon application, such other federal agencies as the Court may allow.

9.     In the event that any confidential material is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers (including confidential materials from both parties and third parties) shall remain under seal for ten calendar days unless the submitter seeks an order extending the under seal protection, in which event the material shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to paragraphs 7 or 8. Upon or after filing any paper containing confidential material, the filing party may file on the public record a duplicate copy of the paper that does not contain the confidential material. Further, if the

5

protection for any such material expires; a party may file on the public record a duplicate copy which also contains the formerly protected material.

10.     If counsel for a defendant or any other party plans to introduce into evidence any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party within no more than 10 days to seek an order that the document or transcript be granted in camera treatment. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where in camera treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

11.     At the time that participation in this proceeding or any subsequent administrative proceeding by any person described in Paragraph 7 of this Order concludes, all copies of documents or portions thereof that remain designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information, shall be returned by such person to counsel, provided, however, that the FTC's obligations under this paragraph shall be governed by the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

12.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

Thomas F. Hogan, U.S.D.J.

Dated: April *16*, 1997
       Washington, D.C.

7

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.  07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| - and - | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER DENYING DEFENDANT WHOLE FOODS
MARKET, INC.'S MOTION FOR A FINAL PROTECTIVE ORDER**

Defendant Whole Foods Market, Inc.'s Motion for a Final Protective Order is denied, and

IT IS HEREBY ORDERED that the Interim Protective Order dated June 8, 2007 is

entered as the Final Protective Order.

ALTERNATIVELY, IT IS HEREBY ORDERED that the Interim Protective Order dated

June 8, 2007 is entered as the Final Protective Order, subject to the provision that Roberta Lang

be granted access to confidential deposition transcripts, transcripts of FTC investigative hearings,

and un-redacted pleadings, without exhibits, only in the office(s) of Whole Foods Market, Inc.'s

outside counsel, and may take notes regarding such material but may not remove these notes

from the office(s) of Whole Foods Market, Inc.'s outside counsel.

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:

_____
Paul L. Friedman
United States District Court Judge