## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.  07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### STIPULATED JOINT PROPOSED CASE MANAGEMENT ORDER

Pursuant to the Court's order at the June 11, 2007, Status Conference and Rule 16, Fed. R. Civ. P., plaintiff Federal Trade Commission and defendants Whole Foods Market, Inc. and Wild Oats Markets, Inc., hereby submit the following proposed Case Management Order.

### Discovery

1.  <u>Document Production</u>.  Plaintiff shall not be required to produce to defendants in their initial disclosures or in response to any discovery request any documents produced by defendants to plaintiff in the course of the investigation of the acquisition of Wild Oats by Whole Foods, FTC File No. 071-01114.

2.  <u>Interrogatories</u>.  Plaintiff shall be permitted to serve a total of 40 interrogatories on defendants combined.  Defendants combined shall be permitted to serve  a total of 40 interrogatories on plaintiff.   The parties shall serve responses to the interrogatories no

later than ten calendar days after the date of service or five calendar days after the date of filing of this motion, whichever is later.

3.     <u>Requests for Admissions</u>.  Plaintiff shall be permitted to serve a total of fifty requests for admission on defendants combined, and defendants combined shall be permitted to serve a total of fifty requests for admission on plaintiff.  There shall be no limit on the number of requests for admission for the authenticity of documents or admissibility of evidence, provided, however, that a party may apply to the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The parties shall serve responses to requests for admission no later than ten calendar days after the date of service or after the date of filing of this motion, whichever is later.

4.     <u>Depositions</u>.

     a.     The parties shall exchange preliminary party and third party fact witness lists no later than June 15, 2007, with a summary of the topics of their testimony. The preliminary witness list shall include the name of the employer of the witness and a description of the responsibilities of any third party witness who has not yet been personally identified.  The parties will update their preliminary lists promptly as they determine they will add or delete witnesses.  Final party and third party fact witness lists shall be exchanged on or before June 27, 2007, with a summary of the topics of their testimony, two courtesy copies of which shall be filed with the Court.  Additional witnesses may be added to the final witness list after June 27, 2007, only by agreement of the parties or with leave of the Court for good cause shown.

b.    The parties shall exchange the affidavits of fact witnesses to be submitted to the Court on or before July 13, 2007.   A party may apply to the Court by telephone conference for leave to file counter-affidavits, if any, of opposing parties' affiants no later than July 18, 2007.   A party does not waive the right to reopen the deposition of a witness whose affidavit is submitted by an opposing party.

c.    The parties shall consult with each other prior to noticing any deposition to coordinate the time and place of the deposition.  A party need not separately notice the deposition of a third party noticed by an opposing party.

d.    Plaintiff may depose as many as 25 fact witnesses and defendants combined may depose as many as 25 fact witnesses.  Plaintiff or defendants may apply to the Court for leave to take more depositions.  At the request of either plaintiff or defendants, the time and allocation for a deposition shall be divided evenly between them.  If plaintiff or defendant does not make such a request, cross examination of the witness will be limited to one hour.

e.    Three business days notice of party depositions shall be deemed presumptively reasonable, provided that the parties have consulted with each other pursuant to subparagraph 4(c).

**Litigation Coordination**

5.    Service of all correspondence and formal papers filed under seal shall be by electronic mail, with a courtesy hard copy delivered to opposing counsel.  In the event any documents are too voluminous for electronic mail, the parties shall serve a hard copy and an electronic disk version of the papers on opposing counsel by hand at their Washington,

3

D.C. office and, if practical, by posting the formal papers on a litigation website to be established by counsel for Wild Oats. Two courtesy copies of all formal papers shall be filed with the Court.

6.  The parties shall have five business days to file a responsive brief to any motion, and three business days to file a reply brief to any response. Service of any formal paper by the ECF system after 6:00 p.m. shall be deemed delivered the next business day for the purposes of calculating the due date for a response or reply memorandum.

7.  At the time of service of the expert reports, a party shall provide opposing counsel (i) a list of all commercially-available computer programs used by the expert in the preparation of the report; (ii) a copy of all data sets used by the expert, in native file format; and (iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

8.  (a)  All documents produced by a defendant either in response to document requests in this litigation or in the course of the investigation in FTC File No. 071-01114 that were written or prepared by or for a party are presumed to be authentic. The producing party may challenge the authenticity of a document written or prepared by or for that party for good cause shown

    (b)  Plaintiff may serve a defendant with any documents produced by that defendant in the investigation in FTC File No. 071-01114 that were *not* written or prepared by or for a party. Within three business days of notice, the defendant may notify the plaintiff in writing that defendant reasonably contests the authenticity of any such document, together with a statement

4

of the basis for its position. Any document not so contested by defendant shall be deemed authentic.

(c)    Defendants' responses to document requests in this litigation shall include an identification of any documents not written or prepared by a party that the producing defendant reasonably believes are not authentic, together with a statement of the basis for its position. Any document provided by a defendant that is not so-contested shall be deemed authentic, unless the defendant can show that it failed to contest the authenticity of a document through inadvertence.

