UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case: 1:07-cv-01021 PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO UNSEAL THE MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTIONS FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, the Federal Trade Commission (the "Commission"), respectfully moves the Court for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to unseal the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. This motion is supported by the memorandum of points and authorities filed with this motion.

In accordance with Local Civil Rule 7(m), Plaintiff has discussed this motion with Defendants' counsel in a good faith effort to resolve the issue, and counsel have made substantial progress in narrowing the areas of disagreement. However, counsel have been unable to eliminate all areas of disagreement with the Defendants' and their counsel have indicated that they intend to oppose this motion as it relates to certain information.

A proposed order is attached.

Respectfully submitted,

Dated: June 22, 2007

   /s/ Thomas J. Lang
Michael J. Bloom
Thomas J. Lang (D.C. Bar # 452398)
Joan L. Heim
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
(202) 326-2475 (direct dial)
(202) 326-2884 (facsimile)
mjbloom@ftc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>WHOLE FOODS MARKET, INC., )<br>)<br>　- and - )<br>)<br>WILD OATS MARKETS, INC., )<br>)<br>　　　　　Defendants. ) | Case: 1:07-cv-01021 PLF |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO UNSEAL THE MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTIONS FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, the Federal Trade Commission (the "Commission"), respectfully moves the Court for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to unseal nearly all of the Memorandum of Points and Authorities ("Memorandum") in Support of the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

The Memorandum was filed under seal on June 6, 2007, pursuant to Paragraph 15 of the Interim Protective Order Governing Discovery Material ("Interim Protective Order") entered by this Court on June 8, 2007 (Dkt. 11), because it contained information taken from documents and testimony provided by the Defendants and third parties to the Commission during its investigation of the proposed acquisition of Wild Oats by Whole Foods. This information was protected from public disclosure during pre-complaint discovery by virtue of various statutory

provisions. *See* 15 U.S.C. §§ 46(f), 57b-2(b), 57b-2(c); 16 C.F.R. § 4.10(d); 15 U.S.C. § 18a(h).[1] With an opportunity now available to Defendants to identify any grounds for withholding information in the Memorandum from public scrutiny, we now ask the Court to unseal the initial Memorandum – with the exception of some minor agreed-upon redactions – in the form of the attached Exhibit B (the "Redacted Memorandum"). In our view, the Redacted Memorandum contains no information of competitive significance to warrant its continued withholding from public view.[2]

Although neither Whole Foods nor Wild Oats opposed the unsealing of the Compaint in this action, Defendants continue to oppose the unsealing of a number of excerpts from the Memorandum. The Defendants' remaining concerns are unfounded, however, for three reasons. *First*, the excerpts still at issue in the Redacted Memorandum are not "Confidential Discovery Material" within the meaning of Paragraph 4 of the Interim Protective Order and therefore do not require protection from public disclosure. *Second*, Defendants' cannot establish that good cause exists to protect the excerpts at issue under Fed.R.Civ.P. 26(c)(7). *Third*, Defendant Whole

---

[1] The Commission could not consult with Defendants regarding designation of potentially confidential material before filing the Memorandum because there was neither time nor a practical procedure for doing so in advance of the entry of the Interim Protective Order. As a result, the only appropriate course for the Commission, consistent with its statutory obligations, was to file its Memorandum and accompanying exhibits under seal, erring on the side of caution.

[2] The Commission has also conducted a meet-and-confer sessions with each of the Defendants with regard to unsealing the underlying documents cited in the Memorandum and we will be moving shortly to unseal the vast majority of those documents as well. Unfortunately, despite its public posture pronouncing its openness and transparency, Whole Foods maintains that all of the communications from its employees to its Board of Directors – exhibits 42, 46, 52, 57, 62, 64, and 73 to the Memorandum – are confidential in their entirety, even when a review of them indicates that the information in many of them is public. For these exhibits, Whole Foods has refused to engage in a line-by-line review of the information to assess its confidentiality.

Foods publicly disclosed on its website in just the last few days some of the very same information that it still seeks to retain under seal from the Memorandum. Whole Foods cannot have it both ways. If Whole Foods can disclose the same material on its website it clearly does not require any protection in this Court and the Commission's motion should be granted.

## BACKGROUND

The Commission alleges that Whole Foods Market, Inc.'s ("Whole Foods") proposed acquisition of Wild Oats Markets, Inc. ("Wild Oats"), would substantially lessen competition and cause significant harm to consumers in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and Section 5 of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45. (Compl. ¶ 43) The Complaint alleges that Defendants are each other's closest competitor in operating premium natural and organic supermarkets and are engaged in intense head-to-head competition in a number of geographic markets throughout the United States. (Compl. ¶¶ 36-41) Consumers have benefitted directly from the price and quality competition between Whole Foods and Wild Oats and, if the acquisition occurs, the benefits that accrue from the present and future competition between the two firms will be lost. (Compl. ¶ 42)

The Memorandum initially filed under seal in support of the allegations in the Complaint seeking a TRO and Preliminary Injunction contains information taken from documents and testimony that the Commission obtained from Defendants and third parties during its investigation. After lengthy meet-and-confer sessions with counsel for Whole Foods and Wild Oats, the Commission has agreed that a very limited amount of the Defendants' information in the Memorandum is deserving of continued protection from public disclosure. There remain, however, several excerpts in the Memorandum on which the Commission and Whole Foods

simply disagree as to whether the information can and should be maintained under seal.

