**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) ) ) | |
| and | ) ) ) | |
| WILD OATS MARKETS, INC. | ) ) ) | |
| Defendants. | ) ) | |

**SAFEWAY INC.'S OPPOSITION TO MOTION OF WHOLE FOODS MARKET, INC.
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

Intervenor Safeway Inc. opposes the Motion of Whole Foods Market, Inc. for Entry of a Final Protective Order, and joins in the brief filed by Trader Joe's. For the reasons stated by Trader Joe's, this Court should not permit Whole Foods' internal general counsel access to documents marked as Restricted Confidential Discovery Materials. As described below, the documents Safeway has provided (and will provide) to the FTC contain highly sensitive business information the disclosure of which could harm Safeway. The Interim Protective Order adequately protects this information, and should be made permanent.

**ARGUMENT**

**I.   SAFEWAY'S DOCUMENTS CONTAIN HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

As part of its investigation, the FTC issued to Safeway a Civil Investigative Demand seeking the production of internal, confidential Safeway documents. Safeway has cooperated

with the FTC and has produced a variety of internal documents that contain highly sensitive and confidential business information.

For example, Safeway has produced documents that include sales, revenue, and margin information on a per-store basis for hundreds of store locations. Safeway has also disclosed details of planned store expansions relocations, and remodeling, including the anticipated dates of future development plans. Safeway has also produced detailed information about its staffing patterns and employee salaries, identifying number of employees in each department for each store. *See* Decl. of Robert A. Gordon (Attachment A), at ¶ 4.

The FTC has also issued a subpoena demanding additional sensitive business information regarding Safeway-owned stores in seven areas, details about the square footage of Safeway's stores, total SKU's in various categories of products, net sales broken down by categories, gross margins broken down by categories, and detailed employee information. *Id.* at 6.

The documents Safeway has turned over to the FTC provide intimate details about Safeway's strategic plans, operations, and other sensitive commercial information. This information is at the heart of Safeway's business activities. *Id.* at ¶ 7. This information is not publicly available, and Safeway has taken steps to ensure its confidentiality; Safeway provided the documents to the FTC in confidence. *Id.* at ¶ 8. Disclosure of these materials to Whole Foods, or another operator of grocery stores, would cause substantial commercial harm to Safeway. *Id.* at ¶ 9.

II.     **SAFEWAY'S CONFIDENTIAL BUSINESS DOCUMENTS SHOULD NOT BE DISCLOSED TO WHOLE FOODS' INTERNAL COUNSEL**

Courts have regularly refused to permit internal decision-makers to have access to confidential business documents of third parties. *U.S. Steel Corp v. United States*, 730 F.2d 1465 (Fed. Cir. 1984); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892 (D.C. Cir. 2006). In

evaluating the scope of a protective order, courts analyze the risk of disclosure of one party's trade secrets and the harm of such disclosure against the risk that such additional protection will impair the other party's ability to participate in litigation. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

For the reasons stated by both Trader Joe's and by the FTC, Whole Foods' internal counsel has an integral role in Whole Foods' strategic and business decisions, and she should not be granted access to Safeway's confidential business documents. Trader Joe's and the FTC also correctly note the types of business harms that could arise from disclosing confidential business information of third parties to Whole Foods.

Those concerns apply to Safeway's documents. Safeway sells some of the same products as Whole Foods, and operates in some of the same geographic markets as Whole Foods. *See* Gordon Decl. at ¶ 9. The documents Safeway has produced to the FTC include confidential business information that, if disclosed to Whole Foods or another operator of grocery stores, could damage Safeway's ability to implement its strategies and operate in an efficient and effective manner, and could cause Safeway strategic and financial harm. *Id.*

## III. THIS COURT SHOULD MAKE THE INTERIM PROTECTIVE ORDER PERMANENT

Safeway agrees with Trader Joe's and with the FTC that the Interim Protective Order provides appropriate protection for Safeway's confidential business records. This Court should make the Interim Protective Order permanent. Safeway however does not agree with the FTC's proposed alternative restrictions. There is no reason Whole Foods' internal counsel, and a member of its leadership team, needs access to Safeway's confidential records, including deposition transcripts, or unredacted pleadings that reference or contain portions of those records.

