IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

               Plaintiff,

       v.

WHOLE FOODS MARKET, INC.

and

WILD OATS MARKETS, INC.,

               Defendants.

Case No. 1:07-CV-01021 (PLF)

**WAL-MART STORES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT
WHOLE FOODS MARKET, INC.'S PROPOSED FINAL PROTECTIVE ORDER**

Wal-Mart Stores, Inc. ("Wal-Mart") files this opposition to Whole Foods Market, Inc.'s

("Whole Foods") proposed final protective order because the proposed order does not adequately

safeguard Wal-Mart's and other third parties' interests.  Wal-Mart joins in and incorporates by

reference the arguments set forth in Trader Joe's Opposition to Defendant's Proposed Final

Protective Order filed today with this Court.  Wal-Mart also urges the Court to enter the Final

Protective Order proposed by Trader Joe's.

In addition to the arguments briefed by Trader Joe's in its filing, Wal-Mart contends that

Trader Joe's opposition motion should be granted for the reasons set forth below.

In its investigation of Whole Foods' acquisition of Wild Oats Markets, Inc. ("Wild

Oats"), the Federal Trade Commission ("FTC") issued a civil investigative demand ("CID") to

Wal-Mart seeking information on, *inter alia*, "the projected opening date of any new store; the

reasons and projected dates for any relocation, remodeling, closing, or expansion of any store; gross revenues, net sales, and gross margins for each store . . . ." Pl.'s Mem. Opposition Def. Whole Food Market, Inc.'s Mot. Entry Final Protective Order at 2.  In response to the CID, Wal-Mart produced highly confidential materials to the FTC that were designated as highly or restricted confidential and not subject to public disclosure, as provided by 15 U.S.C. § 57b-2. The FTC provided that highly confidential material to Whole Foods' outside counsel pursuant to the Interim Protective Order.  The Interim Protective Order restricts access to that highly confidential information to Whole Foods' outside counsel.

The FTC also has issued a Rule 45 subpoena to Wal-Mart seeking a wide range of competitively sensitive documents and information, including strategy and expansion plans and sales and margin data, variously by store, department and product category. *See* FTC Subpoena Issued to Wal-Mart (June 18, 2007) (Exh. A).  Wal-Mart expects material produced in response to this subpoena to be provided to Whole Foods' outside counsel as well.

Whole Foods, a competitor to Wal-Mart, now seeks to have its General Counsel obtain access to this competitively sensitive information.  Providing Whole Foods' General Counsel broad access to Wal-Mart's confidential documents and data concerning strategy and expansion plans, grocery operations, marketing approach, and financial data would unfairly disadvantage Wal-Mart, a non-party in this dispute.  Whole Foods' General Counsel, by her own admission, participates in a wide range of business activities, regardless of whether she technically "makes" business decisions.  For example, a wide range of legal issues surround any expansion contemplated by Whole Foods; to permit Whole Foods' General Counsel, who will be advising Whole Foods on those issues, to have access to Wal-Mart's expansion plans, would necessarily cause Wal-Mart competitive harm.

2

Whole Foods' assertion that the General Counsel needs access to highly confidential business information of Wal-Mart and others is just that - an assertion - without any rationale. Moreover, the assertion flies in the face of a long history of business litigation where courts have decided that the parties could effectively litigate their respective positions without in-house counsel obtaining access to such highly confidential business information. *See, e.g., Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) (approving protective order that limited disclosure of trade secrets to outside counsel and experts); *Intel Corp. v. VIA Tech., Inc.*, 198 F.R.D. 525 (N.D. Cal. 2000) (denying access to in-house counsel based on testimony about the counsel's involvement in contract negotiations, licensing and patent enforcement, and reports to executives involved in competitive decisionmaking).

For the reasons stated above, this Court should deny Defendant's Motion for Final Protective Order and enter the Final Protective Order proposed by Trader Joe's.

Dated:  June 22, 2007                            /s/ Darren S. Tucker
                                                 Darren S. Tucker (D.C. Bar No. 465576)
                                                 O'MELVENY & MYERS LLP
                                                 1625 Eye Street, N.W.
                                                 Washington, D.C.  20006-4001
                                                 Telephone:  (202) 383-5300
                                                 Facsimile:  (202) 383-5414

                                                 *Attorney for Third Party Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2007, I electronically filed the foregoing, WAL-MART STORES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOODS MARKET, INC.'S PROPOSED FINAL PROTECTIVE ORDER, with the Court and also caused these same papers to be served by electronic mail to:

Attorneys for Plaintiff

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
mjbloom@ftc.gov

Attorney for Defendant Whole Foods Market, Inc.

