IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. ) | |
| and ) | |
| WILD OATS MARKETS, INC. ) | |
| Defendants. ) | |

**WEGMANS FOOD MARKETS, INC.'S OPPOSITION TO
DEFENDANT WHOLE FOODS MARKET, INC.'S MOTION
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

Wegmans Food Markets, Inc. ("Wegmans") intervened in this action for the limited purpose of opposing the motion of defendant Whole Foods Market, Inc. ("Whole Foods") for entry of a final protective order. To avoid repetition, Wegmans hereby joins and incorporates by reference sections II, III, and IV of Third Party Trader Joe's Company's Opposition To Defendant's Motion For Protective Order, which is being filed today. Sections II and III of Trader Joe's opposition discuss the relevant legal principles, the facts concerning the roles and responsibilities of Whole Foods' General Counsel Roberta Lang, and the heightened need for protection of confidential third-party information in light of Whole Foods' publicity campaign relating to this litigation.  Section IV of the Trader Joe's opposition asks the Court to deny Defendant's Motion for Final Protective Order and adopt the Interim Protective Order as the

Final Protective Order, with minor edits. Wegmans submits this separate opposition to apprise the Court of its specific circumstances, the nature of the information it provided to the FTC, and the bases for its objections to the protective order proposed by Whole Foods. Pursuant to Local Rule 7(f), Wegmans requests an oral hearing on this matter.

## BACKGROUND

Wegmans provided data and information to the Federal Trade Commission ("FTC") in response to a Civil Investigative Demand ("CID") issued by the FTC during its investigation of Whole Foods' proposed acquisition of Wild Oats Markets, Inc. ("Wild Oats"). Pursuant to this Court's June 8, 2007 Interim Protective Order, Wegmans designated the most sensitive and confidential information it produced to the FTC "Restricted Confidential Discovery Material." Under the terms of the Interim Protective Order, this information may not be disclosed to any in-house representative of Whole Foods. Wegmans strongly opposes Whole Foods' motion for this Court to enter a proposed protective order that would grant Whole Foods' General Counsel, Roberta Lang, access to Wegmans' "Restricted Confidential" information.

## ARGUMENT

**I.     WHOLE FOODS' PROPOSED PROTECTIVE ORDER WOULD HARM WEGMANS**

If Whole Foods' proposed protective order were to be put into effect, Wegmans would face a grave risk of commercial harm because confidential and highly-sensitive information relating to its store-level sales and profitability, product mix, customer transactions, and other confidential financial and business information would be disclosed to the General Counsel of Whole Foods, with the risk of further disclosure to other executives of Whole Foods. See Decl. of Stephen R. Van Arsdale at ¶ 2 (attached hereto as *Exhibit A*).

### A. Wegmans Operates Retail Grocery Stores In Some Of The Same Areas As Whole Foods

Wegmans is a privately-held company. *Exhibit A* ¶ 3. Wegmans operates 70 supermarkets under the Wegmans banner in New York, New Jersey, Pennsylvania, Maryland, and Virginia. Its stores operate in some of the same areas as Whole Foods and/or Wild Oats stores, including Princeton, NJ and Fairfax, VA. *Id.* at ¶ 4. Whole Foods, according to statements recently posted on its web site by its Chief Executive Officer, considers Wegmans one of Whole Foods' primary competitors in some areas. According to Whole Foods' CEO, "[i]n the Mid-Atlantic region our toughest competition is from Wegman's [sic]." *Ex. A* ¶ 4.

### B. Whole Foods General Counsel Should Not Have Access To The Highly Confidential Information Wegmans Produced To The FTC

Wegmans received a Civil Investigative Demand ("CID") from the Commission on March 28, 2007. Wegmans responded to the CID by submitting data and other information on April 18, 2007. The information Wegmans provided to the FTC in response to the CID included:

- plans to build and open new stores at various locations in the future;
- plans to refurbish or remodel specific stores;
- the total square footage and total selling space of specific stores;
- the ingress and egress quality to and from specific stores, and the level of visibility of specific stores from the street ;
- the gross and net sales of specific stores by department for Q4 2006;
- the adjusted gross margin of specific stores by department for Q4 2006;
- the number of total employees and salaried employees per store and department; and
- the number of units sold by each store, the number of stock-keeping units (SKUs) that Wegmans carries at its stores, and number of customer transactions per store.

All information produced by Wegmans was designated "confidential." *Ex. A* ¶ 5.

