IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>) Civ. No. 1:07-CV-01021-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMBINED MOTIONS OF WINN-DIXIE STORES, INC.
FOR LEAVE TO FILE LATE AND TO INTERVENE**

Winn-Dixie Stores, Inc. ("Winn-Dixie"), by its undersigned counsel, hereby respectfully moves the Court for an order (i) granting Winn-Dixie leave to file late a motion to intervene in this action pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure; and (ii) granting Winn-Dixie's motion to intervene. As with the other eight grocery retailers whose motions to intervene the Court granted on June 19 and June 20, 2007 (collectively, the "Interveners"), Winn-Dixie also seeks to intervene for the limited purpose of opposing the motion of defendant Whole Foods Market, Inc. ("Whole Foods") for Entry of a Final Protective Order. The parties do not oppose Winn-Dixie's motions.

Winn-Dixie respectfully submits that granting it leave to file late its motion to intervene and permitting it also to intervene in this action will allow Winn-Dixie to assert its interests in protecting its proprietary and confidential information and will not prejudice any party or otherwise adversely delay or affect the administration of this action in any way. Accompanying

RECEIVED
JUN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Winn-Dixie's motions is a proposed Order granting the relief requested herein as well as a Notice of Appearance and Corporate Disclosure Statement pursuant to the Court's Local Civil Rule 7.1.

I.   Pertinent Facts

Founded in 1925 and organized in the state of Florida as a publicly-held corporation, Winn-Dixie is a major food retailer with 530 supermarkets in five states in the southeastern United States and The Bahamas, including several where both Whole Foods and Wild Oats have retail store locations. On March 28, 2007, the Federal Trade Commission (the "Commission") issued to Winn-Dixie a Civil Investigative Demand ("CID") as part of the Commission's Hart-Scott-Rodino investigation of the proposed acquisition at issue in this case. Winn-Dixie subsequently submitted to the Commission certain information by mutual agreement after negotiation in response to the CID. Among other proprietary information, Winn-Dixie submitted confidential data showing its 52-week average weekly sales for every one of its 530 stores, store location and opening/remodel information, and information relating to store departments and product composition. Winn-Dixie designated as confidential all such data and information that it supplied to the Commission.

Subsequent to the Court's entry on June 8, 2007 of its Interim Protective Order Governing Discovery Material (the "Interim Protective Order"), Winn-Dixie became aware that Whole Foods had filed on June 11, 2007 a motion for entry of a different protective order that would, unlike the Interim Protective Order, permit Whole Foods' General Counsel, Roberta L. Lang, to have access to all of the information that Winn-Dixie, as well as the Interveners, had provided to the Commission. On June 18, 2007, each of the Interveners moved to intervene without opposition from counsel for the parties for the limited purpose of opposing Whole

Foods' motion for a new protective order, and on June 19 and 20 the Court granted those motions. On June 20, the Commission filed its opposition on the merits to Whole Foods' motion for entry of protective order.

II.     Winn-Dixie's Late Filing Will Not Cause Any Prejudice Or Delay

Winn-Dixie respectfully asks the Court to permit it to move to intervene notwithstanding the June 18, 2007 deadline for doing so in the Court's June 15 Minute Order. Winn-Dixie respectfully submits that permitting it to so move will not prejudice any party or Intervener. Counsel for each of the parties consented to the Interveners' respective motions to intervene and Winn-Dixie's interests herein are not different in kind from the interests that the Interveners already have previously asserted to the Court in each of their respective successful motions. Moreover, if permitted to intervene, Winn-Dixie will file its opposition on the merits to Whole Foods' motion pursuant to the Court's June 22, 2007 deadline in its June 15 Minute Order and in accordance with the Court's encouragement in that same Order that any Interveners act jointly with respect to positions among them that are complimentary. Accordingly, Winn-Dixie's late filing will cause no prejudice whatsoever or otherwise interfere with the Court's administration of this action.

III.    Winn-Dixie's Intervention Is Appropriate Under Rule 24 to Permit It To Protect Its Interests In Its Proprietary and Confidential Information

As expressed in their respective motions to intervene, each of the Interveners provided the Commission with information the Interveners deemed confidential and had expressly designated as confidential as part of their productions to the Commission. In their motions, the Interveners sought to intervene to oppose Whole Foods' efforts in its motion for a new protective order to allow its General Counsel to be able to have access to the Interveners' respective confidential information, in contrast to the restrictions on such access in the Interim Protective

Order. The Interveners pointed out that permitting Whole Foods' General Counsel access to their confidential information could be immediately harmful to their respective business interests because Whole Foods is also a grocery retailer, and the Court has now permitted their intervention for the purpose of protecting those interests. Furthermore, the Commission has now filed an opposition to Whole Foods' motion, which among arguments against the motion points out the potential harms of permitting Whole Foods' General Counsel access to third parties' confidential information. See Plaintiff's Memorandum In Opposition To Defendant Whole Food Market, Inc.'s Motion For Entry Of A Final Protective Order, *passim* (Document No. 47).

