IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Civ. No. 1:07-CV-01021-PLF |
| v.        ) | |
| ) | |
| WHOLE FOODS MARKET, INC.        ) | |
| ) | |
| and        ) | |
| ) | |
| WILD OATS MARKETS, INC.        ) | |
| ) | |
| Defendants.        ) | |
| _____) | |

WINN-DIXIE STORES, INC.'S OPPOSITION TO DEFENDANT WHOLE FOODS
MARKET, INC.'S MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER

Winn-Dixie Stores, Inc. ("Winn-Dixie"), by its undersigned counsel, hereby submits its opposition to the motion of defendant Whole Foods Market, Inc. ("Whole Foods") for entry of a final protective order.[1] Along with the other grocery retailers who have intervened in this action (collectively, together with Winn-Dixie, the "Interveners"), Winn-Dixie has intervened for the limited purpose of opposing Whole Foods' motion because the motion seeks to modify the Interim Protective Order Governing Discovery Material that the Court entered on June 8, 2007 (the "Interim PO") in a manner inconsistent with Winn Dixie's and the other Interveners' recognized interests in protecting their respective confidential and proprietary information. The Federal Trade Commission (the "Commission") also is opposing Whole Foods' motion.

Specifically, Whole Foods improperly seeks to have the Interim PO modified so as to eliminate the "Restricted Confidential Discovery Material" designation therein and instead have

---

[1] Winn-Dixie has also filed and served today a motion for leave to file late a motion to intervene in this action together with the actual motion to intervene. Winn-Dixie is submitting this opposition today so that should the Court permit Winn-Dixie to intervene it will be in compliance with the June 22 deadline for the filing of oppositions to Whole Foods' motion set forth in the Court's June 15, 2007 Minute Order.

RECEIVED
JUN 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

only a "Confidential Discovery Material" designation. Under the Interim PO, defendants' in-house counsel may not have access to any documents or information designated as Restricted Confidential Discovery Material; only defendants' outside counsel may view any such discovery material. Accordingly, the effect of Whole Foods' proposed modification would be to permit Whole Foods' in-house counsel, namely its General Counsel, Roberta L. Lang, to have access to confidential and proprietary information that Winn-Dixie and the other Intervenors deem to be particularly commercially sensitive and appropriate for disclosure only to defendants' outside counsel as contemplated in the Interim PO. Winn-Dixie respectfully submits that permitting Whole Foods' in-house counsel such access would potentially immediately harm Winn-Dixie's legally-recognized interests in protecting its confidential and commercially sensitive information from disclosure to other national grocery retailers and would not prejudice Whole Foods' interests in this proceeding.

Accordingly Winn-Dixie requests this Court to deny Whole Food's motion in all respects and enter the Interim PO as a final protective order in this action modified only as proposed by Intervener Trader Joe's Company in its Opposition to Whole Foods' motion.

I.   Pertinent Facts

Founded in 1925 and organized in the state of Florida as a publicly-held corporation, Winn-Dixie is a major food retailer with 530 supermarkets in five states in the southeastern United States and The Bahamas, including several where both Whole Foods and Wild Oats have retail store locations. On March 28, 2007, the the Commission issued to Winn-Dixie a Civil Investigative Demand ("CID") as part of the Commission's Hart-Scott-Rodino investigation of the proposed acquisition at issue in this case. Winn-Dixie subsequently submitted to the Commission certain information by mutual agreement after negotiation in response to the CID. Among other proprietary information, Winn-Dixie submitted confidential data showing its 52-

week average weekly sales for every one of its 530 stores, store location and opening/remodel information, and information relating to store departments and product composition. Winn-Dixie designated as confidential all such data and information that it supplied to the Commission.

Subsequent to the Court's entry on June 8, 2007 of its Interim PO, Winn-Dixie became aware that Whole Foods had filed on June 11, 2007 a motion for entry of a different protective order that would, unlike the Interim PO, permit Whole Foods' General Counsel, Roberta L. Lang, to have access to all of the information that Winn-Dixie, as well as the other Interveners, had provided to the Commission. On June 20, the Commission filed its opposition to Whole Foods' motion for entry of protective order.

