IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | : : : : : : : : : : | Case No. 1:07-CV-01021-PLF |
| v. |
| WHOLE FOODS MARKET, INC., and WILD OATS MARKETS, INC. |

**MOTION OF NON-PARTY DELHAIZE AMERICA, INC.
TO MODIFY SUBPOENA FOR 30(b)(6) DEPOSITION,
AND, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Rules 45(c) and 26(c) of the Federal Rules of Civil Procedure, Delhaize America, Inc. ("Delhaize"), a non-party to this action, by its undersigned counsel, hereby moves to modify a subpoena, dated June 27, 2007 ("Subpoena"), issued by Defendant Whole Foods Market, Inc. ("Whole Foods") in the above-captioned case. In the alternative, Delhaize moves for a protective order. The Subpoena orders Delhaize to produce a 30(b)(6) witness or witnesses at 9:30 a.m. on July 3, 2007 in Charlotte, North Carolina.

Good cause exists for the modification and/or grant of a protective order as the Subpoena 1) does not allow a reasonable time for compliance; 2) places an undue burden on Delhaize to produce a witness or witnesses in Charlotte, North Carolina on such short notice; and 3) will require disclosure of trade secrets and other proprietary and highly confidential, competitively sensitive information without the guarantee of an adequate protective order.

As explained in the accompanying Memorandum of Law, the Subpoena should be modified such that the date of the deposition takes place, with agreement of Delhaize and by counsel for the parties, during the week of July 9 at an agreed upon location. Additionally,

Delhaize should be entitled to designate permanently portions of the testimony and related exhibits outside counsels' eyes only Restricted Confidential Discovery Material as per the June 6, 2007 Interim Protective Order Governing Discovery Material.

      Pursuant to Local Rule 7(m), counsel for Delhaize has conferred with counsel for Defendants Whole Foods and Wild Oats Market, Inc. and Plaintiff Federal Trade Commission, who do not oppose this motion for purposes of setting a time and place for the deposition. Counsel for Whole Foods opposes Delhaize's motion in so much as it asks for a different protective order than the one proposed by Whole Foods.

                                Respectfully submitted,

                                /s/ Daniel Ferrel McInnis_____
                                Daniel Ferrel McInnis (D.C. Bar No. 452452)
                                AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
                                1333 New Hampshire Ave., N.W.
                                Washington, DC  20036
                                Telephone: (202) 887-4359
                                Facsimile: (202) 955-7776
                                dmcinnis@akingump.com

                                *Counsel for Delhaize America, Inc.*

Dated:  June 29, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION : <br> : <br> : Case No. 1:07-CV-01021-PLF <br> : <br> v. : <br> : <br> WHOLE FOODS MARKET, INC., and : <br> WILD OATS MARKETS, INC. : <br> : | |

**MEMORANDUM IN SUPPORT OF MOTION
OF NON-PARTY DELHAIZE AMERICA, INC.
TO MODIFY SUBPOENA FOR 30(b)(6) DEPOSITION,
AND, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Rules 45(c) and 26(c) of the Federal Rules of Civil Procedure, Delhaize America, Inc. ("Delhaize"), a non-party to this action seeks to modify a subpoena, dated June 27, 2007 ("Subpoena"), issued by Defendant Whole Foods Market, Inc. ("Whole Foods") in the above-captioned case. In the alternative, Delhaize moves for a protective order. The Subpoena orders Delhaize to produce a 30(b)(6) witness or witnesses on July 3, 2007 in Charlotte, North Carolina.

Good cause exists for the modification and/or grant of a protective order as the Subpoena 1) does not allow a reasonable time for compliance; 2) places an undue burden on Delhaize to produce a witness or witnesses in Charlotte, North Carolina on such short notice; and 3) will require disclosure of trade secrets and other proprietary and highly confidential, competitively sensitive information without an adequate protective order.

**STATEMENT OF FACTS**

The Subpoena was served on Delhaize's counsel, Dan McInnis of Akin Gump, by electronic mail at 8:43 p.m. on the evening of Wednesday, June 27, 2007. At the time of service, Delhaize was already negotiating the scope of, and responding to, subpoenas *duces tecum* issued by both the Plaintiff and Defendants. The Subpoena noticed the 30(b)(6) deposition of Delhaize at 9:30 a.m. on July 3, 2007, providing just three business days notice. Delhaize understands, and has verified with Counsel for the FTC, that under the Case Management Order, the deposition will occur as if Delhaize was subpoenaed separately by both Whole Foods and the FTC.

