IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION )<br><br>Plaintiff, )<br><br>v. )<br><br>WHOLE FOODS MARKET, INC. )<br>and )<br>WILD OATS MARKETS, INC. )<br><br>Defendants. ) | Civil Action No. 1:07-CV-01021-PLF |

**THIRD PARTY WEGMANS FOOD MARKETS, INC.'S OPPOSITION TO
JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER**

Wegmans Food Markets, Inc. ("Wegmans") opposes the Joint Motion For The Entry Of A Final Protective Order that was filed by plaintiff Federal Trade Commission ("FTC") and defendants Whole Foods Market, Inc. ("Whole Foods") and Wild Oats Markets, Inc. ("Wild Oats") on June 29, 2007 [Doc. 77]. To avoid repetition, Wegmans hereby joins and incorporates Third Party Trader Joe's Company's Opposition To Joint Motion For The Entry Of A Final Protective Order, which is being filed today. Pursuant to Local Rule 7(f), Wegmans requests an oral hearing on this matter.

Wegmans initially intervened in this action to oppose Whole Foods' June 11, 2007 motion for entry of a final protective order [Doc. 38]. That proposed protective order would have denied third parties the ability to designate their most competitively-sensitive and proprietary information as "Restricted Confidential Discovery Material" and would have granted

Whole Foods' General Counsel, Roberta Lang, access to this highly-sensitive information and data. The compromise now being proposed by the FTC and the defendants does not meet the substance of Wegmans' objections. It would allow Ms. Lang access to any and all highly confidential, commercially-sensitive information from Wegmans, provided that it is contained in unredacted drafts or final versions of pleadings, deposition or hearing transcripts, or expert reports. *See* Proposed Protective Order at ¶ 8(c). This is no improvement over Whole Foods' original proposal.

The information that Wegmans submitted to the FTC is proprietary, commercially-sensitive, and highly-confidential. It includes recent, highly-detailed financial data such as department-level sales and margins, and transaction counts. Its disclosure to the General Counsel of another grocery retailer would expose Wegmans to the risk of severe commercial and competitive harm. *See* Declaration of Stephen R. Van Arsdale (attached hereto as *Exhibit A*). Wegmans therefore objects to Whole Foods gaining access to this information in *any* form. Indeed, Wegmans has particular concern regarding disclosure of its most confidential information in the distilled form of a pleading, transcript, or expert report.

For the foregoing reasons and the reasons stated in Third Party Trader Joe's Company's Opposition to the Joint Motion For The Entry Of A Final Protective Order, this Court should deny the Parties' joint motion and retain the Interim Protective Order that is currently in effect.

                Respectfully submitted,


                /s/  Christopher J. MacAvoy
                Christopher J. MacAvoy (DC Bar No. 367060)
                **HOWREY LLP**
                1299 Pennsylvania Ave., N.W.
                Washington, DC 20004
                Telephone:  (202) 783-0800
                Facsimile:  (202) 383-6610
                Email:  MacAvoyC@howrey.com

                Attorney for Wegmans Food Markets, Inc.

July 2, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing THIRD PARTY WEGMANS FOOD MARKETS, INC.'S OPPOSITION TO JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER was filed and served upon counsel via the Court's CM/ECF filing system on this 2nd day of July, 2007.

                                              /s/Christopher J. MacAvoy
                                              Counsel for Wegmans Food Markets, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | Civil Action No. 1:07-CV-01021-PLF |

**DECLARATION OF STEPHEN R. VAN ARSDALE IN SUPPORT
OF WEGMANS FOOD MARKETS, INC.'S OPPOSITION TO
DEFENDANT WHOLE FOODS MARKET, INC.'S MOTION
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

1. My name is Stephen R. Van Arsdale. I am the Vice President and Assistant General Counsel of Wegmans Food Markets, Inc. ("Wegmans"). The statements in this Declaration are true and are within my personal knowledge unless stated otherwise.

2. I make this Declaration in opposition to Whole Foods Market, Inc.'s ("Whole Foods") Motion for Entry of a Final Protective Order. If Whole Foods' proposed protective order were to be put into effect, confidential and highly-sensitive information concerning, among other things, Wegmans' store operations, store-level profitability, expansion and remodeling plans, store construction and closure plans, and other confidential financial and business information would be disclosed to the General Counsel of Whole Foods, with the risk of further disclosure to other executives of Whole Foods. Such disclosure to the General Counsel of

another grocery retailer and risk of disclosure to other executives would cause serious commercial damage to Wegmans.

3. Wegmans is based in Rochester, NY. Wegmans is not a public company; it is privately held.

4. Wegmans operates 70 supermarkets under the Wegmans banner. Its stores operate in some of the same areas as Whole Foods and/or Wild Oats stores, including Princeton, NJ and Fairfax, VA. The Chief Executive Officer of Whole Foods, in a recent statement posted on his company's web site, characterized Wegmans as one of Whole Foods' primary competitors. In response to the question "If Wild Oats is not your primary competitor, which companies are?", the CEO wrote: "In the Mid-Atlantic Region our toughest competition is from Wegman's [sic]."

