# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| FEDERAL TRADE COMMISSION | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:07-CV-01021-PLF |
|  | ) | |
|  | ) | |
| WHOLE FOODS MARKET, INC. | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| WILD OATS MARKETS, INC. | ) | |
|  | ) | |
| Defendants. | ) | |
| _____ ) | | |

## THIRD PARTY SUPERVALU INC.'S OPPOSITION TO
## JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER

SUPERVALU Inc. ("SUPERVALU") opposes the Joint Motion For The Entry Of A

Final Protective Order that was filed by plaintiff Federal Trade Commission ("FTC") and

defendants Whole Foods Market, Inc. ("Whole Foods") and Wild Oats Markets, Inc. ("Wild

Oats") on June 29, 2007 [Doc. 77].  To avoid repetition, SUPERVALU hereby joins and

incorporates Third Party Trader Joe's Company's Opposition To Joint Motion For The Entry Of

A Final Protective Order, which is being filed today.  Pursuant to Local Rule 7(f), SUPERVALU

requests an oral hearing on this matter.

SUPERVALU initially intervened in this action to oppose Whole Foods' June 11, 2007

motion for entry of a final protective order [Doc. 36].  That proposed protective order would

have denied third parties the ability to designate their most competitively-sensitive and

proprietary information as "Restricted Confidential Discovery Material" and would have granted

Whole Foods' General Counsel, Roberta Lang, access to this highly-sensitive information and data.  The compromise now being proposed by the FTC and the defendants does not meet the substance of SUPERVALU's objections.  It would allow Ms. Lang access to any and all highly confidential, commercially-sensitive information from SUPERVALU, provided that it is contained in unredacted drafts or final versions of pleadings, deposition or hearing transcripts, or expert reports. *See* Proposed Protective Order at ¶ 8(c).  This is no improvement over Whole Foods' original proposal.

The information that SUPERVALU submitted to the FTC is proprietary, commercially-sensitive, and highly-confidential.  It includes strategic, forward-looking information such as data on projected new stores, and recent, highly-detailed financial data such as department-level sales, margins, and customer counts.  Its disclosure to the General Counsel of another grocery retailer would expose SUPERVALU to the risk of severe commercial and competitive harm.  *See* Declaration of Stephen P. Kilgriff, (attached hereto as *Exhibit A*).  SUPERVALU therefore objects to Whole Foods gaining access to this information in *any* form.  Indeed, SUPERVALU has particular concern regarding disclosure of its most confidential information in the distilled form of a pleading, transcript, or expert report.

For the foregoing reasons and the reasons stated in Third Party Trader Joe's Company's Opposition to the Joint Motion For The Entry Of A Final Protective Order, this Court should deny the Parties' joint motion and retain the Interim Protective Order that is currently in effect.

Respectfully submitted,


/s/  Christopher J. MacAvoy
Christopher J. MacAvoy (DC Bar No. 367060)
**HOWREY LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610
Email:  MacAvoyC@howrey.com

Attorney for SUPERVALU Inc.

July 2, 2007

**CERTIFICATE OF SERVICE**

I certify that the foregoing THIRD PARTY SUPERVALU INC.'S OPPOSITION TO

JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER was filed and

served upon counsel via the Court's CM/ECF filing system on this 2nd day of July, 2007.


/s/Christopher J. MacAvoy
Counsel for SUPERVALU Inc.

4

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC. ) | |
| ) | |
| and ) | |
| ) | |
| WILD OATS MARKETS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF STEPHEN P. KILGRIFF IN SUPPORT
OF SUPERVALU INC.'S OPPOSITION TO DEFENDANT
WHOLE FOODS MARKET, INC.'S MOTION
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

1.    My name is Stephen P. Kilgriff. I am the Vice President, Legal Services, of

SUPERVALU INC. ("SUPERVALU"). I have held this position since 2000. The statements in

this Declaration are true and are within my personal knowledge unless stated otherwise.

2.    I make this Declaration in opposition to Whole Foods Market, Inc.'s ("Whole

Foods") Motion for Entry of a Final Protective Order. If Whole Foods' proposed protective

order were to be put into effect, SUPERVALU would face a significant risk of commercial harm

because proprietary and highly-sensitive information relating to its store operations, store-level

margins, store expansion, remodeling, construction and closure plans, and other confidential

financial and business information would be disclosed to the General Counsel of Whole Foods.

