IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) | |
| and | ) | |
| WILD OATS MARKETS, INC. | ) | |
| Defendants. | ) | |

**THIRD PARTY PUBLIX SUPER MARKETS, INC.'S OPPOSITION TO
JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER**

Publix Super Markets, Inc. ("Publix") opposes the Joint Motion For The Entry Of A Final Protective Order that was filed by plaintiff Federal Trade Commission ("FTC") and defendants Whole Foods Market, Inc. ("Whole Foods") and Wild Oats Markets, Inc. ("Wild Oats") on June 29, 2007 [Doc. 77]. To avoid repetition, Publix hereby joins and incorporates Third Party Trader Joe's Company's Opposition To Joint Motion For The Entry Of A Final Protective Order, which is being filed today. Pursuant to Local Rule 7(f), Publix requests an oral hearing on this matter.

Publix initially intervened in this action to oppose Whole Foods' June 11, 2007 motion for entry of a final protective order [Doc. 34]. That proposed protective order would have denied third parties the ability to designate their most competitively-sensitive and proprietary information as "Restricted Confidential Discovery Material" and would have granted Whole Foods' General Counsel, Roberta Lang, access to this highly-sensitive information and data. The

compromise now being proposed by the FTC and the defendants does not meet the substance of Publix's objections. It would allow Ms. Lang access to any and all highly confidential, commercially-sensitive information from Publix, provided that it is contained in unredacted drafts or final versions of pleadings, deposition or hearing transcripts, or expert reports. *See* Proposed Protective Order at ¶ 8(c). This is no improvement over Whole Foods' original proposal.

The information that Publix submitted to the FTC is proprietary, commercially-sensitive, and highly-confidential. It includes strategic, forward-looking information such as projected opening dates and locations of new stores, and recent, highly-detailed financial data such as department-level sales, margins, and number of customer transactions. Its disclosure to the General Counsel of another grocery retailer would expose Publix to the risk of severe commercial and competitive harm. *See* Declaration of G. Gino DiGrazia (attached hereto as *Exhibit A*). Publix therefore objects to Whole Foods gaining access to this information in *any* form. Indeed, Publix has particular concern regarding disclosure of its most confidential information in the distilled form of a pleading, transcript, or expert report.

For the foregoing reasons and the reasons stated in Third Party Trader Joe's Company's Opposition to the Joint Motion For The Entry Of A Final Protective Order, this Court should deny the Parties' joint motion and retain the Interim Protective Order that is currently in effect.

        Respectfully submitted,


        /s/  Christopher J. MacAvoy
        Christopher J. MacAvoy (DC Bar No. 367060)
        **HOWREY LLP**
        1299 Pennsylvania Ave., N.W.
        Washington, DC 20004
        Telephone:  (202) 783-0800
        Facsimile:  (202) 383-6610
        Email:  MacAvoyC@howrey.com

        Attorney for Publix Super Markets, Inc.

July 2, 2007

**CERTIFICATE OF SERVICE**

I certify that the foregoing THIRD PARTY PUBLIX SUPER MARKETS, INC.'S OPPOSITION TO JOINT MOTION FOR THE ENTRY OF A FINAL PROTECTIVE ORDER was filed and served upon counsel via the Court's CM/ECF filing system on this 2nd day of July, 2007.

/s/Christopher J. MacAvoy
Counsel for Publix Super Markets, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| FEDERAL TRADE COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> WHOLE FOODS MARKET, INC. ) <br> ) <br> and ) <br> ) <br> WILD OATS MARKETS, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 1:07-CV-01021-PLF |

**DECLARATION OF G. GINO DIGRAZIA IN SUPPORT OF
PUBLIX SUPER MARKETS, INC.'S OPPOSITION TO
DEFENDANT WHOLE FOODS MARKET, INC.'S MOTION
FOR ENTRY OF A FINAL PROTECTIVE ORDER**

1. My name is G. Gino DiGrazia. I am the Vice President and Controller of Publix Super Markets, Inc. ("Publix"). I have held this position since May 2002, and prior to this I held the position of Director of Business Analysis and Reporting. The statements in this Declaration are true and are within my personal knowledge unless stated otherwise.

