IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.,<br><br>Defendants. | Case No. 1:07-CV-01021 (PLF) |

## WAL-MART STORES, INC.'S OPPOSITION TO JOINT MOTION FOR THE ENTRY OF A PROTECTIVE ORDER

Wal-Mart Stores, Inc. ("Wal-Mart") files this opposition to the Federal Trade Commission's ("FTC") and the Defendants', Whole Foods Market, Inc. ("Whole Foods") and Wild Oats Markets, Inc. ("Wild Oats"), Joint Motion for the Entry of a Protective Order. Wal-Mart joins in and incorporates by reference the arguments raised in Trader Joe's Company's Opposition. Wal-Mart, in addition to the contentions discussed by Trader Joe's Company, believes the Court should grant the opposition motion for the reasons set forth below.

Wal-Mart has produced confidential information to the FTC in response to the FTC's civil investigative demand. *See* Wal-Mart Mem. Opposition Def. Whole Foods Market, Inc.'s Proposed Final Protective Order at 2 (June 22, 2007). Whole Foods and the FTC have issued subpoenas to Wal-Mart that request additional confidential and proprietary materials. *See id.*

The parties' joint protective order gives only short-shrift to the concerns raised by the

numerous third party interveners and *amici* in the opposition memoranda filed last week in response to Whole Foods' previous proposed order. The most troubling feature of the parties' "compromise" protective order is its failure to address adequately the fundamental issue briefed by third party retailers: Roberta Lang's involvement in the day-to-day competitive decision-making process at Whole Foods. The proposed order gives Whole Foods' General Counsel unfettered access to "unredacted draft and final versions of pleadings, deposition and hearing transcripts, and expert reports . . . ." Proposed Joint Protective Order ¶ 8(c).

Providing access to Whole Foods' General Counsel of Wal-Mart's extraordinarily sensitive information on future store locations, expansions, remodelings, and relocations would do substantial harm. Although restricting access to unredacted pleadings, transcripts, and expert reports may somewhat reduce the risk of disclosure, it clearly does not eliminate it. Indeed, it ensures that the General Counsel will have access to the information that her outside attorneys and the FTC believe is the most sensitive and competitively important in the case.

In addition to ignoring the prior case law denying in-house counsel access, *see, e.g., Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992); *Intel Corp. v. VIA Tech., Inc.*, 198 F.R.D. 525 (N.D. Cal. 2000), the FTC is also prepared to give away further protections that were used only a few months ago in *Federal Trade Comm'n v. Foster*, No. Civ. 07-532 JB/ACRT (D.N.M. April 26, 2007). In that case, the Court's protective order not only restricted access to certain documents, but also limited the defendant's in-house counsel to reviewing the documents within the offices of outside counsel for the defendant. Although the in-house counsel could take notes about the information, he could not remove the notes from the outside attorneys' offices. The FTC should have continued to ask for similar protections here. Permitting highly confidential and sensitive business information to be examined and analyzed at

a competitor's headquarters is intuitively problematic. Any protective order that allows such unrestricted access is inherently suspect.

For the reasons stated above, this Court should deny the Motion for a Joint Protective Order and enter the Final Protective Order proposed by Trader Joe's Company.

Dated: July 3, 2007                                   Respectfully submitted,

/s/ Michael E. Antalics
Michael E. Antalics
D.C. Bar No. 475218
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Tel. (202) 383-5300
Fax (202) 383-5414

Counsel for Third Party WAL-MART STORES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I caused the foregoing NOTICE OF APPEARANCE to be filed and served using the Court's ECF system and also caused these same papers to be served on the persons listed below by electronic mail:

Attorneys for Plaintiff

Michael Bloom
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
mjbloom@ftc.gov

Attorney for Defendant Whole Foods Market, Inc.

Alden L. Atkins
VINSON & ELKINS LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 600
Washington, DC 20004
aatkins@velaw.com

Attorney for Defendant Wild Oats Markets, Inc.

Clifford H. Aronson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
caronson@skadden.com

                                                /s/ Michael E. Antalics
                                                Attorney for Wal-Mart Stores, Inc.

DC1:713296.1