IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) |
| WHOLE FOODS MARKET, INC. | ) Civil Action No. 1:07-CV-01021-PLF |
| and | ) |
| WILD OATS MARKETS, INC. | ) |
| Defendants. | ) |

**INTERVENOR H. E. BUTT GROCERY COMPANY'S OPPOSITION TO
JOINT MOTION FOR A FINAL PROTECTIVE ORDER**

H.E. Butt Grocery Company ("H-E-B") respectfully submits this opposition to Plaintiff Federal Trade Commission's and Defendant Whole Foods, Inc.'s Joint Motion for the Entry of a Final Protective Order. H-E-B joins the arguments set forth in Third Party Trader Joe's Company's Opposition to Joint Motion for Protective Order filed with the Court on July 2, 2007, and H-E-B hereby incorporates the arguments made in its Opposition to Whole Foods' Inc's Motion for a Final Protective Order, filed with the Court on June 22, 2007.

H-E-B writes briefly at this juncture to highlight specific concerns that it has with the version of the proposed final protective order currently under this Court's consideration. H-E-B is of the nation's largest privately-owned food retailers, with more than 300 stores and 66,000 employees in the State of Texas and Mexico. In response to the FTC's March 28, 2007 Civil Investigative Demand, H-E-B produced detailed data and information to the FTC, including (i) store-specific information about H-E-B's plans to open new stores or to remodel, relocate, expand, or close existing stores; and (ii) financial data about H-E-B's 2007 sales for each H-E-B store in the United States.

H-E-B is particularly concerned that, under the current version of the protective order that has been proposed by Whole Foods and the FTC, the General Counsel of Whole Foods, Roberta Lang, will (i) have access to transcripts from depositions that may contain H-E-B's detailed competitively sensitive information that discloses how H-E-B competes in the food retail industry in Texas; and (ii) will be permitted to take documents containing H-E-B's sensitive business information back to her office at Whole Foods' headquarters in Austin, Texas, where H-E-B operates 23 supermarkets and two Central Market stores.

H-E-B opposes the disclosure of its store expansion strategy to Whole Foods' General Counsel in any form. H-E-B's store expansion strategy information includes such detailed data as the

1

planned size and projected opening date of new stores, their geographic locations (or expected geographic locations if real estate has not been purchased yet), the status of design and construction processes, and possible delays, as well as similar data about the remodeling and expansion of existing stores.  Because early entry into new markets and store location are two of the most important profit drivers in the industry, information about future expansion plans, both in the form of opening new stores or remodeling or expanding existing stores, is one of H-E-B's most closely guarded secrets. (Declaration of Stephen C. Mount ("Mount Decl."), ¶ 12.)  Indeed, such information is considered so commercially sensitive within H-E-B that only senior management and other employees on a "need to know" basis are granted access.  (*Id.* at ¶ 14.)  Needless to say, H-E-B is deeply concerned that information that is so severely restricted within H-E-B might be disclosed to the General Counsel at H-E-B's competitor, particularly where the General Counsel is unquestionably involved in Whole Foods' expansion plans (as demonstrated by her involvement in its proposed acquisition of Wild Oats).

H-E-B similarly opposes any form of disclosure of its competitively sensitive financial data, which contains micro-level information on total sales by department in each H-E-B store in the U.S. (all of which are located in Texas), as well as the square footage by department in each of those stores.  This data is so specific as to allow competitive insight into which grocery store department does well in which demographic area.  This could allow H-E-B's competitors to develop specific marketing strategies targeted to individual H-E-B supermarkets on a departmental basis.  This information is considered particularly sensitive in the present situation, as H-E-B's Central Market stores sell many of the same products as Whole Foods' stores, including premium produce, meats, cheeses, bakery items, prepared foods, and other items.  (*Id.* at ¶ 4.)  Under these circumstances, there is a heightened risk that H-E-B's confidential business secrets would inadvertently fall into hands at Whole Foods headquarters in

Austin that would be particularly interested in that data, and that would be especially well-positioned to make use of that data in a way that could cause H-E-B competitive injury.

