**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. 1:07-CV-01021-PLF<br>) |
| WHOLE FOODS MARKET, INC. | )<br>) |
| and | )<br>) |
| WILD OATS MARKETS, INC. | )<br>) |
| Defendants. | )<br>) |

**SAFEWAY INC.'S OPPOSITION TO JOINT MOTION FOR ENTRY OF A FINAL
PROTECTIVE ORDER**

Intervenor Safeway Inc. opposes the Joint Motion for Entry of a Final Protective Order, and joins in the brief filed by Trader Joe's. The documents and testimony Safeway is providing to the FTC and Whole Foods contain highly sensitive business information, and the proposed Final Protective Order does not adequately protect that information. For the reasons stated by Trader Joe's, this Court should retain two categories of confidential documents, and should prohibit Whole Foods' internal general counsel, Roberta Lang, from accessing documents and information marked as Restricted Confidential Discovery Material.

**I.   SAFEWAY IS PRODUCING HIGHLY CONFIDENTIAL INFORMATION**

Safeway is producing documents that contain highly confidential information. For example, Safeway has produced documents that include sales, revenue, and margin information on a per-store basis for hundreds of store locations. Safeway has also disclosed details of planned store expansions relocations, and remodeling, including the anticipated dates of future

development plans. *See* Decl. of Robert A. Gordon (Attachment A), at ¶ 4. The FTC has also issued a subpoena demanding additional sensitive business information regarding Safeway-owned stores in seven areas, details about the square footage of Safeway's stores, total SKU's in various categories of products, net sales broken down by categories, gross margins broken down by categories, and detailed employee information. *Id.* at 6.

In addition, Whole Foods has issued a subpoena for documents that seeks, in addition to all documents submitted to the FTC, strategic plans and competitive analyses of the sale of natural and organic foods, as well as market studies and strategic plans relating to competition in certain geographic areas. Whole Foods has also issued to Safeway a deposition subpoeana pursuant to Rule 30(b)(6), and has specified exceptionally sensitive matters for inquiry, including business and strategy decisions relating to organic foods, pricing decisions, product selection decisions, and Safeway's process for selecting new store locations. *See* Whole Foods Notice of 30(b)(6) Deposition to Safeway (Attachment B).

The documents Safeway has turned over, and will turn over, to the FTC and Whole Foods provide intimate details about Safeway's strategic plans, operations, and other sensitive commercial information. This information is at the heart of Safeway's business activities. Gordon Decl. at ¶ 7. This information is not publicly available, and Safeway has taken steps to ensure its confidentiality. *Id.* at ¶ 8.

**II.    THE JOINT PROPOSED PROTECTIVE ORDER DOES NOT ADEQUATELY PROTECT THE CONFIDENTIALITY OF SAFEWAY'S INFORMATION**

The highly sensitive nature of Safeway's documents illustrates why Safeway has legitimate concerns about safeguarding their confidentiality. The proposed Final Protective Order is not tailored to alleviate those concerns.

First, there is no reason that Whole Foods' internal counsel should have access to any of Safeway's confidential information. As correctly noted by Trader Joe's, Whole Foods' internal counsel has an integral role in Whole Foods' strategic and business decisions. Safeway sells some of the same products as Whole Foods, and operates in some of the same geographic areas as Whole Foods. *See* Gordon Decl. at ¶ 9. The documents Safeway has produced to the FTC include confidential business information that, if disclosed to an internal decision-maker at Whole Foods or another operator of grocery stores, could damage Safeway's ability to implement its strategies and operate in an efficient and effective manner, and could cause Safeway strategic and financial harm. *Id.*

Second, limiting Ms. Lang's access to pleadings, deposition transcripts, and expert reports is insufficient to address those risks. The depositions inevitably will delve into, and may even specifically describe, the sensitive information contained in Safeway's documents. The briefs and expert reports will likely discuss them as well. As explained by Trader Joe's, the protections in the proposed Final Protective Order are tepid; giving Ms. Lang access to transcripts and pleadings is functionally no different than giving her the underlying documents.

### III. THIS COURT SHOULD MAKE THE INTERIM PROTECTIVE ORDER PERMANENT

Safeway agrees with Trader Joe's that the Interim Protective Order provides appropriate protection for Safeway's confidential business records. This Court should make the Interim Protective Order permanent.

