## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION, PURSUANT TO RULE 29(2) AND RULE 33, FED. R. CIV. P., FOR LEAVE TO SERVE INTERROGATORIES ON DEFENDANTS**

Pursuant to Rule 29(2) and Rule 33 of the Federal Rules of Civil Procedure, plaintiff Federal Trade Commission respectfully moves the Court for leave to serve the attached interrogatories on defendants Whole Foods Market, Inc., and Wild Oats Markets, Inc., for a response after the July 6, 2007, discovery cut-off date. This is the second application of plaintiff under Rule 29(2).[1]

As the Court is aware, we contend that defendants compete in a market for "premium natural and organic supermarkets." Complaint ¶ 34. Defendants, however, apparently would like to lump their operations together with any other food stores that sell food products of any kind. On its face defendants' position is surprising: it contradicts the regular pronouncements of

---

[1] On July 5, 2007, the Court granted our motion for leave to conduct an inspection of defendant Wild Oats' store in Portland, Maine, the week of July 9, 2007. Also, the parties have agreed, pursuant to Rule 29(1), Fed. R. Civ. P., to schedule certain third party depositions the week of July 9, 2007.

Whole Foods own executives[2] and it is contrary to Wild Oats' own representations in the documents it filed with the Securities and Exchange Commission.[3]

To address this apparent issue, the Commission has sought specific discovery both from defendants and from third parties. We served subpoenas on approximately two dozen third parties asking for information regarding, *inter alia*, the product lines of food they carry at their stores. Virtually all of the third parties provided us the data we requested.

On June 28, 2007, we also served document requests on defendants seeking identical information regarding their stores. However, to date, neither defendant has provided us this data, which could be very useful for the Court in assessing defendants' apparent position.[4]

As a result, we respectfully ask the Court for leave to serve the attached set of interrogatories (attached as Exhibits A and B). These interrogatories seek a subset of the core data that we expected to obtain through defendants' document production. Generally speaking,

---

[2]     *See* Complaint ¶ ¶ 27-28, 30-31.

[3]     *See* Complaint ¶ 29.

[4]     In an email the evening of July 3, 2007, counsel for Wild Oats advised us that "we cannot provide the data" requested. However, we have not had an opportunity to have a meet and confer with them to determine if the data are available in any other format similar to that which we requested, or if a surrogate for that data is available.

Counsel for Whole Foods advised us that it would treat our June 28 document request as interrogatories, and plans to respond to them this afternoon. While Whole Foods apparently will not object to our requests on the ground that, in its view, we supposedly exceeded the amount of discovery permitted under paragraph 2 of the Case Management Order, we will not be able to evaluate Whole Foods' response until this evening, at the very earliest.

we have requested six categories of basic information about certain product lines.[5]  Rather than

seeking information from all of defendants' stores as we did in our document request, these

interrogatories are limited to seeking information regarding stores in only six metropolitan areas.

Also, we have limited the interrogatories to data for the past  year.

Obviously, it may well be that the parties can resolve the apparent impasse over the

document requests that they may confront.  And, of course, if the parties are successful in

resolving those issues, we will not pursue these interrogatories.  On the other hand, we believe it

is necessary to have this discretion to seek this information if defendants can not, or will not,

produce the documents as requested in our June 28, 2007, Request for the Production of

Documents.

Plaintiff advises the Court that conducting this specific discovery during the week of July

9, 2007, will not otherwise interfere with the schedule established in the Case Management Order

entered by the Court.

Defendants Whole Foods and Wild Oats oppose this request.

A proposed order is attached.

Respectfully submitted,

/s/ Thomas H. Brock
Dated: July 6, 2007              Thomas H. Brock (DC Bar No. 939207)
                                 Federal Trade Commission
                                 600 Pennsylvania Avenue, N.W.
                                 Washington, D.C. 20580
                                 (202) 326-2813
                                 Tbrock@ftc.gov

---

[5]      These are requested by "SKUs" or "stock keeping units," which is the product line
identification number defendants use.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

On the unopposed motion of plaintiff Federal Trade Commission, it is hereby

ORDERED that plaintiff Federal Trade Commission has leave pursuant to Rule 29(2) and

Rule 33, Fed. R.. Civ. P., to serve the attached interrogatories on defendants..

Entered this __ day of July, 2007.

