IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC. ) | |
| ) | |
| and ) | |
| ) | |
| WILD OATS MARKETS, INC. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING

Pursuant to the Court's Memorandum Opinion and Order entered July 6, 2007 [Doc. 95], Defendant Whole Foods Market, Inc. files herewith a proposed Protective Order Governing Discovery Material, revised per the Court's July 6 Order. Plaintiff has advised that it consents to the submission of this revised order for entry by the Court.

Respectfully submitted,

/s/ John M. Faust
John M. Faust (DC Bar No. 433553)
VINSON ELKINS L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004-1008
Telephone: 202.639.6727
Facsimile: 202.639.6604

Attorney for Defendant
Whole Foods Market, Inc.

July 9, 2007

**CERTIFICATE OF SERVICE**

       I hereby certify that, on this 9th day of July, 2007, I caused the foregoing Notice of Filing to be filed and served using the Court's ECF system and also caused the same to be served on the persons listed below by electronic mail:

Matthew P. Hendrickson
Thomas A. Pak
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
mhendric@skadden.com
tpak@skadden.com

Alexander Maltas
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
alexander.maltas@lw.com

John Shin
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
jshin@morganlewis.com

Terrence J. Wallock
2224 Pacific Drive
Corona Del Mar, CA  92625
terry@wallock.com

                                                /s/ John M. Faust
                                                John M. Faust

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:07-CV-01021-PLF |
| WHOLE FOODS MARKET, INC. | ) ) ) | |
| and | ) ) | |
| WILD OATS MARKETS, INC. | ) ) ) | |
| Defendants. | ) ) | |

**PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

For the purpose of protecting the interests of the Parties and Third Parties against the improper use and disclosure of confidential information submitted or produced in connection with this Matter:

IT IS HEREBY ORDERED THAT this Protective Order Governing Discovery Material (the "Protective Order") shall govern the handling of all Discovery Material in the above captioned Matter.

<u>DEFINITIONS</u>

For purposes of this Protective Order, the following definitions shall apply:

1. "Whole Foods" means defendant Whole Foods Market, Inc., a corporation organized, existing, and doing business under and by virtue of the laws of the State of Texas, with its office and principal place of business at 550 Bowie Street, Austin, Texas 78703, and its predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures.

2. "Wild Oats" means defendant Wild Oats Markets, Inc., a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 3375 Mitchell Lane, Boulder, Colorado 80301, and its predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures.

3. "Commission" or "FTC" means the Federal Trade Commission, or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for the purposes of this Matter.

4. "Confidential Discovery Material" means all Discovery Material that is confidential or proprietary information produced in discovery. Such material is referred to in, and protected by, Rule 26(c)(7) of the Federal Rules of Civil Procedure. Confidential Discovery Material shall include non-public trade secret or other research, development, or commercial information, the disclosure of which would likely cause commercial harm to the Producing Party or to Defendants, in instances where the Producing Party produces information generated by the Defendants. The following is a non-exhaustive list of examples of information that likely will qualify for treatment as Confidential Discovery Material: strategic plans (involving pricing, marketing, research and development, product road maps, corporate alliances, or mergers and acquisitions) that have not been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or data (e.g., prices, volumes, or revenues); sales contracts; system maps; personnel files and evaluations; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information; proprietary financial data or projections; and proprietary consumer, customer, or market research or analyses applicable to current or future market conditions, the disclosure of which could reveal Confidential Discovery Material. Discovery Material will not be considered confidential if it is in the public domain.

5.  "Counsel of Record" means counsel who file a notice of appearance in this Matter.

6.  "Disclosing Party" means a party that is disclosing or contemplating disclosing Discovery Material pursuant to this Protective Order.

7.  "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, Documents produced pursuant to compulsory process or voluntarily in lieu thereof, and any other Documents or information produced or given to one Party by another Party or by a Third Party in connection with discovery in this Matter.  Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

8.  "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored, or reproduced.  "Document" includes, but is not limited to, any writing, letter, envelope, telegraph, e-mail, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, drawing, chart, photograph, tape, phono record, compact disc, video tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, organizer, desk pad, telephone message slip, note of interview or communication, and any other data compilation from which information can be obtained, and includes all drafts and all copies of such Documents and every writing or record that contains any commentary, notes, or marking whatsoever not appearing on the original.

