UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FEDERAL TRADE COMMISSION,           )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   Civil Action No. 07-1021 (PLF)
                                    )
WHOLE FOODS MARKET, INC.,           )
                                    )
    and                             )
                                    )
WILD OATS MARKETS, INC.,            )
                                    )
         Defendants.                )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court as a result of defendant Whole Foods' letter to the Court dated July 6, 2007, copies of which were sent to the plaintiff and to Wild Oats, with respect to particular interrogatories served by the defendants and plaintiff's responses thereto, and Whole Foods' second letter to the Court dated July 10, 2007.[1] The Court heard oral argument on this issue on July 9, 2007, at which time Whole Foods assented to its letter being treated as an oral motion to compel, and the FTC opposed the oral motion with its own arguments. The Court also received a letter from the FTC dated July 11, 2007 with respect to the

---

[1] The interrogatories at issue in the July 6, 2007 letter are Whole Foods Interrogatories Nos. 1, 7 and 9 and Wild Oats Interrogatories Nos. 5, 6 and 7. Whole Foods Interrogatories Nos. 7 and 9 and Wild Oats Interrogatory No. 7 each relate to information stemming from prior Federal Trade Commission investigations and actions. In a letter to the Court dated July 10, 2007, the defendants withdrew this request. As a result, the only interrogatories now at issue are Whole Foods Interrogatory No. 1 and Wild Oats Interrogatories Nos. 5 and 6.

interrogatories at issue.

The FTC cites three cases in its second supplemental responses and objections to interrogatories of defendant Wild Oats ("2d Supp. Resp.") for the general propositions that "there are two ways of proving market power: one is through direct evidence of anticompetitive effects, the other is through market definition and market power[,]" and that "[i]dentifying the precise metes and bounds of a geographic market is unnecessary when, as here, there is direct evidence of anticompetitive effects." 2d Supp. Resp. at 2 (citing Toys R Us, Inc. v. FTC, 221 F.2d 928, 937 (7th Cir. 2000); FTC v. Libbey, Inc., 211 F. Supp. 2d 34, 48-49 (D.D.C. 2002); FTC v. Indiana Fed'n of Dentists, 476 U.S. 447, 460-61 (1986)). Plaintiff, it seems, wants the Court to conclude that as a result of these general propositions, defendants are not entitled to further responses to their interrogatories with respect to the issues of geographic market and product market. Plaintiff, in its July 11, 2007 letter, also notes that it has identified or tentatively defined both geographic markets and product market in its responses, particularly in its second supplemental responses and objections to interrogatories of defendant Wild Oats.

While the Court does not dispute the general propositions quoted above in the abstract, the Court does conclude that these cases are not helpful in the current posture of this case. The decision in FTC v. Libbey, Inc. is a final opinion of the district court, after an evidentiary hearing; it is not a discovery opinion. While the FTC may assert that "as here" there is direct evidence of anticompetitive effects, the Court notes that at this point there is no evidence, direct or indirect, before this Court of anything at all – this case is *in discovery*. The other two cases cited suffer from an analogous flaw, and are distinguishable from this case for a different reason entirely. As defendants' counsel pointed out at the July 9, 2007 hearing, those

cases were not *ex ante* preliminary injunction proceedings, but rather were litigation relating to conduct that had occurred in the past.  See also FTC v. Libbey, Inc., 211 F. Supp. 2d at 49 (distinguishing Toys R Us and Indiana Fed'n of Dentists on similar grounds).

    Whole Foods Interrogatory No. 1 and Wild Oats Interrogatory No. 5 are related to the geographic market issue.  The Court has reviewed the responses to these interrogatories (attached to Whole Foods' July 6, 2007 letter to the Court).  With respect to Whole Foods Interrogatory No. 1 and Wild Oats Interrogatory Nos. 5(a) and 5(d), the Court concludes that plaintiff's formal responses still are insufficient and must be supplemented.  Defendants are entitled to discovery regarding the geographic markets at issue in this lawsuit, largely for the reasons argued by defense counsel in open court on July 9.  With respect to Interrogatories No. 5(b), 5(c), and 5(e), however, the Court concludes that plaintiff's responses are sufficient and/or that its objections are well taken.

    Wild Oats Interrogatory No. 6 is related to the product market issue.  As with Wild Oats Interrogatory No. 5(a), the Court concludes that plaintiff's responses to Wild Oats Interrogatory No. 6(a) still are insufficient and must be supplemented.  With respect to Wild Oats Interrogatory 6(b), the Court concludes that plaintiff's responses are sufficient and/or that its objections are well taken.  Accordingly, it is hereby

    ORDERED that defendant Whole Foods' oral motion to compel is GRANTED in part; and it is

FURTHER ORDERED that plaintiff supplement its interrogatory responses in accordance with this Memorandum Opinion and Order.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: July 12, 2007