UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-cv-01021-PLF |
| | ) |
| WHOLE FOODS MARKET, INC. | ) |
| | ) |
| and | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION AND MEMORANDUM TO COMPEL
TESTIMONY OF THIRD PARTY PERRY ODAK**

Pursuant to Rule 37(a)(2)(B), plaintiff, the Federal Trade Commission, moves the Court for an order compelling the testimony of Wild Oats Markets, Inc.'s former chief executive officer Perry Odak. Throughout his deposition, Mr. Odak refused to respond to any questions regarding his communications with attorneys for Wild Oats, even though Mr. Odak left the employment of Wild Oats nine months ago. Mr. Odak and Wild Oats assert a joint defense privilege regarding conversations between Mr. Odak and Wild Oats' counsel, Skadden Arps ("Skadden"). However, contrary to applicable law, the joint defense agreement cannot extend to Wild Oats and Mr. Odak because they did not have a common litigation interest at the time the communications were made.

**BACKGROUND**

This issue arose at Mr. Odak's deposition on June 29, 2007, when, tellingly enough, he was subpoenaed by Wild Oats. Mr. Odak was represented by his own counsel because, in Mr. Odak's words, "I was uncomfortable even though [Wild Oats] were apparently going to waive

conflict of interest between myself and Wild Oats and I said I could never get comfortable with that." Tr. at 291, ll. 9-25.  During the deposition, counsel for Wild Oats treated Mr. Odak as an adverse witness because, in counsel's words, Mr. Odak was "not my witness.  He's an independent person not having anything to do with Wild Oats other than being an ex-employee." Tr. at 4, ll. 10-12.

The issue regarding the joint defense privilege agreement arose when, under questioning by counsel for Wild Oats, Mr. Odak testified in some detail about the delay of the opening of a Wild Oats store in Boulder, Colorado.  Mr. Odak stated that counsel for Wild Oats, Thomas Pak, had *"told me exactly why this store was stopped . . . which flies in the face of what [Wild Oats has] told the FTC."* Tr. at 142, ll. 6-9 (italics added).  He went on to complain that "I watch what a corporation does to try to denigrate me . . . as to why this store is [not] open. . . *I think that speaks volumes in terms of the . . . amount of ethics that this corporation is operating under right now.  Why don't people be honest about it?"* Tr. at 142, ll. 9-15 (italics added).  However, when counsel for the FTC later asked Mr. Odak " [y]ou mentioned that Mr. Pak, a colleague of Mr. Aronson's, had told you why that [store] was not opened. . . . What did he tell you?", Tr. at 250, ll. 20-24, Mr. Odak refused to answer the question.

More generally, after reflection, Mr. Odak stated that he declined to answer any questions relating to conversations with Wild Oats' counsel "because we were under a joint . . . defense agreement and I will honor my end of the bargain, even though they apparently are not honoring their end of the bargain." Tr. at 286, ll. 21-25.  When asked whether he had  any reason other than the joint defense agreement for refusing to answer questions about such conversations, Mr. Odak answered that he had none.  Tr. at 287, ll. 1-4.

The assertion of the joint defense privilege extends to multiple conversations in addition to the conversation discussed above that Mr. Odak had with Mr. Pak – conversations before Mr. Odak initially spoke to the FTC by telephone (Tr. at 293, l. 19-294, l. 3); a "debriefing" before his testimony in the FTC investigation (Tr. at 292, ll. 10-13); and dinner with a Skadden attorney the night before that testimony. Tr. at 292, ll. 17-20. However, on all such issues, both counsel for Mr. Odak and counsel for Wild Oats stipulated that "you guys [i.e., the FTC] joined issue on this. I'm satisfied with the way the record is right now." Tr. at 297, ll. 5-15; Tr. at 298, l. 1-299, l. 19.

Subsequently, the parties conferred, but have reached an impasse on the assertion of the joint defense privilege for testimony about conversations between Mr. Odak and Skadden attorneys.

