UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FEDERAL TRADE COMMISSION          :
        Plaintiff,
                                :
  - against -
                                :
WHOLE FOODS MARKETS, INC.; and      No. 1:07-CV-01021 (PLF)
WILD OATS MARKET, INC.,        :

        Defendants   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPPLEMENTAL MEMORANDUM OF DEFENDANT WILD OATS MARKETS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY OF THIRD PARTY PERRY ODAK**

Defendant Wild Oats Markets, Inc. ("Wild Oats") respectfully submits this Supplemental Memorandum in Opposition to the Motion to Compel Testimony of Third Party Perry Odak by Plaintiff, the Federal Trade Commission (the "FTC"). This afternoon (after Wild Oats filed its Opposition to the FTC's motion to compel), Wild Oats received a letter from Thomas Brock of the FTC providing notice that plaintiff may depose Thomas Pak of Skadden Arps (attached as Exhibit B). This is simply a further example of the FTC engaging in gamesmanship on collateral discovery issues at substantial prejudice to defendants. As the FTC well knows, a deposition of counsel of record is highly disfavored for obvious reasons: "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).[1] Accordingly, such depositions

---

[1] *Accord Nationwide Mut. Ins. Co., v. Home Ins. Co.*, 278 F.3d 621, 628-620 (6th Cir. 2002) (district court did not abuse discretion in refusing to allow deposition of arbitrators and opposing trial counsel in ongoing case); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1112

*(cont'd)*

1

"should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.*

A deposition of Mr. Pak would be particularly inappropriate here because such a deposition would (i) cover factual issues that would be even more collateral to the central issues of this case than the factual issues covered in a potential third Odak deposition, as noted in Wild Oats' Opposition at 7; (ii) clearly implicate privileged communications solely between Wild Oats and Mr. Pak; (iii) would relate to issues that plaintiff could have addressed with the numerous fact witness depositions that it took after this issue became ripe (Wild Oats' Opposition at 8); and (iv) would compound the "already burdensome time and costs of litigation" in a preliminary injunction action with an expedited discovery and briefing schedule.

Finally, Wild Oats notes that in plaintiff's Reply Memorandum, the FTC fails to recognize that any discussions that Mr. Pak may have had with Mr. Odak regarding the then-current status of the 29th Street store necessarily implicated matters that occurred while he was CEO of the company, when that store was designed and constructed. In any event, the FTC again (and tellingly) provides absolutely no basis for seeking such late discovery, which it had ample opportunity to obtain from numerous *competent* witnesses after the Odak deposition.

_____

*(cont'd from previous page)*
(10th Cir. 2001) (no abuse of discretion as both parties agreed that *Shelton* applied to attorney who was both "corporate counsel and [] involved as counsel in this case"); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (no abuse of discretion for barring deposition of "defendants' trial attorneys"); *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995) (*Shelton* bars deposition of "outside counsel representing defendants in this matter").

**CONCLUSION**

For the reasons set forth herein, Wild Oats respectfully submits that the extraordinary relief sought by plaintiff of yet another extension of fact discovery would be wholly inappropriate and, accordingly, plaintiff's motion should be denied.

Respectfully submitted.

July 17, 2007                               By:        /s/
                                                Clifford H. Aronson (DC Bar No. 335182)
                                                Thomas Pak (*Pro Hac Vice*)
                                                Matthew P. Hendrickson (*Pro Hac Vice*)
                                                Skadden, Arps, Slate, Meagher & Flom LLP
                                                Four Times Square
                                                New York, New York 10036
                                                212-735-3000
                                                caronson@skadden.com

                                                Gary A. MacDonald (DC Bar No. 418378)
                                                Skadden, Arps, Slate, Meagher & Flom LLP
                                                1440 New York Avenue, N.W.
                                                Washington, DC 20005
                                                202-371-7000
                                                gmacdona@skadden.com

                                                Terrence J. Wallock (*Pro Hac Vice*)
                                                2224 Pacific Dr.
                                                Corona Del Mar, CA 92625
                                                949-375-0683

                                                *Attorneys for Defendant Wild Oats Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of June, 2007, I caused the foregoing Supplemental Opposition to Plaintiff's Motion to Compel Testimony of Third Party Perry Odak to be served on the persons listed below by the ECF system and by electronic mail to Mr. Rosenberg:

**Attorneys for Plaintiff**
Michael J. Bloom, Esq.
Thomas H. Brock, Esq.
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, D.C. 20001
mjbloom@ftc.gov

**Attorney for Defendant Whole Foods Market, Inc.**
Alden L. Atkins, Esq.
John D. Taurman, Esq.
VINSON & ELKINS LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
atkins@velaw.com

Paul T. Denis, Esq.
Dechert LLP
1775 I Street, NW
Washington, D.C. 20006-2401
Paul.denis@dechert.com

**Attorney for Third Party Perry Odak**
Charles M. Rosenberg, Esq.
Carlton Fields
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114
CRosenberg@CarltonFields.com

/s/ Thomas Pak_____
Attorney for Wild Oats Markets, Inc.