IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-CV-01021 (PLF) |
| WHOLE FOODS MARKET, INC., | ) |
| and | ) |
| WILD OATS MARKETS, INC., | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE UNTIMELY
SUPPLEMENTAL EXPERT  REBUTTAL REPORT**

Pursuant to the Case Management Order entered June 21, 2007, Defendants Whole Foods Market, Inc. and Wild Oats Markets, Inc. (collectively "Defendants") hereby move to strike the "Supplemental Rebuttal Expert Report of Kevin M. Murphy, Ph.D." delivered on July 16, 2007 (three days after the deadline to submit expert rebuttal reports) and all testimony relating thereto.

The grounds for this motion are more fully set forth in an accompanying Memorandum of Points and Authorities.

Respectfully submitted,

/s/ Alden L. Atkins_____
Alden L. Atkins (DC Bar No. 393922)
Neil W. Imus (DC Bar No. 394544)
John D. Taurman (DC Bar No. 133942)
VINSON & ELKINS L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20004-1008
Telephone (202) 639-6500
Facsimile (202) 639-6604


/s/ Paul T. Denis_____
Paul T. Denis (DC Bar No. 437040)
Jeffrey W. Brennan (D.C. Bar No. 447438)
Paul H. Friedman (D.C. Bar No. 290635)
James A. Fishkin (DC Bar No. 478958)
DECHERT LLP
1775 Eye Street, N.W.
Washington, DC  20006
Telephone (202 261-3430
Facsimile (202) 261-3333

**Attorneys for Whole Foods Market, Inc.**

/s/ Clifford H. Aronson_____
Clifford H. Aronson (DC Bar No. 335182)
Thomas Pak (Pro Hac Vice)
Matthew P. Hendrickson (Pro Hac Vice)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
(212) 735-3000
caronson@skadden.com

Gary A. MacDonald (DC Bar No. 418378)
Skadden, Arps, Slate, Meagher & Flom LLP

2

        1440 New York Avenue, N.W.
Washington, DC  20005
(202) 371-7000
gmacdona@skadden.com

Terrence J. Wallock (Pro Hac Vice)
2224 Pacific Dr.
Corona Del Mar, CA  92625
(949) 375-0683

**Attorneys for Defendant Wild Oats Markets, Inc**.

July 20, 2007

4

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 20th day of July, 2007, I caused the foregoing Defendants' Motion to Strike Untimely Supplemental Expert Rebuttal Report to be served on the persons listed below by the Court's Electronic Case Filing system, by electronic mail and by the means set forth below:

**Attorneys for Plaintiff**

Michael J. Bloom (by hand)
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, D.C. 20001
mjbloom@ftc.gov

                                  /s/ Alden L. Atkins
                                  Attorney for Whole Foods Market, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-01021 (PLF) |
| WHOLE FOODS MARKET, INC., | ) ) ) | |
| and | ) ) | |
| WILD OATS MARKETS, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE
<u>UNTIMELY SUPPLEMENTAL EXPERT REBUTTAL REPORT</u>**

The Federal Trade Commission ("FTC") apparently does not believe that it is bound by the expert deadlines to which it agreed and which the Court entered in the Case Management Order dated June 21, 2007. After submitting an expert report by its economist, Dr. Kevin Murphy, and after submitting a rebuttal report by Dr. Murphy, it delivered a third report by him, entitled "Supplemental Rebuttal Report of Kevin M. Murphy, Ph.D." on July 16, 2007 (the "Supplemental Rebuttal Report"). The Supplemental Rebuttal Report, which contains completely new analysis and calculations, was delivered three days after the deadline for exchanging rebuttal expert reports, one day before Dr. Murphy's deposition, and two days before the deposition of Defendants' expert, Dr. Scheffman. Even now, after the depositions are over, Defendants only received yesterday the back-up material necessary to recreate, and therefore to test, the new work by Dr. Murphy. Defendants do not make this motion lightly; because the

schedule is so compressed, they have not objected to other late submissions by the FTC.[1]  On this occasion, the FTC's failure to comply with the deadline is so unfair and prejudicial that Defendants move to strike the Supplemental Rebuttal Report and to preclude all testimony relating to it.[2]

**<u>Argument</u>**

This case is moving at an expedited pace.  The Complaint was filed on June 6, 2007, and over the course of the last five weeks the parties have exchanged more than a hundred thousand pages of documents (not to mention the millions of pages previously produced in the FTC's investigation), millions of elements of data, and written discovery responses.  During the short discovery period, they exchanged lists of witnesses, and each party deposed the other's witnesses.  In total, they have deposed 23 party and non-party fact witnesses.  They exchanged expert reports and expert rebuttal reports, and took five expert depositions in three days.   The initial briefs are due today, July 20, 2007, the reply briefs are due in only five calendar days, and the hearing is on July 31 and August 1, 2007.

