UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civ. No. 07-cv-01021-PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNTIMELY
SUPPLEMENTAL EXPERT REBUTTAL REPORT**

As Defendants note in their Motion to Strike Untimely Supplemental Expert Rebuttal Report ("Motion"), this case is moving at an expedited pace. As a result, <u>both</u> parties have submitted late material during the course of discovery and, until now, both sides have dealt with these issues without the need to seek relief from the Court.[1] Contrary to the Defendants' assertions in their Motion, the untimely submission of Dr. Murphy's Supplemental Rebuttal Expert Report ("Supplemental Report") has not caused the Defendants unfair prejudice. Indeed,

---

[1] The Defendants themselves have made untimely submissions during the discovery process, including one egregious example of late submission of their own expert materials that is strikingly similar (but for its significantly larger scope) to the issues raised in Defendants' Motion. Specifically, the Defendants submitted approximately 750 pages of new tabulations for additional work performed by their expert, Ms. Kellyanne Conway, the afternoon before her deposition, and provided yet additional materials for Ms. Conway on the day of her deposition. In addition, Defendants submitted a fact witness declaration for Samuel M. Martin on July 16, 2007, three days after the deadline set forth in the Case Management Order. Notwithstanding the actual prejudice resulting from Defendants' untimely filings, the FTC has thus far determined not to raise these issues with the Court.

in the interest of fairness, the FTC offered to cure the very prejudice claimed in Defendants' Motion by making Dr. Murphy available for additional deposition. The Defendants refused. By their lack of interest in curing the very prejudice they claim, the Defendants demonstrate the real, but unstated, goal of their Motion -- to suppress Dr. Murphy's Supplemental Report because of its probative value, not because of its untimely submission or unfair prejudice. For these reasons, the Defendants' Motion should be denied.

## FACTUAL BACKGROUND

The FTC originally proposed Wednesday, July 18, 2007 for the depositions of both parties' economic experts. The Defendants insisted, however, that the depositions of the parties' economic experts be staggered, so that their own expert, Dr. Scheffman, would have the advantage of being able to respond to testimony given by Dr. Murphy. Though nothing in the Case Management Order ("CMO") contemplates the Defendants receiving such an advantage, the FTC relented and agreed to the Defendants' schedule. Thus, Dr. Murphy's deposition was held on Tuesday, July 17, 2007, and Dr. Scheffman's deposition was held the following day, on Wednesday, July 18, 2007.

On Monday, July 16, 2007, Dr. Murphy submitted the Supplemental Report that is the subject of this Motion. The Supplemental Report is five pages long, not including two exhibits that together total 16 pages. The Supplemental Report includes an analysis of the effect on Whole Foods' prices caused by another Premium Natural and Organic Supermarket ("PNOS") entering nearby and demonstrates plainly that, contrary to Dr. Scheffman's assertions in his expert report, Whole Foods' prices decline significantly when another PNOS opens in the same

geographic area.[2]  Dr. Murphy and his staff began work on this analysis immediately upon receipt of Dr. Scheffman's expert report, but were unable to complete this work before the CMO deadline due to the extreme volatility in the Whole Foods' pricing data.[3]  Having received the Supplemental Report, the Defendants chose to proceed with Dr. Murphy's deposition on Tuesday, July 17, 2007, rather than requesting additional time to review the Supplemental Report.  During his deposition, the Defendants had the opportunity to ask, and indeed did ask, Dr. Murphy questions regarding both the substance of his Supplemental Report as well as the reasons for the delay in its submission.[4]  In contrast, Dr. Scheffman was not asked a single question about Dr. Murphy's Supplemental Report during his deposition.

Four days passed without the Defendants raising any objection to Dr. Murphy's Supplemental Report.  Defendants' first objection to the Supplemental Report came on Friday, July 19, 2007, only hours before the Defendants filed their Motion.  That same day, the FTC offered to cure any potential prejudice caused by the untimely nature of the Supplemental Report by making Dr. Murphy available at a mutually agreeable time for an additional two hours of deposition on the subject of his Supplemental Report.  The Defendants refused, opting instead to put this matter before the Court.

---

[2]    The Supplemental Report also includes additional discussion and maps relating to the relevant geographic markets.  The Court ordered the FTC to supplement its responses to Whole Foods' interrogatory requests relating to geographic markets on July 12, 2007.  On July 16, 2007, the FTC supplemented its discovery responses in accordance with the Court's Order.

[3]    PX04352 at 122-24 (Deposition of Dr. Kevin Murphy).

[4]    Id. at 63-68, 122-23, 152-53, 200.

## ARGUMENT

This Court should not strike Dr. Murphy's Supplemental Report. Although the Supplemental Report was late-filed, in these circumstances (i.e., a highly expedited case where both sides have missed certain discovery deadlines) the primary consideration is whether Defendants suffered undue prejudice as the result of the late filing. see United States v. Phillip Morris USA Inc., 223 F.R.D. 1 (D.D.C. 2004) (assessing prejudice, and whether any prejudice could be cured, in determining whether to exclude expert testimony relating to late-filed supplementary materials); see also G. Galentine v. Holland America Line-Westours, Inc., 333 F. Supp.3d 991, 998 (W.D. Wash., 2004) (denying defendant's motion to strike expert testimony "because any prejudice that Defendants may suffer by admitting Carr's eleven-day late expert report can be ameliorated by less severe means than excluding Carr's testimony"). Because the prejudice Defendants claim to have suffered could have been easily remedied or is insignificant, this Court should deny Defendants' Motion.

The Defendants offer two explanations of how they have been prejudiced by the late filing of the Supplemental Report. First, they assert that they were denied the full time provided by the CMO (three days) to prepare to depose Dr. Murphy on the contents of the Supplemental Report. The FTC does not deny that Defendants may have suffered some prejudice as a result of having the Supplemental Report for one day (rather than three days) before deposing Dr. Murphy. To remedy any prejudice, however, the FTC immediately offered to make Dr. Murphy available for a second deposition at a mutually agreeable time after receiving Defendants' Motion. As such, Defendants would have had at least five days to review materials and prepare to depose Dr. Murphy on the topics covered in the Supplemental Report. Curiously, Defendants

elected not to continue the deposition of Dr. Murphy. Defendants' decision to forgo the opportunity to cure any prejudice suffered as a result of the late filing of the Supplemental Report draws into question the extent of any such prejudice.

Second, Defendants claim to be prejudiced as a result of Dr. Scheffman not having enough time to fully consider the Supplemental Report before being deposed. Dr. Scheffman received the Supplemental Report two days prior to his deposition -- only one day less than Dr. Murphy had with Dr. Scheffman's (45 page) Rebuttal Report. More importantly, Dr. Scheffman was not asked a single question about the Supplemental Report or the analysis contained therein during his deposition. Because Dr. Scheffman had no right to testify at deposition on subjects outside the questions he was asked, Defendants could not possibly have suffered meaningful prejudice on this basis.

**CONCLUSION**

To the extent that Defendants suffered prejudice as the result of the late filing of Dr. Murphy's Supplemental Report, they were afforded a reasonable opportunity to ameliorate that harm and declined. In light of this, as well as Defendants' own late filings and the speed at which this matter is proceeding, the FTC respectfully urges the Court to deny Defendants' Motion.

Respectfully submitted,

Dated: July 23, 2007

   /s/ Thomas J. Lang
Thomas J. Lang (DC Bar # 452398)
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:    (202) 326-3665
Facsimile:    (202) 326-2071
tlang@FTC.gov

Counsel for the Federal Trade Commission