UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
FEDERAL TRADE COMMISSION,             )
                                      )
       Plaintiff,                     )
                                      )
   v.                                 )   Civil Action No. 07-1021 (PLF)
                                      )
WHOLE FOODS MARKET, INC.,             )
                                      )
   and                                )
                                      )
WILD OATS MARKETS, INC.,              )
                                      )
       Defendants.                    )
_____)

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on plaintiff's Motion in Limine to Exclude the Expert Report and Testimony of Kellyanne Conway.  The Court has carefully considered the motion, the memorandum in support of the motion, the errata to the motion, and the joint memorandum submitted by Whole Foods and Wild Oats in opposition to the motion.  The Court has also read Ms. Conway's declaration and exhibits (including her expert report) and the expert report of Kent D. Van Liere submitted by the defense in rebuttal to Ms. Conway's report and specifically by way of challenge to her survey methodology and procedures, which Dr. Van Liere says "are fundamentally flawed and render her data and results unreliable."

        Rule 702 of the Federal Rules of Evidence effectively codifies the Supreme Court's decisions in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).  In Daubert, the Court charged trial judges

with the responsibility of acting as "gatekeepers" to shield unreliable or irrelevant expert testimony and evidence from the jury.  In Kumho the Court made clear that the gatekeeper function applies to all expert testimony, not just scientifically-based testimony.  Rule 702 therefore provides that if the Court finds that scientific, technical or other specialized knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the Court finds that the witness is qualified as an expert "by knowledge, skill, experience, training, or education," then the Court may permit the witness to testify – so long as the witness' testimony is based on "sufficient facts or data," the testimony "is the product of reliable principles and methods," and the witness has "applied the principles and methodology reliably to the facts of the case."  FED. R. EVID. 702.

        As the D.C. Circuit has explained, the twin requirements for the admissibility of expert testimony are evidentiary reliability and relevance.  See Ambrosini v. LaBarraque, 101 F.3d 129, 133 (D.C. Cir. 1996); see also United States v. Libby, 461 F. Supp. 2d 3, 5-6 (D.D.C. 2006); McReynolds v. Sodexho, 349 F. Supp. 2d 30, 34-35 (D.D.C. 2004); Groobert v. Georgetown College, 219 F. Supp. 2d 1, 6 (D.D.C. 2002).  With respect to evidentiary reliability, the Court's focus must be on the methodology or reasoning employed by application of the factors in Rule 702 and the non-exhaustive lists of factors set forth in Daubert and Kumho.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. at 595 (the "focus, of course, must be solely on principles and methodology, not on the conclusions they generate"); Ambrosini v. LaBarraque, 101 F.3d 129, 140 (D.C. Cir. 1996) ("the admissibility inquiry focuses not on conclusions but on approaches").  With respect to relevance, the Court must determine whether the proffered testimony is sufficiently tied to the facts of the case and whether it will aid the

factfinder in resolving a factual dispute.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. at 592-93.

Normally in response to a Daubert motion, the Court would convene a Daubert hearing to permit the proponent of the proposed expert to have that expert explain to the Court why his or her methodology is sufficiently reliable – that is, based on reliable principles and methods – and why the proposed expert testimony (including any conclusions and opinions) is both reliable and relevant.  The hearing would permit the party challenging the expert's methodology or conclusions to cross-examine the expert in an effort to persuade the Court that the expert's report and proffered testimony ought not to be accepted and that his or her testimony ought to be excluded from the trial.  Under Daubert, the Court is to act as a "gatekeeper" with respect to the issue of admissibility, primarily so that the trier of fact will not be exposed to unreliable or irrelevant testimony about scientific, technical or other esoteric matters.  While plaintiff's motion and Dr. Van Liere's rebuttal report raise serious questions that deserve exploration, the real question is for whom the Court is supposed to be keeping the gate in a matter that is to be decided by the Court itself as factfinder rather than by a jury.  As the Seventh Circuit has said, where "the gatekeeper and the factfinder are one and the same," the Court may "hear the evidence and make its reliability determination during, rather than in advance of, the trial."  In re Salem, 465 F.3d 767, 776-77 (7th Cir. 2006); see also Seaboard Lumber Co. v. United States, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (these concerns are of lesser import in a bench trial "where no screening of the factfinder can take place," though the Daubert standards of relevance and reliability must still be met); Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in Daubert are not as essential in a case such as this where

a district judge sits as the trier of fact[.]"); Loeffel Steel Products v. Delta Brands, Inc., 372 F. Supp. 2d 1104 (N.D. Ill. 2005) (in a bench trial it is acceptable to admit evidence and then give it the slight weight to which it may be entitled).

For these reasons, the Court will hear the testimony of both Ms. Conway and Dr. Van Liere on Wednesday, August 1, 2007. Plaintiff's counsel can decide for themselves how much of the limited time available they wish to devote to attacking the reliability of the methodology Ms. Conway employed and how much of that limited time to devote to the substance of her report, her conclusions and opinions. Whatever time is spent on Ms. Conway and Dr. Van Liere necessarily will take away from the time available for argument. The Court will decide in the course of drafting its final opinion in this matter whether it believes Ms. Conway's methodology was reliable, how relevant her testimony and report are to the issues to be decided, and how much weight (if any) to give them. Accordingly, it is hereby

ORDERED that plaintiff's Motion in Limine to Exclude the Expert Report and Testimony of Kellyanne Conway [128] is DENIED without prejudice.

SO ORDERED.

                                                         /s/
                                        PAUL L. FRIEDMAN
                                        United States District Judge

DATE: July 27, 2007