UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>WHOLE FOODS MARKET, INC., )<br>)<br>    - and - )<br>)<br>WILD OATS MARKETS, INC., )<br>)<br>      Defendants. ) | Case: 1:07-cv-01021 - PLF |

**PLAINTIFF'S MOTION TO UNSEAL THE
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, the Federal Trade Commission (the "Commission"), respectfully moves the Court for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to unseal portions of Plaintiff Federal Trade Commission's Corrected Brief on Its Motion for Preliminary Injunction, filed July 23, 2007 (Dkt. No. 122). This motion is supported by the memorandum of points and authorities filed with this motion.

In accordance with Local Civil Rule 7(m), Plaintiff has discussed this motion with Defendants' counsel in a good faith effort to resolve the issue, and counsel have made substantial progress in narrowing the areas of disagreement. However, Defendants' counsel have indicated that they intend to oppose this motion as it seeks public release of certain information.

Because the preliminary injunction hearing begins tomorrow, Tuesday July 31, 2007, and because some of the excerpts and information at issue may be used in demonstratives and closing

arguments, Plaintiff respectfully requests that the Court order expedited briefing so that this motion is resolved prior to the start of the hearing on Wednesday July 31.

    A proposed order is attached.

                                              Respectfully submitted,

Dated: July 30, 2007                            /s/ Thomas J. Lang
                                            Thomas J. Lang (D.C. Bar # 452398)
                                            Joan L. Heim (D.C. Bar # 431960)
                                            Federal Trade Commission
                                            600 Pennsylvania Avenue, N.W.
                                            Washington, DC  20580
                                            (202) 326-2475 (direct dial)
                                            (202) 326-2884 (facsimile)
                                            tlang@ftc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01021 PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO UNSEAL PLAINTIFF FEDERAL TRADE COMMISSION'S CORRECTED BRIEF ON ITS MOTION FOR PRELIMINARY INJUNCTION**

Defendants are once again seeking to redact information from pleadings in this case that has already been made public or that has no current competitive significance. For example, Wild Oats' stated publicly in a recent press release that it has "21 leases or letters of intent signed for new stores opening in the remainder of this year, 2007, and 2008. *See* http://phx.corporate-ir.net/phoenix.zhtml?c=70699&p=irol-newsArticle&ID=927812&highlight=. Yet Wild Oats claims that a far more generalized description of its future store openings should remain under seal in this proceeding.

Defendants have already filed the redacted public version of their pre-trial brief (Dkt No. 141). After several days of negotiations, the parties reached agreement on a number of redactions to Plaintiff Federal Trade Commission's Corrected Brief on Its Motion for Preliminary Injunction, filed under seal on July 23, 2007 (Dkt. No. 122) (hereafter "Plaintiff's Brief"). Those agreed on redactions are identified in yellow highlighting in Exhibit B hereto. Defendants,

however, seek to redact a significant number of additional excerpts which are identified in green highlighting in Exhibit B. Those additional excerpts in dispute are also identified in the table at Exhibit A, hereto, along with a brief explanation of why they should not remain sealed.[1]

Quite simply, these excerpts contain no information of competitive significance to warrant redaction. *First*, the excerpts at issue are not "Confidential Discovery Material" within the meaning of Paragraph 4 of the Protective Order and therefore do not require protection from public disclosure. *Second*, Defendants cannot establish that good cause exists to protect the excerpts at issue under Fed.R.Civ.P. 26(c)(7). *Third*, Defendant Whole Foods publicly disclosed some of the excerpts at issue in other public filings or on its website.

