**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION, )
)
Plaintiff, )
)
v. ) Civ. No. 1:07-cv-01021 – PLF
)
WHOLE FOODS MARKET, INC., ) **REDACTED PUBLIC VERSION**
)
And )
)
WILD OATS MARKETS, INC., )
)
Defendants. )
)

**JOINT MEMORANDUM OF WHOLE FOODS MARKET, INC.**
**AND WILD OATS MARKETS, INC.**
**IN OPPOSITION TO MOTION FOR AN INJUNCTION PENDING APPEAL**

This Court should deny the FTC's motion for an injunction prohibiting the merger of Whole Foods and Wild Oats pending appeal of this Court's decision denying a preliminary injunction. First, there is no need to act to preserve the current status of the two companies for the Court of Appeals because Whole Foods has consented to a standstill agreement through noon on Monday, August 20, 2007, which will permit the Court of Appeals to enjoin this merger pending appeal if it so chooses. Standstill Agreement (Ex. A). Second, the standard for issuing an injunction pending appeal is not met here. In this Circuit, the likelihood of success and the consequences of granting or denying the injunction – for both parties and for the public interest, govern whether an injunction pending appeal should be granted or denied. *FTC v. H.J. Heinz Co.*, 2000 WL 1741320 (D.C. Cir.) (per curiam); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir. 1977); *Barnstead Broadcasting Corp. v. Offshore*

*Broadcasting Corp.*, 869 F. Supp. 35, 39-40 (D.D.C. 1994). The FTC's appeal has little likelihood of success. Moreover, the equities favor not blocking a merger that this Court, in a decision based on careful evaluation of a large body of evidence, has held to be lawful.

The Court of Appeals will review this Court's decision only for abuse of discretion. *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 713 (D.C. Cir. 2001). This Court's extensive factual findings will be set aside only if the Court of Appeals finds them "clearly erroneous." *Id*; F.R.C.P. 52(a). Where, as here, a merger case presents only factual disputes rather than disputes as to the applicable legal rules, this circuit has denied motions for an injunction pending appeal. *See FTC v. Arch Coal Inc.*, No. 04-534 – 04-535 (D.C. Cir. Aug. 20, 2004) (injunction pending appeal denied) (Ex. B); *cf. FTC v. Heinz*, 2000 WL 1741320 (district court relied on novel legal theory to approve merger to duopoly, so injunction pending appeal was granted); *United States v. Baker Hughes, Inc.*, Order, No. 90-5060 (D.C. Cir. March 9, 2007) (injunction pending appeal denied) (Ex. C).

This case turned on its facts, and this Court's careful findings are grounded in substantial evidence and carefully explained. There is no abuse of discretion, and thus the likelihood of reversal of the Court's decision is very low.

The equities also favor denial of an injunction pending appeal. The public's interest in effective enforcement of the antitrust laws includes permitting lawful mergers to proceed. The merger agreement between Whole Foods and Wild Oats, DX 811, and Whole Foods' related financing agreement, both expire on August 31 [redacted]



For these reasons, the interests of the defendants strongly favor denial of the injunction. Closing the transaction would not jeopardize the interests of the FTC. In the unlikely event that the FTC prevails on appeal, any required divestiture of individual stores would be within the Court's power to order and the financial loss imposed would be borne by Whole Foods.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the FTC's motion for an injunction pending appeal be denied.

Respectfully submitted,

Paul T. Denis (DC Bar No. 437040)
Paul H. Friedman (DC Bar No. 290635)
Jeffrey W. Brennan (DC Bar No. 447438)
James A. Fishkin (DC Bar No. 478958)
Michael Farber (DC Bar No. 449215)
Nory Miller
Rebecca Dick (DC Bar No. 463197)

DECHERT LLP
1775 I Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3430
Facsimile: (202) 261-3333

*Of Counsel:*

Roberta Lang
Vice-President of Legal Affairs
and General Counsel
Whole Foods Market, Inc.
550 Bowie Street
Austin, Texas 78703

*Attorneys for Whole Foods Market, Inc.*

Clifford H. Aronson (DC Bar No. 335182)
Thomas Pak (Pro Hac Vice)
Matthew P. Hendrickson (Pro Hac Vice)

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
York, NY 10036
Telephone: (212) 735-3000
caronson@skadden.com

Gary A. MacDonald

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
gmacdona@skadden.com

Terrence J. Wallock
2224 Pacific Dr.
Corona Del Mar, CA 92625
Telephone: (949) 375-0683

*Attorneys for Wild Oats Markets, Inc.*

Alden L. Atkins (DC Bar No. 393922)
Neil W. Imus (DC Bar No. 394544)
John D. Taurman (DC Bar No. 133942)

VINSON & ELKINS L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, N.W., New
Suite 600
Washington, D.C. 20004-1008
Telephone: (202) 639-6500
Facsimile: (202) 639-6604

*Attorneys for Whole Foods Market, Inc.*

August 20, 2007

# EXHIBIT A

**From:** Brock, Thomas H. [mailto:TBROCK@ftc.gov]
**Sent:** Monday, August 13, 2007 5:41 PM
**To:** Atkins, Alden L.
**Cc:** Denis, Paul; Aronson, Cliff (Skadden)
**Subject:** Standstill Agreement

Alden -

This is to confirm our conversation this afternoon that Whole Foods has agreed to a standstill in its acquisition of stock of Wild Oats for 48 hours after the issuance of a decision by Judge Friedman on the motion for preliminary injunction.

