UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S NOTICE OF FILING OF THE PUBLIC
VERSION OF ITS MOTION FOR INJUNCTION PENDING APPEAL**

Notice is given that a redacted public version of Plaintiff's Motion for Injunction Pending Appeal is filed via CM-ECF as an attachment to this notice.

Respectfully submitted,

August 21, 2007

/s/ Thomas H. Brock
THOMAS H. BROCK (D.C. Bar No. 939207)
MARILYN E. KERST (D.C. Bar No. 331769)
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-2813 (direct dial)
(202) 326-2884 (facsimile)
tbrock@ftc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 1:07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| -and- | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

Plaintiff, Federal Trade Commission moves, pursuant to Fed. R. Civ. P. 62(c), that this Court enjoin the acquisition at issue in this case, pending appeal of this Court's denial of the Commission's motion for preliminary injunction. In the alternative, the Commission moves that the Court enjoin the acquisition pending a determination by the Court of Appeals on an application for an injunction pending appeal filed by the Commission.

In support of this motion, the Court is respectfully referred to the memorandum of points and authorities filed herewith, and to the complaint, motions, memoranda, and exhibits previously filed herein.

A proposed order is attached.

                                                Respectfully submitted,

August 17, 2007                       /s/ Thomas H. Brock
                                       THOMAS H. BROCK (D.C. Bar No. 939207)
                                       MARILYN E. KERST (DC Bar No. 331769)
                                       Attorneys for Plaintiff
                                       Federal Trade Commission
                                       600 Pennsylvania Avenue, NW
                                       Washington, D.C. 20580
                                       (202) 326-2813 (direct dial)
                                       (202) 326-2884 (facsimile)
                                       tbrock@ftc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 1:07-cv-01021-PLF |
| | ) | |
| WHOLE FOODS MARKET, INC., | ) | |
| | ) | **PUBLIC VERSION** |
| -and- | ) | |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

Plaintiff Federal Trade Commission respectfully moves this Court, pursuant to Fed. R. Civ. P. 62(c), to enjoin the acquisition at issue in this case pending appeal of this Court's denial of the FTC's motion for preliminary injunction. The Commission has conferred with counsel for both defendants, pursuant to Local Rule 7(m), and was informed that defendants oppose this motion. Defendants' position is that, unless the Court issues an injunction pending appeal (or pending a decision by the Court of Appeals on such an injunction), *Whole Foods Markets, Inc. may acquire Wild Oats Markets, Inc., at any time after noon, EST, on Monday, August 20, 2007.* Accordingly, the Commission respectfully moves the Court to enjoin the acquisition pending appeal or, in the alternative, pending a ruling by the Court of Appeals on the Commission's emergency application in that court for an injunction pending appeal. For the purposes of this motion, we note that Defendants' financial commitments necessary to consummate this

transaction do not expire until August 31, 2007, and, therefore, an injunction pending the Court of Appeals' ruling on our application to that court will not interfere with this transaction.

1. The Court's denial of a preliminary injunction against an acquisition in the circumstances of this case raises important antitrust and public interest issues that warrant careful review by the Court of Appeals before the structure of the market is irrevocably altered by the acquisition. In particular, this case, and the Court's disposition of it, present substantial issues of law that the Court of Appeals should have an opportunity to address, including:

(a) Whether it is error to assign no weight to contemporaneous, high-level statements and strategic documents authored by senior executives, describing their view of the market realities and of the effect of the merger. *See Brown Shoe Co. v. United States,* 370 U.S. 294, 325 (1962) (indicia regarding product market definition include "industry or public recognition"); John Harkrider, *Proving Anticompetitive Impact: Moving Past Merger Guidelines Presumptions,* 2005 Colum. Bus. L. Rev. 317, 319 ("documents written by senior management about the rationale for the transaction . . . should be given great weight").

(b) Whether it is error to assign significant weight to post-litigation affidavits from corporate employees.

(c) Whether it is error to rely upon economic analysis of prices (based on a one-day post-litigation study) that does not reflect discounts, and thus does not reflect actual prices paid by consumers.

(d) Whether the Court correctly assumed that "actual loss" of customers following a price increase would exceed the "critical loss" that would defeat such a price increase, despite Dr. Scheffman's admission that he did not attempt to calculate actual loss, and when, in fact, no

2

economic, empirical, or statistical analysis of actual loss was performed – given the well-known economic critiques of critical loss analysis that are included in the record and unrebutted.

(e) Whether it is error to disregard the abundant evidence that Wild Oats and Whole Foods uniquely constrain each other's pricing.

