UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FEDERAL TRADE COMMISSION,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 07-1021 (PLF)
                                    )
WHOLE FOODS MARKET, INC.,           )
                                    )
    and                             )
                                    )
WILD OATS MARKETS, INC.,            )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION AND ORDER

On July 29, 2008, a panel of the United States Court of Appeals for the District of Columbia Circuit issued three separate opinions in the above-captioned case.  See FTC v. Whole Foods Market, Inc., 533 F.3d 869 (D.C. Cir. 2008).  The opinion for the court was written by Circuit Judge Brown, a concurring opinion by Circuit Judge Tatel, and a dissenting opinion by Circuit Judge Kavanaugh.  The panel reversed this Court's decision of August 16, 2007, see FTC v. Whole Foods Market, Inc., 502 F. Supp. 2d 1 (D.D.C. 2007), and specifically rejected this Court's conclusion that the FTC showed no "likelihood of success" on the merits with respect to its underlying Section 7 case.  FTC v. Whole Foods Market, Inc., 533 F.3d at 882.  The case was remanded to this Court for "proceedings consistent with this opinion."  Id.  Thereafter, Whole Foods petitioned the court of appeals for rehearing and rehearing en banc.  The petition for rehearing en banc was denied by order of November 21, 2008.  See FTC v. Whole Foods Market,

Inc., No. 07-5276, Order (D.C. Cir. Nov. 21, 2008). On that same day, the three-judge panel amended and reissued its original opinions. See FTC v. Whole Foods Market, Inc., 548 F.3d 1028 (D.C. Cir. 2008). While there were minor differences between the original opinions issued by the court and the amended opinions, the most significant difference between the July and November rulings was that Judge Brown and Judge Tatel, the two judges still constituting the majority, each now spoke only for himself or herself. Judge Tatel no longer concurred in Judge Brown's opinion but only in the judgment of the court. They continued to agree, however, that this Court's decision should be reversed and remanded for further proceedings.

The court of appeals mandate issued on December 11, 2008. This Court held a status conference on December 22, 2008, at which time counsel for Whole Foods and counsel for the FTC expressed very different views as to what issues were remanded to this Court for decision. In the view of the FTC, when read together, the opinions of Judges Brown and Tatel were clear that the FTC already had satisfied its burden of showing a likelihood of success on the merits under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the case was back in this Court only to allow it to weigh the equities, including the post-acquisition public equities. See Transcript of Status Conference at 8, 42 (Dec. 22, 2008) ("Transcript"). Whole Foods, by contrast, believes that the remand ordered by the court of appeals was much broader. In its view, Judge Brown did not conclusively determine the issue of likelihood of success on the merits. Her reference to a "sliding scale" suggests to Whole Foods that Judge Brown believes that issue is still open on remand, because (in Whole Foods' view) the FTC might need to show a greater or lesser likelihood of success depending upon the nature of the showing it makes with respect to the public equities. See FTC v. Whole Foods Market, Inc., 548

F.3d at 1041 ("To obtain a preliminary injunction under § 53(b), the FTC need only show a likelihood of success sufficient, using the sliding scale, to balance any equities that might weigh against the injunction."); see also id. at 1036; Transcript at 20. Whole Foods believes this Court must revisit the likelihood of success issue in order properly to balance the strength of that likelihood against the strength of the equities.

At the request of Whole Foods, the Court permitted each side to file a memorandum of law, not to exceed eight pages in length, by December 30, 2008, on the issue of whether the court of appeals opinions are properly read to include a remand for this Court to evaluate both the FTC's likelihood of success on the merits as well as the balance of the equities, or only the balance of the equities.

In its December 30 submission, Whole Foods argues that the Court must take additional evidence addressing *both* the FTC's likelihood of success on the merits and the balance of the equities because of Judge Brown's "sliding scale" reference. See Memorandum of Whole Foods Regarding the Scope of the Remand Proceeding at 1-2. According to Whole Foods, "[i]f, as Judge Brown suggests, this Court employs a sliding scale and weighs likelihood of success against the balance of the equities . . . , it will be necessary for the Court to again make an independent determination of the FTC's likelihood of success." Id. at 7. The FTC reads the three separate opinions of Judges Brown, Tatel and Kavanaugh quite differently. It concludes that "all three of the judges' opinions on their face state that the remand is limited to the evaluation of the equities," and that Judges Brown and Tatel both have determined that "the FTC has demonstrated a likelihood of success on the merits, [precluding] further consideration of this

issue. . . . [T]he only task on remand is to balance the equities." Federal Trade Commission's Memorandum Regarding the Scope of this Remand Proceeding at 1; see id. at 3, 4.