9.    Without waiver, the parties agree to suspend the obligation under Rule 26(b)(5)(A), Fed. R. Civ. P., to produce a log of privileged materials withheld from discovery, including documents responsive to discovery in FTC File No. 071-01114, at this time. The parties shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

10.    Defendants shall answer the complaint on or before June 15, 2007.

11.    The parties shall submit the testimony of their expert witnesses by way of affidavit or expert report. Courtesy copies of all expert reports shall be provided to the Court at the time of service.

12.    The parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.

13.    A party shall produce all third party discovery to opposing counsel within 48 hours of receipt, absent good cause. The party must contact opposing counsel personally to

coordinate delivery of documents on Saturday or Sunday.

14.   A party shall promptly notify opposing counsel of its intent to submit a document produced by a third party as an exhibit to the Court. Opposing counsel shall have three days to give notice of its challenge of the authenticity of the document and a statement of the basis for that challenge. If no notice is given such document shall be deemed authentic.

15.   In general, hearsay shall be admitted in the proceeding subject to the Court's determination of the weight to be accorded any document or information. Each party reserves the right to argue that particular exhibits or statements are too untrustworthy or too unreliable to have evidentiary value.

16.   The initial prehearing brief of plaintiff shall not exceed 100 pages, plus exhibits, and its brief in response shall not exceed 35 pages, plus exhibits. The initial prehearing briefs of defendants, combined, shall not exceed 100 pages, plus exhibits, and their briefs in response, combined, shall not exceed 35 pages, plus exhibits.

17.   If documents responsive to a timely subpoena or discovery request are received after the close of discovery, the parties shall consult with each other about the need for additional discovery regarding the admissibility of the documents and apply to the Court for a telephone conference if they are unable to reach agreement.

18.   Subject to further direction of the Court, a hearing will be held at 9:30 a.m. July 31, 2007, through August 1, 2007. The parties will consult with the Court for the allocation of time for cross-examination and redirect examination of expert witnesses and closing arguments prior to the hearing.

**Schedule**

| | |
|---|---|
| Exchange of Preliminary Fact Witness Lists | June 15, 2007 |
| Exchange of Final Fact Witness Lists | June 27, 2007 |
| Deadline for service of Third Party Subpoenas | June 28, 2007 |
| Exchange of Identity of Expert Witnesses | July 2, 2007 |
| Close of Fact Discovery | July 6, 2007 |
| Exchange of Initial Expert Reports | July 9, 2007 |
| Exchange of Rebuttal Expert Reports | July 13, 2007 |
| Exchange of Fact Witness Affidavits | July 13, 2007 |
| Close of Expert Depositions | July 18, 2007 |
| Filing of Briefs on Motion for Preliminary Injunction | July 20, 2007 |
| Filing of Response Briefs | July 25, 2007 |
| Hearing | July 31-August 1, 2007 |
| Proposed Findings of Fact and Conclusions of Law | August 3, 2007 |

Respectfully submitted,


Dated: June 21, 2007

/s/ Thomas H. Brock
Thomas H. Brock
(DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:     (202) 326-2813
Facsimile:     (202) 326-3384
Tbrock@FTC.gov

Counsel for the Federal Trade Commission

7

Dated: June 21, 2007

/s/ Alden L. Atkins
Alden L. Atkins
(DC Bar # 393922)
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C.  20004-1008
(202) 639-6613
Aatkins@VELaw.com

Counsel for Whole Foods Market, Inc.

Dated: June 21, 2007

/s/Clifford H. Aronson
Clifford H. Aronson
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

Counsel for Wild Oats Markets, Inc.

ORDERED:

_____
PAUL L. FRIEDMAN
United States District Judge

Dated:

8

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,    )
        )
      Plaintiff,    )
        )
    v.    )    Civ. No.  07-cv-01021-PLF
        )
WHOLE FOODS MARKET, INC.,    )
        )
    - and -    )
        )
WILD OATS MARKETS, INC.,    )
        )
      Defendants.    )

## STIPULATED JOINT PROPOSED CASE MANAGEMENT ORDER

Exhibit 1



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
601 New Jersey Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: Tbrock@FTC.gov

June 21, 2007

Via Hand Delivery

The Hon. Paul L. Friedman
United States District Judge
United States District Court for the
     District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

       Re:    *Federal Trade Commission v. Whole Foods Market, Inc., et al.*, Civil No. 07-cv-01021 PLF (D.D.C.)

Dear Judge Friedman:

     Enclosed are the courtesy copies of the Joint Proposed Case Management Order. The parties believe the proposed order accurately incorporates the Court's suggestions at our June 19, 2007, conference and resolves the remaining issues between the parties. We are filing copies of this with the Clerk this afternoon.

     Counsel for the parties are available for a telephone conference to address any questions the Court may have.

                              Respectfully submitted,

                              /s/ Thomas H. Brock

                              Thomas H. Brock

cc:    Alden L. Atkins, Esq. (via email)
       Clifford H. Aronson, Esq. (via email)
       Paul T. Denis, Esq. (via email)