## ARGUMENT

I.  **The Remaining Excerpts at Issue from the Memorandum Need No Protection from Public Scrutiny Under Fed. R. Civ. P. 26(c)(7).**

The Memorandum excerpts on which Whole Foods and the Commission have been unable to agree are identified in Exhibit A hereto (filed under seal). Exhibit A also identifies the exhibit underlying the excerpt and provides a summary of the Commission's rationale for unsealing the excerpt and Whole Foods' or Wild Oats' position as given in the meet-and-confer. Even a cursory review of those excerpts demonstrates that they simply are not the type of commercial or financial information where disclosure would cause any competitive harm to Whole Foods or Wild Oats. Consequently, the excerpts should be unsealed because they do not qualify as "Confidential Discovery Material" as that term is plainly defined in Paragraph 4 of the Interim Protective Order and do not require protection Under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

Under Rule 26(c)(7), Defendants must show that "good cause" exists to keep the excerpts at issue under seal. *See SEC v. R.J. Reynolds Tobacco Holdings, Inc.*, No. MISC.A.03-165(JDB), 2004 WL 31682181, at *9 (D.D.C. June 29, 2004). Any claim that information should be protected because it is "confidential" within the meaning of Rule 26(c)(7) must be balanced against the public's strong presumptive right of access to judicial proceedings. *Weaver v. Bratt*, 421 F. Supp. 2d 25, 43 (D.D.C. 2006); *see also Cobell v. Norton*, 157 F. Supp. 2d 82, 88 (D.D.C. 2001) (recognizing that "the court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings").

The D.C. Circuit has found that "[t]he first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). The strong presumption in favor of public access requires Defendants, as the parties opposing un-sealing, to bear the burden of showing "specific reasons why the record, or any part thereof, should remain under seal." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991). Indeed, Defendants must establish that disclosure will cause "a clearly defined and serious injury. . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted). A court should apply a balancing test to determine whether the presumption against sealing may be overcome, giving consideration to six factors:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

Applying this standard in this case, it is clear that the Defendants cannot overcome the presumptive right of access and, therefore, the Memorandum excerpts at issue should be unsealed. The need for public access is especially strong where, as here, the material that is at issue is likely to be cited in additional pre-trial briefs, cited by experts, and relied on by the Court in making its ultimate determination on the merits of the litigation. *See EEOC v. Nat'l*

*Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). This is a high-profile matter that has garnered significant attention from the press as it involves a government agency seeking to block a large merger of two public companies on antitrust grounds. Such litigated government challenges of acquisitions are rare and generate great public interest because they may provide insight into the prevailing antitrust policy at the Commission. The degree of public interest is manifested by the letter that the Dow Jones & Company, Inc., sent to the Court objecting to the sealing of documents in this case. (Letter from A. Goodling to Hon. Paul L. Friedman (June 8, 2007).) The fact that the Commission, in addition to the press, is objecting to sealing the excerpts at issue from the Memorandum strengthens the case for public access. *EEOC v. Nat'l Children's Center, Inc.*, 98 F.3d at 1409 (*citing FTC v. Standard Fin. Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party.").

Defendants are unlikely to be able to show sufficient countervailing interests to outweigh the heightened presumption that attaches to the Commission's request to unseal the remaining Memorandum excerpts at issue. The possibility of prejudice to the Defendants is remote because they are unlikely to be able to demonstrate that disclosure of the materials at issue here would cause them to suffer a clearly defined and serious injury. The excerpts in the Memorandum at issue contain no trade secrets or other proprietary intellectual property, customer specific information or sensitive commercial information where disclosure could cause an identifiable injury. To the contrary, the excerpts would not even qualify for protection as "Confidential Discovery Material" under the Interim Protective Order or under Fed. R. Civ. P. 26(c)(7).

Finally, the mere fact that the information at issue may not have been previously disclosed to the public is not grounds for keeping it under seal. *See, e.g., Cuno v. Pall Corp.*, 117 F.R.D. 506, 508 (E.D.N.Y. 1987) (rejecting company's claim that certain information should remain sealed simply because "the documents have at all times been maintained as internal proprietary documents").

**II.     Whole Foods Recent Public Disclosures of Previously "Confidential" Information Confirms That the Excerpts at Issue Should Not Remain Sealed from the Public.**

It is hard to imagine how Whole Foods could claim that the subject matters of the excerpts at issue here should be treated as confidential, while at the same time Whole Foods' C.E.O. is making public statements relating to the very same topics – the nature and extent of competition in the industry, the identity of the firms' close competitors and the companies' future plans – and intended to influence public opinion and convince shareholders and the public that the Commission's allegations in this case lack merit. *See* John Mackey's Blog, "Whole Foods Market, Wild Oats, and the Federal Trade Commission," available at http://www.wholefoods.com ("we set an intention as a company to be as transparent as possible throughout this process" of litigating the FTC challenge to the proposed acquisition of Wild Oats).