The documents that Safeway produced demonstrate the need for two categories of protected documents. Safeway has marked as "Restricted Confidential Discovery Material" documents that include the most sensitive business information, including future development plans and strategies, and gross sales and margins on a per-department, per-store basis. Safeway has shown an ability to discern between the most sensitive business information and information that is confidential, and it did not abuse the two categories of protection. This Court should continue to afford heightened protection to Safeway's most confidential strategies and other business information.

Date: June 22, 2007                     /s/ Peter L. Winik
                                        Peter L. Winik (D.C. Bar No. 333450)
                                        E. Marcellus Williamson (D.C. Bar No. 465919)
                                        Alexander Maltas (D.C. Bar No. 490099)
                                        LATHAM & WATKINS LLP
                                        555 11th Street NW
                                        Suite 1000
                                        Washington, DC  20004
                                        (202) 637-2200
                                        Peter.Winik@lw.com
                                        Marc.Williamson@lw.com
                                        Alexander.Maltas@lw.com

                                        *Counsel for Safeway Inc.*

**CERTIFICATE OF SERVICE**

      I certify that the foregoing Safeway Inc.'s Opposition to Motion of Whole Foods for Final Protective Order was filed and served upon counsel via the Court's CM/ECF filing system on June 22, 2007.

                                            /s/  Peter L. Winik

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHOLE FOODS MARKET, INC. )<br>)<br>and )<br>)<br>WILD OATS MARKETS, INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:07-CV-01021-PLF |

**DECLARATION OF ROBERT A. GORDON**

1. My name is Robert A. Gordon. I am Senior Vice President and General Counsel of Safeway Inc. I make this declaration in support of Safeway's Opposition to Whole Foods Market, Inc.'s Motion for the Entry of a Final Protective Order. The statements herein are true and within my personal knowledge unless otherwise stated.

2. My staff has been in charge of Safeway Inc.'s response to the FTC's requests for information in connection with its investigation of Whole Foods' proposed acquisition of Wild Oats.

3. Safeway received a Civil Investigative Demand ("CID") from the FTC seeking Safeway documents in connection with the FTC's investigation of Whole Foods' proposed acquisition of Wild Oats.

4. The CID requested, and Safeway has provided, confidential commercial information regarding:

- The projected opening dates of new stores;
- The reasons and projected dates for any relocation, remodeling, closing, or expansion of any store;
- Gross revenues, net sales, and gross margins for each store;
- Number of SKUs and transactions for each store;
- Price indices used at each store.

5. We provided this information in the form of five Excel spreadsheets. Three of the spreadsheets were marked "Restricted Confidential Discovery Material," and two spreadsheets were marked "Confidential Discovery Material." The three "Restricted" spreadsheets contained information about future expansion, relocation, and development plans; gross margin and sales figures on a per-store, per-department basis; and employee counts on a per-store, per-department basis.

6. In addition, on June 18, 2007 the FTC issued to Safeway a subpoena demanding additional information regarding Safeway-owned stores in seven areas. The FTC seeks additional highly-detailed, confidential commercial information:

- Square footage of selling space;
- Total SKUs in various categories of products;
- Gross sales revenues
- Total net sales, and net sales in certain categories of products;
- Total gross margin, and gross margin in certain categories of products;
- Total number of employees, and training time for employees.

7. The documents Safeway has turned over and will turn over to the FTC provide highly confidential details about Safeway's strategies, business plans, operations, pricing, and

other sensitive commercial information. The documents reveal information not only about Safeway's historical strategies and business operations, but also Safeway's current and future strategies and operations. This information is at the heart of Safeway's commercial activities.

8. The information Safeway has given and will give to the FTC is not publicly available, and Safeway has taken steps to preserve its confidentiality. Safeway has given the documents to the FTC in confidence.

9. Safeway operates grocery stores in a number of the geographic areas where Whole Foods operates stores. The Safeway stores sell some of the same products as the Whole Foods stores. If the Safeway information falls into the hands of Whole Foods, it would be damaging to Safeway's ability to implement its strategies and operate in an efficient and effective manner. As a result, Safeway could suffer financial and strategic harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 21, 2007

Robert A. Gordon