Alden L. Atkins
VINSON & ELKINS LLP
The Willard Office Buidling
1455 Pennsylvania Ave., NW
Suite 600
Washington, DC 20004
aatkins@velaw.com

Attorney for Defendant Wild Oats Markets, Inc.

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
caronson@skadden.com

_/s/ Darren S. Tucker _____
Attorney for Wal-Mart Stores, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

        Plaintiff,

    v.

WHOLE FOODS MARKET, INC.

and

WILD OATS MARKETS, INC.,

        Defendants.

Case No. 1:07-CV-01021 (PLF)

**WAL-MART STORES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT WHOLE FOODS MARKET, INC.'S PROPOSED FINAL PROTECTIVE ORDER**

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

Federal Trade Commission, Plaintiff

V.

Whole Foods Market, Inc., et al, Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:07-CV-01021

TO:  Jeff McGinnis, General Counsel
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AK 72716

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Federal Trade Commission, 601 New Jersey Avenue, NW Washington, DC 20001 | DATE AND TIME 6/25/2007 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 6/18/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas H. Brock, Esq., Federal Trade Commission, 601 New Jersey Ave., NW, Washington DC 20001 (202) 326-2813

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A
## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA DUCES TECUM

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Per the terms of this request as provided below, the Company shall produce documents as requested below:

1.  All documents, submitted separately for: (i) each Relevant Company Store; and (ii) for those subparts with an asterisk (*), each department within each Relevant Company Store (including, but not limited to: Bakery, Catering, Cheese and Specialty Foods, Floral, Gift Baskets, Grocery, Meat and Poultry, Prepared Foods, Produce, Seafood, Tea, Beer and Wine, Holistic Health, Body Care and Cosmetics, Nutritional Supplements, Bulk Items, Juice Bar, Java Bar, and Pet Food), sufficient to show:

    a.  Store name;
    b.  Store number;
    c.  Full street address (including city, state, and zip code);
    d.  * Department name and description;
    e.  Original opening date of store at this location;
    f.  Projected opening date at this location (if not currently open);
    g.  Date store was closed (if applicable);
    h.  Date store is projected to close (if applicable);
    i.  Date store is projected to relocate (if applicable);
    j.  Reason store was or will be closed (if applicable);
    k.  * Total square footage;
    l.  * Square footage of selling space;
    m.  Linear footage of Natural Foods and Products;
    n.  Linear footage of Organic Foods and Products;
    o.  Percentage of total sales attributable to non-food items;
    p.  * Total number of SKUs;
    q.  * Number of Natural Foods and Products SKUs;
    r.  * Number of Organic Foods and Products SKUs;
    s.  * Number of Private Label Foods and Products SKUs;
    t.  * Number of Perishables SKUs;
    u.  * Total number of SKUs offered at a discounted or sale price on the following dates: (i) September 27, 2006; and (ii) November 22, 2006.
    v.  Store hours of operation;
    w.  * Gross sales revenues;
    x.  * Total net sales;
    y.  * Net sales of Natural Foods and Products;
    z.  * Net sales of Organic Foods and Products;
    aa. * Net sales of Private Label Foods and Products;
    bb. * Net sales of Natural Foods and Products sold as Private Label Foods and

1

|       | Products; |
|-------|-----------|
| cc.   | * Net sales of Organic Foods and Products sold as Private Label Foods and Products; |
| dd.   | * Net sales of Perishables; |
| ee.   | Net sales of Tobacco Products; |
| ff.   | Total gross margin; |
| gg.   | Gross margin of Natural Foods and Products; |
| hh.   | Gross margin of Organic Foods and Products; |
| ii.   | Gross margin of Private Label Foods and Products; |
| jj.   | Gross margin of Natural Foods and Products sold as Private Label Foods and Products; |
| kk.   | Gross margin of Organic Foods and Products sold as Private Label Foods and Products; |
| ll.   | Gross margin of Perishables; |
| mm.   | Gross margin of Tobacco Products; |
| nn.   | * Total number of employees; |
| oo.   | * Total number of employees who: (i) regularly work thirty (30) hours or more per week; and (ii) are eligible for benefits (*e.g.*, health insurance). |
| pp.   | Average hours of training per non-cashier employee; |
| qq.   | Average hours of training per cashier employee; |
| rr.   | Features in the store (including, but not limited to: full-service butcher counter, full-service seafood counter, sushi bar, coffee bar, cafeteria, kitchens, and bakeries); |
| ss.   | Trade or draw area (the geographic area closest to the Relevant Company Store where customers representing approximately 85% of the Relevant Company Store's customers reside); and |
| tt.   | Number of parking spaces. |