On June 7, 2007, the FTC staff contacted Wegmans by letter to advise the company that the FTC was seeking a preliminary injunction to prevent Whole Foods' proposed acquisition of Wild Oats, and that "the merging parties may seek to obtain access to" the information previously provided by Wegmans pursuant to the CID.  *Ex. A* ¶ 6.  On June 8, 2007, the Court entered the Interim Protective Order.  On June 12, 2007, Wegmans advised the FTC staff that the information it produced in response to the CID was "Confidential Discovery Material."  On June 20, Wegmans supplemented this letter and clarified that certain categories of information produced in response to the CID, including data relating to the number and status of its employees, all financial data, and information relating to the number of its stock-keeping units – is highly-sensitive "Restricted Confidential Discovery Material" as that term is used in the Interim Protective Order.  See Letter Dated June 20, 2007 from T. Young to J. Frumin (attached hereto as *Exhibit B*).

> C. **Wegmans Would Be Commercially Harmed If Whole Foods' General Counsel Is Granted Access to Wegmans' "Restricted Confidential" Information**

Given the General Counsel's position and duties at Whole Foods, Wegmans believes that disclosure of Wegmans' highly-sensitive Restricted Confidential information to her, with the risk of further disclosure to other Whole Foods executives, would cause substantial harm to Wegmans' business.  *Ex. A* ¶ 9.  The information Wegmans provided to the FTC included highly detailed and recent financial data, of a type it closely protects against disclosure in the ordinary course of business, such as sales and profits at the department level, and information on hourly and salaried store staffing and transaction counts.  *Id.*

The disclosure of this information to Whole Foods would be quite damaging to Wegmans.  For example, it might permit Whole Foods to adjust and target its prices, product

mixes, and service levels to specific Wegmans stores. *Ex A* ¶ 9. In sum, Wegmans would be greatly harmed if any of the Restricted Confidential information it produced to the FTC were disclosed to the General Counsel of Whole Foods.

## II.   CONCLUSION

For the reasons stated above, and for the reasons stated in Third Party Trader Joe's Company's Opposition to Defendant's Motion For Protective Order, this Court should deny Whole Foods' motion and enter the Interim Protective Order, with the minor edits proposed by Trader Joe's, as the final protective order.

Respectfully submitted,

/s/  Christopher J. MacAvoy
Christopher J. MacAvoy (DC Bar No. 367060)
**HOWREY LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610
Email:  MacAvoyC@howrey.com

Attorney for Wegmans Food Markets, Inc.

June 22, 2007

# EXHIBIT A

Case 1:07-cv-01021-PLF    Document 58-2    Filed 06/22/2007    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | Civil Action No. 1:07-CV-01021-PLF |

**DECLARATION OF STEPHEN R. VAN ARSDALE IN SUPPORT
OF WEGMANS FOOD MARKETS, INC.'S OPPOSITION TO
DEFENDANT WHOLE FOODS MARKET, INC.'S MOTION
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

1. My name is Stephen R. Van Arsdale. I am the Vice President and Assistant General Counsel of Wegmans Food Markets, Inc. ("Wegmans"). The statements in this Declaration are true and are within my personal knowledge unless stated otherwise.

2. I make this Declaration in opposition to Whole Foods Market, Inc.'s ("Whole Foods") Motion for Entry of a Final Protective Order. If Whole Foods' proposed protective order were to be put into effect, confidential and highly-sensitive information concerning, among other things, Wegmans' store operations, store-level profitability, expansion and remodeling plans, store construction and closure plans, and other confidential financial and business information would be disclosed to the General Counsel of Whole Foods, with the risk of further disclosure to other executives of Whole Foods. Such disclosure to the General Counsel of

another grocery retailer and risk of disclosure to other executives would cause serious commercial damage to Wegmans.

3. Wegmans is based in Rochester, NY. Wegmans is not a public company; it is privately held.

4. Wegmans operates 70 supermarkets under the Wegmans banner. Its stores operate in some of the same areas as Whole Foods and/or Wild Oats stores, including Princeton, NJ and Fairfax, VA. The Chief Executive Officer of Whole Foods, in a recent statement posted on his company's web site, characterized Wegmans as one of Whole Foods' primary competitors. In response to the question "If Wild Oats is not your primary competitor, which companies are?", the CEO wrote: "In the Mid-Atlantic Region our toughest competition is from Wegman's [sic]."

5. Wegmans received a Civil Investigative Demand ("CID") from the FTC on March 28, 2007. Wegmans responded to the CID with a submission of data and information on April 18, 2007. The information that Wegmans produced to the FTC included:

- plans to build and open new stores at various locations in the future;
- plans to refurbish or remodel specific stores;
- the total square footage and total selling space of specific stores;
- the ingress and egress quality to and from specific stores, and the level of visibility of specific stores from the street ;
- the gross and net sales of specific stores by department for Q4 2006;
- the adjusted gross margin of specific stores by department for Q4 2006;
- the number of total employees and salaried employees per store and department; and
- the number of units sold by each store, the number of stock-keeping units (SKUs) that Wegmans carries at its stores, and number of customer transactions per store.