Winn-Dixie's affected interests and its basis for seeking intervention in this action are not different in kind from the interests on which the Interveners based their successful motions to intervene. As with each of the Interveners, Winn-Dixie has the necessary standing and affected interests in this action to intervene to protect its own confidential and proprietary information and to seek to prohibit Whole Foods, another grocery retailer, from improperly having access to its commercially-sensitive information.[1] Should Whole Foods have such access, Winn-Dixie's

---

[1] Winn-Dixie is well aware of the positions of -- and dispute between -- the Commission and Whole Foods with regard to the appropriate "product market definition" to be applied substantively in analyzing the antitrust merits of the challenged Whole Foods-Wild Oats transaction under Section 7 of the Clayton Act and Section 5 of the FTC Act. Winn-Dixie also anticipates that Whole Foods may attempt to characterize Winn-Dixie's Motion to Intervene -- as well as the Interventions already granted by this Court -- as some sort of indicia or evidence that Whole Foods and Wild Oats in fact "compete" against Winn-Dixie and these Interveners for purposes of construing the product market definition. Winn-Dixie respectfully submits that this is improper because the analysis underlying the goals of protecting commercially-sensitive information provided to the Commission by Winn-Dixie and the economic analysis subsumed in defining the relevant product market as a matter of substantive antitrust law are fundamentally different. Accordingly, Winn-Dixie urges this Court to reject any such suggestion by Whole Foods, and instead analyze the relevant product market for the purpose of the challenged merger entirely on the basis of accepted legal and economic analysis with no consideration given to the fact that Winn-Dixie (and the other Interveners) has opposed the Whole Foods motion for protective order.

commercial interests could be potentially immediately harmed. It is well established that the need to protect confidential and proprietary information is a legitimate basis for intervention under Rule 24. See, e.g., In re Sealed Case 00-5116, 237 F.3d 657, 663-64 (D.C. Cir. 2001); Northrop Grumman Information Technology, Inc. v. United States, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006).

Furthermore, Winn-Dixie, as also maintained by the other Interveners, should be permitted to intervene because its particular interests are not adequately represented and protected by the parties in this action. Whole Foods seeks relief directly at odds with Winn-Dixie's interests and the Commission's expressed public policy interest in protecting confidential third party information disclosed in an investigation is not necessarily, and cannot be assumed to be, in sufficient alignment with Winn-Dixie's individual need to protect its own financial and business interests in this particular action without regard to the eventual outcome of this action as among the parties.

In addition, although on the basis of the foregoing Winn-Dixie's interests would satisfy the requirements under Rule 24(a) for intervention as of right, those interests would also merit permissive intervention because of the flexible application in this Circuit of Rule 24(b) for the purpose of allowing third parties to represent their own interests with respect to confidentiality orders. See EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders").

Accordingly, based on the interests of Winn-Dixie in protecting its confidential information and the potential risks and harm Winn-Dixie faces if not permitted to intervene, the fact that the Court has previously granted the Interveners' motions to intervene based on their

respective similar interests, and the flexible application of Rule 24(b) with respect to the interests of third parties in challenging protective orders, Winn-Dixie respectfully requests this Court to enter an Order: (a) allowing Winn-Dixie leave to file late its motion to intervene; and (b) permitting Winn-Dixie to intervene.

IV.    Conclusion

For the foregoing reasons, Winn-Dixie's motion for leave to file late and its motion to intervene should be granted.

Dated: June 25, 2007

Respectfully submitted,

*Kristen C. Limarzi*

Andrew G. Berg (DC Bar No. 397857)
B. Kelly Kiser (DC Bar No. 461135)
Kristen C. Limarzi (DC Bar No. 485011)
   KING & SPALDING LLP
   1700 Pennsylvania Avenue, NW
   Washington, DC 20006
   Telephone: (202) 626-2924
Attorneys for Winn-Dixie Stores, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION )
)
Plaintiff, )
)
v. ) Civ. No. 1:07-CV-01021-PLF
)
WHOLE FOODS MARKET, INC. )
)
and )
)
WILD OATS MARKETS, INC. )
)
Defendants. )
)

NOTICE OF APPEARANCE OF COUNSEL FOR WINN-DIXIE STORES, INC.