II.     Whole Foods' Proposed Protective Order Will Harm Winn-Dixie's Interests In Its
        Proprietary and Confidential Information

Winn-Dixie, like each of the other Interveners, provided the Commission with information Winn-Dixie deems highly confidential and had expressly designated as confidential as part of its production to the Commission. In this action, Winn-Dixie would designate as "Restricted Confidential Discovery Material" per the terms of the Interim PO the information it gave the Commission, namely: weekly sales for every one of its 530 stores, store location, and opening/remodel information, and information relating to store departments and product composition. That information is confidential and proprietary and commercially sensitive. Permitting Whole Foods' General Counsel access to its confidential information could be immediately harmful to Winn-Dixie's business interests because Whole Foods is also a grocery retailer. The Commission itself has filed an opposition to Whole Foods' motion, which among arguments against the motion points out the potential harms of permitting Whole Foods' General Counsel access to the highly confidential information of third parties, such as Winn-Dixie. See

Plaintiff's Memorandum In Opposition To Defendant Whole Food Market, Inc.'s Motion For Entry Of A Final Protective Order, *passim* (Document No. 47).

III.  **Whole Foods Has Failed To Demonstrate Legally Or Factually That Its General Counsel Should Have Access To Winn-Dixie's And The Other Interveners' Sensitive Information**

In accordance with the Court's encouraged joint cooperation among the Interveners in the Court's June 15, 2007 Minute Order, Winn-Dixie adopts and incorporates herein by reference Sections II through IV of Intervener Trade Joe's Company's Opposition to Defendant's Motion For A Protective Order, filed June 22, 2007, in this action. For the reasons set forth in that opposition, Winn-Dixie submits that Whole Foods has failed to show that it is entitled to the unusual relief its seeks in its motion, and accordingly Whole Foods' motion should be denied.

IV.  **Conclusion**

For the foregoing reasons, Whole Foods' motion for entry of a final protective order should be denied in its entirety and the Interim PO should be entered as a final protective order in this action subject only to the modifications proposed by Intervener Trade Joe's Company in its Opposition.

Dated: June 25, 2007

                                    Respectfully submitted,

                              */s/ Kristen C. Limarzi*

                              Andrew G. Berg (DC Bar No. 397857)
                              B. Kelly Kiser (DC Bar No. 461135)
                              Kristen C. Limarzi (DC Bar No. 485011)
                                  KING & SPALDING LLP
                                  1700 Pennsylvania Avenue, NW
                                  Washington, DC 20006
                                  Telephone: (202) 626-2924
                            Attorneys for Winn-Dixie Stores, In

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2007, I caused to be filed the foregoing Opposition of Winn-Dixie Stores, Inc. To Defendant Whole Foods Market, Inc.'s Motion For Entry Of A Final Protective Order and also caused the same to be served by First Class U.S. Mail, postage prepaid, to the persons listed below and by electronic mail on the persons listed below:

**Attorneys for Plaintiff**
Michael J. Bloom
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC 20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**
Alden L. Atkins
VINSON & ELKINS, LLP
1455 Pennsylvania Ave, NW
Washington, DC 20004
aatkins@velaw.com

**Attorney for Defendant Wild Oats Markets, Inc.**
Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave, NW
Washington, DC 20005
caronson@skadden.com

**Attorney for Intervenor The Kroger Co.**
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Justin_Antonipillai@aporter.com

**Attorney for Intervenors Publix Super Markets, Inc.,
Megman's Food Markets, Inc., and
Supervalu Inc.**
Christopher J. MacAvoy
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

MacAvoyC@howrey.com

**Attorney for Intervenor Wal-Mart Stores, Inc.**
Darren S. Tucker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
dtucker@omm.com

**Attorneys for Intervenor Trader Joe's Company**
Richard G. Parker
Karin F.R. Moore
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
rparker@omm.com
kmoore@omm.com

**Attorney for Intervenor H.E. Butt Grocery Company**
Joseph J. Simons
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1615 L Street, NW, Suite 1300
Washington. DC 20036
jsimons@paulweiss.com

**Attorneys for Intervenor Safeway, Inc.**
Peter L. Winik
E. Marcellus Williamson
LATHAM & WATKINS LLP
555 11th Street, NW
Suite 1000
Washington, DC 20004
Peter.Winik@lw.com
Marc.Williamson@lw.com

**Attorney for Intervenor Apollo Management Holding, LP**
Jonathan M. Rich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
jrish@morganlewis.com

_/s/ Wendy Carrillo_
Wendy Carrillo
Paralegal