**ARGUMENT**

Federal Rule of Civil Procedure 45 allows that, "[o]n a timely motion, the court by which a subpoena was issued shall … modify the subpoena if it fails to allow reasonable time for compliance." Fed. R. Civ. P. 45(c)(3)(A)(i). The Subpoena notices a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which requires that Delhaize designate one or more officers, directors, managing agents, or other persons who can testify in the Company's behalf regarding eight areas of knowledge identified by Defendant Whole Foods. *See* Whole Foods Subpoena, June 27, 2007, attached as Exhibit 1.

The Subpoena does not allow a reasonable time for Delhaize to comply. A deposition subpoena with three business days notice is presumptively unreasonable. *Cf.* D.D.C.R. 30.1; *see also United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) ("[N]otice of three business days . . . does not constitute 'reasonable notice.'"). This inordinately short time period does not give Delhaize the opportunity to identify and produce an appropriately knowledgeable witness or witnesses on the wide variety of topics as ordered by the Subpoena.

2

Moreover, this matter is complicated by scheduling considerations, as the deposition is noticed for the day before the Fourth of July, a federal holiday. A significant number of Delhaize personnel are already unavailable to Delhaize counsel because of travel, vacation, or other scheduling issues. Moreover, the place of deposition is not located at or near either of Delhaize's major corporate offices in the United Sates—Salisbury, North Carolina and Portland, Maine. It is possible, for example, that the witness or one of the witnesses that will be identified pursuant to Rule 30(b)(6) will be located at Delhaize's Portland office and will require some reasonable period of time to arrange for and travel to the place of the deposition. Finally, Delhaize's counsel is still in the time consuming process of identifying responsive documents to the parties' requests for production.

The Subpoena also does not guarantee adequate protection for Delhaize's confidential and competitively sensitive information. Given the scope of the topics covered by the Subpoena, it is inevitable that the deposition noticed will delve into areas concerning Delhaize's confidential and proprietary competitive business information. Federal Rule of Civil Procedure 45(c)(3)(B)(i) allows the Court, in its discretion, to modify a subpoena if it requires disclosure of trade secrets or other confidential commercial information. While there is an interim protective order in place in this matter, this Court currently is considering a motion to modify that Order. Delhaize, however, objects to any protective order that does not allow it to designate appropriate materials and information "outside counsels' eyes only." As there is already extensive briefing before this Court by other non-party retailer witnesses on this issue, Delhaize will not repeat those arguments here. Delhaize joins, pursuant to Federal Rule of Civil Procedure 26(c), the pending pleadings and asks that the Interim Order be made final. Until this Order is in place,

however, Delhaize's deposition testimony threatens the disclosure of confidential commercial information that could lead to significant competitive injury to the Company.

On Thursday, June 28 and Friday June 29, counsel for Delhaize contacted counsel for all parties to this litigation to confer about the date of the noticed deposition, all of whom were flexible regarding the date of the deposition and expressed willingness to re-schedule the deposition with the Court's approval.  However, counsel for Whole Foods informed Delhaize counsel that it did not believe a deposition could be scheduled outside the period designated for fact witness depositions under the Case Management Order—ending July 6.  However, a deposition scheduled for July 6 would only give Delhaize four business days notice under the Federal Rules and likewise would be unreasonably burdensome for non-party witness Delhaize.  Moreover, Whole Food's counsel also stated—as shown by the Court's docket—that the pending dispute over the Interim Protective Order will be resolved by no earlier that July 2.  Good cause exists to modify the subpoena to allow sufficient and reasonable flexibility to set a time and place for the deposition that does not place an undue burden on non-party witness Delhaize and ensures that sufficient measures are in place to protect Delhaize's ability to protect its secrets and ability to compete.

4

## CONCLUSION

For the foregoing reasons, Delhaize's Motion of Non-Party Delhaize America, Inc. To Modify Subpoena for 30(b)(6) Deposition, and, In the Alternative, For Protective Order should be granted.