5. Wegmans received a Civil Investigative Demand ("CID") from the FTC on March 28, 2007. Wegmans responded to the CID with a submission of data and information on April 18, 2007. The information that Wegmans produced to the FTC included:

- plans to build and open new stores at various locations in the future;
- plans to refurbish or remodel specific stores;
- the total square footage and total selling space of specific stores;
- the ingress and egress quality to and from specific stores, and the level of visibility of specific stores from the street;
- the gross and net sales of specific stores by department for Q4 2006;
- the adjusted gross margin of specific stores by department for Q4 2006;
- the number of total employees and salaried employees per store and department; and
- the number of units sold by each store, the number of stock-keeping units (SKUs) that Wegmans carries at its stores, and number of customer transactions per store.

All information produced by Wegmans in response to the CID was designated "confidential."

6. On June 7, 2007, the FTC staff contacted Wegmans by letter, which stated that the FTC was seeking a preliminary injunction to prevent Whole Foods' proposed acquisition of Wild Oats, and that "the merging parties may seek to obtain access to" the information previously provided by Wegmans pursuant to the CID.

7. On June 12, 2007, Wegmans advised the FTC that its previously produced information was "Confidential Discovery Material." On June 20, Wegmans supplemented this notice and designated certain categories of its information as "Restricted Confidential Discovery Material." The material so designated included information relating to the number and status of its employees, all financial data, and information relating to the number of stock-keeping units in its stores. See Letter Dated June 20, 2007 from T. Young to J. Frumin (attached hereto as *Exhibit B*).

8. Wegmans has learned that Whole Foods has filed a motion seeking entry of a new protective order under which its General Counsel would have access to all of the information Wegmans provided to the FTC. Wegmans strongly opposes the dissemination of its confidential and proprietary information to the General Counsel of Whole Foods, whose retail grocery stores operate in some of the same cities where Wegmans operates, or may be planning to operate, stores.

9. Given the General Counsel's position at Whole Foods, Wegmans is greatly concerned that disclosure of Wegmans' highly-sensitive Restricted Confidential information to her, with the risk of further disclosure to other Whole Foods executives, would cause substantial harm to Wegmans' business. The information Wegmans provided to the FTC included highly

3


detailed and recent financial data of a type it closely protects against disclosure in the ordinary course of business, such as sales and profits at the department level, product mix by store department, and information on hourly and salaried store staffing and transaction counts. The disclosure of this information to Whole Foods would be quite damaging to Wegmans. Wegmans' confidential information no doubt would be commercially valuable to Whole Foods, given the stated view of Whole Foods' CEO that Wegmans is one of his company's primary competitors. In Whole Foods' hands, Wegmans' information might permit Whole Foods to adjust and target its prices, product mixes, and service levels and otherwise preempt Wegmans' competitive strategies. In sum, Wegmans would be greatly harmed if any of the Restricted Confidential information it produced to the FTC were disclosed to the General Counsel of Whole Foods.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 22, 2007

_____
Stephen R. Van Arsdale

# EXHIBIT B

**WEGMANS FOOD MARKETS, INC.**
1500 BROOKS AVENUE, P.O. BOX 30844
ROCHESTER, NEW YORK 14603-0844

June 20, 2007

Federal Trade Commission
601 New Jersey Avenue, N.W. – Room 5241
Washington, D.C. 20001
Attention: Jill M. Frumin, Esq.

By e-mail to: JFrumin@ftc.gov
and Federal Express

Re: Federal Trade Commission v. Whole Foods Market, Inc.

Dear Ms. Frumin:

As you are aware, by letter dated June 12, 2007, Wegmans Food Markets, Inc. ("Wegmans") resubmitted to the Federal Trade Commission ("Commission") a verbatim copy of Wegmans' original response to the above-referenced Civil Investigative Demand ("CID") dated April 18, 2007. That resubmission was necessary to comply with the requirements of Sections 2 and 4 of the Interim Protective Order agreed to among the parties to the above-referenced litigation dated June 6, 2007 (the "Interim Protective Order").

The purpose of this letter is to further clarify an issue that arises due to the meaning of the term "Restricted Confidential Discovery Material" in the Interim Protective Order. Please be advised that in addition to the status as "Confidential Discovery Material" of all information previously submitted to the Commission by Wegmans in this matter, Wegmans hereby advises that its information regarding: (1) the number and status of its employees as found in Chart 1, Columns N and O; (2) all information found in Chart 2; and (3) the data in Chart 3 regarding the number of Stock Keeping Units, of its previously submitted information should all be treated by the Commission as "Restricted Confidential Discovery Material" within the meaning of the Interim Protective Order.

Please contact the undersigned should you have any questions regarding this letter.

Very truly yours,

WEGMANS FOOD MARKETS, INC.

Thomas P. Young,
Attorney
Legal Department
Direct line: (585) 429-3516
E-mail: tom.young@wegmans.com

ec: Christopher MacAvoy, Esq.