SUPERVALU would also face the risk that its highly-sensitive information would be further disclosed to other executives of Whole Foods.

3.       SUPERVALU is one of the largest grocery retailers in the United States. It conducts its retail operations under three general food store formats: food stores, combination stores (food and drug), and limited assortment food stores. SUPERVALU operates approximately 2,500 retail and licensed stores under various names such as: Acme, Albertson's, Bigg's, Bristol Farms, Cub Foods, Hornbacher's, Lucky, Save-A-Lot, Shaw's Supermarkets, Jewel-Osco, Farm Fresh Food & Pharmacy, Sunflower Market, and Shoppers Food & Pharmacy. In addition, SUPERVALU is the largest publicly-held grocery wholesaler in the US, serving as the primary supplier to approximately 2,200 retail stores, which include chains and independent stores.

4.       SUPERVALU is headquartered in Eden Prairie, Minnesota. Our competitors include national and regional supermarket chains and independent food store operators. SUPERVALU operates retail stores throughout the United States, in many of the same cities and towns as Whole Foods and/or Wild Oats stores, including, for example, in Alexandria and Fairfax, Virginia (under the Shoppers Food & Pharmacy name), the Boston, Massachusetts area (under the Shaw's Supermarkets name), the Chicago, Illinois area (under the Jewel-Osco name), and the Los Angeles, California area (under the Bristol Farms and Albertson's names). I am aware that the Chief Executive Officer of Whole Foods, in a recent posting on his company's web site, described SUPERVALU as a competitor to Whole Foods: "Whole Foods doesn't merely compete with other natural foods supermarket companies such as Wild Oats, but also with natural foods discount chain Trader Joe's, upscale perishable supermarkets such as Wegman's and Central Market, new supermarket created natural foods stores such as Green Wise

2

by Publix and Sunflower by SuperValu." In addition, in response to the question: "If Wild Oats is not your primary competitor, which companies are?" the Whole Foods CEO responded: "in California it is Trader Joe's, Safeway, and Bristol Farms (owned by SuperValu)."

5.      Sunflower Market, to which Whole Foods' CEO refers, is a SUPERVALU store format that emphasizes natural and organic food products. SUPERVALU currently operates Sunflower Markets stores in some of the same areas as Whole Foods stores, such as Chicago and Columbus, Ohio. Bristol Farms, also referenced by Whole Foods' CEO, is a food store format that specializes in fresh, high quality and specialty foods. SUPERVALU currently operates Bristol Farms stores in some of the same parts of California as Whole Foods stores, such as Los Angeles and San Francisco.

6.      SUPERVALU received three identical Civil Investigative Demands ("CIDs") from the FTC on March 28, 2007. They were issued to SUPERVALU, Albertson's, Inc., and Shaw's Supermarkets, Inc. SUPERVALU responded to the CIDs on its own behalf and on behalf of Albertson's and Shaw's Supermarkets. The information SUPERVALU provided to the FTC in response to the CIDs included:

- data relating to proposed future stores;

- store square footage and store selling space;

- for each of its stores, gross and net sales by department;

- for each of its stores, gross margin by department;

- for each of its stores, the number of hourly and salaried employees and salaried employees in the store as a whole and in each department; and

- for each of its stores, the number of stock-keeping units (SKUs) per department and the number of customer transactions per week;

- for certain of its stores, the cost of sales by department.

3

SUPERVALU designated the information it produced to the FTC "proprietary and extremely confidential."

7.      On June 7, 2007, the FTC sent a letter to Thomas Darling, Litigation Attorney at SUPERVALU, advising SUPERVALU that the Commission had authorized the staff to seek a preliminary injunction blocking Whole Foods' proposed acquisition of Wild Oats, and stating that "the merging parties may seek to obtain access to" the information previously provided by SUPERVALU pursuant to the CID.