2. I make this Declaration in opposition to Whole Foods Market, Inc.'s ("Whole Foods") Motion for Entry of a Final Protective Order. If Whole Foods' proposed protective order were to be put into effect, Publix would face a grave risk of commercial harm because confidential and highly-sensitive information relating to its store operations, store-level profitability, expansion and remodeling plans, store construction and closure plans, and other

confidential financial and business information would be disclosed to the General Counsel of Whole Foods, with the risk of further disclosure to other executives of Whole Foods.

3. Publix is an employee-owned company; its stock is not publicly traded.

4. Publix operates approximately 900 supermarkets in Florida, Georgia, South Carolina, Alabama, and Tennessee. Our competitors include national and regional supermarket chains, independent supermarkets, supercenters, warehouse clubs, mass merchandisers, dollar stores, drug stores, specialty food stores, convenience stores, and other grocery retailers. Publix operates stores in many of the same cities as Whole Foods and/or Wild Oats stores, including, for example, Atlanta, Miami, Tampa, Nashville, and Charleston. The Chief Executive Officer of Whole Foods, in a recent statement posted on his company's web site, described Publix as a competitor of Whole Foods: *"Whole Foods doesn't merely compete with other natural foods supermarket companies such as Wild Oats, but also with natural foods discount chain Trader Joe's, upscale perishable supermarkets such as Wegman's and Central Market, new supermarket created natural foods stores such as Green Wise by Publix...."*

5. GreenWise Markets, referred to by Whole Foods' CEO, is a new store format that is being introduced by Publix. GreenWise stores will emphasize natural and organic products and healthy prepared foods.

6. Publix received a Civil Investigative Demand ("CID") from the Commission on March 28, 2007. Publix responded to the CID with a submission of data and other information on April 12, 2007. The information Publix provided to the FTC in response to the CID included:

- projected opening dates and locations of planned stores;
- projected dates when specific stores would be remodeled;
- store square footage and store selling space;

2

- Publix's assessment of the quality of the ingress, egress, and visibility of each of its stores;

- for each of its stores, gross and net sales by department;

- for each of its stores, gross margin by department;

- for each of its stores, the number of hourly and salaried employees and salaried employees in the store as a whole and in each department; and

- for each of its stores, the number of stock-keeping units (SKUs) per department and the number of customer transactions per week.

Publix designated all of the information it produced to the FTC "confidential." The Company's transmittal to the FTC reiterated that "[t]he information provided in the enclosed data is business confidential and proprietary, and is subject to all applicable nondisclosure rules and statutes of the FTC."

7.  On June 7, 2007, the FTC sent a letter to Walter Engle, Senior Attorney at Publix, advising Publix that the Commission had authorized the staff to seek a preliminary injunction blocking Whole Foods' proposed acquisition of Wild Oats, and stating that "the merging parties may seek to obtain access to" the information previously provided by Publix pursuant to the CID.

8.  A copy of the Interim Protective Order was attached to the FTC staff's June 7 letter to Mr. Engle. I reviewed the Interim Protective Order. The Order established a two-tier confidentiality system to protect competitively-sensitive information. Specifically, the Order permitted Publix to designate certain materials as "Confidential," which would limit disclosure of such materials to certain people including a representative of Whole Foods. The Order also

permitted Publix to designate materials as "Restricted Confidential," which would prohibit disclosure of such materials to anyone at Whole Foods.

9. Through outside counsel, Publix subsequently advised the FTC staff which of the previously produced materials was to be designated "Restricted Confidential." See Letter Dated June 15, 2007 from C. MacAvoy to J. Schwab, at 1 (attached as *Exhibit B*).

10. Publix has learned that Whole Foods has filed a motion to allow its General Counsel to have access to all of the information produced by Publix to the FTC, including the information designated as Restricted Confidential. Publix strongly opposes the dissemination of its confidential and proprietary information to the General Counsel of Whole Foods, whose retail grocery stores operate in many of the same cities where Publix operates, or may be planning to operate, stores.