H-E-B contends that granting Whole Foods' General Counsel access to unredacted deposition transcripts and allowing her to take documents containing H-E-B's most commercially sensitive information to her office in Austin, Texas presents a particularly great risk of commercial harm to H-E-B. In accordance with Trader Joe's Opposition, H-E-B respectfully requests that this Court deny the Joint Motion for Entry of a Final Protective Order and adopt the Interim Protective Order with the minor edits proposed by Trader Joe's Company.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: *(signature)*

Joseph J. Simons (DC Bar No. 376168)
1615 L Street, NW, Suite 1300
Washington, DC 20036

Leslie G. Fagen (DC Bar No. 395962)
Andrew C. Finch (DC Bar No. 494992)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Attorneys for H.E. Butt Grocery Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| Plaintiff, ) | |
| v. ) | |
| WHOLE FOODS MARKET, INC. ) | No. 1:07-CV-01021-PLF |
| and ) | |
| WILD OATS MARKETS, INC. ) | |
| Defendants. ) | |

**H.E. BUTT GROCERY COMPANY'S OPPOSITION TO JOINT MOTION FOR ENTRY OF A FINAL PROTECTIVE ORDER**

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | No. 1:07-CV-01021-PLF |

### DECLARATION OF STEPHEN C. MOUNT

1. My name is Stephen C. Mount. I am currently employed by Intervenor H.E. Butt Grocery Company ("H-E-B") as Vice President of Corporate Law and am competent to make this declaration. The statements in this declaration are true and are based upon my personal knowledge.

2. I graduated from the University of Texas-Austin School of Law in 1985. I am a member in good standing of the bar of Texas.

3. I joined H-E-B in October of 2005 as Vice President of Corporate Law and continue to serve in this position. My responsibilities include, *inter alia*, responsibility for the review, negotiation and supervision of corporate matters, including real estate transactions.

4. H-E-B is a privately-owned food retailer with over 300 stores and 66,000 employees across Texas and Mexico. In 1994, H-E-B launched its first "Central Market" store. Central Market is a premium supermarket that sells premium produce,

1

meats, cheeses, bakery items, gourmet prepared foods, and other products. Today, there are eight Central Market stores located throughout Texas. HEB operates 23 regular supermarkets and two Central Market stores in the Austin, Texas area.

5. On March 28, 2007, H-E-B received a Civil Investigative Demand ("CID") issued by the Federal Trade Commission ("FTC") as part of the FTC's investigation of the proposed acquisition by Whole Foods of Wild Oats Markets, Inc. ("Wild Oats").

6. I personally oversaw the process of gathering information responsive to the CID. This information included, among other things, detailed information about H-E-B's real estate strategy, recent information on sales for each department (e.g., grocery, meat, seafood, produce, deli, pharmacy) in each H-E-B store in the United States, and the square footage of each department in each H-E-B store in the United States.

7. During my tenure at H-E-B, I have become familiar with the types of information that H-E-B considers to be highly sensitive confidential and proprietary business information. I am also familiar with the policies and procedures that H-E-B has implemented and enforces in order to guard against disclosure of its confidential business information. H-E-B considers the type of information gathered in response to the CID to be highly sensitive confidential and proprietary business information, and has taken steps within the company to prevent its disclosure, including limiting access to this information to company personnel who need this information in order to perform their duties.

2

8. On April 18, 2007, the FTC sent to H-E-B, at H-E-B's request, a letter detailing the limited circumstances under which confidential information can be disclosed.

9. On April 20, 2007, H-E-B produced responsive data to the FTC. I ensured that outside counsel for H-E-B informed the FTC that it considered the data it produced to be confidential, proprietary and competitively sensitive information and trade secrets, and requested that the FTC afford the data confidential treatment.

10. Although H-E-B considers all of the data it produced to the FTC to be confidential and proprietary business information, it believes that several categories of that information are extremely competitively sensitive and that the disclosure of that information outside of H-E-B could cause the company significant harm.

11. First, H-E-B produced highly detailed information about its current and future grocery store real estate strategy and expansion plans ("Real Estate Data"). This Real Estate Data includes detailed store-specific information about H-E-B's plans to open new stores or to remodel, relocate, expand, or close existing stores. This includes the planned size and opening date of each new store, their geographic locations (or expected geographic locations if real estate has not been purchased yet), the status of design and construction processes, and possible delays, as well as similar data about the remodeling and expansion of existing stores.

12. Real Estate Data is the among the most closely guarded competitively sensitive information at H-E-B because the opening of new stores, as well as the remodeling and expansion of existing stores, is a crucial dimension in which supermarkets and other food retailers compete. In this industry, the location of a store—

3

including its proximity to major roads, population centers, and other retail establishments—is a key feature that determines its success or failure.