The documents that Safeway produced demonstrate the need for two categories of protected documents. Safeway has marked as "Restricted Confidential Discovery Material" documents that include the most sensitive business information, including future development plans and strategies, and gross sales and margins on a per-department, per-store basis. Safeway

3

has shown an ability to discern between the most sensitive business information and information that is confidential, and it has not abused the two categories of protection. This Court should continue to afford heightened protection to Safeway's most confidential strategies and other business information.

Date: July 5, 2007                               /s/ Peter L. Winik
                                                Peter L. Winik (D.C. Bar No. 333450)
                                                E. Marcellus Williamson (D.C. Bar No. 465919)
                                                Alexander Maltas (D.C. Bar No. 490099)
                                                LATHAM & WATKINS LLP
                                                555 11th Street NW
                                                Suite 1000
                                                Washington, DC  20004
                                                Tel: (202) 637-2200
                                                Fax: (202) 637-2201
                                                Peter.Winik@lw.com
                                                Marc.Williamson@lw.com
                                                Alexander.Maltas@lw.com

                                                *Counsel for Safeway Inc.*

**CERTIFICATE OF SERVICE**

    I certify that the foregoing Safeway Inc.'s Opposition to Motion of Whole Foods for Final Protective Order was filed and served upon counsel via the Court's CM/ECF filing system on July 5, 2007.

                                                              /s/  Peter L. Winik

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) ) ) | |
| and | ) ) | |
| WILD OATS MARKETS, INC. | ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF ROBERT A. GORDON**

1. My name is Robert A. Gordon. I am Senior Vice President and General Counsel of Safeway Inc. I make this declaration in support of Safeway's Opposition to Whole Foods Market, Inc.'s Motion for the Entry of a Final Protective Order. The statements herein are true and within my personal knowledge unless otherwise stated.

2. My staff has been in charge of Safeway Inc.'s response to the FTC's requests for information in connection with its investigation of Whole Foods' proposed acquisition of Wild Oats.

3. Safeway received a Civil Investigative Demand ("CID") from the FTC seeking Safeway documents in connection with the FTC's investigation of Whole Foods' proposed acquisition of Wild Oats.

4. The CID requested, and Safeway has provided, confidential commercial information regarding:

- The projected opening dates of new stores;

- The reasons and projected dates for any relocation, remodeling, closing, or expansion of any store;

- Gross revenues, net sales, and gross margins for each store;

- Number of SKUs and transactions for each store;

- Price indices used at each store.

5. We provided this information in the form of five Excel spreadsheets. Three of the spreadsheets were marked "Restricted Confidential Discovery Material," and two spreadsheets were marked "Confidential Discovery Material." The three "Restricted" spreadsheets contained information about future expansion, relocation, and development plans; gross margin and sales figures on a per-store, per-department basis; and employee counts on a per-store, per-department basis.

6. In addition, on June 18, 2007 the FTC issued to Safeway a subpoena demanding additional information regarding Safeway-owned stores in seven areas. The FTC seeks additional highly-detailed, confidential commercial information:

- Square footage of selling space;

- Total SKUs in various categories of products;

- Gross sales revenues

- Total net sales, and net sales in certain categories of products;

- Total gross margin, and gross margin in certain categories of products;

- Total number of employees, and training time for employees.

7. The documents Safeway has turned over and will turn over to the FTC provide highly confidential details about Safeway's strategies, business plans, operations, pricing, and

other sensitive commercial information. The documents reveal information not only about Safeway's historical strategies and business operations, but also Safeway's current and future strategies and operations. This information is at the heart of Safeway's commercial activities.

8. The information Safeway has given and will give to the FTC is not publicly available, and Safeway has taken steps to preserve its confidentiality. Safeway has given the documents to the FTC in confidence.

9. Safeway operates grocery stores in a number of the geographic areas where Whole Foods operates stores. The Safeway stores sell some of the same products as the Whole Foods stores. If the Safeway information falls into the hands of Whole Foods, it would be damaging to Safeway's ability to implement its strategies and operate in an efficient and effective manner. As a result, Safeway could suffer financial and strategic harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 21, 2007

_____
Robert A. Gordon

DC\1001111.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Columbia

FEDERAL TRADE COMMISSION, Plaintiff

V.