_____
PAUL L. FRIEDMAN
United States District Judge

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served the foregoing papers on the following counsel via electronic mail:

> Alden L. Atkins, Esq.
> Vinson & Elkins LLP
> The Willard Office Building
> 1455 Pennsylvania Ave., N.W.
> Suite 600
> Washington, D.C.  20004-1008
> (202) 639-6613
> Aatkins@VELaw.com
>
> Paul T. Denis, Esq.
> Dechert L.L.P.
> 1775 I Street, NW
> Washington, D.C.  20006-2401
> (202) 261-3430
> Paul.denis@Dechert.com
>
> Clifford H. Aronson, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> 1440 New York Avenue, N.W.
> Washington, D.C.  20005
> (212) 735-2614
> Caronson@Skadden.com

Dated: July 6, 2007                                    /s/ Thomas H. Brock
                                                       Thomas H. Brock, Esq.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,  )
600 Pennsylvania Avenue, N.W.  )
Washington, DC  20580,     )
             )
      Plaintiff,  )
             )
   v.        )  Civ. No.  07-cv-01021-PLF
             )
WHOLE FOODS MARKET, INC.,   )
550 Bowie Street,       )
Austin, Texas 78703,     )
             )
   - and -      )
             )
WILD OATS MARKETS, INC.,   )
3375 Mitchell Lane,      )
Boulder, Colorado 80301,    )
             )
      Defendants. )

**Plaintiff's Second Set of Interrogatories to Defendant Whole Foods Market, Inc.**

  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission propounds the following Second Set of Interrogatories on Defendant Whole Foods Market, Inc. The requested answers must be provided within thirty (30) days after service of these interrogatories or at such other time as may be directed by the Court or agreed to by the parties.  Defendant shall answer the following Interrogatories separately and fully in writing, under oath, and serve the answers upon Plaintiff's counsel, at Federal Trade Commission, 601 New Jersey Ave., N.W., Washington, D.C.  20580.

1

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply.

1.      The term "Whole Foods," "you," and "yours" shall refer to defendant Whole Foods

Market, Inc., and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint

ventures, and all directors, officers, employees, agents and representatives thereof.

2.      The term "Wild Oats" shall mean defendant Wild Oats Markets, Inc., and its

predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all

directors, officers, employees, agents and representatives thereof.

3.      "Document" or "documents" is used in the broadest possible sense and means, without

limitation, any written, printed, typed, photocopied, photographed, recorded, or otherwise

reproduced or stored communication or representation, whether comprised of letters,

words, numbers, data, pictures, sounds, or symbols, or any combination thereof.

"Document" means anything which may be considered to be a document or tangible thing

within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes,

without limitation, correspondence, memoranda, notes, records, letters, envelopes,

telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts,

analytical records, reports and/or summaries of investigations, press releases,

comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets,

pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes

of meetings or communications, Electronically Stored Information of all kinds,

questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes,

disks, data cells, print-outs of information stored or maintained by electronic data

2

processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by Whole Foods or anyone else.

4. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

5. "Person" refers to natural persons, firms, partnerships, associations, joint ventures, corporations, sole proprietorships, and governmental entities, divisions, departments, and agencies, including, but not limited to, Whole Foods and Wild Oats.

6. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

7. "Designated Areas" include Evanston, IL; West Hartford, CT; Portland, ME; Nashville, TN; Boulder, CO; and Louisville, KY, as well as the immediately surrounding areas of each town or city.

8. "Natural Foods and Products" means foods and products that are minimally processed and largely or completely free of artificial ingredients, preservatives, and other non-naturally occurring substances.

9. "Organic Foods and Products" means foods and products that conform to the United

3

States Department of Agriculture's Organic Foods Protection Act of 1990.

10.    "Perishables" means deli foods, produce, fresh meat, seafood, floral, bakery, and prepared

foods.

11.    "SKU" means Stock Keeping Unit.

## INSTRUCTIONS

A.    These Interrogatories call for all information (including any information contained in or

on any document or writing) that is known or available to you, including all information

in the possession of, or available to, your attorneys, agents, or representatives, or any

other person acting on your behalf or under your direction or control.

B.    Each Interrogatory, including subparts, is to be answered by you separately, completely

and fully, under oath.  If you object to any part of an Interrogatory, set forth the basis for

your objection and respond to all parts of the Interrogatory to which you do not object.

Any ground not stated in an objection within the time provided by the Rules of

Procedure, or any extensions thereof, shall be waived.  All objections must be made with

particularity and must set forth all the information upon which you intend to rely in

response to any motion to compel.