9. "Expert/Consultant" means testifying or consulting experts or other persons who are retained to assist Plaintiff's Counsel or Defendants' Counsel in preparation for the hearing or to give testimony at the hearing.

10. "Matter" means the above captioned matter pending in the United States District Court for the District of Columbia, and all subsequent administrative, appellate or other review proceedings related thereto.

11. "Outside Counsel" means the law firms that are Counsel of Record for Defendants in this Matter, their partners and associated attorneys, or other persons regularly employed by such law firm(s) including legal assistants, clerical staff, vendors assisting with electronic discovery and information management personnel and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support with regard to this Matter; provided that any attorney associated with Outside Counsel shall not be a director, officer, or employee of Defendants. The term Outside Counsel does not include persons retained as consultants or experts for the purposes of this Matter.

12. "Party" means either the FTC, Whole Foods, or Wild Oats.

13. "Person" means any natural person, business entity, corporate entity, sole proprietorship, partnership, association, governmental entity, or trust.

14. "Producing Party" means a Party or Third Party that produced or intends to produce Confidential Discovery Material to any of the Parties. With respect to Confidential Discovery Material of a Third Party that is in the possession, custody, or control of the FTC, or has been produced by the FTC in this Matter, the Producing Party shall mean the Third Party that originally provided such material to the FTC. The Producing Party shall mean the FTC for purposes of any Document or Discovery Materials prepared by, or on behalf of, the FTC.

15. "Defendants" means Whole Foods and Wild Oats.

16. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Matter and its employees, directors, officers, attorneys, and agents.

TERMS AND CONDITIONS OF PROTECTIVE ORDER

1. Discovery Material, or information derived therefrom, shall be used solely by the Parties for purposes of this Matter, and shall not be used for any other purpose, including without limitation any business or commercial purpose. Notwithstanding the foregoing, nothing contained in this Protective Order shall prevent the Commission from using any material produced as part of the investigation in this Matter, including any Discovery Material, for any authorized law enforcement purpose, provided that the Commission may only use or disclose Discovery Material as provided by (a) its Rules of Practice, and any cases so construing them, (b) Sections 6(f) and 21 of the Federal Trade Commission Act, and any cases so construing them, and (c) any other legal obligation imposed upon the Commission. The Parties, in conducting discovery from Third Parties, shall attach to all discovery requests a copy of this Protective Order and a cover letter that will apprise such Third Parties of their rights hereunder.

2. Confidential Discovery Material may be designated as such by (a) placing or affixing on each page of a Document containing such material, in a manner that will not interfere with its legibility, the notation "CONFIDENTIAL - FTC v. Whole Foods," or (b) any Party or Third Party instructing the court reporter, with notice to all Parties, within five (5) business days of the receipt of the transcript, to designate as "Confidential" each page of the deposition transcript containing the Confidential Discovery Material. Such designations constitute a good-faith representation by counsel for the Party or Third Party making the designation that the

Document or transcript constitutes or contains Confidential Discovery Material. All deposition transcripts shall be treated as Confidential Discovery Material until the expiration of five (5) business days after the receipt of the transcript. A Producing Party will use reasonable care to avoid designating any Discovery Material as Confidential Discovery Material that is not entitled to such designation.

3.  Confidential Discovery Material shall not be copied or reproduced for use in this Matter except to the extent such copying or reproduction is reasonably necessary to the conduct of this Matter. All such copies or reproductions of the Discovery Material and any documents generated by the Parties containing information drawn from such Discovery Material shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not preserve the confidentiality designations that appear on the original Documents, all such copies or reproductions shall be stamped with the same confidentiality designation as the original.

4.  All Documents obtained by compulsory process or voluntarily in lieu of process from any Party or Third Party, regardless of whether designated or marked confidential by the Party or Third Party, and transcripts of any investigational hearings, interviews, or depositions that were obtained before this Protective Order was adopted, shall be treated as Confidential Discovery Material for a period of ten (10) days from the time notice of the intent to produce is given to the Producing Party. At the expiration of that time, this material shall be treated as non-confidential unless documents or transcripts pages are otherwise designated with specificity by the Producing Party as Confidential Discovery Material.