**DISCUSSION**

By this motion, the Commission seeks the testimony of Mr. Odak on his communications with counsel for Wild Oats. Under controlling law, the privilege must be supported not only by a joint defense agreement but also by a common legal interest. Only communications made to further a truly joint defense can be protected. Here, there was no common legal interest, and no "joint" defense for Wild Oats and Mr. Odak to pursue.

The party asserting the joint defense privilege bears the burden of establishing all of its elements. *Minebea Co., Ltd., v. Papst,* 228 F.R.D. 13, 16 (D.D.C. 2005).[1] Here, the joint

---

[1] To begin with, the party asserting the privilege must prove the existence, terms, and conditions of the joint defense agreement. *Minebea,* 228 F.R.D. at 16. The Commission is proceeding on the assumption that the joint defense agreement is set forth in its entirety by the letter from Thomas Pak to Charles M. Rosenberg, dated April 20, 2007, Bates stamped LOAT-000887-88. In the event that this is not the case, Mr. Odak and Wild Oats must produce the

defense agreement provides no protection for the communications at issue because it was never supported by a common legal interest between Mr. Odak and Wild Oats. The cornerstone of the joint defense privilege is a "common legal interest." *Minebea Co., Ltd.,* 228 F.R.D. 13, 16 (D.D.C. 2005). "'Common sense suggests that there can be no JDA when there is no joint defense to pursue.'" *Id.* at 16 n. 2, *quoting In Re Grand Jury Subpoena,* 274 F. 3d 563, 575 (1st Cir. 2001).

As the Court of Appeals has held, the privilege "protects communications between two or more parties and their respective counsel if they are engaged in a joint defense effort." *In re: Sealed Case,* 29 F. 3d 715, 719 (D.C. Cir. 1994); *accord, U.S. v. Purcell,* 209 F.R.D. 21, 25 (D.D.C. 2002). A party asserting the privilege must show that "'(1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.'" *In re: Sealed Case,* 29 F.3d at 719 n. 5, *quoting In re Bevill, Bresler & Schulman Asset Management,* 805 F.2d 120, 126 (3d Cir. 1986).

"The rationale for recognizing joint defense agreements is that they permit parties to share information pertinent to each others' defenses." *In Re Grand Jury Subpoena,* 274 F. 3d at 575 (1st Cir. 2001). In this case, Mr. Odak is not a defendant. For him, there has never been any "'joint defense to pursue.'" *Minebea,* 228 F.R.D. at 16.

The fact that a person has agreed to a joint defense agreement does not establish the privilege, unless there is the requisite common legal interest and unless the communications at issue were "designed to facilitate" that interest:

---

entire agreement. *See U.S. v. Hsia*, 81 F. Supp. 2d 7, 12, n. 3 (D.D.C. 2000) ("[n]either the existence [n]or the terms of a JDA are privileged.")

4

> If a joint defense agreement has been proved to exist and the scope of the agreement is clear, the party seeking to claim privilege still must demonstrate that the specific communications at issue were designed to facilitate a common legal interest. . . . The joint defense privilege thus requires evidence of a "coordinated legal strategy" between two or more parties.

*Minebea,* 228 F.R.D. at 16 (citations omitted.) As concerns the merger litigation, there is no "coordinated legal strategy" between Wild Oats and Mr. Odak. Mr. Odak is simply a fact witness, not a party or even affiliated with a party.

The common interest must be a legal one, not simply a financial one: "the party seeking to claim privilege . . . must demonstrate that the specific communications at issue were designed to facilitate a common legal interest; a business or commercial interest will not suffice." *Minebea,* 228 F.R.D. at 16 (citation omitted); *accord Intex Recreation Corp. v. Team Worldwide Corp.,* 471 F. Supp. 2d 11, 16 (D.D.C. 2007) (Robinson, M.J.). "'The privilege arises out of the need for a common [legal] defense, as opposed merely to a common problem." *Minebea,* 228 F.R.D. at 16 (citation omitted.) Thus, even if Mr. Odak owned shares of Wild Oats' stock or in some other way stood to benefit financially from the merger or its prevention, such an interest would not support a joint defense privilege.