To prepare the case in an orderly fashion, the parties agreed to a schedule in the Case Management Order, entered June 21, 2007 (the "CMO").  Among the deadlines in the CMO are:

---

[1]      This is not the first time that the FTC granted itself extensions of the deadlines.  First, on July 9, 2007, the FTC notified Defendants that a Dr. Van Liere would rebut the testimony of Defendants' market survey expert, Ms. Conway.  The notification was given seven days after the deadline for identifying experts.  Because the FTC claimed that it could not have foreseen that Defendants would have a market survey expert, and because Defendants received his work within the deadlines and therefore had the opportunity to prepare for his deposition, Defendants did not object to the addition of Dr. Van Liere.

Second, on July 13, 2007,  the FTC delivered a declaration from Lucy Neville-Rolfe CMG, a witness who had never been listed by the FTC on its witness list (which was due on June 27, 2007) or in response to discovery requests for the identity of persons with relevant knowledge.  She came as a complete surprise, a week after the deadline for discovery had ended, and therefore Defendants did not have a reasonable opportunity to depose her.  Defendants are in contact with her to try to develop additional evidence, and they have not yet decided whether to oppose the untimely declaration.

[2]      We have conferred with counsel for the FTC concerning the relief sought in this motion, but we were unable to reach an agreement.

| | |
|---|---|
| Exchange of Preliminary Fact Witness Lists | June 15, 2007 |
| Exchange of Final Fact Witness Lists | June 27, 2007 |
| Deadline for Service of Third Party Subpoenas | June 28, 2007 |
| Exchange Identity of Expert Witnesses | July 2, 2007 |
| Close of Fact Discovery | July 6, 2007 |
| Exchange of Initial Expert Reports | July 9, 2007 |
| Exchange of Rebuttal Expert Reports | July 13, 2007 |
| Exchange of Fact Witness Affidavits | July 13, 2007 |
| Close of Expert Depositions | July 18, 2007 |

The parties designed and agreed to that Court-ordered schedule to permit the case to be prepared for the preliminary injunction hearing schedule for July 31 and August 1 in an orderly fashion. It provided that one logical step would be completed before the parties turned to the next step. Just as importantly, the schedule was designed to be fair. While abbreviated, it established time periods that the parties felt were necessary to prepare each step (such as expert rebuttal reports) and to use that information to prepare for the next step (such as depositions and briefs). And, above all, the burdens of the expedited schedule were shared equally and the deadlines for the parties were identical. No party would enjoy an unfair advantage over the other party by having more time to complete a task than the other party.

     The FTC submitted an expert report of Dr. Murphy on July 9 and a rebuttal expert report on July 13. Defendants submitted their expert reports in a timely fashion on the same dates. Then, three days later, the FTC unexpectedly delivered a completely new third report labeled as a "Supplemental Rebuttal Expert Report." It apparently submitted the supplemental report to the

3

Court with the other rebuttal reports on July 16, 2007, without informing the Court that the report was untimely.

The FTC should not be permitted to submit the third report. The report does not simply address oversights or correct errors, nor does it respond to points raised in Defendants' timely rebuttal to Dr. Murphy's first report.[3] Rather, this report contains completely new analyses, including an analysis of the effect on Whole Foods prices from the entry of a store called Earth Fare in Chapel Hill, North Carolina – a location that is not even a geographic area alleged in the Complaint (¶¶ 38, 40).[4] It also contains some completely new analysis of geographic markets apparently designed to help the FTC respond to the Court's Order requiring it to supplement interrogatory answers. *See* Memorandum Opinion and Order, July 12, 2007. The only excuse Dr. Murphy offers for his late report is that he was not yet finished by the July 13 deadline and he was having undisclosed "data problems" that he had to resolve. As for his new geographical work, he does not offer any excuse at all, and the FTC has known from the start that it bears the burden of proving geographical markets. *See* Complaint ¶ 35 (alleging "relevant markets"); 15 U.S.C. § 18 (requiring plaintiff to prove anticompetitive efforts in a "section of the country"); *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 356 (1963) (interpreting "section of the country" to mean "relevant geographical market").