## ARGUMENT

Even a cursory review of the excerpts identified in Exhibit A (and highlighted in green in Exhibit B) demonstrates that they simply are not the type of commercial or financial information the disclosure of which would cause any competitive harm to Whole Foods or Wild Oats. Consequently, the excerpts should be unsealed because they do not qualify as "Confidential Discovery Material" as that term is plainly defined in Paragraph 4 of the Interim Protective Order and do not require protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

Under Rule 26(c)(7), Defendants must show that "good cause" exists to keep the excerpts at issue under seal. *See SEC v. R.J. Reynolds Tobacco Holdings, Inc.*, No. MISC.A.03-165(JDB), 2004 WL 31682181, at *9 (D.D.C. June 29, 2004). Any claim that information

---

[1] Plaintiff does not at this time seek to unseal the exhibits underlying any of the disputed the excerpts. This further reduces any potential competitive significance of the excerpted information at issue in this motion.

should be protected because it is "confidential" within the meaning of Rule 26(c)(7) must be balanced against the public's strong presumptive right of access to judicial proceedings. *Weaver v. Bratt*, 421 F. Supp. 2d 25, 43 (D.D.C. 2006); *see also Cobell v. Norton*, 157 F. Supp. 2d 82, 88 (D.D.C. 2001) (recognizing that "the court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings").

The D.C. Circuit has found that "[t]he first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). The strong presumption in favor of public access requires Whole Foods, as the party opposing un-sealing, to bear the burden of showing "specific reasons why the record, or any part thereof, should remain under seal." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991). Indeed, Whole Foods must establish that disclosure will cause "a clearly defined and serious injury. . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted). A court should apply a balancing test to determine whether the presumption against sealing may be overcome, giving consideration to six factors:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

3

Applying this standard in this case, it is clear that the Defendants cannot overcome the presumptive right of access and, therefore, the excerpts at issue should be unsealed. The need for public access is especially strong where, as here, some of the information at issue is likely to be cited by experts, addressed in closing arguments, and relied on by the Court in making its ultimate determination on the merits of the litigation. *See EEOC v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). This is a high-profile matter that, as the Court is aware, has garnered significant attention from the press as it involves a government agency seeking to block a large merger of two public companies on antitrust grounds. Such litigated government challenges of acquisitions are rare and generate great public interest because they may provide insight into the prevailing antitrust policy at the Commission. The need for transparency in this case, therefore, is even greater than in most.

Defendants are unlikely to be able to show sufficient countervailing interests to outweigh the heightened presumption that attaches to the Commission's request to unseal the remaining excerpts at issue. The possibility of prejudice to the Defendants is remote because they are unlikely to be able to demonstrate that disclosure of the materials at issue here would cause them to suffer a clearly defined and serious injury. The excerpts contain no trade secrets or other proprietary intellectual property, customer specific information or sensitive commercial information where disclosure could cause an identifiable injury. To the contrary, the excerpts do not even qualify for protection as "Confidential Discovery Material" under the Protective Order or under Fed. R. Civ. P. 26(c)(7).

In addition, the mere fact that the information at issue may not have been previously disclosed to the public is not grounds for keeping it under seal. *See, e.g., Cuno v. Pall Corp.*,

4

117 F.R.D. 506, 508 (E.D.N.Y. 1987) (rejecting company's claim that certain information should remain sealed simply because "the documents have at all times been maintained as internal proprietary documents").

      Whole Foods continues to claim that the subject matter of the excerpts at issue here should be treated as confidential despite the fact that Whole Foods' CEO has made public statements relating to the very same topics – the nature and extent of competition in the industry, the identity of the firms' close competitors and the companies' future plans for some of the Wild Oats stores – in an attempt to influence public opinion and convince shareholders and the public that the Commission's allegations in this case lack merit. *See* John Mackey's Blog, "Whole Foods Market, Wild Oats, and the Federal Trade Commission," *available at* http://www.wholefoods.com.  For example, Mr. Mackey has discussed on his blog the intention of Whole Foods to sell off some of the "redundant" and "nearby competitive" stores owned by Wild Oats and "relocat[ing] most of the remaining smaller" Wild Oats stores.  Yet Defendants continue to attempt to keep those intentions non-public.  Mr. Mackey also discusses in his blog Whole Foods' experiences with Wild Oats and with the Safeway Lifestyle store in Boulder.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order unsealing the additional portions of Plaintiff's Brief identified in Exhibit A and highlighted in green in Exhibit B.