Further, if the 48 hour period expires during a weekend, Whole Foods will extend the standstill until 12:00 noon the following Monday.

Thanks for your cooperation.

Thomas H. Brock, Esq.
Federal Trade Commission
601 New Jersey Ave., N.W.
Washington, D.C. 20580

202/326/2813

# EXHIBIT B

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 90-5060 September Term, 19 89

C.A. 89-3333

United States Court of Appeals
For the District of Columbia Circuit

FILED MAR 09 1990

CONSTANCE L. DUPRÉ
CLERK

United States of America,

Appellant

v.

Baker Hughes, Inc., et al.

BEFORE: Mikva,* Buckley and D.H. Ginsburg, Circuit Judges

**O R D E R**

Upon consideration of the emergency motion for injunction pending appeal, the emergency motion to expedite briefing and argument, the opposition thereto, and the reply, it is

ORDERED, on the court's own motion, that the court's order of March 8, 1990 be vacated. It is

FURTHER ORDERED that the emergency motion for injunction pending appeal be denied. Appellant has not demonstrated the requisite likelihood of success on the merits to warrant an injunction pending appeal. See Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921 (D.C. Cir. 1958). It is

FURTHER ORDERED that the emergency motion to expedite briefing and argument be granted. The briefing schedule is as follows:

Appellant's brief and appendix -- March 30, 1990
Appellees' brief -- April 20, 1990
Appellant's reply brief -- April 27, 1990

The Clerk is directed to schedule this case during the court's May, 1990 sitting period.

Per Curiam

* Judge Mikva would grant the injunction for the reasons stated in a memorandum to be issued shortly.

# EXHIBIT D

# Declaration of John P. Mackey

Filed Under Seal August 17, 2007

# EXHIBIT E

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 04-5291** **September Term, 2003**

**04cv00534**
**04cv00535**

**Filed On: August 20, 2004** [843812]

Federal Trade Commission,
Appellant

v.

Arch Coal, Inc., et al.,
Appellees

Consolidated with 04-7120

**BEFORE:** Sentelle, Rogers, and Garland, Circuit Judges

**ORDER**

Upon consideration of the emergency motion for an injunction pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied. Although the court agrees with the FTC that there is nothing novel about the theory it has advanced in this case, the court concludes that it has not met the standard for an injunction pending appeal. See FTC v. H.J. Heinz Co., No. 00-5362 (D.C. Cir. Nov. 8, 2000); Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977).

**Per Curiam**

# EXHIBIT C

# Declaration of Greg Mays

Filed Under Seal August 17, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, Plaintiff, | ) | |
| v. | ) | Civ. No. 1:07-cv-01021 – PLF |
| WHOLE FOODS MARKET, INC., and WILD OATS MARKETS, INC., Defendants. | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion for an Injunction Pending Appeal and its Memorandum in support thereof, and of the response of Defendants Whole Foods Market, Inc., and Wild Oats Markets, Inc., thereto, it is hereby

ORDERED that the Motion be and it hereby is DENIED.

____________________________
Hon. Paul L. Friedman

Date:________________________

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of August, 2007, I caused a true and correct copy of the foregoing Redacted Joint Memorandum of Whole Foods Market, Inc. and Wild Oats Markets, Inc. in Opposition to Motion for a Preliminary Injunction Pending Appeal to be served, via hand delivery unless otherwise indicated, on the following:

**Counsel for Plaintiff Federal Trade Commission**

Michael J. Bloom
Thomas H. Brock
Eric M. Sprague
Thomas J. Lang
Reid B. Horwitz
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, N.W.
Washington, D.C. 20001
Email: mjbloom@ftg.gov
Email: tbrock@ftg.gov
Email: esprague@ftc.gov
Email: tjlang@ftc.gov
Email: rhorwitz1@ftc.gov

Phone: (202) 326-2475 Bloom
Phone: (202) 326-2813 Brock
Phone: (202) 326-2101 Sprague
Phone: (202) 326-3665 Lang
Phone: (202) 326-2037 Horwitz

Amanda L. Wait
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Email:

Phone: (202) 326-2220

**Counsel for Defendant Wild Oats Markets, Inc.**


Gary A. MacDonald
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Email: gmacdona@skadden.com

Phone: (202) 371-7260
Fax: (202) 661-9008

Clifford H. Aronson (by overnight delivery)
Thomas A. Pak
Matthew P. Hendrickson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Email: caronson@skadden.com
Email: tpak@skadden.com
Email: mhendrick@skadden.com

Phone: (212) 735-2644 Aronson
Phone: (212) 735-2746 Pak
Phone: (212) 735-2066 Hendrickson
Fax: (917) 777-2644 Aronson
Fax: (917) 777-2747 Pak
Fax: (917) 777-2066 Hendrickson

Terrence J. Wallock (by overnight delivery)
2224 Pacific Drive
Corona Del Mar, CA 92625
Email: terry@wallock.com

Phone: (949) 375-0683


**Counsel for Defendant Whole Foods Market, Inc.**


Alden L. Atkins
John D. Taurman
Neil W. Imus
VINSON & ELKINS, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004-1008
Email: aatkins@velaw.com
Email: jtaurman@velaw.com
Email: nimus@velaw.com

Phone: (202) 639-6613 Atkins
Phone: (202) 639-6650 Taurman
Phone: (202) 639-6675 Imus
Fax: (202) 879-8813 Atkins
Fax: (202) 879-8850 Taurman
Fax: (202) 639-6604 Imus


James A. Fishkin