(f) Whether it is error to conclude that diversions even of ▮▮▮▮ of Wild Oats' volume to Whole Foods do not support a separate PNOS market, despite Prof. Murphy's unrebutted testimony to the contrary.

(g) Whether it is error to ignore substantial evidence, including the Hartmann study, showing that conventional supermarkets cannot successfully and timely reposition themselves to act as a constraint on the merged company's prices.

(h) Whether it is error not to recognize that the planned closures of Wild Oats' stores constitute price increases in their geographic markets.

2.      Premerger notification under the Hart-Scott-Rodino Act ("HSR") is intended to allow the government an opportunity to investigate proposed mergers before they are consummated, 15 U.S.C. § 18a(e)(2), and, if appropriate, seek a preliminary injunction under the FTC Act to allow the Commission time to adjudicate the merger's effect on competition and determine what remedy, if any, is appropriate, 15 U.S.C. § 53(b).

3.      The HSR premerger notification provision and waiting periods "reflect the Committee's judgment that many merger transactions are quite complex and require particularized, detailed information to permit a meaningful evaluation." S. Rep. No. 94-803 at 68, 72 (1976). Before HSR, antitrust authorities "lack[ed] . . . an effective mechanism to enjoin illegal mergers *before* they occur. *Id. See FTC v. Weyerhaueser*, 665 F.2d 1072, 1081-1085

(D.C. Cir. 1981) (R. B. Ginsburg, J.) (discussing legislative history of preliminary injunction provision).

4.  An injunction stay pending appeal is necessary and in the public interest to allow meaningful appellate review on the important issues presented in this case. Without such an injunction, the merger will be consummated; the Commission will lose any chance of securing effective relief against the acquisition; and the public interest will be permanently, and irreparably, injured. *See FTC v. H.J. Heinz Co.*, 2000 U.S. App. LEXIS 34474, 2000-2 Trade Cas. (CCH) ¶ 73,090 (D.C. Cir.) In *Heinz*, the trial court had denied both the FTC's motion for a preliminary injunction against the proposed merger and the FTC's motion for a stay pending appeal. The Court of Appeals, however, granted a stay pending appeal in order to allow for full appellate review and meaningful relief in the event the FTC ultimately prevailed. *Id.* at *9-10 (stay pending appeal necessary to "protect the public interest" as "any injury to competition from going forward with the merger would plainly be irreversible.")

5.  Absent a stay pending appeal, defendants will close ███████████ of Wild Oats' stores, and Wild Oats' management team will scatter. *See FTC v. Weyerhaeuser*, 665 F.2d at 1086 ("A talented entrepreneur may not remain at the helm of the business once it is placed under the aegis of another company.") Wild Oats would not continue to be a viable competitor and neither the Commission nor the courts would be able to afford effective relief if there is a final determination that the merger violates Section 7 of the Clayton Act.

6.  The FTC amply satisfied its burden of raising serious and substantial issues for trial, justifying a preliminary injunction. *Federal Trade Commission v. H.J. Heinz Co.*, 246 F.3d 708, 716 (D.C. Cir. 2001). The Court's opinion does not mention the Commission's key evidence on

4

subjects including repositioning by conventional supermarkets; the core of the Court's opinion relies on Dr. Scheffman's discredited testimony and ignores Professor Murphy's unrebutted contrary analysis. Given the FTC's submissions, the law of this Circuit establishes a substantial presumption that the FTC is entitled to a full-stop preliminary injunction. *Heinz*, 246 F.3d at 715; *FTC v. PPG Indus., Inc.*, 798 F.2d 1500, 1507 (D.C. Cir. 1986) ("presumption in favor of a preliminary injunction when the Commission establishes a strong likelihood of success on the merits").

7. Under the law of this Circuit, the presumption in favor of a preliminary injunction can be overcome only by a showing that (1) the equities tip substantially in defendants' favor; and (2) absent a full stop preliminary injunction, the Court's disposition of the matter "realistically can be expected (a) to safeguard adequate eventual relief if the merger is ultimately found unlawful; and (b) to check interim competitive harm." *Weyerhaeuser*, 655 F.2d at 1085. There is no such showing here.

8. The FTC respectfully submits that the Court's finding that the FTC had failed to show a likelihood of success on the merits of its claim that the merger violated Section 7 of the Clayton Act, 15 U.S.C.§ 18, or Section 5 of the FTC Act, 15 U.S.C. § 45, warrants review by the Court of Appeals.