This Court agrees with the FTC. While Judges Brown and Tatel may have expressed themselves in different words, all three judges on the panel agreed with this Court that the case turns almost entirely on the proper definition of the relevant product market. See FTC v. Whole Foods Market, Inc., 548 F.3d at 1037, 1041 (Brown, J.); id. at 1042-43 (Tatel, J.); id. at 1051-52, 1055-56 (Kavanaugh, J.). And, as the centerpiece of their respective opinions, Judges Brown and Tatel each expressly disagreed with this Court's conclusion that "there is no substantial likelihood that the FTC can prove its asserted product market and thus no likelihood that it can prove that the proposed merger may substantially lessen competition or tend to create a monopoly." FTC v. Whole Foods Market, Inc., 502 F. Supp 2d at 49-50. See FTC v. Whole Foods Market, Inc., 548 F.3d at 1041 (Brown, J.); id. at 1041, 1043, 1049 (Tatel, J.).[1] Judge Brown noted that it remains for this Court to "address the equities," id. at 1041, while Judge Tatel stated more explicitly that because the court of appeals has decided that the FTC had shown the requisite likelihood of success, "all that remains is to 'weigh the equities in order to decide whether enjoining the merger would be in the public interest.'" Id. at 1049. Judge Tatel and Judge Brown also "agreed . . . that the better course here is to remand to the District Court for it to undertake this task [i.e., to weigh the equities]." Id.

The only fair reading of the opinions of Judges Brown and Tatel, who together constitute the majority of the three-judge panel, is that the issue of success on the merits has been

---

[1] Certainly Judge Kavanaugh reads the opinions of both of his colleagues as having concluded that the FTC has demonstrated its likelihood of success on the merits. See FTC v. Whole Foods Market, Inc., 548 F.3d at 1051.

resolved fully by the court of appeals. Therefore, the sole task before this Court is to weigh the equities. Judge Brown's reference to a "sliding scale" with respect to how merging parties may in some cases rebut the "presumption" that the FTC "usually" is entitled to an injunction blocking a merger, FTC v. Whole Foods Market, Inc., 548 F.3d at 1035, is too thin a reed to support the suggestion that this Court should revisit an issue the court of appeals already has decided.[2]

        Judge Brown and Judge Tatel also agreed that this Court has the power to grant relief despite the merger having already taken place. See FTC v. Whole Foods Market, Inc., 548 F.3d at 1034, 1041 (Brown, J.); id. at 1050 (Tatel, J.). Judge Brown expressly stated that the Court retained the power to preserve "the *status quo nunc*, for example by means of a hold separate order, . . . and perhaps also to restore the *status quo ante*." Id. at 1034. Judge Tatel,

---

      [2]      Whether Judge Brown is right or wrong about this "sliding scale" approach is beside the point. Regardless, the context in which she discusses it hardly helps Whole Foods:

> [T]he FTC will usually be able to obtain a preliminary injunction blocking a merger by "rais[ing] questions going to the merits so serious, substantial, difficult[,] and doubtful as to make them fair ground for thorough investigation." [FTC v. H.J. Heinz Co., 247 F.3d 708, 714-15 (D.C. Cir. 2001)]. By meeting this standard, the FTC "creates a presumption in favor of preliminary injunctive relief," id. at 726; but the merging parties may rebut that presumption, requiring the FTC to demonstrate a greater likelihood of success, by showing equities weighing in favor of the merger, [FTC v. Weyerhaeuser Co., 665 F.2d 1072, 1087 (D.C. Cir. 1981)]. Conversely, a greater likelihood of the FTC's success will militate for a preliminary injunction unless particularly strong equities favor the merging parties. See [FTC v. H.J. Heinz Co., 246 F.3d at 727; FTC v. Elders Grain, Inc., 868 F.2d 901, 903 (7th Cir. 1989)].

FTC v. Whole Foods Market, Inc., 548 F.3d at 1035.

5

noting this case's "unique posture," wrote that if this Court concludes that "the equities tilt in the FTC's favor, it will need to craft an alternative, fact-bound remedy sufficient to . . . [allow] the FTC to review the transaction in an administrative proceeding and reestablish the premerger status quo if it finds a Section 7 violation." Id. at 1050. Such remedies might include a hold separate order, partial or total rescission of the transaction, or enjoining further integration. Id.

The question remaining is how best to proceed to weigh the equities and, if they favor the FTC, to determine the appropriate remedies in view of the fact that the merger already has gone forward. At one point during the status conference on December 22, 2008, the FTC suggested that the matter could be resolved entirely on the papers -- the parties would file affidavits, supporting documents and memoranda of law, after which counsel for the parties would present oral argument, and this Court could issue its decision. See Transcript at 50. Counsel for Whole Foods took the position that, even if the only issue on remand is to weigh the equities, its resolution necessarily would call for the taking of testimony "because the post-merger conduct benefitting consumers is a substantial part of the balancing that we'll be asking the Court to do." Id. at 21. Nevertheless, counsel represented that this could be done "fairly quickly." Id. at 22. In the end, counsel agreed that after the Court defined the scope of the remand -- as it now has done -- the FTC would state with some specificity, either in a filing with the Court or a letter to opposing counsel, the remedies it seeks. See Transcript at 51-54. Thereafter, counsel for the parties would meet and confer to discuss the nature and contours of the briefing, the presentation of evidence (if necessary) and oral argument, as well as a schedule to ensure the efficient and speedy presentation and resolution of the matters before the Court. See id. at 43-44; see also id. at 51-54. The Court also stated that at the meet and confer session

counsel for the parties should discuss whether they could agree on some interim relief during the pendency of these proceedings in order to ensure that any relief obtained by the FTC would be effective. See id. at 52-54. With the foregoing in mind, it is hereby

ORDERED that counsel for the parties shall promptly meet and confer and file with the Court a joint report detailing their proposed method of proceeding and proposed schedule on or before January 16, 2009.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: January 8, 2009