Although Whole Foods may make public statements in defense of its acquisition, it should not be permitted to argue that the excerpts at issue should be kept under seal when at the same time Whole Foods is discussing the very same issues publicly on its website. Certainly the fact that the substance of the statements at issue in this motion departs significantly from Whole Foods post-litigation public characterization of competition in the relevant markets – as

7

reflected on its website – is not grounds for keeping the material under seal. *See, e.g., Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (finding that harm to a company's reputation does not justify sealing court records).

For example, Mr. Mackey has discussed the intention of Whole Foods to sell off some of the "redundant" and "nearby competitive" stores owned by Wild Oats and "relocat[ing] most of the remaining smaller" Wild Oats stores, information that counsel for Whole Foods maintained was highly confidential commercial information. Mr. Mackey also discussed on the company website Whole Foods' experiences with Wild Oats, with the Safeway Lifestyle store in Boulder, and with Trader Joe's, information that, until Mr. Mackey's statement were posted on Whole Foods' website, counsel for Whole Foods maintained was nonpublic and highly sensitive.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order unsealing the attached Redacted Memorandum.

Respectfully submitted,

Dated: June 22, 2007                     /s/ Thomas J. Lang
                                         Michael J. Bloom

---

[3] Whole Foods also recently posted on its website a presentation that it previously provided to the five Commissioners of the Federal Trade Commission in an effort to avoid a challenge to its acqusition of Wild Oats. The material, titled "The Proposed Acquisition of Wild Oats by Whole Foods Will Not Substantially Lessen Competition in Any Relevant Market," dated May 30, 2007, was marked "***Confidential***" when presented to the FTC but is no longer marked confidential and apparently Whole Foods does not believe it is commercially sensitive. *See* www.wholefoods.com/ftchearingupdates/presentation5-30_07.pdf. Whole Foods is apparently more than willing to discard its "Confidential" designations when it believes doing so will advance its goals.

>Thomas J. Lang (D.C. Bar # 452398)
>Joan L. Heim
>Federal Trade Commission
>600 Pennsylvania Avenue, N.W.
>Washington, DC  20580
>(202) 326-2475 (direct dial)
>(202) 326-2884 (facsimile)
>mjbloom@ftc.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing papers were served via the Court's CM/ECF system and additionally by e-mailing a copy to:

>Alden L. Atkins, Esq.
>Vinson & Elkins LLP
>The Willard Office Building
>1455 Pennsylvania Ave., N.W.
>Suite 600
>Washington, D.C. 20004-1008
>(202) 639-6613
>Aatkins@VELaw.com
>
>Clifford H. Aronson, Esq.
>Skadden, Arps, Slate, Meagher & Flom LLP
>Four Times Square
>New York, NY 10036
>(212) 735-2614
>Caronson@Skadden.com
>
>Paul T. Denis
>Dechert LLP
>1775 I Street
>Washington, DC 20006-2401
>202-261-3430
>Paul.denis@dechert.com
>
>*Counsel to Defendants*

Dated: June 22, 2007               /s/ Thomas J. Lang
                                   Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-cv-01021-PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE REGARDING FILING OF SEALED MATERIAL**

Notice is given that a sealed document was filed in paper format with the Court, pursuant to the Court's June 6, 2007 Order Directing the Filing Under Seal of Certain Documents. This document is not available for public viewing.

Respectfully submitted,

Dated: June 22, 2007

/s/ Thomas J. Lang
Thomas J. Lang (DC Bar # 452398)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-2665
Facsimile: (202) 326-2071
tlang@FTC.gov

*Counsel to the Federal Trade Commission*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-cv-01021-PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE REGARDING FILING OF SEALED MATERIAL

Notice is given that a sealed document was filed in paper format with the Court, pursuant to the Court's June 6, 2007 Order Directing the Filing Under Seal of Certain Documents. This document is not available for public viewing.

Respectfully submitted,

Dated: June 22, 2007

/s/ Thomas J. Lang
Thomas J. Lang (DC Bar # 452398)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:   (202) 326-2665
Facsimile:   (202) 326-2071
tlang@FTC.gov

*Counsel to the Federal Trade Commission*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01021 - PLF |
| | ) . |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED]**
**ORDER DIRECTING THE UNSEALING OF THE MEMORANDUM OF POINTS AND AUTHORITIESIN SUPPORT OF PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon consideration of Plaintiff's motion for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, seeking to unseal the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and Defendants' response thereto,

IT IS HEREBY ORDERED that the Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Preliminary Injunction filed in the above-referenced docket be unsealed in the form of the Redacted Memorandum submitted by Plaintiff and filed on the public record.

ISSUED this _____ day of _____, 2007, at _____ a.m./p.m.

ORDERED:

_____
United States District Court Judge