**Provided however,** that in lieu of documents, the Company may provide a machine-readable electronic spreadsheet in the format provided in Attachment B (*i.e.*, Microsoft Excel) containing the requested information for Request No. 1, accompanied by a certification by an officer of the Company that the information provided is accurate and complete. List each Relevant Company Store in a separate row. List each subpart of Request No. 1 in a separate column. For stores that have relocated, list the original and the relocated stores in separate rows. For stores that are a "store within a store," list separately both the Company store and the hosting store.

2.    All advertisement documents, including, but not limited to, brochures, flyers, announcements, coupons, discounts, leaflets, circulars, notices, newspapers, or magazine ads distributed, disseminated, or offered by any Relevant Company Store from: (i) September 10, 2006, through and including September 30, 2006; and (ii) November 15, 2006, through and including December 15, 2006.

2

3.    Documents sufficient to show any storewide sales promotions (such as receiving a percentage off a total order or a dollar amount off of a total order), effective on September 27, 2006, and November 22, 2006.

4.    All documents sufficient to show the Company's strategy concerning Natural Foods and Products and Organic Foods and Products, including, but not limited to, entry, expansion, store refreshes, and repositioning efforts in the Relevant Area.

5.    All documents relating to the Wisconsin Department of Agriculture, Trade and Consumer Protection's investigation in 2007, of the Company's organic labeling policy.

**DEFINITIONS**

The following definitions apply:

A.    The term "the Company" means the Company identified on this Subpoena, its domestic

and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint

ventures, and all directors, officers, employees, consultants, agents and representatives of

the foregoing.

B.    The term "Relevant Company Store" means any Company-owned store (either currently

in operation or planned to open within two (2) years of the date of this subpoena) located

within six (6) miles of a current or planned store owned or operated by Whole Foods

Market, Inc. or Wild Oats Markets, Inc. (excluding any Sun Harvest and Henry's Farmers

Market stores) in the following Metropolitan Statistical Areas (MSAs):  Chicago-

Naperville-Joliet, IL-IN-WI;  Hartford-West Hartford-East Hartford, CT; Portland-South

Portland-Biddeford, ME; Portland-Vancouver-Beaverton, OR-WA; Nashville-Davidson-

Murfreesboro-Franklin, TN; Denver-Aurora, CO; and Boulder, CO.

C.    The term "Person" means any natural person, corporate entity, partnership, or association.

D.    The term "SKU" means Stock Keeping Unit.

E.    The term "Natural Foods and Products" means foods and products that are minimally

processed and largely or completely free of artificial ingredients, preservatives, and other

non-naturally occurring substances.

F.    The term "Organic Foods and Products" means foods and products that conform to the

United States Department of Agriculture's Organic Foods Protection Act of 1990.  For

the purposes of these Requests, if a food or product is Organic, please include it only in

4

the Organic category (and not in the Natural category, if applicable).

G.    The term "Private Label Foods and Products" means foods and products that are marketed or manufactured under the Company's brand.

H.    The term "Perishables" means deli foods, produce, fresh meat, seafood, floral, bakery, and prepared foods.

I.    The term "Tobacco Products" means cigarettes, chewing tobacco, cigars, snuff, and related accessories.

J.    The term "Relevant Area" means, and documents shall be provided separately for, a ten (10) mile radius surrounding each of the Relevant Company Stores.

K.    The "Transaction" means Whole Foods Market, Inc.'s proposed acquisition of Wild Oats Markets, Inc.

L.    The terms "and" and "or" have both conjunctive and disjunctive meanings.

M.    The term "document" includes all writings, electronic mail, spreadsheets, databases, evaluations, studies, analyses, computer models, and any other data compilations or electronic documents responsive to the specifications of this request.

N.    "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

## INSTRUCTIONS

I.    This request calls for the production of all documents in the Company's custody or control. Unless otherwise indicated in the specific Request, all documents requested are

5

for the time period from January 1, 2006, through the date of the complete response to this subpoena.

II.    Submit entire documents, including all attachments, cover letters, memoranda and appendices, for each request. Copies that have been altered in any way from an original are deemed to be separate documents and should be produced separately. All electronic documents shall reflect the actual date of their creation or be accompanied by metadata accurately reflecting such date.