All information produced by Wegmans in response to the CID was designated "confidential."

6. On June 7, 2007, the FTC staff contacted Wegmans by letter, which stated that the FTC was seeking a preliminary injunction to prevent Whole Foods' proposed acquisition of Wild Oats, and that "the merging parties may seek to obtain access to" the information previously provided by Wegmans pursuant to the CID.

7. On June 12, 2007, Wegmans advised the FTC that its previously produced information was "Confidential Discovery Material." On June 20, Wegmans supplemented this notice and designated certain categories of its information as "Restricted Confidential Discovery Material." The material so designated included information relating to the number and status of its employees, all financial data, and information relating to the number of stock-keeping units in its stores. See Letter Dated June 20, 2007 from T. Young to J. Frumin (attached hereto as *Exhibit B*).

8. Wegmans has learned that Whole Foods has filed a motion seeking entry of a new protective order under which its General Counsel would have access to all of the information Wegmans provided to the FTC. Wegmans strongly opposes the dissemination of its confidential and proprietary information to the General Counsel of Whole Foods, whose retail grocery stores operate in some of the same cities where Wegmans operates, or may be planning to operate, stores.

9. Given the General Counsel's position at Whole Foods, Wegmans is greatly concerned that disclosure of Wegmans' highly-sensitive Restricted Confidential information to her, with the risk of further disclosure to other Whole Foods executives, would cause substantial harm to Wegmans' business. The information Wegmans provided to the FTC included highly

3

detailed and recent financial data of a type it closely protects against disclosure in the ordinary course of business, such as sales and profits at the department level, product mix by store department, and information on hourly and salaried store staffing and transaction counts. The disclosure of this information to Whole Foods would be quite damaging to Wegmans. Wegmans' confidential information no doubt would be commercially valuable to Whole Foods, given the stated view of Whole Foods' CEO that Wegmans is one of his company's primary competitors. In Whole Foods' hands, Wegmans' information might permit Whole Foods to adjust and target its prices, product mixes, and service levels and otherwise preempt Wegmans' competitive strategies. In sum, Wegmans would be greatly harmed if any of the Restricted Confidential information it produced to the FTC were disclosed to the General Counsel of Whole Foods.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 22, 2007

/s/ *signature*
Stephen R. Van Arsdale

# EXHIBIT B

Case 1:07-cv-01021-PLF   Document 58-3   Filed 06/22/2007   Page 1 of 2

**WEGMANS FOOD MARKETS, INC.**
1500 BROOKS AVENUE, P.O. BOX 30844
ROCHESTER, NEW YORK 14603-0844

June 20, 2007

Federal Trade Commission
601 New Jersey Avenue, N.W. – Room 5241
Washington, D.C. 20001          By e-mail to: JFrumin@ftc.gov
Attention: Jill M. Frumin, Esq.     and Federal Express

Re:   Federal Trade Commission v. Whole Foods Market, Inc.

Dear Ms. Frumin:

As you are aware, by letter dated June 12, 2007, Wegmans Food Markets, Inc. ("Wegmans") resubmitted to the Federal Trade Commission ("Commission") a verbatim copy of Wegmans' original response to the above-referenced Civil Investigative Demand ("CID") dated April 18, 2007. That resubmission was necessary to comply with the requirements of Sections 2 and 4 of the Interim Protective Order agreed to among the parties to the above-referenced litigation dated June 6, 2007 (the "Interim Protective Order").

The purpose of this letter is to further clarify an issue that arises due to the meaning of the term "Restricted Confidential Discovery Material" in the Interim Protective Order. Please be advised that in addition to the status as "Confidential Discovery Material" of all information previously submitted to the Commission by Wegmans in this matter, Wegmans hereby advises that its information regarding: (1) the number and status of its employees as found in Chart 1, Columns N and O; (2) all information found in Chart 2; and (3) the data in Chart 3 regarding the number of Stock Keeping Units, of its previously submitted information should all be treated by the Commission as "Restricted Confidential Discovery Material" within the meaning of the Interim Protective Order.

Please contact the undersigned should you have any questions regarding this letter.

Very truly yours,

WEGMANS FOOD MARKETS, INC.

*Thomas P. Young*

Thomas P. Young,
Attorney
Legal Department
Direct line: (585) 429-3516
E-mail: tom.young@wegmans.com

ec: Christopher MacAvoy, Esq.