PLEASE TAKE NOTICE that the undersigned appears as counsel of record for Winn-Dixie Stores, Inc. in the above-captioned action.

Dated: June 25, 2007

Respectfully submitted,

_____
B. Kelly Kiser (DC Bar No. 461135)
Kristen C. Limrazi (DC Bar No. 485011)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 626-2924
Attorneys for Winn-Dixie Stores, Inc.

WDC_IMANAGE-857062 v1

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7(m) and Rule 26(c) of the Federal Rules of Civil Procedure, I hereby certify that counsel for Winn-Dixie Stores, Inc. conferred in good faith with counsel for the parties by telephone on June 22, 2007. The parties do not oppose Winn-Dixie Stores, Inc.'s motion for leave to file late or motion to intervene.

Dated: June 25, 2007

*Andrew G Berg /KCL*
Andrew G. Berg (DC Bar No. 397857)
Attorney for Winn-Dixie Stores, Inc.

WDC_IMANAGE-857062 v1

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2007, I caused to be filed the foregoing Combined Motions of Winn-Dixie Stores, Inc. For Leave To File Late And To Intervene, together with a proposed Order, Notice of Appearance, and Corporate Disclosure Statement, and also caused these same papers to be served by First Class U.S. Mail, postage prepaid and electronic mail on the persons listed below:

**Attorneys for Plaintiff**
Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC 20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**
Alden L. Atkins
VINSON & ELKINS, LLP
1455 Pennsylvania Ave, NW
Washington, DC 20004
aatkins@velaw.com

**Attorney for Defendant Wild Oats Markets, Inc.**
Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave, NW
Washington, DC 20005
caronson@skadden.com

**Attorney for Intervenor The Kroger Co.**
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Justin_Antonipillai@aporter.com

**Attorney for Intervenors Publix Super Markets, Inc.,
Megman's Food Markets, Inc., and
Supervalu Inc.**
Christopher J. MacAvoy
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

WDC_IMANAGE-857062 v1

MacAvoyC@howrey.com

**Attorney for Intervenor Wal-Mart Stores, Inc.**
Darren S. Tucker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
dtucker@omm.com

**Attorneys for Intervenor Trader Joe's Company**
Richard G. Parker
Karin F.R. Moore
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
rparker@omm.com
kmoore@omm.com

**Attorney for Intervenor H.E. Butt Grocery Company**
Joseph J. Simons
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1615 L Street, NW, Suite 1300
Washington. DC 20036
jsimons@paulweiss.com

**Attorneys for Intervenor Safeway, Inc.**
Peter L. Winik
E. Marcellus Williamson
LATHAM & WATKINS LLP
555 11th Street, NW
Suite 1000
Washington, DC 20004
Peter.Winik@lw.com
Marc.Williamson@lw.com

**Attorney for Intervenor Apollo Management Holding, LP**
Jonathan M. Rich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
jrich@morganlewis.com

Wendy Carrillo
Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION )
)
Plaintiff, )
) Civ. No. 1:07-CV-01021-PLF
v. )
)
WHOLE FOODS MARKET, INC. )
)
and )
)
WILD OATS MARKETS, INC. )
)
Defendants. )
_____)

ORDER

Upon consideration of Winn-Dixie Stores, Inc.'s Motion for Leave To File Late and Motion To Intervene Pursuant to Rule 24 of the Federal Rules of Civil Procedure, it is this ____ day of June 2007, hereby:

ORDERED that Winn-Dixie Stores, Inc. is granted leave to file late its Motion To Intervene; and

ORDERED that Winn-Dixie Stores, Inc. may intervene in the above-captioned action.

_____
Hon. Paul L. Friedman
United States District Judge

WDC_IMANAGE-857062 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | )<br>)<br>)<br>)  Civ. No. 1:07-CV-01021-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF WINN-DIXIE STORES, INC. REQUIRED
BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

We, the undersigned counsel of record for Winn-Dixie Stores, Inc. certify that to the best of our knowledge and belief, the following are parent companies, subsidiaries or affiliates of Winn-Dixie Stores, Inc. which have any outstanding shares in the hands of the public.

*There are no parent companies, subsidiaries or affiliates of Winn-Dixie Stores, Inc. which have any outstanding shares in the hands of the public.*

These representations are made in order that judges of this court may determine the need for recusal.