                                      Respectfully submitted,

                                      /s/ Daniel Ferrel McInnis
                                      Daniel Ferrel McInnis (DC Bar No. 452452)
                                      AKIN GUMP STRAUSS HAUER & FELD, LLP
                                      1333 New Hampshire Avenue, NW
                                      Washington, DC  20036
                                      Telephone: (202) 887-4359
                                      Facsimile: (202) 955-7776
                                      dmcinnis@akingump.com

                                      *Counsel for Delhaize America, Inc.*

Dated:  June 29, 2007

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on such date I served the foregoing Third-Party Objections and Responses to Defendant Whole Foods Market, Inc.'s Subpoena for Documents via electronic mail to:

Michael J. Bloom (Counsel for Plaintiff Federal Trade Commission)
Thomas H. Brock
Eric M. Sprague
Thomas J. Lang
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, DC 20001
mjbloom@ftc.gov

Clifford H. Aronson (Counsel for Defendant Wild Oats Markets, Inc.)
Thomas A. Pak
Matthew P. Hendrickson
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036
caronson@skadden.com
tpak@skadden.com
mhendric@skadden.com

Gary A. MacDonald (Counsel for Defendant Wild Oats Markets, Inc.)
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
gmacdona@skadden.com

Terrence J. Wallock (Counsel for Defendant Wild Oats Markets, Inc.)
2224 Pacific Drive
Corona Del Mar, CA 92625
terry@wallock.com

Alden L. Atkins (Counsel for Defendant Whole Foods Market, Inc.)
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
aatkins@velaw.com

James A. Fishkin (Counsel for Defendant Whole Foods Market, Inc.)
Dechert LLP
1775 I Street, NW
Washington, DC 20006
james.fishkin@dechert.com

COURTESY COPIES PROVIDED TO:

Karen Fleming Richard Moore (Counsel to Trader Joe's Co.)
Richard G. Parker (Counsel to Trader Joe's Co.)
Darren Scott Tucker (Counsel to Wal-Mart Stores, Inc.)
O'Melveny & Myers, LLP
1625 I Street, NW
First Floor
Washington, DC 20006
kmoore@omm.com
rparker@omm.com
dtucker@omm.com

Christopher James MacAvoy (Counsel to Publix Super Markets, Inc. and Supervalu, Inc.)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
macavoyc@howrey.com

Justin Sanjeeve Antonipillai (Counsel to Kroger Co.)
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004
justin_antonipillai@aporter.com

Edward Marcellus Williamson (Counsel to Safeway, Inc.)
Alexander Maltas (Counsel to Safeway, Inc.)
Latham & Watkins
555 11th Street, NW
Suite 1000
Washington, DC 20004
marc.williamson@lw.com
alexander.maltas@lw.com

Peter Lee Winik (Counsel to Safeway, Inc.)
Latham & Watkins
555 11th Street, NW
Suite 1300
Washington, DC 20004
peter.winik@lw.com

Jonathan M. Rich (Counsel to Apollo Management Holding LP)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
jrich@morganlewis.com

John Shin (Counsel to Apollo Management Holding LP)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
jshin@morganlewis.com

Joseph J. Simmons (Counsel to He Butt Grocery Co.)
Paul Weiss Rifkind Wharton & Garrison LLP Litigation
1615 L Street, NW
Suite 1300
Washington, DC 20036
jsimons@paulweiss.com

Kristen Ceara Limarzi (Counsel to Winn-Dixie Stores, Inc.)
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
klimarzi@kslaw.com


Dated: June 29, 2007

                                                /s/ Daniel Ferrel McInnis
                                                Daniel Ferrel McInnis, Esq.

# ATTACHMENT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Columbia

FEDERAL TRADE COMMISSION, Plaintiff

V.

WHOLE FOODS MARKET, INC. et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-cv-01021-PLF

TO: Delhaize America, Inc., 2110 Executive Drive, Salisbury, NC 28145

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dechert LLP, Bank of America Corp. Center, 100 N. Tryon Street, Charlotte, NC 28202 (40th Floor) | 7/3/2007 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/27/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James A. Fishkin, Dechert LLP, 1775 I Street, N.W., Washington, DC 20006, (202) 261-3300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/27/2007 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Daniel F. McInnis, Esq., 1333 New Hampshire Ave., N.W., Washington, DC 20036 | ELECTRONIC MAIL (by agreement of counsel) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James A. Fishkin, Esq. | Attorney for Defendant Whole Foods Market, Inc. |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      6/27/2007
                 DATE

SIGNATURE OF SERVER

Dechert LLP, 1775 I Street, N.W.,
ADDRESS OF SERVER

Washington, DC 20006

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>        Defendants. | Civil Action No. 07-cv-01021-PLF |