8.      A copy of the Interim Protective Order was attached to the FTC staff's June 7 letter to Mr. Darling. I reviewed the Interim Protective Order. The Order established a two-tier confidentiality system to protect competitively-sensitive information. Specifically, the Order permitted SUPERVALU to designate certain materials as "Confidential," which would limit disclosure of such materials to certain people including a representative of Whole Foods. The Order also permitted SUPERVALU to designate materials as "Restricted Confidential," which would prohibit disclosure of such materials to anyone at Whole Foods.

9.      SUPERVALU subsequently advised the FTC staff which of the previously produced materials it was designating "Restricted Confidential Discovery Material" pursuant to the Interim Protective Order. See Letter Dated June 18, 2007 from T. Darling to J. Schwab, at 2 (attached as *Exhibit B*).

10.     SUPERVALU has learned that Whole Foods has filed a motion seeking entry of a new protective order, whereby its General Counsel would have access to all of the materials it produced to the FTC in response to the CIDs. SUPERVALU strongly opposes the dissemination of its confidential and proprietary information to the General Counsel of Whole Foods, with the risk of further disclosure to other executives at Whole Foods. As stated above, SUPERVALU-

4

owned retail stores operate in many cities and towns where Whole Foods and/or Wild Oats have retail grocery stores.

11.    Given the General Counsel's position at Whole Foods, SUPERVALU is greatly concerned that disclosure of SUPERVALU's highly-sensitive Restricted Confidential information to her, with the risk of further disclosure to other Whole Foods executives, would cause substantial harm to SUPERVALU's business. The information SUPERVALU provided to the FTC included strategic, forward-looking information, such as data on projected future stores. SUPERVALU's CID response also included highly detailed and recent financial data, of a type it closely protects against disclosure in the ordinary course of business, such as sales and profits at the department level, the cost of sales at the department level, and information on hourly and salaried store staffing, customer counts, and gross margins. The disclosure of this information to Whole Foods would be quite damaging to SUPERVALU. For example, it might permit that retailer to adjust and target its prices, product mixes, and service levels in response to or in anticipation of SUPERVALU strategies. The statements by Whole Foods' CEO to the effect that SUPERVALU's Bristol Farms and Sunflower Markets stores are among Whole Foods' primary competitors heighten SUPERVALU's concerns in this regard. Moreover, the information SUPERVALU provided to the FTC would give Whole Foods insight into SUPERVALU's growth strategy which might be used to preempt SUPERVALU's efforts to obtain new store locations or otherwise blunt SUPERVALU's moves. In sum, SUPERVALU would be greatly harmed if any of the Restricted Confidential information it produced to the FTC were disclosed to the General Counsel of Whole Foods.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  June 22, 2007

Stephen P. Kilgriff

5

**EXHIBIT B**



**SUPERVALU**

Corporate Offices
PO Box 990
Minneapolis, MN 55440
952 828 4000

Thomas Darling
Litigation Attorney
(952) 828-4111
Fax: (952) 828-4403
E-Mail: tom.darling@supervalu.com


**VIA FACSIMILE ONLY**
**(202) 326-2286**


June 18, 2007


Jennifer K. Schwab, Esq.
Federal Trade Commission
Bureau of Competition
Mergers IV Division
601 New Jersey Avenue, N.W.
Washington DC 20001

**RE:    Whole Foods Market, Inc.'s Proposed Acquisition of Wild Oats Markets,**
**Inc. File No. 071-0114 and _Federal Trade Commission v. Whole Foods_**
**_Market, Inc. and Wild Oats Markets, Inc._ (USDC DC File No. Civ. 07-cv-**
**01021-PLF)**

Dear Ms. Schwab:

I am in house counsel representing SUPERVALU INC.  I am writing in connection
with your June 7, 2007 letter to me regarding Whole Foods Market, Inc.'s Proposed
Acquisition of Wild Oats Markets, Inc. File No. 071-0114 and regarding the Interim
Protective Order Governing Discovery Material in _Federal Trade Commission v._
_Whole Foods Market, Inc. and Wild Oats Markets, Inc. (USDC DC File No. Civ. 07-_
_cv-01021-PLF)_ and regarding the Protective Order Governing Discovery Material
proposed by Whole Foods in _Federal Trade Commission v. Whole Foods Market,_
_Inc. and Wild Oats Markets, Inc. (USDC DC File No. Civ. 07-cv-01021-PLF)._