11. Given the General Counsel's position at Whole Foods, Publix is greatly concerned that disclosure of Publix's highly-sensitive Restricted Confidential information to her, with the risk of further disclosure to other Whole Foods executives, would cause substantial harm to Publix's business. The information Publix provided to the FTC included strategic, forward-looking information, such as projected opening dates and locations of new stores, projected remodeling dates, and projected store closing dates. Publix's CID response also included candid self-assessments of its stores. Finally, Publix produced highly detailed and recent financial data, of a type it closely protects against disclosure in the ordinary course of business, such as sales and profits at the department level, and information on hourly and salaried store staffing and transaction counts. The disclosure of this information to another grocery retailer would be quite damaging to Publix. For example, it might permit Whole Foods to adjust and target its prices, product mixes, and service levels. Moreover, it would give Whole

Foods insight into Publix's growth strategy, which might be used to preempt Publix's efforts to obtain new store locations or otherwise blunt Publix's moves. In sum, Publix would be greatly harmed if any of the Restricted Confidential information it produced to the FTC were disclosed to the General Counsel of Whole Foods.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 22, 2007

                                                                          G. Gino DiGrazia

# EXHIBIT B

# HOWREY

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

Christopher J. MacAvoy
Partner
T 202.383.6546
F 202.318.8460
macavoyc@howrey.com

June 15, 2007          **CONFIDENTIAL**

**VIA ELECTRONIC MAIL**

Jennifer K. Schwab
Bureau of Competition
Mergers IV Division
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20001

    Re:   *FTC v. Whole Foods Markets, Inc.*, Civ. No. 07-cv-01021-PLF

Dear Ms. Schwab:

    I am outside counsel for third party Publix Super Markets, Inc. ("Publix") in the above-captioned matter. This letter is in response to your letter dated June 7, 2007 to Walt Engle of Publix concerning Publix store data and other information that was provided by Publix to the Commission in its initial investigation of the proposed Whole Foods/Wild Oats merger. The Publix information was provided to the Commission in two multi-column spreadsheets. All of the information was designated, at the time of its production to the Commission, as "confidential," and the transmittal letter from Publix reiterated that the information was confidential and proprietary and subject to all applicable nondisclosure rules and statutes.

    Your June 7 letter to Mr. Engle enclosed a copy of the proposed Interim Protective Order Governing Discovery Material in this matter. Pursuant to Paragraph 4 of the Interim Protective Order, Publix hereby designates the following data fields in the spreadsheets it provided to the Commission as "Restricted Confidential Discovery Material," as that term is defined in the Interim Protective Order. In the first spreadsheet file, which consists of columns "a" through "jj": original opening date (col. o); projected opening date (col. p); projected close date (col. r); closing reason (col. t); remodel date (col. v); future remodel date (col. w); future expansion date (col. z); ingress quality (col. ee); egress quality (col. ff); and visibility (col. jj). In addition, all information in this file concerning potential store locations, which have been designated as "under consideration" or in "permitting," is Restricted Confidential Discovery Material.

    In the second spreadsheet file, which consists of columns "a" through "k," the following fields are designated Restricted Confidential Discovery Material: gross sales (col. c); net sales (col. d); gross margin (col. e); SKUs (col. g); hourly employees (col. h); transactions (col. i); salaried employees (col. j); and price indices (col. k). The foregoing information is highly confidential and commercially sensitive and is treated as

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# HOWREY

Jennifer K. Schwab<br>
June 15, 2007<br>
Page 2

such by Publix in the ordinary course of business. Its release would likely cause substantial commercial harm to Publix.

All other information provided by Publix to the Commission remains Confidential Discovery Material.

Please contact me if you have any questions about this matter. Thank you for your assistance.

Sincerely,

*[signature]*

Christopher J. MacAvoy
Counsel for Publix Super Markets, Inc.

CJM:cjm

cc: Jill Frumin, Esq.
    Walt Engle, Esq.