13. H-E-B believes that the disclosure of its Real Estate Data could harm H-E-B in a number of ways. Because land is unique, disclosure of this data could enable another food retailer (such as Whole Foods) or a real estate speculator to purchase parcels that are adjacent to—or perhaps even block—a planned H-E-B store location. Such an acquisition could significantly increase H-E-B's real estate acquisition costs or frustrate H-E-B's strategy entirely if it enabled another retailer or a real estate speculator to purchase a parcel and thereby prevent H-E-B from assembling enough contiguous real estate for H-E-B to construct a new store and parking lot or expand an existing store. Indeed, H-E-B is so concerned about revealing its real estate strategy that it takes extensive precautions to prevent disclosure of its identity when it is dealing with real estate brokers and agents.

14. H-E-B is also so cautious about disclosure of its Real Estate Data that it takes precautions to severely restrict dissemination of that data within the company. For example, information about grocery store real estate priorities is restricted to individuals on a "need-to-know" basis and senior management. In the San Antonio corporate headquarters, this information is stored on two floors of a building that has separate security access from the rest of the headquarters. In Houston, this information is restricted to two individuals.

15. In addition to the Real Estate Data, H-E-B also produced competitively sensitive information to the FTC about each of H-E-B's stores in the United States, including detailed 2007 sales data on individual stores and 13 departments

4

within each store ("Sales Data"). The departments for which information was provided are: grocery, general merchandise, cosmetics, photography, meat, seafood, produce, floral, bakery, deli, food services, pharmacy and gasoline.

16. H-E-B believes that the disclosure of its Sales Data could harm H-E-B. The information requested by the FTC is so specific as to allow competitive insight into which grocery store department does well in which demographic area. This could allow very specific marketing strategies to be tailored to individual H-E-B or Central Market stores on a departmental basis. This information represents the results of H-E-B's marketing and store operation strategies for specific stores and departments.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

17. H-E-B is particularly concerned about the disclosure of its confidential and proprietary information—especially including the Real Estate Data and the Sales Data—to anyone at Wild Oats or Whole Foods. H-E-B considers Whole Foods to be a significant competitor in certain areas in Texas, especially those in which H-E-B operates a Central Market store. H-E-B believes that disclosure of its competitively sensitive information to either of those companies (including the General Counsel of Whole Foods) has the potential to competitively disadvantage H-E-B as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2⁸, 2007,

Stephen C. Mount, Esq.

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of July, 2007, I caused the foregoing Intervenor H.E.Butt Grocery Company's Opposition to Joint Motion for a Final Protective Order to be served on the persons listed below by U.S. mail:


**Attorneys for Plaintiff**

Michael J. Bloom
Thomas H. Brock
Eric Matthew Sprague
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, DC 20001

**Attorneys for Defendant Whole Foods Market Inc.**

Alden Lewis Atkins
John David Taurman
Neil W. Imus
VINSON & ELKINS, LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004

**Attorneys for Defendant Wild Oats Markets, Inc.**

Gary A. McDonald
Clifford H. Aronson
Matthew P. Hendrickson
Thomas Pak
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005

Terrence J. Wallock
LAW OFFICE OF TERRENCE J. WALLOCK
2224 Pacific Drive
Corona Del Mar, CA 92625

_____
Danielle Monnig Clark

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>and<br><br>WILD OATS MARKETS, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-CV-01021-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 JUL -3 PM 3: 52
NANCY M.
MAYER-WHITTINGTON
CLERK

**[PROPOSED] ORDER**

AND NOW, this ____ day of July, 2007, upon consideration of the Federal Trade Commission and Whole Foods Market, Inc.'s Joint Motion for a Final Protective Order, Intervenor H.E. Butt Grocery Company's Opposition to the Joint Motion, and all related documents, it is hereby ORDERED that the Motion is DENIED.

_____
Hon. Paul L. Friedman
United States District Judge

Copies to:

| Thomas H. Brock, Esq.<br>Bureau of Competition<br>Federal Trade Commission<br>600 New Jersey Ave., N.W.<br>Washington, D.C. 20580 | Alden L. Atkins<br>Vinson & Elkins L.L.P.<br>1455 Pennsylvania Ave., N.W., Suite 600<br>Washington D.C. 20004 |
|---|---|
| | Clifford H. Aronson<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036 |