WHOLE FOODS MARKET, INC. et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-cv-01021-PLF

TO: Safeway, Inc., 5918 Stoneridge Mall Road, Pleasanton, CA 94588

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dechert LLP, One Maritime Plaza, Suite 2300, San Francisco, CA 94111-3513 | 7/6/2007 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *James A. Fishkin* (Attorney for Defendant) | 6/27/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James A. Fishkin, Dechert LLP, 1775 I Street, N.W., Washington, DC 20006, (202) 261-3300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/27/2007 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| E. Marcellus Williamson, Esq., Latham & Watkins, 555 11th Street, N.W., Suite 1100, Washington, DC 20004 | ELECTRONIC MAIL (by agreement of counsel) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James A. Fishkin, Esq. | Attorney for Defendant Whole Foods Market, Inc. |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/27/2007
               DATE

SIGNATURE OF SERVER

Dechert LLP, 1775 I Street, N.W.,
ADDRESS OF SERVER

Washington, DC 20006

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-cv-01021-PLF |
| WHOLE FOODS MARKET, INC., | : |
| and | : |
| WILD OATS MARKETS, INC. | : |
| Defendants. | : |

To:  Safeway Inc.
     5918 Stoneridge Mall Road
     Pleasanton, CA 94588
     c/o E. Marcellus Williamson, Esq.
     Latham & Watkins
     555 11th Street, N.W., Suite 1100
     Washington, DC 20004

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, counsel for Defendant Whole Foods Market, Inc. will take the deposition of Safeway, Inc. upon oral examination in connection with the above-captioned matter. This deposition will be conducted before a certified court reporter duly authorized to administer oaths, at the offices of Dechert LLP, One Maritime Plaza, Suite 2300, San Francisco, CA 94111-3513, on July 6, 2007, at 9:30 A.M. The deposition will be recorded by sound and stenographic means. The deposition will continue for the period allowed by the Federal Rules

of Civil Procedure. Pursuant to Rule 30(b)(6), Safeway Inc. is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify in its behalf, with respect to the matters set forth on Exhibit A to this Deposition Notice.

Dated: June 27, 2007

/s/ James A. Fishkin
James A. Fishkin
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
(202) 261-3300

Attorneys for Defendant Whole Foods Market, Inc.

# EXHIBIT A
## AREAS OF KNOWLEDGE FOR SAFEWAY-DESIGNATED REPRESENTATIVE

(a) The operations of Safeway Inc. ("Company"), including its store formats, banners, and locations.

(b) The types of products and services offered at the Company's stores.

(c) Competition faced by the Company, including the nature of competition with Whole Foods, Wild Oats and other grocery retailers.

(d) The Company's ability to obtain organic and natural products from suppliers for sale to consumers.

(e) Trends in grocery retailing relating to natural, organic or fresh products.

(f) The Company's business decisions, plans and strategies relating to branded and private label organic and natural product offerings.

(g) The manner in which decisions are made regarding pricing, product selection and services offered at the Company's stores.

(h) The process and considerations employed by the Company in the selection of locations for new stores or the decision to remodel or expand existing stores.

(i) The ease or difficulty of expansion or repositioning by grocery retailers, and the competitive impact of competitor entry, expansion or repositioning on the Company's stores.

## CERTIFICATE OF SERVICE

I, James A. Fishkin, hereby certify that on June 27, 2007, I caused to be served, by electronic mail, a true and correct copy of the foregoing Notice of Deposition to the following:

E. Marcellus Williamson
Latham & Watkins
555 11th Street, N.W.
Suite 1100
Washington, DC 20004

Michael J. Bloom, Esq.
Thomas H. Brock, Esq.
Eric M. Sprague, Esq.
Thomas J. Lang, Esq.
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20001
Counsel for Federal Trade Commission

Gary A. MacDonald, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Counsel for Wild Oats Markets, Inc.

Clifford H. Aronson, Esq.
Thomas A. Pak, Esq.
Matthew P. Hendrickson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Counsel for Wild Oats Markets, Inc.

Terrence J. Wallock, Esq.
2224 Pacific Drive
Corona Del Mar, CA 92625
Counsel for Wild Oats Markets, Inc.

Alden L. Atkins, Esq.
Vinson & Elkins, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC 20004-1008
Counsel for Whole Foods Market, Inc.

/s/ James A. Fishkin
James A. Fishkin