C.    All objections must state with particularity whether, and in what manner, the objection is

being relied upon as a basis for limiting the response.  If you are withholding responsive

information pursuant to any general objection, you should so expressly indicate.  If, in

responding to any Interrogatory, you claim any ambiguity in interpreting either the

Interrogatory or a definition or instruction applicable thereto, you shall set forth as part of

your response the language deemed to be ambiguous and the interpretation used in

4

responding to the Interrogatory, and shall respond to the Interrogatory as you interpret it.

D.     If you cannot answer all or part of any Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

E.     If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for Plaintiffs and the Court to assess the claim of privilege, in accordance with Rule 26 of the Federal Rules of Civil Procedure.  The privilege log shall include the following: (i) specific grounds for the claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the privileged communication; (iv) a description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and (v) the Interrogatory to which the privileged information is responsive.

F.     Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

1.     Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

2.     Construing the singular form of any word to include the plural and the plural form to include the singular;

3.     Construing the past tense of the verb to include the present tense and the present

5

tense to include the past tense;

4.      Construing the masculine form to include the feminine form;

5.      Construing the term "Date" to mean the exact day, month, and year if

ascertainable; if not, the closest approximation that can be made by means of

relationship to other events, locations, or matters; and

6.      Construing negative terms to include the positive and vice versa.

G.      If you have any questions, please contact Thomas H. Brock, Esq., at 202-326-2813.

## INTERROGATORIES

11.  For the period from July 1, 2006, through July 1, 2007, state separately for each

Whole Foods store in a Designated Area, and for each department within each such store, the

daily:

(a) number of Natural Foods and Products SKUs (or comparable units of measure);

(b) number of Organic Foods and Products SKUs (or comparable units of

measure);

(c) number of Perishables SKUs (or comparable units of measure);

(d) net dollar sales of Natural Foods and Products;

(e) net dollar sales of Organic Foods and Products; and

(f)  net dollar sales of Perishables.

6

Dated: July 6, 2007                          /s/ Thomas H. Brock
                                             Thomas H. Brock (DC Bar # 939207)
                                             Federal Trade Commission
                                             601 New Jersey Avenue, N.W.
                                             Washington, D.C. 20580
                                             Telephone:    (202) 326-2813
                                             Facsimile:    (202) 326-3384
                                             Tbrock@FTC.gov

                                             Counsel for the Federal Trade Commission

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing papers were served by emailing a copy to:

Alden L. Atkins, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C.  20004-1008
(202) 639-6613
Aatkins@VELaw.com

Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

Paul T. Denis, Esq.
Dechert L.L.P.
1775 I Street, NW
Washington, D.C.  20006-2401
(202) 261-3430
Paul.denis@Dechert.com

Dated: July 6, 2007                         /s/ Thomas H. Brock
                                            Thomas H. Brock, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,  )
600 Pennsylvania Avenue, N.W.  )
Washington, DC  20580,   )
         )
     Plaintiff,  )
         )
   v.     )  Civ. No.  07-cv-01021-PLF
         )
WHOLE FOODS MARKET, INC.,  )
550 Bowie Street,    )
Austin, Texas 78703,   )
         )
  - and -    )
         )
WILD OATS MARKETS, INC.,   )
3375 Mitchell Lane,    )
Boulder, Colorado 80301,   )
         )
    Defendants. )

**Plaintiff's Second Set of Interrogatories to Defendant Wild Oats Markets, Inc.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission propounds the following First Set of Interrogatories on Defendant Wild Oats Markets, Inc. The requested answers must be provided within thirty (30) days after service of these interrogatories or at such other time as may be directed by the Court or agreed to by the parties.  Defendant shall answer the following Interrogatories separately and fully in writing, under oath, and serve the answers upon Plaintiff's counsel, at Federal Trade Commission, 601 New Jersey Ave., N.W., Washington, D.C.  20580.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply.

1.    The term "Wild Oats," "you," and "yours" shall refer to defendant Wild Oats Markets, and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents and representatives thereof.

2.    The term "Whole Foods" shall mean defendant Whole Foods Market, Inc., and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents and representatives thereof.

3.    "Document" or "documents" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or communications, Electronically Stored Information of all kinds, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data

2

processing or word processing equipment, all other data compilations from which

information can be obtained (by translation, if necessary, by you through detection

devices into usable form), including, without limitation, electromagnetically sensitive

storage media such as floppy disks, hard disks and magnetic tapes and any preliminary

versions, as well as drafts or revisions of any of the foregoing, whether produced or

authored by Whole Foods or anyone else.