5.  If any Party seeks to challenge a Producing Party's designation of material as Confidential Discovery Material, the challenging Party shall notify the Producing Party and all

other Parties of the challenge. Such notice shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials) the designation being challenged. The Producing Party may preserve its designation by providing the challenging Party and all other Parties a written statement of the reasons for the designation within three (3) business days of receiving notice of the confidentiality challenge. If the Producing Party timely preserves its rights, the Parties shall continue to treat the challenged material as Confidential Discovery Material, absent a written agreement with the Producing Party or order of the Court providing otherwise.

6.  If any conflict regarding a confidentiality designation arises and the Parties involved have failed to resolve the conflict via good-faith negotiations, a Party seeking to disclose Confidential Discovery Material or challenging a confidentiality designation may make written application to the Court for relief. The application shall be served on the Producing Party and the other Parties to this Matter, and shall be accompanied by a certification that good-faith negotiations have failed to resolve the outstanding issues. The Producing Party and any other Party shall have three (3) business days after receiving a copy of the motion to respond to the application. While an application is pending, the Parties shall maintain the pre-application status of the Confidential Discovery Material. Nothing in this Protective Order shall create a presumption or alter the burden of persuading the Court of the propriety of a requested disclosure or change in designation.

7.  The Parties shall not be obligated to challenge the propriety of any designation or treatment of information as Confidential Discovery Material and the failure to do so promptly shall not preclude any subsequent objection to such designation or treatment, or any motion seeking permission to disclose such material to Persons not otherwise entitled to access under the

terms of this Protective Order. If Confidential Discovery Material is produced without the designation attached, the material shall be treated as Confidential from the time the Producing Party advises Plaintiff's Counsel and Defendants' Counsel in writing that such material should be so designated and provides all the Parties with an appropriately labeled replacement. The Parties shall return promptly or destroy the unmarked materials.

8. Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

(a) Plaintiff's counsel and the Commission, as permitted by the Commission's Rules of Practice;

(b) Outside Counsel;

(c) Roberta L. Lang, General Counsel of Whole Foods Market, Inc., on condition that Ms. Lang shall have access only to unredacted draft and final versions of pleadings, deposition and hearing transcripts, and expert reports, but shall not have access to any accompanying exhibits or underlying discovery materials to the extent those exhibits or discovery materials have been designated "Confidential";

(d) Experts/Consultants;

(e) court reporters and deposition transcript reporters;

(f) judges and other court personnel of any court having jurisdiction over any proceedings involving this Matter;

(g) any author or recipient of the Discovery Material; any individual who was in the direct chain of supervision of the author at the time the Discovery Material was created or received; any employee or agent of the entity that created or received the Discovery Material; or anyone representing the author or recipient of the Discovery Material in this Matter; and

(h) any other Person(s) authorized in writing by the Producing Party.

9. Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to an Expert/Consultant until such person has executed and transmitted to counsel for the party retaining such person a declaration in the form attached as Exhibit "A."

Each Party's counsel shall maintain a file of all such declarations for the duration of the litigation.

      10.    If any Party desires to disclose Confidential Discovery Material to (a) either any Expert/Consultant, any deponent, or any witness that is or was an officer, director or employee of Whole Foods or Wild Oats, or (b) any Person other than those referred to in paragraph 8 of this Protective Order, the Disclosing Party shall notify the Producing Party any other Party of its desire to disclose such material.  The notice shall identify those materials sought to be disclosed with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials) and the specific Person to whom the Confidential Discovery Material is to be disclosed.  For disclosure to any Expert/Consultant, deponent, or witness that is or was an officer, director, or employee of Whole Foods or Wild Oats, the identification of the Person shall include, but not be limited to, the full name, professional address and/or affiliation, and current curriculum vitae of the identified Person.  The Producing Party may object to the disclosure of the Confidential Discovery Material within five (5) business days of receiving notice of an intent to disclose such material to the Person by providing the Disclosing Party with a written statement of the reasons for objection.  If the Producing Party timely objects, the Disclosing Party shall not disclose the Confidential Discovery Material to the identified Person, absent a written agreement with the Producing Party or order of the Court permitting the disclosure.  If the Producing Party does not object to the disclosure of Confidential Discovery Material to the identified Person within five (5) business days, the Disclosing Party may disclose the Confidential Discovery Material to the identified Person.