The communications for which the privilege was first asserted illustrate why the many communications between Skadden and Mr. Odak were not "designed to facilitate a common legal interest," but instead would best be characterized as an antagonistic relationship. The examination of Mr. Odak by counsel for Wild Oats regarding the Boulder store was designed to elicit testimony showing that Mr. Odak had presided over the design and construction of a dysfunctional building – a store that could not be opened because of design flaws and cost overruns.

5

However, Whole Foods' CEO himself has justified the merger to end the "nasty price wars" in the Boulder market between Whole Foods and Wild Oats. Ex. 1 to Memorandum in Support of Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (PX00773 at 001). And, Mr. Odak had begun to testify that Skadden attorneys had told him the true reason that the Boulder store remained shuttered – and asserted that that reason supported his side of the story, not Wild Oats' side. "Mr. Pak told me exactly why this store was stopped, . . . which flies in the face of what [Wild Oats has] told the FTC." Tr. at 142, ll. 6-9. Plainly, Mr. Odak and Wild Oats are at odds, not engaged in a "joint defense."

Since he left their employ, Mr. Odak has never had a common legal interest with Wild Oats. Further, any parallel interests he might have had with Wild Oats certainly did not extend to this litigation. Accordingly, there is no joint defense privilege barring him from testifying fully and completely about his conversations with Skadden lawyers.

## CONCLUSION

For these reasons, the Commission respectfully requests that this Court enter an order compelling Mr. Odak to complete his deposition.

Respectfully submitted,

Dated: July 13, 2007

/s/ Thomas H. Brock
Thomas H. Brock (DC Bar No. 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
(202) 326-2813 (direct dial)
(202) 326-2884 (facsimile)
Tbrock@ftc.gov

**CERTIFICATION PURSUANT TO RULE 37(a)(2)(B)**

The undersigned hereby certifies that he has in good faith conferred with the parties failing to make the discovery sought by this motion, and that the parties have been unable to resolve the issues raised.

Dated: July 13, 2007

<u>/s/ Thomas H. Brock</u>
Thomas H. Brock

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this date I filed and served the foregoing via CM/ECF and served the foregoing via electronic mail to:

Charles M. Rosenberg, Esq.
Carlton Fields
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114
Crosenberg@carltonfields.com
Counsel for Third Party Perry Odak

Alden L. Atkins, Esq.
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Ave., N.W., Suite 600
Washington, D.C. 20004-1008
Aatkins@velaw.com
Counsel for Defendant Whole Foods Market, Inc.

Paul T. Denis, Esq.
Dechert LLP
1775 I Street
Washington, DC 20006-2401
Paul.denis@dechert.com
Counsel for Defendant Whole Foods Market, Inc.

Clifford H. Aronson, Esq. (Counsel for Defendant Wild Oats Markets, Inc.)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Caronson@skadden.com
Counsel for Defendant Wild Oats Markets, Inc.

                   /s/ Thomas H. Brock
Dated: July 13, 2007            Thomas H. Brock

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,              ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.                 ) | Civ. No. 07-cv-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC.              ) | |
| ) | |
| and                  ) | |
| ) | |
| WILD OATS MARKETS, INC.,              ) | |
| ) | |
| Defendants.        ) | |

**PROPOSED ORDER DIRECTING COMPLETION**
**OF THE DEPOSITION OF PERRY ODAK**

Upon consideration of plaintiff's motion to compel testimony of third party Perry Odak, filed on July 13, 2007, and all argument submitted in support and in opposition thereto,

IT IS HEREBY ORDERED that Perry Odak shall complete his deposition in this matter by answering in full all questions with respect to his conversations with attorneys representing Wild Oats Markets, Inc.

ISSUED this _____ day of July, 2007, at _____ a.m./p.m..


_____
United States District Court Judge