---

[3] In contrast, Defendants provided to the FTC materials from Ms. Conway (their survey expert) that responded to criticisms raised by the FTC. The new materials were limited to responding to the rebuttal, and she used exactly the same data set used in her original report to show that the criticisms were factually incorrect or had no material impact on her results. Defendants timely provided the materials so the FTC would have the data underlying the responses she expected to give at her deposition to explain why the criticisms were unfounded. Unlike Dr. Murphy, Ms. Conway did not engage in a completely new analysis with completely new data and completely new computer models.

[4] Notably, Earth Fare is not a party to this case and is not a party to the Whole Foods/Wild Oats transaction. There is no Wild Oats present in Chapel Hill, nor are there any apparent plans for Wild Oats to enter Chapel Hill. Thus, the new work says nothing about how the elimination of *Wild Oats* as a competitor would affect competition, which is the issue here.

It would be unfair to permit the FTC to submit the late report. The parties agreed to this schedule to ensure fairness, and they complied with the same schedule for their own expert, even knowing that more time could bolster his report. Each party had the opportunity to review the other's expert reports, each party had only four days to prepare rebuttal reports, each party had three to five days to prepare for depositions, and each party's expert had several days to consider the adversary's rebuttal report before being deposed. This late report upsets that fair and balanced approach. In the face of a four-day time limit, the FTC granted itself a week to prepare a rebuttal. In contrast, Defendants complied with the time limits and chose to forego additional analyses that could not have been completed within the agreed-upon period of time.

Further, the FTC delivered the new report only the day before Dr. Murphy's deposition and only two days before Dr. Scheffman was deposed. Dr. Murphy's first two reports were based on huge amounts of data and thousands of equations. Defendants were already doing their best to analyze that work in the short time periods available, but Defendants' expert stated in his timely report that he had not had enough time to analyze fully the data and computer analysis of Dr. Murphy. To prepare for Dr. Murphy's deposition, Defendants' counsel were fully occupied reviewing the voluminous information when, less than a day in advance, the third report arrived. The third report likewise was based on large amounts of data and computer analysis, so Defendants did not have enough time in one day to drop their preparation on Dr. Murphy's first two reports and to analyze the new report sufficiently to depose him the next day about it.[5] Nor did Defendants' expert have enough time to consider fully the new material before he was deposed. Further, after reviewing the data provided by the FTC, Defendants found it was

---

[5] At the deposition, Dr. Murphy said that he was performing other analysis, which he only vaguely described, and it therefore seems possible that the FTC may spring even more new work on Defendants in the midst of the accelerated briefing schedule. Defendants would oppose that new work as well.

5

incomplete or outdated because our experts were unable to reproduce Dr. Murphy's results in order to analyze precisely what he has done. (See Letter from Alden L. Atkins to Thomas Brock dated July 18, 2007, attached as Exhibit 1.) The FTC produced additional back-up programs yesterday afternoon. Thus, it is almost a week after the rebuttal reports were due and after expert depositions are over, and we are still receiving the material necessary to analyze the new work. Because the report is about a geographic area that the FTC never alleged in the Complaint nor identified in discovery and does not involve Wild Oats at all, it would distract the parties and the Court from the geographic areas that are at issue in this case. In sum, permitting the FTC to submit a third, late report would provide it an unfair advantage despite a court-ordered agreement designed to prevent exactly such tactics and, would be prejudicial to Defendants.

## Conclusion

For the foregoing reasons, Defendants respectfully request that (1) the Supplemental Rebuttal Expert Report of Kevin M. Murphy, Ph.D. be stricken and (2) that all testimony relating to the report be precluded.