Respectfully submitted,

Dated: July 30, 2007

    /s/ Thomas J. Lang
Thomas J. Lang (D.C. Bar # 452398)
Joan L. Heim (D.C. Bar # 431960)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
(202) 326-2475 (direct dial)
(202) 326-2884 (facsimile)
mjbloom@ftc.gov

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing papers were served via the Court's CM/ECF system and additionally by e-mailing a copy to:

                        Alden L. Atkins, Esq.
                        Vinson & Elkins LLP
                        The Willard Office Building
                        1455 Pennsylvania Ave., N.W.
                        Suite 600
                        Washington, D.C.  20004-1008
                        (202) 639-6613
                        Aatkins@VELaw.com

                        Clifford H. Aronson, Esq.
                        Skadden, Arps, Slate, Meagher & Flom LLP
                        Four Times Square
                        New York, NY 10036
                        (212) 735-2614
                        Caronson@Skadden.com


Dated: July 30, 2007                        _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01021 - PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED]**
<u>**ORDER DIRECTING THE UNSEALING OF PLAINTIFF FEDERAL TRADE COMMISSION'S BRIEF ON ITS MOTION FOR PRELIMINARY INJUNCTION**</u>

Upon consideration of Plaintiff's motion for an order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, seeking to unseal Plaintiff Federal Trade Commission's Corrected Brief on Its Motion for Preliminary Injunction, filed July 23, 2007 (Dkt. No. 122), and Defendants' response thereto,

IT IS HEREBY ORDERED that the Plaintiff Federal Trade Commission's Corrected Brief on Its Motion for Preliminary Injunction filed in the above-referenced docket be unsealed with the redactions agreed upon by the parties as well as those proposed in Plaintiff's Motion to Unseal Plaintiff Federal Trade Commission's Corrected Brief on Its Motion for Preliminary Injunction.

ISSUED this _____ day of _____, 2007,

ORDERED:

                                                  _____
                                                  United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-01021-PLF |
| ) | |
| WHOLE FOODS MARKET, INC., ) | |
| ) | |
| - and - ) | |
| ) | |
| WILD OATS MARKETS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S NOTICE OF FILING OF SEALED MATERIAL**

_____Notice is given that a sealed document, an Exhibit to Plaintiff Federal Trade Commission's Motion to Unseal Its Corrected Brief in Support re [4] Motion for Preliminary Injunction (Doc. No. 122), was filed under seal in paper format with the Court, pursuant to the Court's July 10, 2007 Protective Order.  This document is not available for public viewing.

Respectfully submitted,

Dated: July 30, 2007

/s/ Eric M. Sprague
Eric M. Sprague
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC  20001
(202) 326-2101 (direct dial)
(202) 326-2071 (facsimile)
esprague@ftc.gov

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 1:07-cv-01021-PLF |
| | ) |
| WHOLE FOODS MARKET, INC., | ) |
| | ) |
| - and - | ) |
| | ) |
| WILD OATS MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S NOTICE OF FILING OF SEALED MATERIAL

_____Notice is given that a sealed document, an Exhibit to Plaintiff Federal Trade Commission's Motion to Unseal Its Corrected Brief in Support re [4] Motion for Preliminary Injunction (Doc. No. 122), was filed under seal in paper format with the Court, pursuant to the Court's July 10, 2007 Protective Order.  This document is not available for public viewing.

Respectfully submitted,

Dated: July 30, 2007

/s/ Eric M. Sprague
Eric M. Sprague
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC  20001
(202) 326-2101 (direct dial)
(202) 326-2071 (facsimile)
esprague@ftc.gov

Counsel for Plaintiff