9. In view of the serious legal questions raised by the Court's decision to allow defendants' merger, and in view of the grave potential for irreparable harm to the public if the transaction is consummated before there can be full appellate consideration of the preliminary injunction, the Court should maintain the status quo until these important questions are resolved. *FTC v. H. J. Heinz Co.*, 2000 U.S. App. LEXIS 34474, *10, 2000-2 Trade Cas. (CCH) ¶ 73,090

5

(D.C. Cir.) ("The public interest in enforcement of the antitrust laws is strong; any injury to competition from going forward with the merger would plainly be irreversible, while the same cannot be said for any loss to competition from its delay").

10.   In any event, this Court should grant an injunction pending a decision by the Court of Appeals on our emergency application by the Commission to that court for an injunction pending appeal. As the D.C. Circuit stated in *Weyerhaeuser*, 665 F.2d at 1076, it is "not consistent with the fair, effective administration of justice for the district judge to deny to a party, situated as was the FTC in this case, even a brief holding order affording time to apply to this court for provisional relief." Only a grant of interim relief will afford the Court of Appeals the opportunity to determine whether the Court's denial of a preliminary injunction is correct and protect the public interest in the event that it is not. *FTC v. H.J. Heinz Co.*, 2000 U.S. App. LEXIS 34474, *10, 2000-2 Trade Cas. (CCH) ¶ 73,090 (D.C. Cir. 2000) ("The [merging parties'] defense may yet carry the day, but only the grant of interim relief will both afford this court an opportunity to determine whether that should be the case and protect the public interest in the event that it is not.")

## CONCLUSION

The Court should grant an injunction pending the appeal of this Court's order denying plaintiff's motion for a preliminary injunction. Alternatively, the Court should grant a short injunction pending the resolution by the Court of Appeals of an emergency motion by the Commission for an injunction pending appeal.

                          Respectfully submitted,

August 17, 2007                        /s/ Thomas H. Brock
                                        THOMAS H. BROCK (D.C. Bar No. 939207)
                                        MARILYN E. KERST (DC Bar No. 331769)
                                        Attorneys for Plaintiff
                                        Federal Trade Commission
                                        600 Pennsylvania Avenue, NW
                                        Washington, D.C. 20580
                                        (202) 326-2813 (direct dial)
                                        (202) 326-2884 (facsimile)
                                        tbrock@ftc.gov

## CERTIFICATE OF SERVICE

    I certify that I caused to be served a copy of the foregoing papers on the following counsel:

Paul T. Denis, Esq.
Dechert LLP
1775 I Street
Washington, DC 20006-2401
(202) 261-3430
Paul.denis@dechert.com

Alden L. Atkins, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C. 20004-1008
(202) 639-6613
Aatkins@VELaw.com

Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Caronson@Skadden.com

*Attorneys for Defendants*

Dated: August 17, 2007            /s/ Thomas H. Brock
                                       Thomas H. Brock
                                       Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WHOLE FOODS MARKET, INC., )<br>)<br>-and- )<br>)<br>WILD OATS MARKETS, INC., )<br>)<br>Defendants. ) | Civ. No. 1:07-cv-01021-PLF |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION
FOR INJUNCTION PENDING APPEAL**

This matter is before the Court on a motion by plaintiff, Federal Trade Commission, for an injunction pending appeal, made pursuant to *Fed. R. Civ. P.* 62(c). The Court, having fully considered the matter, concludes that the motion should be granted, it appearing that

(1)   in the absence of an injunction pending appeal, defendant Whole Foods Market, Inc., will be free at any time to consummate a planned acquisition of Wild Oats Markets, Inc.;

(2)   entry of an injunction pending appeal is in the public interest and is appropriate and necessary to enable the Court of Appeals to address the substantial issues raised in this case;

(3)   if such acquisition is consummated, plaintiff and the public interest will be irreparably injured because the Commission will be effectively hindered in its ability to order effective relief should the acquisition ultimately be found to

        violate the antitrust laws;

(4)    defendants will not be substantially injured by the relief afforded by this Order; and

(5)    the questions raised in this case are sufficiently serious, substantial and difficult to warrant the relief afforded by this Order.

IT IS THEREFORE ORDERED, that pending the appeal of this Court's order denying the plaintiff's motion for a preliminary injunction, pursuant to Section 13(b) of the FTC Act, defendant Whole Foods Market, Inc., or any of its affiliates, is restrained and enjoined from acquiring, either directly or indirectly, any stock or assets of or relating to Wild Oats Markets, Inc., or any of its affiliates, pending the entry of a final decision and order by the United States Court of Appeals for the District of Columbia Circuit in this matter.

        ISSUED this _____ day of _____, 2007

                                            _____
                                            Paul L. Friedman
                                            United States District Judge