III.    Please produce all documents as they are kept in the ordinary course of business, including any file folders and labeling for groups of documents, with a designation of the individual in whose files the documents are found. All documents clipped or otherwise attached to responsive documents are requested to be produced in a manner demonstrating such clipping or attachment.

IV.    In lieu of producing documents in hard-copy format, the Company may provide the data and documents requested in machine-readable spreadsheet format, after conferring with the individual listed in paragraph VI of this subpoena.

V.    If any documents were produced in response to an identical request in a Civil Investigative Demand issued to the Company by the Federal Trade Commission in conjunction with the Commission's investigation of the Transaction, the Company does not need to resubmit those documents.

VI.    Plaintiff is prepared to discuss reasonable means of limiting the scope of any specification and other reasonable modifications to minimize the cost, expense, and time required to comply with this request. To expedite your production, Plaintiff requests that documents

6

be produced on a rolling basis as they are identified as responsive.  To discuss these

matters or any other arrangements, please contact Jenny Schwab, Esq., of the Federal

Trade Commission, at (202) 326-2335.

APPENDIX B TO SUBPOENA

| Store Name | Store Number | Street Address | Dept. Name/Description | Orig. Opening Date | Proj. Opening Date |
|------------|--------------|----------------|------------------------|--------------------|--------------------|
|            |              |                |                        |                    |                    |

APPENDIX B TO SUBPOENA

| Date Store Closed | Proj. Close Date | Proj. Relocation Date | Reason Store Closed | Total Sq. Footage | Sq. Footage Sell Space |
|---|---|---|---|---|---|

APPENDIX B TO SUBPOENA

| Linear Footage Natural | Linear Footage Organic | %age of Total Sales Non-Food Items | Total # SKUs | # Natural SKUs | # Organic SKUs | # Priv. Label SKUs |
|---|---|---|---|---|---|---|

APPENDIX B TO SUBPOENA

| # Perishables SKUs | # Discounted SKUs 9/27/2006 | # Discounted SKUs 11/22/2006 | Store Hours | Gross Sales Revenues | Total Net Sales | Net Sales Natural |
|---|---|---|---|---|---|---|

APPENDIX B TO SUBPOENA

| Net Sales Organic | Net Sales Priv. Label | Net Sales Priv. Label & Natural | Net Sales Priv. Label & Organic | Net Sales Perishables | Net Sales Tobacco |
|---|---|---|---|---|---|

APPENDIX B TO SUBPOENA

| Total Gross Margin | Gross Margin Natural | Gross Margin Organic | Gross Margin Priv. Label | Gross Margin Priv. Label & Natural | Gross Margin Priv. Label & Organic | Gross Margin Perishables |
|---|---|---|---|---|---|---|

APPENDIX B TO SUBPOENA

| Gross Margin Tobacco | Total # Employees | Total # FTEs | Avg. Hrs. Training Non-Cashier EE | Avg. Hrs. Training Cashier EE | In-Store Features | Trade/Draw Area |
|---|---|---|---|---|---|---|

# Pkg. Spaces

APPENDIX B TO SUBPOENA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on such date I served the foregoing Subpoena Duces Tecum and all Attachments via overnight delivery and electronic mail to:

Scott Reiter, Esq.  (Counsel for Wal-Mart Stores, Inc.)
O'Melveny & Myers L.L.P.
1625 Eye Street, N.W.
Washington, DC  20006
Sreiter@omm.com

Alden L. Atkins, Esq.  (Counsel for Defendant Whole Foods Market, Inc.)
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Ave., N.W., Suite 600
Washington, D.C.  20004-1008
Aatkins@velaw.com

Gary Alan MacDonald, Esq. (Counsel for Defendant Wild Oats Markets, Inc.)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, D.C.  20005-2111
Gmacdona@skadden.com

Clifford H. Aronson, Esq.  (Counsel for Defendant Wild Oats Markets, Inc.)
Thomas A. Pak, Esq.
Matthew P. Hendrickson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Caronson@skadden.com
Tpak@skadden.com
Mhendric@skadden.com

Terrence J. Wallock, Esq.  (Counsel for Defendant Wild Oats Markets, Inc.)
Law Office of Terrence J. Wallock
2224 Pacific Drive
Corona Del Mar, California 92625
Terry@wallock.com

Dated: June 18, 2007                          /s/ Thomas H. Brock
                                              Thomas H. Brock, Esq.

8