Dated: June 25, 2007

[signature on following page]

WDC_IMANAGE-857062 v1

Respectfully submitted,

*Kristen C. Limrazi*

Andrew G. Berg (DC Bar No. 397857)
B. Kelly Kiser (DC Bar No. 461135)
Kristen C. Limrazi (DC Bar No. 485011)
   KING & SPALDING LLP
   1700 Pennsylvania Avenue, NW
   Washington, DC 20006
   Telephone: (202) 626-2924
Attorneys for Winn-Dixie Stores, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHOLE FOODS MARKET, INC. )<br>)<br>and )<br>)<br>WILD OATS MARKETS, INC. )<br>)<br>Defendants. )<br>_____) | Civ. No. 1:07-CV-01021-PLF |

WINN-DIXIE STORES, INC.'S OPPOSITION TO DEFENDANT WHOLE FOODS
MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER

Winn-Dixie Stores, Inc. ("Winn-Dixie"), by its undersigned counsel, hereby submits its opposition to the motion of defendant Whole Foods Market, Inc. ("Whole Foods") for entry of a final protective order.[1] Along with the other grocery retailers who have intervened in this action (collectively, together with Winn-Dixie, the "Interveners"), Winn-Dixie has intervened for the limited purpose of opposing Whole Foods' motion because the motion seeks to modify the Interim Protective Order Governing Discovery Material that the Court entered on June 8, 2007 (the "Interim PO") in a manner inconsistent with Winn Dixie's and the other Interveners' recognized interests in protecting their respective confidential and proprietary information. The Federal Trade Commission (the "Commission") also is opposing Whole Foods' motion.

Specifically, Whole Foods improperly seeks to have the Interim PO modified so as to eliminate the "Restricted Confidential Discovery Material" designation therein and instead have

---

[1] Winn-Dixie has also filed and served a motion for leave to file late a motion to intervene in this action together with the actual motion to intervene. Winn-Dixie is submitting this opposition today so that should the Court permit Winn-Dixie to intervene it will be in compliance with the June 22 deadline for the filing of oppositions to Whole Foods' motion set forth in the Court's June 15, 2007 Minute Order.

only a "Confidential Discovery Material" designation. Under the Interim PO, defendants' in-house counsel may not have access to any documents or information designated as Restricted Confidential Discovery Material; only defendants' outside counsel may view any such discovery material. Accordingly, the effect of Whole Foods' proposed modification would be to permit Whole Foods' in-house counsel, namely its General Counsel, Roberta L. Lang, to have access to confidential and proprietary information that Winn-Dixie and the other Intervenors deem to be particularly commercially sensitive and appropriate for disclosure only to defendants' outside counsel as contemplated in the Interim PO. Winn-Dixie respectfully submits that permitting Whole Foods' in-house counsel such access would potentially immediately harm Winn-Dixie's legally-recognized interests in protecting its confidential and commercially sensitive information from disclosure to other national grocery retailers and would not prejudice Whole Foods' interests in this proceeding.

Accordingly Winn-Dixie requests this Court to deny Whole Food's motion in all respects and enter the Interim PO as a final protective order in this action modified only as proposed by Intervener Trader Joe's Company in its Opposition to Whole Foods' motion.

I.   Pertinent Facts

Founded in 1925 and organized in the state of Florida as a publicly-held corporation, Winn-Dixie is a major food retailer with 530 supermarkets in five states in the southeastern United States and The Bahamas, including several where both Whole Foods and Wild Oats have retail store locations. On March 28, 2007, the the Commission issued to Winn-Dixie a Civil Investigative Demand ("CID") as part of the Commission's Hart-Scott-Rodino investigation of the proposed acquisition at issue in this case. Winn-Dixie subsequently submitted to the Commission certain information by mutual agreement after negotiation in response to the CID. Among other proprietary information, Winn-Dixie submitted confidential data showing its 52-

week average weekly sales for every one of its 530 stores, store location and opening/remodel information, and information relating to store departments and product composition. Winn-Dixie designated as confidential all such data and information that it supplied to the Commission.

Subsequent to the Court's entry on June 8, 2007 of its Interim PO, Winn-Dixie became aware that Whole Foods had filed on June 11, 2007 a motion for entry of a different protective order that would, unlike the Interim PO, permit Whole Foods' General Counsel, Roberta L. Lang, to have access to all of the information that Winn-Dixie, as well as the other Interveners, had provided to the Commission. On June 20, the Commission filed its opposition to Whole Foods' motion for entry of protective order.