To: Delhaize America, Inc.
   2110 Executive Drive
   Salisbury, NC 28145
   c/o Daniel F. McInnis, Esq.
   Akin, Gump, Strauss, Hauer & Feld
   Robert S. Strauss Building
   1333 New Hampshire Avenue, N.W.
   Washington, DC 20036

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, counsel for Defendant Whole Foods Market, Inc. will take the deposition of Delhaize America, Inc. upon oral examination in connection with the above-captioned matter. This deposition will be conducted before a certified court reporter duly authorized to administer oaths, at the offices of Dechert LLP, Bank of America Corp. Center, 100 N. Tryon Street, Charlotte, NC 28202 (40th Floor), on July 3, 2007, at 9:30 A.M. The deposition will be recorded by sound and stenographic means. The deposition will continue for

the period allowed by the Federal Rules of Civil Procedure. Pursuant to Rule 30(b)(6), Delhaize America, Inc. is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify in its behalf, with respect to the matters set forth on Exhibit A to this Deposition Notice.

Dated: June 27, 2007

/s/ James A. Fishkin
James A. Fishkin
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
(202) 261-3300

Attorneys for Defendant Whole Foods Market, Inc.

## EXHIBIT A
## AREAS OF KNOWLEDGE FOR DELHAIZE
## AMERICA, INC.-DESIGNATED REPRESENTATIVE

(a) The operations of the Delhaize America, Inc. ("Company"), including its store formats, banners, and locations.

(b) The types of products and services offered at the Company's stores.

(c) Competition faced by the Company, including the nature of competition with Whole Foods, Wild Oats and other grocery retailers.

(d) The Company's ability to obtain organic and natural products from suppliers for sale to consumers.

(e) Trends in grocery retailing relating to natural, organic or fresh products.

(f) The Company's business decisions, plans and strategies relating to branded and private label organic and natural product offerings.

(g) The manner in which decisions are made regarding pricing, product selection and services offered at the Company's stores.

(h) The process and considerations employed by the Company in the selection of locations for new stores or the decision to remodel or expand existing stores.

(i) The ease or difficulty of expansion or repositioning by grocery retailers, and the competitive impact of competitor entry, expansion or repositioning on the Company's stores.

## CERTIFICATE OF SERVICE

I, James A. Fishkin, hereby certify that on June 27, 2007, I caused to be served, by electronic mail, a true and correct copy of the foregoing Notice of Deposition to the following:

Daniel F. McInnis, Esq.
Akin, Gump, Strauss, Hauer & Feld
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Counsel for Delhaize America, Inc.

Michael J. Bloom, Esq.
Thomas H. Brock, Esq.
Eric M. Sprague, Esq.
Thomas J. Lang, Esq.
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20001
Counsel for Federal Trade Commission

Gary A. MacDonald, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Counsel for Wild Oats Markets, Inc.

Alden L. Atkins, Esq.
Vinson & Elkins, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC 20004-1008
Counsel for Whole Foods Market, Inc.

Clifford H. Aronson, Esq.
Thomas A. Pak, Esq.
Matthew P. Hendrickson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Counsel for Wild Oats Markets, Inc.

Terrence J. Wallock, Esq.
2224 Pacific Drive
Corona Del Mar, CA 92625
Counsel for Wild Oats Markets, Inc.

/s/ James A. Fishkin
James A. Fishkin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION | : |
|  | : Case No. 1:07-CV-01021-PLF |
| v. | : |
| WHOLE FOODS MARKET, INC., and WILD OATS MARKETS, INC. | : |

**[PROPOSED] ORDER**

Upon consideration of the MOTION OF NON-PARTY DELHAIZE AMERICA, INC. TO MODIFY SUBPOENA FOR 30(b)(6) DEPOSITION, AND, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER filed by Delhaize America, Inc. and any response thereto, and for good cause shown, it is hereby **ORDERED** this _____ day of _____, 2007, that the motion is **GRANTED**; and it is **FURTHER ORDERED** that the subpoena served on Delhaize America, Inc. is modified such that the deposition shall take place during the week of July 9 at a time and place agreed upon by Delhaize.  Further, the deposition will take place subject to the Interim Protective Order, dated June 6, 2007, or a protective order approved by this Court, allowing Delhaize to designate portions of testimony as highly-confidential and outside counsels' eyes only to preserve the trade secrets and other confidential, competitively sensitive information of Delhaize.

**SO ORDERED.**

Dated: July ___, 2007

_____
PAUL L. FRIEDMAN
United States District Judge