Please note that the FTC issued identical Civil Investigative Demands to
SUPERVALUE, INC. [sic], Albertsons, Inc., and Shaw's Supermarkets, Inc. all dated
3/28/07 and all issued in FTC File Number 071-0114.  SUPERVALU responded to the
Civil Investigative Demand issued to it on its own behalf and on behalf of Albertsons,
Inc., and Shaw's Supermarkets, Inc. and this letter and all future correspondence
regarding the above referenced matters are similarly on behalf of SUPERVALU INC.,
Albertsons, Inc., and Shaw's Supermarkets, Inc. and the use of SUPERVALU shall
include all three.

June 18, 2007
Jennifer K. Schwab, Esq.
Page 2

Assuming that your June 7, 2007 letter to me was intended to be a notice to SUPERVALU that the FTC desired to disclose the information SUPERVALU provided to the FTC in response to the CID to the parties in the lawsuit captioned *Federal Trade Commission v. Whole Foods Market, Inc. and Wild Oats Markets, Inc. (USDC DC File No. Civ. 07-cv-01021-PLF),* SUPERVALU responds as follows.

The following spreadsheets are "Restricted Confidential Discovery Material" as that term is used in the Interim Protective Order Governing Discovery Material: *Whole Foods CID Spec 2 Bristol Farms Complete 5-14-05.xls; Whole Foods CID Spec 2 Legacy Albertsons Complete 4-20-07.xls; Whole Foods CID Spec 2 Legacy SV Complete 4-20-07.xls; Whole Foods CID Spec 2 Shaws Supplemental Complete 5-8-07.xls.*

All of the remaining documents produced by SUPERVALU in response to the CID are "Confidential Discovery Material" as that term is used in the Interim Protective Order Governing Discovery Material.

Since the FTC has the documents that SUPERVALU produced in response to the CID and since it is those documents that the FTC intends to disclose in *Federal Trade Commission v. Whole Foods Market, Inc. and Wild Oats Markets, Inc. (USDC DC File No. Civ. 07-cv-01021-PLF),* SUPERVALU hereby requests the FTC to properly mark each page with the appropriate notation as specified in Paragraph 2 of the Interim Protective Order Governing Discovery Material or as otherwise required by said Order prior to any disclosure. Please inform me immediately if the FTC refuses to so mark the documents.

I have now had an opportunity to briefly review the Protective Order Governing Discovery Material proposed by Whole Foods in *Federal Trade Commission v. Whole Foods Market, Inc. and Wild Oats Markets, Inc. (USDC DC File No. Civ. 07-cv-01021-PLF).* I note that in Paragraph 4 it purports to strip all third party documents (including SUPERVALU documents) produced by the FTC in the litigation of their Confidential Discovery Material designation and make them "non-confidential" unless they are re-designated as Confidential Discovery Material within 10 days from the time notice of intent to produce is given. SUPERVALU understands that this Order is proposed only but nonetheless SUPERVALU requests the FTC not to disclose any SUPERVALU-produced documents until they have been properly designated as set out above and SUPERVALU further reiterates that none of the documents it has produced are non-confidential.

June 18, 2007
Jennifer K. Schwab, Esq.
Page 3


SUPERVALU has retained Chris MacAvoy of Howrey LLP 1299 Pennsylvania
Avenue, N.W. Washington, D.C. 20004 Tel: 202.383.6546 Fax: 202.318.8460 E-
mail: macavoyc@howrey.com to represent it in this matter.  Please copy him on any
correspondence (including emails) concerning this matter.

Please contact me if you have any questions.

Very truly yours,

SUPERVALU INC.

Thomas Darling
Senior Litigation Attorney

TSD

cc:    Chris MacAvoy
       Howrey LLP
       1299 Pennsylvania Avenue, N.W.
       Washington, D.C. 20004
       Tel: 202.383.6546
       Fax: 202.318.8460
       E-mail: macavoyc@howrey.com


       Thomas H. Brock, Esq.
       Bureau of Competition
       Federal Trade Commission
       601 New Jersey Ave., N.W.
       Washington, D.C.  20580
       TBROCK@ftc.gov