4.    "Describe," "state," and "set forth" mean to indicate fully and unambiguously each

relevant fact of which you have knowledge.

5.    "Person" refers to natural persons, firms, partnerships, associations, joint ventures,

corporations, sole proprietorships, and governmental entities, divisions, departments, and

agencies, including, but not limited to, Whole Foods and Wild Oats.

6.    "Relating to" is used in the broadest possible sense and means, in whole or in part,

addressing, analyzing, concerning, constituting, containing, commenting, in connection

with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining

to, referring to, reflecting, reporting, stating, or summarizing.

7.    "Designated Areas" include Evanston, IL; West Hartford, CT;  Portland, ME; Nashville,

TN;  Boulder, CO; and Louisville, KY, as well as the immediately surrounding areas of

each town or city.

8.    "Natural Foods and Products" means foods and products that are minimally processed

and largely or completely free of artificial ingredients, preservatives, and other non-

naturally occurring substances.

9.    "Organic Foods and Products" means foods and products that conform to the United

3

States Department of Agriculture's Organic Foods Protection Act of 1990.

10.    "Perishables" means deli foods, produce, fresh meat, seafood, floral, bakery, and prepared

foods.

11.    "SKU" means Stock Keeping Unit.

## INSTRUCTIONS

A.    These Interrogatories call for all information (including any information contained in or

on any document or writing) that is known or available to you, including all information

in the possession of, or available to, your attorneys, agents, or representatives, or any

other person acting on your behalf or under your direction or control.

B.    Each Interrogatory, including subparts, is to be answered by you separately, completely

and fully, under oath.  If you object to any part of an Interrogatory, set forth the basis for

your objection and respond to all parts of the Interrogatory to which you do not object.

Any ground not stated in an objection within the time provided by the Rules of

Procedure, or any extensions thereof, shall be waived.  All objections must be made with

particularity and must set forth all the information upon which you intend to rely in

response to any motion to compel.

C.    All objections must state with particularity whether, and in what manner, the objection is

being relied upon as a basis for limiting the response.  If you are withholding responsive

information pursuant to any general objection, you should so expressly indicate.  If, in

responding to any Interrogatory, you claim any ambiguity in interpreting either the

Interrogatory or a definition or instruction applicable thereto, you shall set forth as part of

your response the language deemed to be ambiguous and the interpretation used in

4

responding to the Interrogatory, and shall respond to the Interrogatory as you interpret it.

D.    If you cannot answer all or part of any Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

E.    If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for Plaintiffs and the Court to assess the claim of privilege, in accordance with Rule 26 of the Federal Rules of Civil Procedure.  The privilege log shall include the following: (i) specific grounds for the claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the privileged communication; (iv) a description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and (v) the Interrogatory to which the privileged information is responsive.

F.    Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

1.    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

2.    Construing the singular form of any word to include the plural and the plural form to include the singular;

3.    Construing the past tense of the verb to include the present tense and the present

5

tense to include the past tense;

4.      Construing the masculine form to include the feminine form;

5.      Construing the term "Date" to mean the exact day, month, and year if

ascertainable; if not, the closest approximation that can be made by means of

relationship to other events, locations, or matters; and

6.      Construing negative terms to include the positive and vice versa.

G.      If you have any questions, contact Thomas H. Brock, Esq., at 202-326-2813. ____

## INTERROGATORIES

7.  For the period from July 1, 2006, through July 1, 2007, state separately for each Wild

Oats store in a Designated Area and for each department within each such store, the daily:

(a) number of Natural Foods and Products SKUs (or comparable units of measure);

(b) number of Organic Foods and Products SKUs (or comparable units of

measure);

(c) number of Perishables SKUs (or comparable units of measure);

(d) net dollar sales of Natural Foods and Products;

(e) net dollar sales of Organic Foods and Products; and

(f)  net dollar sales of Perishables.

Dated: July 6, 2007

/s/ Thomas H. Brock
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:     (202) 326-2813
Facsimile:      (202) 326-3384
Tbrock@FTC.gov

Counsel for Plaintiff Federal Trade Commission

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing papers were served by emailing a copy to:

Alden L. Atkins, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C.  20004-1008
(202) 639-6613
Aatkins@VELaw.com

Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

Paul T. Denis, Esq.
Dechert L.L.P.
1775 I Street, NW
Washington, D.C.  20006-2401
(202) 261-3430
Paul.denis@Dechert.com

Dated: July 6, 2007                          /s/ Thomas H. Brock
                                             Thomas H. Brock, Esq.