11. If the FTC (a) receives a discovery request that may require the disclosure by it of a Third Party's Confidential Discovery Material, or (b) intends to or is required to disclose, voluntarily or involuntarily, a Third Party's Confidential Discovery Material (whether or not such disclosure is in response to a discovery request), the FTC promptly shall notify the Third Party of the receipt of such request or its intention to disclose such material. Such notification shall be in writing and, if not otherwise done, sent for receipt by the Third Party at least five (5) business days before disclosure, and shall include a copy of this Protective Order and a cover letter that will apprise the Third Party of its rights hereunder.

12. If any Person receives a discovery request in another proceeding that may require the disclosure of a Producing Party's Confidential Discovery Material, the recipient of the discovery request shall promptly notify the Producing Party of receipt of the request. The notification shall be in writing and be received by the Producing Party at least five (5) business days before production in the other proceeding, and shall include a copy of this Protective Order and a cover letter apprising the Producing Party of its rights. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal an order requiring production of Confidential Discovery Material, to subject itself to any penalties for noncompliance with such an order, or to seek any relief from the Court. The recipient shall not oppose the Producing Party's efforts to challenge the discovery request calling for the production by the recipient of the Producing Party's Confidential Discovery Material. In addition, nothing herein shall limit the applicability of Section 4.11(e) of the FTC Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13.     Counsel for the Parties or any Producing Party shall have the right to exclude from oral depositions any person not authorized to receive Confidential Discovery Material, during periods of examination or testimony relating to such material.

14.     In the event that any Confidential Discovery Material is contained in any pleading, motion, exhibit, brief, or other paper filed or to be filed with the Court, the Party filing the papers shall inform the Clerk of Court, and the papers shall be filed under seal pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. Confidential Discovery Material contained in papers (including Confidential Discovery Material from the Parties and Third Parties) shall remain under seal until further order of the Court; provided, however, that the papers may be furnished to persons or entities who may receive Confidential Discovery Material pursuant to this Protective Order. After filing any paper containing Confidential Discovery Material, the filing Party must file on the public record a duplicate copy of the paper with the Confidential Discovery Material deleted, within five (5) business days of the original filing. Further, if the protection for any such material ceases, any Party may file on the public record a copy that also contains the formerly protected material.

15.     If counsel for a Party plans to introduce into evidence at trial any Document or transcript containing Confidential Discovery Material produced by a Third Party or any other Party, the counsel shall provide forty-eight (48) hours advance notice before such introduction to the Producing Party and any other Party, or as much notice before the introduction as practicable under the circumstances, for purposes of allowing that Party to seek an order that the Document or transcript be granted *in camera* treatment. Except where an order seeking *in camera* treatment is granted, all Documents and transcripts shall be part of the public record. If *in camera*

treatment is granted, a copy of the Document or transcript with the Confidential Discovery Material deleted must be placed on the public record.

16.     The inadvertent production or disclosure of (i) material provided to the FTC during its investigation under the Hart-Scott-Rodino Antitrust Improvement Act, 15 U.S.C. § 18a, or (ii) any Discovery Material, which a Producing Party claims should not have been produced or disclosed because of a privilege, will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed.  In the event of such claimed inadvertent production or disclosure, the procedures of Federal Rules of Civil Procedure 26(b)(5)(B) shall apply. The inadvertent production of a privileged document shall not be deemed a waiver of any privilege applicable to any other documents relating to that subject matter.

17.     Nothing in this Protective Order shall be construed to conflict with the provisions of Sections 6, 10, and 21 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 50, 57b-2, or with Rules 3.22, 3.45, or 4.11 (b)-(e), 16 C.F.R. §§ 3.22, 3.45, and 4.11 (b)-(e).  Any Party or Producing Party may move at any time for *in camera* treatment of any Confidential Discovery Material or any portion of the proceedings in this Matter to the extent necessary for proper disposition of this Matter.

18.     At the conclusion of this Matter, the Defendants shall (a) return or destroy all Documents obtained in this Matter that contain or refer to Confidential Discovery Material, other than materials that have been made part of the public record in this Matter, and (b) provide the Producing Party with an affidavit of destruction, provided that the provisions of 15 U.S.C. § 18a and § 4.12 of the FTC Rules of Practice, 16 C.F.R. § 4.12, shall govern the retention, return, or destruction of any documents obtained by the FTC prior to the filing of the Complaint to the

extent the provisions of that statute or regulation is inconsistent with the provisions of this Protective Order.  At the time that any Expert/Consultant or other person retained to assist counsel in the preparation of this Matter concludes participation in this Matter, that person shall return to counsel all copies of Documents or portions thereof designated Confidential Discovery Material that are in the possession of that person, together with all notes, memoranda, or other papers containing Confidential Discovery Material.