Respectfully submitted,

/s/ Alden L. Atkins_____
Alden L. Atkins (DC Bar No. 393922)
Neil W. Imus (DC Bar No. 394544)
John D. Taurman (DC Bar No. 133942)
VINSON & ELKINS L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20004-1008
Telephone (202) 639-6500
Facsimile (202) 639-6604

6

/s/ Paul T. Denis
Paul T. Denis (DC Bar No. 437040)
Jeffrey W. Brennan (D.C. Bar No. 447438)
Paul H. Friedman (D.C. Bar No. 290635)
James A. Fishkin (DC Bar No. 478958)
DECHERT LLP
1775 Eye Street, N.W.
Washington, DC  20006
Telephone (202 261-3430
Facsimile (202) 261-3333

**Attorneys for Whole Foods Market, Inc.**


/s/ Clifford H. Aronson
Clifford H. Aronson (DC Bar No. 335182)
Thomas Pak (Pro Hac Vice)
Matthew P. Hendrickson (Pro Hac Vice)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
(212) 735-3000
caronson@skadden.com

Gary A. MacDonald (DC Bar No. 418378)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC  20005
(202) 371-7000
gmacdona@skadden.com

Terrence J. Wallock (Pro Hac Vice)
2224 Pacific Dr.
Corona Del Mar, CA  92625
(949) 375-0683

**Attorneys for Defendant Wild Oats Markets, Inc.**

July 20, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of July, 2007, I caused the foregoing Defendants' Memorandum of Points and Authorities in Support of Their Motion to Strike Untimely Supplemental Expert Rebuttal Report to be served on the persons listed below by the Court's Electronic Case Filing system, by electronic mail and by the means set forth below:

**Attorneys for Plaintiff**

Michael J. Bloom (by hand)
Thomas H. Brock
FEDERAL TRADE COMMISSION
601 New Jersey Ave., NW
Washington, D.C. 20001
mjbloom@ftc.gov


/s/ Alden L. Atkins_____
Attorney for Whole Foods Market, Inc.


DC 690552v.1

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:07-CV-01021 (PLF) |
| WHOLE FOODS MARKET, INC., | ) ) ) |
| and | ) ) |
| WILD OATS MARKETS, INC., | ) ) |
| Defendants. | ) ) |

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE
<u>UNTIMELY SUPPLEMENTAL EXPERT REBUTTAL REPORT</u>

# EXHIBIT 1

**Alden L. Atkins**  aatkins@velaw.com
**Tel** 202.639.6613  **Fax** 202.879.8813

July 18, 2007

<u>By Hand</u>

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, DC  20580

Re:   <u>Federal Trade Commission v. Whole Foods Market, Inc., et al.</u>

Dear Tom:

    Our review of the files provided with Dr. Murphy's supplemental report indicate that we have not been given all of the SAS computer files associated with the new Earth Fare study he performed.  Specifically, the files we were provided must be used with Dr. Murphy's other SAS files, and when we use those files we are unable to replicate his results.  It would appear that Dr. Murphy may have modified the SAS files he produced on July 9 before he performed his new Earth Fare study.  Therefore, we request copies of all of the current files used by Dr. Murphy in connection with his Earth Fare study.

    In addition, Dr. Murphy described at his deposition other work he has done and is continuing to do, including, but not limited to, a study of Ft. Collins and a review of Safeway data.  We request copies of all of his computer files underlying that work as well.

Sincerely yours,

*Alden Atkins*

Alden L. Atkins

cc:   Clifford H. Aronson
      Paul Denis

DC 691320v.1

**Vinson & Elkins LLP** Attorneys at Law
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

The Willard Office Building, 1455 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004-1008
**Tel** 202.639.6500  **Fax** 202.639.6604  **www.velaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07-CV-01021 (PLF) |
| WHOLE FOODS MARKET, INC., ) | |
| and ) | |
| WILD OATS MARKETS, INC., ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion to Strike Untimely Supplemental Expert Rebuttal Report, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) the Supplemental Rebuttal Expert Report of Kevin M. Murphy, Ph.D., dated July 16, 2007, shall be stricken; and (2) all testimony relating to the Supplemental Rebuttal Expert Report of Kevin M. Murphy, Ph.D., dated July 16, 2007, shall be precluded and all testimony relating thereto, shall be stricken.

ENTERED on this the ___ day of July , 2007.

_____
Hon. Paul L. Friedman