II.   Whole Foods' Proposed Protective Order Will Harm Winn-Dixie's Interests In Its Proprietary and Confidential Information

Winn-Dixie, like each of the other Interveners, provided the Commission with information Winn-Dixie deems highly confidential and had expressly designated as confidential as part of its production to the Commission. In this action, Winn-Dixie would designate as "Restricted Confidential Discovery Material" per the terms of the Interim PO the information it gave the Commission, namely: weekly sales for every one of its 530 stores, store location, and opening/remodel information, and information relating to store departments and product composition. That information is confidential and proprietary and commercially sensitive. Permitting Whole Foods' General Counsel access to its confidential information could be immediately harmful to Winn-Dixie's business interests because Whole Foods is also a grocery retailer. The Commission itself has filed an opposition to Whole Foods' motion, which among arguments against the motion points out the potential harms of permitting Whole Foods' General Counsel access to the highly confidential information of third parties, such as Winn-Dixie. See

3

Plaintiff's Memorandum In Opposition To Defendant Whole Food Market, Inc.'s Motion For Entry Of A Final Protective Order, *passim* (Document No. 47).

III. **Whole Foods Has Failed To Demonstrate Legally Or Factually That Its General Counsel Should Have Access To Winn-Dixie's And The Other Interveners' Sensitive Information**

In accordance with the Court's encouraged joint cooperation among the Interveners in the Court's June 15, 2007 Minute Order, Winn-Dixie adopts and incorporates herein by reference Sections II through IV of Intervener Trade Joe's Company's Opposition to Defendant's Motion For A Protective Order, filed June 22, 2007, in this action. For the reasons set forth in that opposition, Winn-Dixie submits that Whole Foods has failed to show that it is entitled to the unusual relief its seeks in its motion, and accordingly Whole Foods' motion should be denied.

IV. **Conclusion**

For the foregoing reasons, Whole Foods' motion for entry of a final protective order should be denied in its entirety and the Interim PO should be entered as a final protective order in this action subject only to the modifications proposed by Intervener Trade Joe's Company in its Opposition.

Dated: June 25, 2007

                                                  Respectfully submitted,

                                                  */s/ Kristen C. Limarzi*
                                                  Andrew G. Berg (DC Bar No. 397857)
                                                  B. Kelly Kiser (DC Bar No. 461135)
                                                  Kristen C. Limarzi (DC Bar No. 485011)
                                                      KING & SPALDING LLP
                                                      1700 Pennsylvania Avenue, NW
                                                      Washington, DC 20006
                                                      Telephone: (202) 626-2924
                                                  Attorneys for Winn-Dixie Stores, In

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2007, I caused to be filed the foregoing Opposition of Winn-Dixie Stores, Inc. To Defendant Whole Foods Market, Inc.'s Motion For Entry Of A Final Protective Order and also caused the same to be served by First Class U.S. Mail, postage prepaid, to the persons listed below and by electronic mail on the persons listed below:

**Attorneys for Plaintiff**
Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC 20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**
Alden L. Atkins
VINSON & ELKINS, LLP
1455 Pennsylvania Ave, NW
Washington, DC 20004
aatkins@velaw.com

**Attorney for Defendant Wild Oats Markets, Inc.**
Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave, NW
Washington, DC 20005
caronson@skadden.com

**Attorney for Intervenor The Kroger Co.**
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Justin_Antonipillai@aporter.com

**Attorney for Intervenors Publix Super Markets, Inc.,
Megman's Food Markets, Inc., and
Supervalu Inc.**
Christopher J. MacAvoy
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

MacAvoyC@howrey.com

**Attorney for Intervenor Wal-Mart Stores, Inc.**
Darren S. Tucker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
dtucker@omm.com

**Attorneys for Intervenor Trader Joe's Company**
Richard G. Parker
Karin F.R. Moore
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
rparker@omm.com
kmoore@omm.com

**Attorney for Intervenor H.E. Butt Grocery Company**
Joseph J. Simons
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1615 L Street, NW, Suite 1300
Washington. DC 20036
jsimons@paulweiss.com

**Attorneys for Intervenor Safeway, Inc.**
Peter L. Winik
E. Marcellus Williamson
LATHAM & WATKINS LLP
555 11th Street, NW
Suite 1000
Washington, DC 20004
Peter.Winik@lw.com
Marc.Williamson@lw.com

**Attorney for Intervenor Apollo Management Holding, LP**
Jonathan M. Rich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
jrish@morganlewis.com

Wendy Carrillo
Paralegal

WDC_IMANAGE-857196 v1