   19. The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Discovery Material shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of this Matter.

   20. This Protective Order shall not apply to the disclosure by a Producing Party or its Counsel of the Producing Party's Confidential Discovery Material to the Producing Party's current or former employees, agents, board members, directors, and officers.

   21. Any violation of this Order will be deemed a contempt and punished by a fine of $250,000.  This fine will be paid individually by the person who violates this Order.  Any violator may not seek to be reimbursed or indemnified for the payment the violator has made.  If the violator is an attorney, the Court will deem the violation of this Order to warrant the violator being sanctioned by the appropriate professional disciplinary authority and Judge Friedman will urge that authority to suspend or disbar the violator.  This Paragraph 21 shall only apply to the person(s) identified in Paragraph 8(c) above.

22. Entry of the foregoing Protective Order is without prejudice to the right of the Parties or Third Parties to apply for further protective orders or for modification of any provision of this Protective Order by application to the Court for good cause shown,

ORDERED:

                                                                              _____
                                                                              Paul L. Friedman
                                                                              United States District Judge

Dated:

WE ASK FOR THIS:

Alden L. Atkins
Vinson & Elkins L.L.P.
1455 Pennsylvania Ave., N.W., Suite 600
Washington, D.C. 20004-1008
(202) 639-6613
aatkins@velaw.com

Counsel for Whole Foods Market, Inc.


WITH ADDITIONAL COPIES TO:

Thomas H. Brock
Bureau of Competition
Federal Trade Commission
600 New Jersey Ave., N.W.
Washington, D.C. 20580
(202) 326-2813
TBrock@FTC.gov

Counsel for the Federal Trade Commission

Clifford H. Aronson
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
caronson@skadden.com

Counsel for Wild Oats Markets, Inc.

**EXHIBIT A
TO THE PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC., ) | |
| ) | |
| - and - ) | |
| ) | |
| WILD OATS MARKETS, INC., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION CONCERNING PROTECTIVE
ORDER GOVERNING DISCOVERY MATERIAL**

I, [NAME], hereby declare and certify the following to be true:

    1.    [Statement of employment]

    2.    I have read the "Protective Order Governing Discovery Material" ("Protective Order") issued by the Court on [Date], in connection with the above captioned Matter. I understand the restrictions on my access to and use of any Confidential Discovery Material (as that term is used in the Protective Order) in this Matter, and I agree to abide by the Protective Order.

    3.    I understand that the restrictions on my use of such Confidential Discovery Material include:

        a.    that I will use such Confidential Discovery Material only for the purpose of preparing for this proceeding, and hearing(s) and any appeal of this proceeding and for no other purpose;

        b.    that I will not disclose such Confidential Discovery Material to anyone, except as permitted by the Protective Order;

        c.    that I will use, store and maintain the Confidential Discovery Material in such a way as to ensure its continued protected status; and

      d.      that, upon the termination of my participation in this proceeding, I will promptly return all Confidential Discovery Material and all notes, memoranda, or other papers containing Confidential Discovery Material, to Plaintiff's Counsel or Defendants' Outside Counsel, as appropriate.

4.      I understand that if I am receiving Confidential Discovery Material as an Expert/Consultant, as that term is defined in this Protective Order, the restrictions on my use of Confidential Discovery Material also include the duty and obligation to:

      a.      maintain such Confidential Discovery Material in separate locked room(s) or locked cabinet(s) when such Confidential Discovery Material is not being reviewed;

      b.      return such Confidential Discovery Material to Plaintiff's Counsel or Defendants' Outside Counsel, as appropriate, upon the conclusion of my assignment or retention, or upon conclusion of this Matter; and

      c.      use such Confidential Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party to this Matter, including providing testimony in judicial or administrative proceedings arising out of this Matter.

5.      I am fully aware that, pursuant to Rule 26, Federal Rules of Civil Procedure, Rule 37, Federal Rules of Civil Procedure, and Section 3.42(h) of the FTC Rules of Practice, 16 C.F.R. § 3.42(h), my failure to comply with the terms of the Protective Order may constitute contempt of the Commission and may subject me to sanctions imposed by the Court or the Commission.

_____      Date:  _____
Full Name [Typed or Printed]

_____